IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. | ) | |
| | ) | |
|     Plaintiff, On Behalf Itself | ) | |
|     and Others Similarly | ) | |
|     Situated, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Monsanto Controlled Subsidiaries: | ) | CIVIL ACTION NO. 05-535 |
| | ) | |
| AMERICAN SEEDS INC., | ) | |
| CORN STATES HYBRID, | ) | |
|     SERVICE INC. | ) | |
| ASGROW SEED CO., INC., | ) | |
| HOLDEN FOUNDATION SEEDS, INC., | ) | |
| DEKALB SEEDS, | ) | |
| CALGENE, L.L.C., | ) | |
| CHANNEL BIO CO., | ) | |
| NC+ HYBRIDS, | ) | |
| SEMINIS INC., | ) | |
| | ) | |
|     Defendants. | | |

**OPENING BRIEF IN SUPPORT OF MOTION FOR LEAVE
TO INTERVENE ON BEHALF OF PROPOSED CLASSES
PROCEEDING UNDER IOWA AND MINNESOTA LAW**

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (Id. No. 3694)
800 Delaware Avenue
Wilmington, Del. 19899 (Courier 19801)
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Attorneys for Proposed Intervenors

Dated: July 29, 2005

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

NATURE AND STAGE OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

SUMMARY OF ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

    I.     Allowing Intervention Will Result In A Massive Gain In Judicial
           Economy Without Delaying The Pending Claims In Any Way . . . . . . . . . . . . . 4

    II.    The Motion Is Timely . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                    <u>Page(s)</u>

*Minnesota Twins Partnership v. State,*
    592 N.W.3d 847 (Minn. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*Mountain Top Condominium Assn. v. Dave Stabbert Master Builder, Inc.,*
    72 F.3d 361 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6


<u>Statutes and Other Authorities</u>                                            <u>Page(s)</u>

15 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 5

28 U.S.C. 1332(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 24(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4

Iowa Code § 553.2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Iowa Code § 553.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Minnesota Code § 325D.52 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

# NATURE AND STAGE OF THE PROCEEDINGS

This action is a monopolization action under the Sherman Act, 15 U.S.C. § 2. It was filed on July 26, 2005 (D.I. 1), as a case related to *Syngenta Seeds Inc. v. Monsanto Company et al.,* No. 04-305-SLR (Member Case), *Monsanto Co. et al. v. Syngenta Seeds, Inc.,* No. 04-908-SLR (Lead Case), and served on defendants on July 27, 2005 (D.I. 2-12). The proposed intervenors seek to bring Iowa and Minnesota state monopolization claims in the same relevant markets and alleging the same exclusionary actions.

The following is proposed intervenors' brief in support of their motion to intervene.

10005266.WPD

## SUMMARY OF ARGUMENT

Because a large number of issues raised by the instant action are common to those raised by the proposed complaints in intervention—and the legal standards applied in all these actions are very similar—permissive intervention under Federal Rule of Civil Procedure 24(b) should be ordered. The proposed intervenors claim the same remedy from monopolization in the same relevant markets as in the instant action; allege the same exclusionary actions; allege four similar proposed Classes; and employ the same counsel as the Plaintiff in the instant action.

Proposed intervenors' motion is timely.

10005266.WPD

## STATEMENT OF FACTS

The instant action was filed on July 26, 2005. The motion for intervention is filed within three days of such filing and within two days of service.

Intervention is sought in this action, in which four proposed classes claim monopolization by Monsanto Company and its controlled seed companies of four relevant markets of biotechnological corn seed. Complaint (D.I. 1) ¶¶ 1-9, 100-131. As damages, the classes seek price overcharges on corn seed with Monsanto biotechnological traits materially caused by the monopolization. *Id.* ¶¶ 96-99.

## ARGUMENT

Permissive intervention is sought by proposed intervenor plaintiffs Darrell Souhrada and Kent Duxbury on behalf of Iowa and Minnesota citizens pursuing state-law monopolization claims against the Monsanto Company very similar to those alleged in the instant action under federal law. As a consequence, the grant of the motion will vastly conserve judicial economy – by obviating two additional federal proceedings – without prejudicing any party.

I.    **Allowing Intervention Will Result In A Massive Gain In Judicial Economy Without Delaying The Pending Claims In Any Way**

On behalf of themselves and similarly-situated Iowa and Minnesota citizens, the proposed plaintiffs seek permissive intervention. They claim as damages monopoly overcharges for corn seed with Monsanto biotechnological corn traits purchased from Monsanto's own seed companies and its independent distributors. Proposed Iowa Complaint in Intervention ¶¶ 1-5, 87-90 (Exhibit A); Proposed Minnesota Complaint in Intervention ¶¶ 1-5, 87-90 (Exhibit B). Similar overcharge claims are being pursued in the instant national action under the Sherman Act. Complaint ¶¶ 1-5, 96-99. All three actions allege the same four national relevant product and geographic markets. *Compare* Proposed Iowa Complaint in Intervention ¶¶ 10-42 & Proposed Minnesota Complaint in Intervention ¶¶ 10-42 *with* Complaint ¶¶ 19-51.

Federal Rule of Civil Procedure 24(b) allows permissive intervention whenever "an applicant's claim or defense and the main action have a question of law or fact in question." The Rule also provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

The proposed intervenors are pursuing monopolization claims in the same relevant

10005266.WPD                                              4

markets, albeit under state monopolization law. They seek to use the same counsel as those prosecuting the federal action, the same evidence, similarly-defined proposed Classes, and the same damage formula; and the monopolization statutory prohibitions to be applied in both actions are virtually identical. *Compare, e.g.,* 15 U.S.C. § 2 (prohibition against monopolization of trade and commerce) *with* Iowa Code § 553.5 (Iowa Competition Law) (prohibition against maintenance of monopolization of trade or commerce in a relevant market); Minnesota Code § 325D.52 (Minnesota Antitrust Law) (prohibition against maintenance of monopoly power in trade or commerce). Indeed, both states rely heavily on federal precedent to construe and harmonize their monopolization provisions. Iowa Code § 553.2; *Minnesota Twins Partnership v. State,* 592 N.W.3d 847, 851 (Minn. 1999).

Therefore, allowing intervention will enable the Court to resolve the common Iowa and Minnesota monopolization issues with virtually no greater expenditure of resources.

The alternative is for the Iowa and Minnesota proposed plaintiffs to bring two separate class proceedings in the federal courts under 28 U.S.C. 1332(d) ("Class Action Fairness Action" conferring original federal jurisdiction over state diversity claims implicating national conduct). This would require these state Classes to retain in federal court the same expert witness(es), present the same witnesses and evidence, and go through a virtually identical trials. Such an approach will be more wasteful for everyone, including the Defendants. Accordingly, judicial economy strongly favors allowing intervention; and the plaintiff in the instant action has no objection to the intervention.

## II.   The Motion Is Timely

Finally, any argument that this intervention is not timely has no heft because this action has only been pending for a matter of days and, as a consequence, there can be no prejudice visited upon Defendants because no "proceedings of substance on the merits have occurred." *Mountain Top Condominium Assn. v. Dave Stabbert Master Builder, Inc.*, 72 F.3d 361, 369 (3d Cir. 1995) (the critical inquiry).

And, while discovery has been underway in the related cases *Syngenta Seeds Inc. v. Monsanto Company et al.*, No. 04-305-SLR (Member Case) and *Monsanto Co. et al. v. Syngenta Seeds, Inc.*, No. 04-908-SLR (Lead Case), this Court has not required discovery there to be completed until July 7, 2006. Further, the plaintiff in *American Seed* intends to file shortly a Motion for Coordination of Pretrial Discovery seeking to ensure that related case discovery to date in the related cases will not be duplicated to the prejudice of any party.

## CONCLUSION

For the reasons stated above, proposed intervenors request that the Court grant their motion to intervene on the ground that allowing the Iowa and Minnesota proposed plaintiffs to intervene to pursue similar class claims will have virtually no effect on the prosecution of the federal class claims, and will vastly increase judicial efficiency by greatly augmenting the claims that can be resolved in one proceeding with no prejudice to any party.

SMITH, KATZENSTEIN & FURLOW LLP

Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Attorneys for Proposed Intervenors

Dated: July 29, 2005

Of Counsel:

BIRD, JACOBSEN & STEVENS
Charles A. Bird
Jeremy R. Stevens
300 Third Ave. S.E.
Rochester, MN 55904
Telephone: (507) 282-1503
Facsimile: (507) 282-7736

10005266.WPD                                                7

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL P.L.L.C.
Steven V. Benz
Michael S. Zuckman
1615 M St., N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

BERRY & LEFTWICH
R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
1717 Pennsylvania Ave. NW, Suite 450
Washington, DC  20006
Telephone:  (202) 296-3020
Facsimile:    (202) 296-3038

10005266.WPD                          8

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **29**th day of **July, 2005,** a copy of the foregoing

*Opening Brief in Support of Motion For Leave To Intervene on Behalf of Proposed Classes*

*Proceeding Under Iowa and Minnesota Law* was caused to be served on the following in the

manner indicated:

**VIA E-FILING**

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801

**VIA OVERNIGHT MAIL**

Peter E. Moll
Howrey Simon Arnold
& White LLP
1299 Pennsylvania Ave. N.W.
Washington, D.C. 20004

_____
Joelle E. Polesky (I.D. No. 3694)