IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. | ) | |
| | ) | |
| Plaintiff, On Behalf Of Itself | ) | |
| and Others Similarly | ) | |
| Situated, | ) | |
| | ) | C.A. NO. 05-535 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Monsanto Controlled Subsidiaries: | ) | CLASS ACTION |
| | ) | |
| AMERICAN SEEDS INC., | ) | |
| CORN STATES HYBRID, | ) | |
| SERVICE INC. | ) | |
| ASGROW SEED CO., INC., | ) | JURY TRIAL DEMANDED |
| HOLDEN FOUNDATION SEEDS, INC., | ) | |
| DEKALB SEEDS, | ) | |
| CALGENE, L.L.C., | ) | |
| CHANNEL BIO CO., | ) | |
| NC+ HYBRIDS, | ) | |
| SEMINIS INC., | ) | |
| | ) | |
| Defendants. | ) | |

**OPENING BRIEF IN SUPPORT OF
MOTION FOR COORDINATION OF PRETRIAL DISCOVERY WITH
*SYNGENTA SEEDS INC. v. MONSANTO COMPANY,*
C.A. NO. 04-908-SLR (MEMBER CASE)**

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue
Wilmington, Del. 19899 (Courier 19801)
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Attorneys for American Seed Co. Inc.

Dated: August 2, 2005

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .............................................. ii

NATURE AND STAGE OF PROCEEDINGS ................................ 1

SUMMARY OF ARGUMENT ............................................ 2

STATEMENT OF FACTS .............................................. 3

ARGUMENT ....................................................... 4

    I.    COORDINATION OF PRETRIAL DISCOVERY WOULD
         SAVE BOTH JUDICIAL AND PARTY RESOURCES .............. 4

    II.   THE TERMS OF THE PROPOSED ORDER WOULD
         EFFICIENTLY COORDINATE DISCOVERY IN THE
         INSTANT AND SYNGENTA MATTERS ....................... 6

CONCLUSION ..................................................... 8

# **TABLE OF AUTHORITIES**

**Statutes and Rules**                                                                                         **Page(s)**

15 U.S.C. § 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 30(d)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## NATURE AND STAGE OF PROCEEDINGS

This action is a monopolization action under the Sherman Act, 15 U.S.C. § 2. It was filed on July 26, 2005 (D.I. 1), as a case related to *Syngenta Seeds Inc. v. Monsanto Company et al.*, No. 04-908-SLR (Member Case), *Monsanto Co. et al. v. Syngenta Seeds, Inc.*, No. 04-305-SLR (Lead Case), and served on defendants on July 27, 2005 (D.I. 3-12).

On July 29, 2005, proposed intervenors filed motions to intervene seeking to bring Iowa and Minnesota state monopolization claims in the same relevant markets and alleging the same exclusionary actions (D.I. 13-14).

The following is plaintiff American Seed Co. Inc.'s opening brief in support of its motion for coordination of pretrial discovery with *Syngenta Seeds, Inc. v. Monsanto Company*, C.A. No. 04-908-SLR (Member Case). Copies of American Seed's Motion for Coordination of Pretrial Discovery with *Syngenta Seeds, Inc. v. Monsanto Company*, C.A. No. 04-908-SLR (Member Case), and this opening brief are being served on counsel for the parties in this action, as well as counsel for Syngenta.

## SUMMARY OF ARGUMENT

Since the antitrust issues raised by the instant action and the *Syngenta* Action are similar, especially as to the nature of the relevant markets and substantial aspects of the exclusionary conduct, it makes sense to coordinate document production and deposition discovery – and utilize the same Protective Order already entered by the Court in the *Syngenta* Action– in order to save the Court and the parties duplicative effort.

## STATEMENT OF FACTS

The instant action, in which four proposed classes claim monopolization by Monsanto Company and its controlled seed companies of four relevant markets of biotechnological corn seed, was filed on July 26, 2005. Complaint (D.I. 1) ¶¶ 1-5, 100-131. As damages, the classes seek price overcharges on corn seed with Monsanto biotechnological traits materially caused by the monopolization. *Id.* ¶¶ 96-99.

American Seed now seeks to coordinate pretrial discovery only between the instant action and the monopolization action *Syngenta Seeds Inc. v. Monsanto Company et al.*, No. 04-908-SLR (D. Del.) (Member Case). It does not seek coordination with the patent litigation related to *Syngenta*.

The proposed Order (attached to the motion, filed contemporaneously with this opening brief) seeks coordination of document and deposition discovery, and would apply the Protective Order provisions applicable to *Syngenta* to the instant action. It does not seek to change or effect any scheduling dates in *Syngenta,* nor does it seek a common trial date.

## ARGUMENT

I. **COORDINATION OF PRETRIAL DISCOVERY WOULD SAVE BOTH JUDICIAL AND PARTY RESOURCES**

Discovery coordination would greatly save both judicial and party resources because of the clear overlap between plaintiff's and Syngenta's antitrust claims. In the instant action Monsanto is alleged to have monopolized relevant product markets for four types of biotechnological corn seed through the use of (1) exclusive dealing agreements, which impose massive financial penalties on seed companies if they opt to deal with Monsanto's competitors and develop competing varieties of such corn seed; and (2) bundling agreements which require these seed companies to sell a minimum percentage of Monsanto biotechnological corn seeds for each of Monsanto's product lines, or they will lose discounts or fees for *all* of Monsanto's several product lines. Complaint (D.I. 1) ¶¶ 76-95. Syngenta raises the same claims (in part) in glyposate-tolerant and European Corn Borer-resistant relevant markets for traits. *Syngenta* Amended Complaint ¶¶ 97-113.[1] And, of course, exclusion of Monsanto's main United States competitor ineluctably threatens antitrust price injury to members of the proposed Classes.

Further, the relevant markets claimed in both actions are similar if not identical. Syngenta alleges in part relevant markets for the sale or license of glyphosate-tolerant and European Corn Boer-resistant corn traits. *Syngenta* Amended Complaint ¶¶ 137-153. American Seed alleges relevant markets for the sale of seeds made with these traits, that is, markets one or two steps downstream in the seed distribution chain. Complaint ¶¶ 25-

---

[1] A copy of the *Syngenta* Amended Complaint is attached as Exhibit A (*Syngenta Seeds, Inc. v. Monsanto Company et al.*, No. 04-908-SLR - D.I. 8).

37. Further, although it does not allege a separate "stacked trait" relevant market (as does American Seed), Syngenta does allege exclusionary Monsanto conduct to suppress seeds with stacked biotechnological traits (apparently to help Monsanto maintain its monopolies in the glyphosate-tolerant and borer-resistant relevant markets alleged). *Syngenta* Amended Complaint ¶¶ 120-23, 128. These allegations are likely to require similar discovery into the nature of biotechnological corn trait and seed markets, and their barriers to entry; and exclusionary practices tending to monopolize traits will virtually assure seed monopolization because they will dry up competing supplies of biotechnological seed.

Also, as to party and third-party discovery, it makes sense for consistent Protective Order provisions to apply to both actions.

Accordingly, there will clearly be substantial overlap between the witnesses, documents, and evidence in these matters. If they proceed on separate tracks, it is likely that American Seed and Syngenta will be separately deposing many of the same witnesses on the same issues. It is more efficient to coordinate the cases so that witnesses need only be deposed once and a document only produced once.

Although American Seed's case is just now being filed, discovery in *Syngenta* does not close until July 7, 2006, with the next discovery conference not scheduled until September 19, 2005.[2] Thus, coordination should not cause any delay in discovery in that matter.

---

[2] A copy of the *Syngenta* Scheduling Order is attached as Exhibit B (*Monsanto Co. v. Syngenta Seeds Inc.*, No. 04-305-SLR - D.I. 63).

## II. THE TERMS OF THE PROPOSED ORDER WOULD EFFICIENTLY COORDINATE DISCOVERY IN THE INSTANT AND SYNGENTA MATTERS

The proposed coordination Order would govern the following facets of discovery to realize judicial and party economies. It would not change any scheduling in *Syngenta*, nor does American Seed seek a common trial date. (It will seek its own Scheduling Order at the appropriate time governing in part its trial date, filing of class certification motion, etc.)

**Protective Order.** The Protective Order in *Syngenta* would govern discovery in the instant action as well. Proposed Order ¶ 5.

**Document Production; Depositions.** The parties in each action are instructed to make available documents produced in the other action on a reasonable basis, and duplicative discovery is to be avoided. Proposed Order ¶¶ 2-3.

Pursuant to Fed. R. Civ. P. 30(d)(2) (seven hour deposition limitation), the party noticing a deposition shall have up to seven hours to complete the examination, and any remaining time will be used by the other parties participating in the deposition, including the party defending the deposition. Should the remaining time from the seven hours on the first day not be sufficient for an additional party to complete its examination, a second day of deposition shall be scheduled the next business day to allow completion (or, if the parties can agree, an additional day specified by agreement). No more than seven hours of examination shall be permitted during the second day, and the additional parties examining the witness shall agree to allocate the time among themselves in advance of the second day. Proposed

Order ¶ 4. American Seed's deposition time shall be not taken from the hours allocated to any other party, and it shall apply to the Court for its own allocation of deposition time. *Id.*

Any deposition noticed in the coordinated actions would be served on counsel in all cases and shall be deemed to have been noticed in all cases. The unwillingness of a party to participate in a deposition shall not be grounds for rescheduling a deposition. A subsequent deposition of any individual whose deposition was previously noticed and taken after the date of this Order shall not be permitted absent mutual agreement of counsel for good cause shown. Proposed Order ¶¶ 4, 7.

## CONCLUSION

For the reasons stated above, Plaintiff American Seed Co., Inc. requests that the Court grant its motion for coordination of pretrial discovery with *Syngenta Seeds, Inc. v. Monsanto Company*, C.A. No. 04-908-SLR (Member Case) on the grounds that judicial and party resources would be conserved by the entry of the proposed coordination Order.

SMITH, KATZENSTEIN & FURLOW LLP

Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
Attorneys for American Seed Co. Inc.

Dated: August 2, 2005

Of Counsel:

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL P.L.L.C.
Steven V. Benz
Michael S. Zuckman
1615 M St., N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

BERRY & LEFTWICH
R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
1717 Pennsylvania Ave. NW
Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **2nd** day of **August, 2005**, copies of the foregoing **Opening Brief in Support of Motion for Coordination of Pretrial Discovery** with *Syngenta Seeds, Inc. v. Monsanto Company*, C.A. No. 04-908-SLR (Member Case) were caused to be served on the following in the manner indicated:

**VIA E-MAIL**

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801

John W. Shaw (Counsel for Syngenta)
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

**VIA OVERNIGHT MAIL**

Peter E. Moll
Howrey Simon Arnold & White LLP
1299 Pennsylvania Ave. N.W.
Washington, D.C. 20004

Richard Schwed (Counsel for Syngenta)
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022-6069

_____
Joelle E. Polesky (I.D. No. 3694)