IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED COMPANY, INC., | ) | |
| | ) | |
| Individually, and on behalf of all | ) | |
| others similarly situated, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | C. A. No. 05-535-SLR |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## ANSWER AND DEFENSES

Defendants Monsanto Company and its alleged controlled subsidiaries, American Seeds

Inc., Corn States Hybrid Service LLC, Asgrow Seed Co., LLC, Holden Foundation Seeds, LLC,

DeKalb Genetics Corp., Calgene, LLC, Channel Bio Corp., NC+ Hybrids, and Seminis Inc.

(collectively "Monsanto") hereby answer plaintiff American Seed Co., Inc.'s ("American Seed")

class action complaint as follows.

### SUMMARY OF CLAIMS

1.      Monsanto admits the allegations contained in the second, third, and fourth

sentences of Paragraph 1. Monsanto denies the remaining allegations contained in

Paragraph 1.

2.      Monsanto admits the allegations contained in the first sentence of Paragraph 2.

Monsanto denies the remaining allegations contained in Paragraph 2.

3.      Monsanto denies that it is a monopolist and denies that it has engaged in any

unlawful conduct in the alleged relevant markets or in any other market. Accordingly, Monsanto

denies the allegations contained in Paragraph 3.

4.     Monsanto denies that it has enhanced or unlawfully maintained any monopoly power in the alleged relevant markets or in any other market through bundling agreements or through any other alleged wrongful conduct. Accordingly, Monsanto denies the allegations contained in Paragraph 4.

5.     Monsanto denies that this action can properly be maintained as a class action and accordingly denies the allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.     Monsanto denies that this Court has subject matter jurisdiction over this matter. As described more specifically in Monsanto's Motion to Transfer: (i) the forum selection clause in Monsanto's contracts with American Seeds requires litigation to be brought in Missouri; (ii) American Seed's claims are compulsory counterclaims to an action currently pending in the Eastern District of Missouri; and (iii) transfer of this action is appropriate under 28 U.S.C.A. § 1404.

7.     Monsanto denies that venue is proper in this judicial district. As described more specifically in Monsanto's Motion to Transfer: (i) the forum selection clause in Monsanto's contracts with American Seeds requires litigation to be brought in Missouri; (ii) American Seed's claims are compulsory counterclaims to an action currently pending in the Eastern District of Missouri; and (iii) transfer of this action is appropriate under 28 U.S.C.A. § 1404.

## PARTIES

8.     Monsanto lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 8 and therefore denies them. Monsanto admits that American Seed licensed certain transgenic technology from Monsanto and

2

certain of its related seed companies, including Corn States Hybrid Service, Inc. and Holden Foundation Seeds, Inc. Monsanto denies the remaining allegations contained in Paragraph 8.

      9.      Monsanto admits the allegations contained in Paragraph 9.

      10.      Monsanto admits the allegations contained in Paragraph 10.

      11.      Monsanto denies that American Seed has correctly alleged the name of its subsidiary, and affirmatively states that its subsidiary is Corn States Hybrid Service, LLC. Monsanto denies the remaining allegations contained in Paragraph 11.

      12.      Monsanto denies that American Seed has correctly alleged the name of its subsidiary, and affirmatively states that its subsidiary is Asgrow Seed Co., LLC. Monsanto admits the remaining allegations contained in Paragraph 12.

      13.      Monsanto denies that American Seed has correctly alleged the name of its subsidiary, and affirmatively states that its subsidiary is Holden Foundation Seeds, LLC. Monsanto admits the remaining allegations contained in Paragraph 13.

      14.      Monsanto denies that American Seed has correctly alleged the name of its subsidiary, and affirmatively states that its subsidiary is DeKalb Genetics Corp Monsanto admits the remaining allegations contained in Paragraph 14.

      15.      Monsanto denies the allegations contained in Paragraph 15.

      16.      Monsanto admits the allegations contained in Paragraph 16.

      17.      Monsanto denies that American Seed has correctly alleged the name of its subsidiary, and affirmatively states that its subsidiary is Channel Bio Corp. Monsanto admits the remaining allegations contained in Paragraph 17.

      18.      Monsanto denies the allegations contained in Paragraph 18.

## RELEVANT MARKETS

19.    Monsanto admits the allegations contained in Paragraph 19.

20.    Monsanto denies the allegations contained in Paragraph 20.

21.    Monsanto admits the allegations contained in Paragraph 21.

22.    Monsanto admits the allegations contained in Paragraph 22.

23.    Monsanto admits the allegations contained in the first two sentences of Paragraph 23. Monsanto denies the remaining allegations contained in Paragraph 23.

### Relevant Market for Corn Seed Tolerant of Glyphosate

24.    Paragraph 24 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 24.

25.    Monsanto denies the allegations contained in Paragraph 25.

26.    The first sentence of Paragraph 26 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 26. Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 26. Monsanto denies the allegations contained in the last sentence of Paragraph 26.

27.    Monsanto denies the allegations contained in Paragraph 27.

28.    Monsanto denies the allegations contained in Paragraph 28.

29.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market. Monsanto further denies that it charges above-competitive prices. Accordingly, Monsanto denies the allegations contained in Paragraph 29.

**Relevant Market for Corn Seed Resistant to the European Corn Borer**

30.     Paragraph 30 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 30.

31.     Monsanto admits the allegations contained in the first sentence of Paragraph 31. Monsanto denies the remaining allegations contained in Paragraph 31.

32.     Monsanto denies the allegations contained in Paragraph 32.

33.     Monsanto denies the allegations contained in Paragraph 33.

34.     The first sentence of Paragraph 34 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 34.  Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 34. Monsanto denies the allegations contained in the last sentence of Paragraph 34.

35.     Monsanto denies the allegations contained in Paragraph 35.

36.     Monsanto denies the allegations contained in Paragraph 36.

37.     Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market.  Monsanto further denies that it charges above-competitive prices.  Accordingly, Monsanto denies the allegations contained in Paragraph 37.

**Relevant Market for Corn Seed Resistant to Root Worm**

38.     Paragraph 38 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 38.

39.     Monsanto admits the allegations contained in the first sentence of Paragraph 39. Monsanto denies the remaining allegations contained in Paragraph 39.

40.     Monsanto denies the allegations contained in Paragraph 40.

41.    Monsanto denies the allegations contained in Paragraph 41.

42.    The first sentence of Paragraph 42 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 42.  Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 42. Monsanto denies the allegations contained in the last sentence of Paragraph 42.

43.    Monsanto denies the allegations contained in Paragraph 43.

44.    Monsanto denies the allegations contained in Paragraph 44.

45.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market.  Monsanto further denies that it charges above-competitive prices.  Accordingly, Monsanto denies the allegations contained in Paragraph 45.

## Relevant Market for Corn Seed With Stacked Traits

46.    Paragraph 46 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 46.

47.    Monsanto denies the allegations contained in Paragraph 47.

48.    The first sentence of Paragraph 48 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 48.  Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 48.  Monsanto denies the allegations contained in the last sentence of Paragraph 48.

49.    Monsanto denies the allegations contained in Paragraph 49.

50.    Monsanto denies the allegations contained in Paragraph 50.

51.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market. Monsanto further denies that it charges above-competitive prices. Accordingly, Monsanto denies the allegations contained in Paragraph 51.

## CLASS ACTION ALLEGATIONS

52.    Paragraph 52 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 52.

53.    Paragraph 53 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 53.

54.    Paragraph 54 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 54.

55.    Paragraph 55 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 55.

56.    Paragraph 56 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 56.

57.    Paragraph 57 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 57.

58.    Paragraph 58 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 58.

59.    Paragraph 59 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 59.

60.    Paragraph 60 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 60.

61.    Paragraph 61 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 61.

62.    Paragraph 62 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 62.

63.    Paragraph 63 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 63.

64.    Paragraph 64 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 64.

65.    Paragraph 65 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 65.

66.    Paragraph 66 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 66.

67.    Paragraph 67 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 67.

68.    Paragraph 68 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 68.

69.    Paragraph 69 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 69.

70.    Paragraph 70 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 70.

71.    Paragraph 71 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 71.

72.    Paragraph 72 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 72.

73.    Paragraph 73 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 73.

74.    Paragraph 74 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 74.

75.    Paragraph 75 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 75.

## MONOPOLY MAINTENANCE

76.    Monsanto admits the allegations contained in Paragraph 76.

77.    Monsanto admits the allegations contained in Paragraph 77.

78.    Monsanto admits that it began marketing a corn seed resistant to root worm called YieldGard Root Worm® in 2003, but denies the remaining allegations of the first sentence contained in Paragraph 78. Monsanto admits the remaining allegations contained in Paragraph 78.

79.    Monsanto denies the allegations contained in Paragraph 79.

10

**Exclusive Dealing Contracts**

80.     Monsanto admits that it has or had GA21 License Agreements with seed companies. The terms of those agreements speak for themselves. Monsanto denies the remaining allegations contained in Paragraph 80.

81.     Monsanto admits that it has or had various license agreements with seed companies, including a NK603 License Agreement relating to the use, licensing and sale of a glyphosate-tolerant corn trait, an MON810 License Agreement relating to the development, use, licensing and sale of a European Corn Borer-tolerant corn trait; and a Corn Root Worm License Agreement relating to the use, licensing and sale of a corn root worm-tolerant corn trait. The terms of these various agreements speak for themselves. Monsanto denies the remaining allegations contained in Paragraph 81.

82.     Monsanto admits the allegations contained in Paragraph 82.

83.     Monsanto admits the first sentence of Paragraph 83. Monsanto denies the remaining allegations contained in Paragraph 83.

84.     Monsanto denies the allegations contained in Paragraph 84.

85.     Monsanto admits that on May 12, 2004, Syngenta AG issued a press release relating to Advanta BV, which speaks for itself. Monsanto further admits that on May 12, 2004, Syngenta AG announced it had acquired certain intellectual property rights in GA21® from Bayer CropScience. Monsanto denies the remaining allegations contained in Paragraph 85.

86.     Monsanto admits that on June 25, 2004, Syngenta AG issued a press release relating to the Golden Harvest group, a producer of hybrid corn and soybeans, which speaks for itself. Monsanto denies the remaining allegations contained in Paragraph 86.

87.    Monsanto denies that Syngenta has the independent legal right to license or sell GA21 and, therefore, denies the first sentence of the allegations contained in Paragraph 87. Monsanto admits that Syngenta is attempting to commercialize GA21 through the sale of seeds and licensing of the trait to various seed companies in violation of Monsanto's intellectual property rights. Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 87 and on that basis denies the allegations. Monsanto denies the remaining allegations contained in Paragraph 87.

88.    Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 and on that basis denies the allegations.

89.    Monsanto admits that it sent notices to seed companies regarding the use and sale of GA21, and further states that such notice speaks for itself. Monsanto denies that it pressured or threatened seed companies, and denies the remaining allegations contained in Paragraph 89.

### Product Bundling to Deny Competitors
### Distribution of Corn Seed with Traits

90.    Monsanto denies the allegations contained in Paragraph 90.

91.    Monsanto admits that it has entered into an Amended and Restated Licensee Incentive Agreement with certain seed companies, and further states that the Incentive Agreement speaks for itself. Monsanto denies that it has a bundling plan. Monsanto denies the remaining allegations contained in Paragraph 91.

92.    Monsanto states that the Incentive Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 92.

93.    Monsanto states that the Incentive Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 93.

94.     Monsanto states that the terms of the GA21 License Agreements and the Incentive Agreement speak for themselves. Monsanto admits that a number of seed companies have entered into License Agreements and Incentive Agreements with Monsanto. Monsanto denies the remaining allegations contained in Paragraph 94.

95.     Monsanto denies that barriers to entry and expansion exist and denies that it has created any such barriers through its fees or incentives or any other alleged wrongful conduct. Accordingly, Monsanto denies the allegations contained in Paragraph 95.

### INJURY TO COMPETITION

96.     Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 96.

97.     Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 97.

98.     Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 98.

99.     Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 99.

## CLAIMS FOR RELIEF

### COUNT ONE

100.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-99 above.

101.    Monsanto denies the allegations contained in Paragraph 101.

102.    Monsanto denies the allegations contained in Paragraph 102.

103.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barrier to entry or to expansion exists. Accordingly, Monsanto denies the allegations contained in Paragraph 103.

104.    Monsanto denies that is has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 104.

105.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 105.

106.    Monsanto denies the allegations contained in Paragraph 106.

107.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 107.

### COUNT TWO

108.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-107 above.

109.    Monsanto denies the allegations contained in Paragraph 109.

110.    Monsanto denies the allegations contained in Paragraph 110.

111.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barrier to entry or to expansion exists. Accordingly, Monsanto denies the allegations contained in Paragraph 111.

112.    Monsanto denies that is has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 112.

113.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 113.

114.    Monsanto denies the allegations contained in Paragraph 114.

115.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 115.

**COUNT THREE**

116.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-115 above.

117.    Monsanto denies the allegations contained in Paragraph 117.

118.    Monsanto denies the allegations contained in Paragraph 118.

119.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barrier to entry or to expansion exists. Accordingly, Monsanto denies the allegations contained in Paragraph 119.

120.    Monsanto denies that is has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 120.

121.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 121.

122.    Monsanto denies the allegations contained in Paragraph 122.

123.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 123.

**COUNT FOUR**

124.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-123 above.

125.    Monsanto denies the allegations contained in Paragraph 125.

126.    Monsanto denies the allegations contained in Paragraph 126.

127.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barrier to entry or to expansion exists. Accordingly, Monsanto denies the allegations contained in Paragraph 127.

128.    Monsanto denies that is has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 128.

129.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition,

to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 129.

130. Monsanto denies the allegations contained in Paragraph 130.

131. Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 131.

## JURY DEMAND

Monsanto demands a trial by jury on plaintiff's complaint and on its defenses.

## DEFENSES

### First Defense

Plaintiff's claims fail to state any claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are not properly raised in this Court and must be litigated in Missouri.

### Third Defense

Plaintiff's claims are barred by the statute of limitations.

### Fourth Defense

Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

### Fifth Defense

Plaintiff's claims are barred in whole or in part by its failure to mitigate damages.

### Sixth Defense

Plaintiff lacks standing to assert the claims alleged in the complaint.

### Seventh Defense

Plaintiff's claims are barred in whole or in part because plaintiff has not suffered and will not suffer injury of the type the antitrust laws were designed to prevent.

## Eighth Defense

Any injuries or damages plaintiff may have suffered were caused solely and proximately by the acts or omissions of others.

## Ninth Defense

Any and all of Monsanto's actions challenged by plaintiff were lawful, justified, and procompetitive, and were carried out in furtherance of Monsanto's legitimate business interests.

## Tenth Defense

Plaintiff's claims are barred, in whole or in part, because this action is not properly maintainable as a class action and plaintiff is not a proper class representative.

## PRAYER FOR RELIEF

WHEREFORE, defendant Monsanto prays that judgment be entered:

    (1)    dismissing the Complaint with prejudice;

    (2)    awarding Monsanto costs and attorneys' fees, as may be allowed by law;

and

    (3)    granting such other relief as the Court deems just and appropriate.


POTTER ANDERSON & CORROON LLP


OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC  20004
(202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Dated: August 25, 2005
696603

/s/ Richard L. Horwitz
By:_____
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    P. O. Box 951
    Wilmington, DE 19899-0951
    (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Monstano Company,*
*American Seed, Inc. Corn States Hybrid*
*Service, Inc., Holden Foundation Seeds, Inc.,*
*Dekalb Seeds, Calgene, L.L.C., Channel Bio*
*Co., NC+ Hybrids and Semins, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on August 25, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY

Joelle E. Polesky, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

I hereby certify that on August 25, 2005 I have sent by Federal Express the foregoing document to the following non-registered participants:

Steven V. Benz, Esq.
Michael S. Zuckman, Esq.
Kellogg, Huber, Hansen, Todd, Evans & Figel
P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036

R. Stephen Berry, Esq.
J. Daniel Leftwich, Esq.
Gregory Baruch, Esq.
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006

/s/ Richard L. Horwitz
_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com