IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED COMPANY, INC., | ) | |
| | ) | |
| Individually, and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | C. A. No. 05-535-SLR |
| v. | ) ) | |
| MONSANTO COMPANY et al., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

**ANSWERING BRIEF IN OPPOSITION TO PROPOSED INTERVENOR
PLAINTIFFS' MOTION FOR LEAVE TO INTERVENE ON BEHALF OF
PROPOSED CLASSES PROCEEDING UNDER IOWA AND MINNESOTA LAW**

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Dated: August 25, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monstano Company,
American Seed, Inc. Corn States Hybrid
Service, Inc., Holden Foundation Seeds, Inc.,
Dekalb Seeds, Calgene, L.L.C., Channel Bio
Co., NC+ Hybrids and Semins, Inc.*

**TABLE OF CONTENTS**

|  | Page |
| --- | --- |
| TABLE OF AUTHORITIES | ii |
| ARGUMENT | 1 |
| I. PLAINTIFFS' MOTION TO INTERVENE IS PREMATURE | 1 |
| II. PLAINTIFFS' MOTION TO INTERVENE SHOULD BE DENIED DUE TO THE DANGER OF JURY CONFUSION AND UNFAIR PREJUDICE TO MONSANTO | 1 |
| CONCLUSION | 3 |

# TABLE OF AUTHORITIES

## FEDERAL CASES

*CTF Hotel Holdings v. Marriott International*,
  381 F.3d 131 (3d Cir. 2004) ........................................................................................... 1

## STATUTES AND RULES

28 U.S.C. § 1441 ............................................................................................................... 1

Fed. R. Civ. P. 24(b) .......................................................................................................... 2

Iowa Code § 553.5 ............................................................................................................. 2

Minnesota Statute § 325D.52 ............................................................................................. 2

## ARGUMENT

Darrell Souhrada and Kent Duxbury ("proposed plaintiffs") seek to intervene on behalf of Iowa and Minnesota citizens in the instant putative antitrust **direct purchasers** class action filed by American Seed Company, Inc. ("American Seed") against defendants Monsanto Company and several of its subsidiaries (collectively, "Monsanto"). The proposed plaintiffs seeking to intervene are **indirect purchasers** alleging violation of Iowa and Minnesota law. Monsanto hereby opposes the proposed plaintiffs' motion to intervene.

### I. PLAINTIFFS' MOTION TO INTERVENE IS PREMATURE

Monsanto has filed a motion to transfer this action to the United States District Court for the Eastern District of Missouri on the grounds that (i) the forum selection clause in American Seed's agreements with Monsanto (which form a basis of its complaint) requires it to bring its claims there; (ii) American Seed's claims are compulsory counterclaims to an existing lawsuit between Monsanto and American Seed in that court; and (iii) other relevant factors under 28 U.S.C. § 1441 weigh in favor of transfer. Should the Court grant Monsanto's motion and transfer this case to the Eastern District of Missouri, that court should be permitted to decide whether the Iowa and Minnesota indirect purchaser plaintiffs should be permitted to intervene in this action or to require the Iowa and Minnesota plaintiffs to pursue a separate, albeit a related, action. *See CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 141 (3d Cir. 2004) (noting that a court has the inherent power to control its docket and the administration of cases).

### II. PLAINTIFFS' MOTION TO INTERVENE SHOULD BE DENIED DUE TO THE DANGER OF JURY CONFUSION AND UNFAIR PREJUDICE TO MONSANTO

In the event that the Court determines that the instant motion is not premature, proposed plaintiffs' motion to intervene should be denied and proposed plaintiffs should

file their indirect purchaser claims separately. Plaintiffs are seeking to intervene permissively under Fed. R. Civ. P. 24(b), which provides:

> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common. ... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

No doubt, proposed plaintiffs' indirect purchaser claims under Iowa Competition Law (Iowa Code § 553.5) and Minnesota's Antitrust Law (Minnesota Statute § 325D.52) contain some similar factual and legal questions with American Seed's direct purchaser claims under the License Agreement. However, trying the two sets of claims before the same jury creates the danger of jury confusion and unfair prejudice to Monsanto.

A trial on the direct purchaser claims will focus on the direct relationship between Monsanto and those direct purchasers, with all of whom Monsanto has various written licensing agreements governing their relationships with Monsanto. It is in fact the licensing agreements that are the primary subject matter of the American Seed complaint. Assuming *arguendo* that liability is found, the issue the jury will face is the amount of the overcharge suffered by the direct purchasers.

On the other hand, a trial on the indirect purchaser classes will focus heavily upon the relationship between the farmers (*i.e.*, the indirect purchasers) and the brokers, dealers and retailers from which the farmers purchase Monsanto and other corn products. Indeed, these indirect purchasers are not resellers of Monsanto's corn products, but the ultimate end users of such products. A trial on the former claims involve a complex economic analysis of the existence and amount of pass-through damages suffered as a result of any alleged anticompetitive conduct proximately caused by Monsanto, as opposed to the existence and amount of higher prices that may have been proximately caused by the independent decisions of the brokers, dealers and retailers.

Monsanto does not dispute that there may be benefits to coordinating discovery in the two actions for pretrial purposes. Once the proposed plaintiffs have filed their claims separately as a related case, Monsanto would have no opposition to the coordination of *pretrial discovery,* to the extent this Court or the Eastern District of Missouri deems appropriate, in order to promote judicial economy.

## CONCLUSION

The proposed plaintiffs' motion is premature for judicial determination and thus, should be denied or held in abeyance until the resolution of Monsanto's motion to transfer. To the extent the Court determines to address this motion on the merits, it should be denied and proposed plaintiffs should file their claims as a separate action and pretrial discovery be coordinated to the extent necessary.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Dated: August 25, 2005

696561

/s/ Richard L. Horwitz
By:_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monstano Company,
American Seed, Inc. Corn States Hybrid
Service, Inc., Holden Foundation Seeds, Inc.,
Dekalb Seeds, Calgene, L.L.C., Channel Bio
Co., NC+ Hybrids and Semins, Inc.*

3

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on August 25, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

### BY HAND DELIVERY

Joelle E. Polesky, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

I hereby certify that on August 25, 2005 I have sent by Federal Express the foregoing document to the following non-registered participants:

Steven V. Benz, Esq.
Michael S. Zuckman, Esq.
Kellogg, Huber, Hansen, Todd, Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036

R. Stephen Berry, Esq.
J. Daniel Leftwich, Esq.
Gregory Baruch, Esq.
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006

Charles A. Bird, Esq.
Bird, Jacobsen & Stevens
300 Third Avenue, SE
Rochester, MN 55904

/s/ Richard L. Horwitz
_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com