IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED COMPANY, INC., | ) | |
| | ) | |
| Individually, and on behalf of all others similarly situated, | ) ) | |
| | ) | |
| Plaintiffs, | ) ) | |
| | ) | C. A. No. 05-535-SLR |
| v. | ) ) | |
| MONSANTO COMPANY, et al., | ) | **JURY TRIAL DEMANDED** |
| | ) ) | |
| Defendants. | ) | |

**ANSWERING BRIEF IN OPPOSITION TO AMERICAN SEED CO. INC.'S
MOTION FOR COORDINATION OF PRETRIAL DISCOVERY WITH
*SYNGENTA SEEDS INC. V. MONSANTO COMPANY*, C.A. NO. 04-908-SLR
(MEMBER CASE)**

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Dated: August 25, 2005

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monstano Company,
American Seed, Inc. Corn States Hybrid
Service, Inc., Holden Foundation Seeds, Inc.,
Dekalb Seeds, Calgene, L L C., Channel Bio
Co., NC+ Hybrids and Semins, Inc.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ..................................................................................................... ii

NATURE AND STAGE OF PROCEEDING ........................................................................... 1

SUMMARY OF THE ARGUMENT ........................................................................................ 1

RELEVANT FACTUAL BACKGROUND .............................................................................. 2

      A.    The Syngenta Cases ............................................................................................... 2

      B.    The American Seed Dispute ................................................................................... 3

ARGUMENT .............................................................................................................................. 4

I.    PROPOSED PLAINTIFFS' MOTION FOR COORDINATION OF
    PRETRIAL DISCOVERY IS PREMATURE ................................................................ 4

II.   AMERICAN SEED'S MOTION TO COORDINATE DISCOVERY
    SHOULD BE DENIED ON SEVERAL INDEPENDENT GROUNDS ........................ 4

      A.    American Seed's Allegations Are Distinct From Syngenta's In
            Significant Respects ............................................................................................... 4

      B.    Coordination Will Unnecessarily Delay The Syngenta Action ............................. 6

      C.    Parties Can Agree To Coordinate Informally To Avoid Duplicative
            Discovery ............................................................................................................... 6

      D.    As Drafted The Proposed Coordination Order Is Inappropriate ........................... 7

CONCLUSION ........................................................................................................................... 8

# TABLE OF AUTHORITIES

## FEDERAL CASES

*CTF Hotel Holdings v. Marriott Int'l*,
   381 F.3d 131 (3d Cir. 2004) ................................................................................................4

*General Tel. Co. v. Falcon*,
   457 U.S. 147 (1982) ............................................................................................................6

## STATUTES

28 U.S.C. § 1441 .........................................................................................................................1

15 U.S.C. § 2 ...............................................................................................................................3

## NATURE AND STAGE OF PROCEEDING

On July 26, 2005, Plaintiff American Seed Company, Inc. ("American Seed") filed a putative class action complaint against defendants Monsanto Company and several of its subsidiaries (collectively, "Monsanto"). On August 2, 2005, American Seed moved to coordinate document and deposition discovery with *Syngenta Seeds Inc. v. Monsanto Company*, C.A. No. 04-908-SLR (Member Case) ("Syngenta Action") (D.I. 17). Monsanto opposes American Seed's motion to coordinate discovery.

## SUMMARY OF THE ARGUMENT

1. American Seed's motion to coordinate pretrial discovery is premature. Monsanto has filed a motion to transfer the instant action to the United States District Court for the Eastern District of Missouri because: (i) the forum selection clause in American Seed's agreements with Monsanto (which form a basis of its complaint) requires it to bring its claims there; (ii) American Seed's claims are compulsory counterclaims to an existing lawsuit in that court; and (iii) other relevant factors under 28 U.S.C. § 1441 weigh in favor of transfer. Whether to coordinate discovery is a determination to be made by the Court that will ultimately preside over this case.

2. Coordination of pretrial discovery is inappropriate because this case is distinct from the Syngenta Action. The instant case is a direct purchasers case and includes class action allegations, while the Syngenta Action is a competitor case. American Seed has alleged two product markets that are distinct from that alleged in the Syngenta Action, which includes a distinct attempted monopolization claim in a market not alleged in this case.

3. The Syngenta Action has been pending for over one year. In accordance with the April 26, 2005 Scheduling Order, the parties in that case have already exchanged discovery requests, documents are to be produced by October 21, 2005, and fact discovery will close on March 31, 2006. On the other hand, this case has just been filed and will be proceeding on a far different schedule. Because American Seed has alleged

four proposed classes, the parties in the instant action will first have to deal with the issue of class certification. The level of coordination sought by plaintiff's motion simply will not work; it will disrupt the current pre-trial schedule in the Syngenta Action and will unduly delay the adjudication of that case.

4. No party to either case should have any interest in duplicative discovery. In the event the instant case remains in this Court, the parties should be able to work together on an informal basis to ensure that any documents produced in the Syngenta case that are relevant to this case be provided to American Seed at the appropriate time, etc. If at some point the parties are unable to cooperate effectively so, American Seed can renew its motion.

5. In the event that the Court is inclined to order some level of formal coordination, the order proposed by American Seed is inappropriate. In fact, the order is tantamount to an order of consolidation as opposed to coordination. It does not account for the stark differences between the Syngenta Action and the instant case, which necessarily implicates that discovery will not overlap in many respects. It fails to outline specific procedures necessary to facilitate the appropriate degree of coordination that will ensure the promotion of convenience, justice and efficiency.

## RELEVANT FACTUAL BACKGROUND

### A. The Syngenta Cases

**The Patent Case Against Syngenta Seeds.** On May 12, 2004, Monsanto filed a suit against Syngenta Seeds, Inc., for infringement of Patent No. 4,940,835, the Shah patent. *Monsanto Company et al. v. Syngenta Seeds, Inc.*, C.A. No. 04-305. The patent infringement case is scheduled to go to trial in May 2006.

**The Syngenta Seeds Antitrust Case.** On July 28, 2004, Syngenta Seeds filed its antitrust suit against Monsanto. On September 14, 2004, Syngenta Seeds amended its complaint, alleging Monsanto monopolized the markets for glyphosate-tolerant corn traits

2

and European Corn Borer ("ECB") resistant corn traits, and attempted to monopolize the market for foundation seeds through exclusive dealing, bundling arrangements, and other alleged anticompetitive conduct, including the filing of Monsanto's patent infringement case. (Syngenta Am. Compl. ¶¶ 72-136.) On August 12, 2005, Syngenta filed a Motion for Leave to File a Second Amended complaint that would add, among other things, a count under the Lanham Act. (Syngenta Second Am. Compl. ¶¶ 200-206.) The antitrust case is scheduled for trial on January 8, 2007, and discovery is well under way. The parties are due to produce documents by October 21, 2005, and all fact discovery is to be completed by March 31, 2006.

### B. The American Seed Dispute

**Monsanto's Case in the Eastern District of Missouri.** Monsanto and American Seed are currently involved in litigation in the Eastern District of Missouri arising from disputes regarding the parties' License Agreement and Incentive Agreement. *Monsanto Company et al. v. American Seed Company, Inc.*, Case No. 4:05CV00554 ERW. That action, which was filed by Monsanto on April 7, 2005, involves claims for breach of contract, patent infringement, statutory and common law trademark infringement, unfair competition, trademark dilution, and unjust enrichment. (Monsanto Compl., Ex. A hereto.) American Seed filed its affirmative defenses and counterclaims against Monsanto on May 23, 2005, alleging, among other things, unfair competition and unfair trade practices. (American Seed Answer Compl. & Countercl., Ex. B hereto, ¶ 118.)

**American Seed's Present Antitrust Complaint.** Only two months later, on July 26, 2005, American Seed filed the instant action on behalf of four putative classes comprised of "direct purchasers" from Monsanto, alleging Monsanto monopolized four relevant markets – the sale of glyphosate-tolerant corn seed, ECB-resistant corn seed, root-worm-resistant corn seed and stacked traits corn seed. While the legal theories pursued here are based upon the Sherman Act, 15 U.S.C. § 2, the gravamen of this action

3

is fundamentally the same as American Seed's Missouri Counterclaims – Monsanto's License Agreements and Incentive Agreement are oppressive and unreasonable. As a result, Monsanto has filed a motion to transfer the instant case to the Eastern District of Missouri.

## ARGUMENT

### I. AMERICAN SEED'S MOTION FOR COORDINATION OF PRETRIAL DISCOVERY IS PREMATURE

American Seed's motion is premature because of Monsanto's pending motion to transfer this case to the Eastern District of Missouri, where the parties are already engaged in litigation relating to issues substantially similar to those in this case. In the event the American Seed Action is transferred to the Eastern District of Missouri, that court should decide how discovery in that action should proceed. *See CTF Hotel Holdings v. Marriott Int'l*, 381 F.3d 131, 141 (3d Cir. 2004) (noting that a court has the inherent power to control its docket and the administration of cases.)

### II. AMERICAN SEED'S MOTION TO COORDINATE DISCOVERY SHOULD BE DENIED ON SEVERAL INDEPENDENT GROUNDS

Formal coordination of all aspects of pretrial discovery as sought in the instant motion is inappropriate for several reasons.

#### A. American Seed's Allegations Are Distinct From Syngenta's In Significant Respects

There are significant differences between the Syngenta and American Seed cases. The Syngenta Action, for example, is an action brought by a competitor. The American Seed Action is a purported class action brought on behalf of four putative classes of direct purchasers. The Syngenta Action will not involve any discovery or other proceedings on the complex issues relating to class certification.

4

The markets alleged in the two cases also differ. The Syngenta Amended Complaint alleges that Monsanto has monopolized the markets for glyphosate-tolerance and ECB-resistance, and attempted to monopolize the market for foundation seeds. (Syngenta Am. Compl. ¶¶ 137-161.) In contrast, the American Seed Complaint alleges that Monsanto monopolized four markets for the sale of corn seed: glyphosate-tolerance, European Corn Borer-resistance, Corn Root Worm-resistance and corn seed with stacked traits. (American Seed Compl. ¶¶ 96-99.). The Syngenta Amended Complaint does not even allege a market for Corn Root Worm-resistance. In addition, the American Seed Complaint does not allege any claims with respect to Syngenta's alleged market for foundation seeds or attempted monopolization thereof.

The underlying anticompetitve conduct alleged also varies. The Syngenta Amended Complaint alleges a laundry list of alleged anticompetitive acts by Monsanto, including: (i) bundling commercial incentives across several products to create a barrier to entry; (ii) enforcing exclusive dealing contracts to prevent Syngenta from entering markets; (iii) prohibiting Syngenta from stacking traits; (iv) filing the allegedly "baseless" Shah and Lundquist patent cases; (v) misrepresenting Syngenta's ability to commercialize GA21; (vi) improperly demanding destruction of all GA21 inbreds; (vii) intimidating seed companies not to do business with Syngenta; (viii) denying Syngenta access to foundation seeds and pressuring foundation seed companies not to deal with Syngenta; and (ix) improperly raising the cost to Syngenta to acquire other seed companies. (Syngenta Am. Compl. ¶¶ 70-136.) Only the first two of these allegations are raised in the American Seed Complaint.

In addition, the nature of injuries alleged in the two cases is sufficiently distinct that coordination will not necessarily result in substantial economies. Syngenta is attempting to prove the anticompetitive acts resulted in injury to itself in the alleged inability to enter the alleged relevant market and/or make sales within those markets. On the other had, American Seed is attempting to demonstrate alleged overcharges incurred

by itself and four classes of purported direct purchasers. The distinct nature of the two claims will not only require different fact discovery, but also different expert discovery.

### B. Coordination Will Unnecessarily Delay The Syngenta Action

The Syngenta Action has been pending for over one year – since July 28, 2004. The parties in that case have already exchanged discovery requests and are currently scheduled to produce documents by October 21, 2005. (Rule 16 Scheduling Order of 4/26/05 § 3(b)(i).) Fact discovery is to be completed by March 31, 2006. (*Id.* § 3(b).) This case will, of necessity, proceed on an entirely different schedule. Since American Seed has brought its action on behalf of four proposed classes, the parties in this case will first have to resolve the issue of class certification as to each purported class, which will require a "rigorous analysis." *General Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982). Thus, ordering coordination, at this stage of the case, will undoubtedly interrupt the current pre-trial schedule in the Syngenta Action and unduly delay the resolution of both cases.

### C. The Parties Can Agree To Coordinate Informally To Avoid Duplicative Discovery

Assuming *arguendo* that the instant case remains in this Court, the parties can work together to avoid unnecessary duplication and to ensure judicial economy without the need of a formal coordination order. To the extent documents produced in the Syngenta Action are relevant to this action, they can be made available to American Seed at the appropriate time. If there is deposition testimony taken in the Syngenta Action that relates to the American Seed Action, the parties can agree that such testimony can be utilized in this case without the necessity of re-deposing witnesses on the same subject matter. American Seed can be given an opportunity to ask its questions relating to its case during the time scheduled for deposition in its case, as opposed to prematurely attempting to fit American Seed's questions in the Syngenta deposition schedule (which

did not envision any such questioning when it was set). The parties can work together to agree upon some level of informal coordination that makes sense without unnecessarily disrupting the Syngenta Action by mandating coordination on a wide variety of discovery wholly irrelevant to the American Seed Action. In the event the parties are unable to work to cooperate on any discovery relevant to both cases, American Seed can always renew its request for a formal coordination order.

### D. As Drafted The Proposed Coordination Order Is Inappropriate

Plaintiff's proposed coordination order is inappropriate in that its practical effect is to essentially consolidate the American Seed Action and the Syngenta Action for *all* pretrial discovery purposes without any consideration of the numerous differences between the two actions. (*See* Proposed Order Governing Coordination of Pretrial Antitrust Discovery.) For example, the proposed order provides that *all* written discovery propounded shall be deemed propounded in all matters and should be made available to all counsel. (*Id.*, ¶¶ 2, 3.) It similarly provides that depositions shall be coordinated in the two actions without any regard for the deponent or the topic of the deposition. (*Id* ¶ 4.) Given the differences in the two cases, as outlined above, coordination on the level requested is both unnecessary and unwarranted.

Moreover, plaintiff's proposed order calls for American Seed's participation in the Syngenta Action depositions, which again was not envisioned when the schedule was set, and will unduly delay the procession of that case. (*Id.*, ¶ 4.) As stated previously, the Syngenta Action is much further along than the instant case such that the coordination proposed will necessarily interrupt the Syngenta Action's discovery schedule. Indeed, the Syngenta Action parties are due to produce documents on October 21, 2005, and will begin to conduct depositions soon thereafter. Because the parties in this case will be engaged in litigating the class certification issue, which will undoubtedly involve

7

discovery on that issue, American Seed's participation in depositions concerning the claims alleged in the Syngenta Action would be premature and unproductive.

Plaintiff's proposed coordination order fails to adequately outline the procedure by which the parties will coordinate discovery in a convenient, just and efficient manner. For example, the proposed order seeks a blanket order that would allow each plaintiff to be deposed two full days. (*Id.* ¶ 4.) It is inconceivable how allowing two days of depositions of each deponent would promote efficiency. Moreover, the proposed order fails to account for the fact that the Court has allocated a certain number of hours to each side for depositions. (Rule 16 Scheduling Order of 4/26/05 § 3(b)(v).) Finally, the proposed order does not outline how and when documents produced in the Syngenta Action (not all of which will be relevant to this case) are to be made available and how the parties will allocate the costs related thereto.

## CONCLUSION

For the foregoing reasons, the Court should deny American Seed's motion, which essentially seeks consolidation of pretrial discovery with the Syngenta Action.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Peter E. Moll<br>John DeQ. Briggs<br>Scott E. Flick<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 783-0800 | /s/ Richard L. Horwitz<br>By: _____<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   P. O. Box 951<br>   Wilmington, DE 19889-0951<br>   (302) 984-6000 |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>(202) 942-5000<br><br>Dated: August 25, 2005 |    E-mail: rhorwitz@potteranderson.com<br>              dmoore@potteranderson.com<br><br>*Attorneys for Monstano Company,*<br>*American Seed, Inc. Corn States Hybrid*<br>*Service, Inc., Holden Foundation Seeds, Inc.,*<br>*Dekalb Seeds, Calgene, L.L.C., Channel Bio*<br>*Co., NC+ Hybrids and Semins, Inc.* |

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on August 25, 2005, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following; that the document was served on the following counsel as indicated; and that the document is available for viewing and downloading from CM/ECF.

## BY HAND DELIVERY

Joelle E. Polesky, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street
Wilmington, DE 19899-0391

I hereby certify that on August 25, 2005 I have sent by Federal Express the foregoing document to the following non-registered participants:

Steven V. Benz, Esq.
Michael S. Zuckman, Esq.
Kellogg, Huber, Hansen, Todd, Evans & Figel
P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036

R. Stephen Berry, Esq.
J. Daniel Leftwich, Esq.
Gregory Baruch, Esq.
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006

Richard F. Schwed, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069

/s/ Richard L. Horwitz
_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com