IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED CO. INC. | ) |
| | ) |
|    Plaintiff, On Behalf Of Itself and Others Similarly Situated, | ) ) ) ) |
| | ) CIVIL ACTION NO. 05-535 SLR |
| v. | ) |
| | ) |
| MONSANTO COMPANY, | ) |
| | ) |
| Monsanto Controlled Subsidiaries: | ) CLASS ACTION |
| | ) |
| AMERICAN SEEDS INC., CORN STATES HYBRID,   SERVICE INC. | ) ) ) |
| ASGROW SEED CO., INC., | ) JURY TRIAL DEMANDED |
| HOLDEN FOUNDATION SEEDS, INC., DEKALB SEEDS, CALGENE, L.L.C., CHANNEL BIO CO., NC+ HYBRIDS, SEMINIS INC., | ) ) ) ) ) ) ) |
| | ) |
|    Defendants. | ) |

PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR COORDINATION OF PRETRIAL DISCOVERY WITH
*SYNGENTA SEEDS INC. v. MONSANTO COMPANY*,
C.A. NO. 04-908 SLR (MEMBER CASE)

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (I.D. No. 3694)
800 Delaware Avenue
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-8400
Facsimile: (302) 652-8405

Attorneys for Plaintiff, American Seed Co. Inc.

Dated: September 15, 2005

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.    This Coordination Motion Is Not Premature . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    B.    Monsanto Does Not Contest That There Are Substantial Overlaps Between the Actions, and Various Efficiencies for All from Coordination . . . . . . . . . . . . . . . . 2

    C.    Coordination Will Not Delay the *Syngenta Action* . . . . . . . . . . . . . . . . . . . . . . . 4

    D.    The Terms of the Proposed Order Are Appropriate . . . . . . . . . . . . . . . . . . . . . . . 4

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

# TABLE OF AUTHORITIES

*No authorities cited.*

## ARGUMENT

This action, *American Seed Co. v. Monsanto Co.*, C.A. No. 05-535-SLR (D. Del.) (the "*American Seed Action*"), is a monopolization, class action claim against Monsanto by purchasers of Monsanto finished biotech corn seed sold by Monsanto. The proposed classes claim that Monsanto as a monopolist has overcharged for that corn seed. American Seed seeks to coordinate pretrial discovery only between the instant action and the similar monopolization action *Syngenta Seeds Inc. v. Monsanto Co.*, No. 04-908-SLR (D. Del.) (Member Case) (the "*Syngenta Action*"). In the *Syngenta Action*, Syngenta seeks its lost profits due to similar exclusionary conduct. American Seed does not seek coordination with the patent litigation related to Syngenta.[1]

The proposed Order seeks coordination of document and deposition discovery, and would apply the Protective Order provisions applicable to the *Syngenta Action* to the instant action. It does not seek to change or effect any scheduling dates in the *Syngenta Action*, nor does it seek a common scheduling order or trial date. (*See* Motion and Proposed Order (D.I. 17)).

Since the claims in the two actions are very similar, particularly as to the relevant markets and substantial aspects of the exclusionary conduct, it makes sense to coordinate document production and deposition discovery – and utilize the same Protective Order already entered by the Court in the *Syngenta Action* – in order to save the Court and the parties duplicative effort.

---

[1] *Monsanto Co. v. Syngenta Seeds, Inc.*, C.A. No. 04-305-SLR (D. Del.).

A.     **This Coordination Motion Is Not Premature**

Should the Court determine that the *American Seed Action* should not be transferred[2] – in part because of the considerable, demonstrated judicial and party efficiencies of joint management – then it is appropriate at the same time to order pretrial coordination for both actions.

B.     **Monsanto Does Not Contest That There Are Substantial Overlaps Between the Actions, and Various Efficiencies for All from Coordination**

Monsanto wants to have the procedural tail wag the dog. Of course, the two cases are distinct in limited respects; for example, the *Syngenta Action* does not have class claims. However, Monsanto ignores the very substantial overlaps between the two actions, which allege Monsanto monopolization of adjacent biotech corn trait and corn seed markets. It is alleged to have been accomplished by two of the *same* exclusionary practices, that is, contractual exclusive dealing and bundling, in the *same* trait relevant markets. This has not only had the effect of excluding Syngenta from entering or expanding in the relevant biotech corn trait markets, but also denied the *American Seed Action's* proposed classes the competitive pricing and choice offered by Syngenta and other Monsanto competitors in the adjacent, downstream markets for the sale of Monsanto corn seeds using the relevant corn traits. If seed companies cannot get or use corn trait from competitors of Monsanto, they cannot produce and sell to the proposed classes finished seed competing with that of Monsanto.

Further, there is overlap as to antitrust injury (even though one case will focus on lost profit damages, and the other on price overcharge damages). Syngenta seeks to show injury to competition and itself in the trait relevant markets; and the proposed classes seek to demonstrate that this injury

---

[2]On August 25, 2005, defendants filed Monsanto's Motion to Transfer to the Eastern District of Missouri (D.I. 25).

visited on Syngenta and other competitors created antitrust injury as well downstream. That is, because of trait exclusionary practices, the proposed classes were denied the benefits of price competition as to the sale of corn seeds made with those traits.

Nowhere does Monsanto (nor Syngenta for that matter) contest that coordination would result in the following judicial and party efficiencies:

- Deponents need only be examined once (Proposed Order ¶¶ 4, 7);

- Disputes as to deposition time limits need only be resolved once (Proposed Order ¶ 4);

- In entering the contemplated (separate) *American Seed Action* Scheduling Order, the Court can take into account the pretrial and trial milestones in the *Syngenta Action* Scheduling Order to avoid scheduling conflicts for both Syngenta and Monsanto; and, if appropriate, have the parties in both actions attend the *Syngenta Action* pretrial conferences scheduled on November 11, 2005 and February 13, 2006, so similar conferences need not be duplicated in the *American Seed Action*;

- The use of discovery from the *Syngenta Action* in the *American Seed Action* (and vice versa), and the avoidance of duplicative document and interrogatory discovery (Proposed Order ¶ 2); and,

- Avoidance of possible error and confusion from the use of separate Protective Orders (Proposed Order ¶ 5).

"Informal" coordination, as suggested by Monsanto (Answering Brief at 6-7 (D.I. 29)), offers none of these assured benefits and would no doubt wastefully embroil the Court in disputes arising from this "informal" coordination.

C.  **Coordination Will Not Delay the *Syngenta Action***

As noted in the Proposed Order (¶ 6), it is suggested that a *separate* Scheduling Order be entered placing the *American Seed Action* trial after that of the *Syngenta Action* and setting different and later pretrial milestones. This should not delay in the slightest the *Syngenta Action*, while ensuring that the efficiencies enumerated above are realized in both cases. For example, it is not inconceivable that either class discovery or substantive discovery in the *American Seed Action* in the fifteen months until the *Syngenta Action* trial in January 2007 will benefit or inform the parties in that case. Indeed, it is certainly in the interest of the proposed classes, if certified, to have the merits record as to Monsanto monopolization developed and tried as quickly as possible. This should help demonstrate the availability of common, class-wide proof as to exclusion, harm to competition, and price overcharge.

Further, the Proposed Order (¶ 4) makes clear that "[a]ny deposition noticed in the *American Seed* and *Syngenta* Actions shall be served on counsel in all cases and shall be deemed to have been noticed in all cases. The unwillingness of one or more of the parties to participate in a deposition shall not be grounds for rescheduling a deposition." Thus, *American Seed Action* counsel cannot delay the trial preparation in the *Syngenta Action* by impeding depositions.

D.  **The Terms of the Proposed Order Are Appropriate**

Given the substantial overlaps between the actions, all discovery should be usable in both actions. Monsanto does not provide an inkling how the Court should limit this cross-fertilization. (Answering Brief at 7). Nor, as seen above, will the joint noticing of the depositions breed delay in the *Syngenta Action*.

The Proposed Order does not require that each deposition last two days. (Answering Brief at 8). It only makes allowance for a second day if all parties cannot finish in one day. (Proposed Order ¶ 4). Further, the *American Seed Action* Scheduling Order can set the limits on American Seed's and Monsanto's deposition hours in light of the substantial overlap of its inquiry with that of Syngenta. This is a benefit of coordination, not a drawback.

## CONCLUSION

For the foregoing reasons, Plaintiff believes judicial and party resources would be conserved by the entry of the Proposed Order coordinating the two actions for pretrial discovery.

SMITH, KATZENSTEIN & FURLOW LLP

Of Counsel:

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL P.L.L.C.
Steven V. Benz
Michael S. Zuckman
1615 M St., N.W. Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

BERRY & LEFTWICH
R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
1717 Pennsylvania Ave. NW
Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038

Joelle E. Polesky (I.D. No. 3694)
800 Delaware Avenue
Wilmington, DE 19899 (Courier 19801)
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
Attorneys for Plaintiff, American Seed Co. Inc.

Dated: September 15, 2005

10006625.WPD

6

## CERTIFICATE OF SERVICE

I CERTIFY that on this 15th of September copies of the foregoing **Plaintiff's Reply Brief in Support of Motion for Coordination of Pretrial Discovery with** *Syngenta Seeds, Inc. v. Monsanto Company*, **C.A. No. 04-908-SLR (Member Case)** were caused to be served on the following in the manner indicated:

**VIA E-FILING**

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801

John W. Shaw
Young Conaway Stargatt & Taylor LLP
1000 West Street, 17th Floor
Wilmington, DE 19899

**VIA OVERNIGHT MAIL**

Peter E. Moll
Howrey Simon Arnold & White LLP
1299 Pennsylvania Ave. N.W.
Washington, D.C. 20004

Richard Schwed
Shearman & Sterling LLP
599 Lexington Avenue
New York, New York 10022-6069

Joelle E. Polesky (I.D. No. 3694)

10006625.WPD