IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. | ) | |
| | ) | |
|     Plaintiff, On Behalf of Itself | ) | |
|     and Others Similarly | ) | |
|     Situated, | ) | |
| | ) | |
|           v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Monsanto Controlled Subsidiaries: | ) | C. A. NO. 05-535 SLR |
| | ) | |
| AMERICAN SEEDS INC., | ) | |
| CORN STATES HYBRID, | ) | |
|    SERVICE INC. | ) | |
| ASGROW SEED CO., INC., | ) | |
| HOLDEN FOUNDATION SEEDS, INC., | ) | |
| DEKALB SEEDS, | ) | |
| CALGENE, L.L.C., | ) | |
| CHANNEL BIO CO., | ) | |
| NC+ HYBRIDS, | ) | |
| SEMINIS INC., | ) | |
| | ) | |
|     Defendants. | ) | |

**REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE
ON BEHALF OF PROPOSED CLASSES PROCEEDING
<u>UNDER IOWA AND MINNESOTA LAW</u>**

                                         SMITH, KATZENSTEIN & FURLOW LLP
                                         Joelle E. Polesky (ID. No. 3694)
                                         800 Delaware Avenue
                                         Wilmington, DE 19899 (Courier 19801)
                                         Telephone: (302) 652-8400
                                         Facsimile: (302) 652-8405

                                         *Attorneys for Proposed Intervenors*

Date: September 15, 2005

## TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | ii |
| INTRODUCTION | 1 |
| ARGUMENT | 3 |
| CONCLUSION | 6 |

# TABLE OF AUTHORITIES

**CASES**

*Contawe v. Crescent Heights of Am., Inc.*,
    No. Civ. A. 04-2304, 2005 WL 1400383 (E.D. Pa. June 14, 2005)...................3

*German v. Federal Home Loan Mortgage Corp.*,
    896 F. Supp. 1385 (S.D.N.Y. 1995)..................................................................1

*Max 100 L.C. v. Iowa Realty Co.*,
    621 N.W.2d 178 (Iowa 2001) ............................................................................1

*Minnesota Twins P'ship v. State ex rel Hatch*,
    592 N.W.2d 847 (Minn. 1999)...........................................................................1

*Rivers v. Califano*,
    86 F.R.D. 41 (S.D.N.Y. 1980) ...........................................................................2

**STATUTES AND OTHER AUTHORITIES**

15 U.S.C. § 1, *et seq.*............................................................................................1

Iowa Code Ann. § 553.2 .......................................................................................1

Iowa Code Ann. § 553.5 .......................................................................................3

Fed. R. Civ. P. 24(b) ....................................................................................2, 3, 4

Minnesota Stat. § 352D.52....................................................................................3

**OTHER RESOURCES**

7C Charles A. Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1904
    (2d ed. 1986) .....................................................................................................4

## INTRODUCTION

Darrell Souhrada and Kent Duxbury ("Proposed Intervenors"), on behalf of prospective classes of Iowa and Minnesota farmers that purchase corn seed with Monsanto Company biotechnological corn traits, have sought to intervene in this action in order to pursue state law monopolization claims that significantly overlap with federal antitrust claims asserted by American Seed Company, Inc. ("American Seed") (Motion to Intervene, D.I. 13). The state law monopolization claims asserted by Proposed Intervenors are based upon the exact same anticompetitive conduct by Monsanto Company and its controlled seed companies (collectively, "Monsanto") as American Seed's claims under the Sherman Act. The substantive standards that govern the Minnesota and Iowa antitrust claims track federal law.[1] Moreover, the proof of Monsanto's unlawful, exclusionary activities will be substantively identical in these actions, and will involve the same defendants, the same witnesses, and the same documents. Under these circumstances, the interests of efficiency and economy – on the part of the federal courts and of the parties – would be best served by permitting these direct and indirect purchaser claims to proceed together before this Court in a single lawsuit. *See German v. Federal Home Loan Mortgage Corp.*, 896 F. Supp. 1385, 1391-92 (S.D.N.Y. 1995) (granting intervention where intervenors' claims were virtually

---

[1] *See* Iowa Code Ann. § 553.2 (Iowa competition law "shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose . . . [and] shall be made to achieve uniform application of the state and federal laws prohibiting . . . monopolistic practices."); *Max 100 L.C. v. Iowa Realty Co.*, 621 N.W.2d 178, 181-82 (Iowa 2001) ("Iowa Competition Law is patterned after the federal Sherman Act" and "our legislature intended the Iowa Competition Law to be construed uniformly with the Sherman Act."); *Minnesota Twins P'ship v. State ex rel. Hatch*, 592 N.W.2d 847, 851 (Minn. 1999) ("Minnesota's antitrust laws are generally interpreted consistently with federal courts' construction of federal antitrust laws.").

identical to main action, intervenors were represented by same counsel as plaintiffs, and motion filed early in litigation); *Rivers v. Califano*, 86 F.R.D. 41 (S.D.N.Y. 1980) (same). The motion for permissive intervention under Federal Rule of Civil Procedure 24(b)(2) should be granted.[2]

---

[2] Because of the economies of scale that would be gained by litigating the cases together, plaintiff American Seed supports the Motion To Intervene.

## ARGUMENT

Monsanto concedes that the indirect purchaser claims asserted by the Proposed Intervenors overlap, both factually and legally, with American Seed's direct purchaser action. *See* Answering Brief in Opposition (D.I. 28 ("Opp.") at 2 ("No doubt, proposed plaintiffs' indirect purchaser claims under Iowa Competition Law (Iowa Code Ann. § 553.5) and Minnesota's Antitrust Law (Minnesota Stat. § 352D.52) contain some similar factual and legal questions with American Seed's direct purchaser claims."). Nevertheless, Monsanto contends that intervention should be denied because the damages evidence in the direct and indirect purchaser claims will differ.[3] As a factual and legal matter, Monsanto is mistaken. The damages evidence will substantially overlap, as proof of Monsanto's supra-competitive charges are common to the state and federal law claims.

But even if the Court were to accept Monsanto's dubious premise, and it should not, it does not logically follow that intervention would be inappropriate. By any measure, the economies that would be gained by litigating the direct and indirect purchaser claims together far outweigh the minimal costs (if any) of additional damages testimony. *See Contawe v. Crescent Heights of Am., Inc.*, No. Civ. A. 04-2304, 2005 WL 1400383, at *2 (E.D. Pa. June 14, 2005) ("[i]n exercising its discretion, a district court . .

---

[3] Monsanto additionally claims that its subsequently filed motion to transfer (D.I. 25) the case to Missouri renders this motion premature. *See* Opp. at 1. Monsanto's transfer motion should be denied for the reasons set forth in American Seed's opposition to the motion to transfer, filed contemporaneously with this reply brief, but that motion does not and cannot affect this Court's authority to rule on the Proposed Intervenors' motion. Jurisdiction over American Seed's action currently resides in this Court alone. Monsanto has failed to articulate a single reason why this Court cannot weigh the interests of efficiency and economy raised by this motion and determine, in exercising its discretion, "whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b).

10006628.DOC

3

. must balance any [] delay or prejudice against the benefits to be derived from intervention") (attached as Ex. A); 7C Charles A. Wright *et al.*, FEDERAL PRACTICE AND PROCEDURE § 1904 (2d ed. 1986) (in deciding whether intervention is appropriate, court should take into account the public's "interest in efficient disposition of court business").

While Monsanto would evidently prefer to force the plaintiffs' classes to incur the costs of multiple trials on the same facts, that preference is not a legally cognizable interest. Rather, under the plain language of Rule 24(b), the only relevant inquiry is whether: (i) the Proposed Intevenors have presented a claim that has "a question of law or fact in common" with "the main action"; and (ii) "the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Fed. R. Civ. P. 24(b). Because Monsanto concedes both that American Seed's action is at its inception – Proposed Intervenors filed their motion just three days after American Seed's Complaint was filed – and that the Proposed Intervenors and American Seed have raised nearly identical claims – which will involve the same evidence of anti-competitive conduct, the same markets, similarly defined classes, and common proof of damages – the only remaining consideration is whether the proposed intervention would prejudice the rights of the original parties. It will not.

Monsanto conclusorily asserts that it would be unfairly prejudiced if intervention were granted, but it has failed to articulate a factual basis for that contention. Indeed, the only "prejudice" that Monsanto even identifies – potential "jury confusion" – is purely speculative. Opp. at 2. Trial in these actions is likely years away, providing ample time to address any concerns Monsanto may have. If, as Proposed Intervenors anticipate, the

damages evidence in the direct and indirect purchaser actions are largely identical, the issue will never materialize.

But even if there were some difference in the damages evidence, that does not provide any reason for denying intervention. Direct and indirect purchaser antitrust actions are frequently prosecuted together.[4] That fact alone demonstrates that the federal courts believe the potential prejudice from a common trial to be negligible, and significantly outweighed by the savings of party and judicial resources. Monsanto has not identified a single case in which a court has denied the intervention of indirect purchasers into a direct purchaser action (or vice versa), nor has our research uncovered any such decision. Balancing the concrete and definite benefits of a joint action against the purely hypothetical prejudice, several years in the future and that can be addressed through appropriate jury instructions, the interests of parties and of the federal courts all weigh in favor of granting intervention.

---

[4] To cite but a few examples, the Cipro, Relafen, Terazosin Hydrochloride, K-Dur, and Vitamins antitrust litigations each involved both federal and state law direct and indirect purchaser claims.

## CONCLUSION

For the foregoing reasons, and the reasons stated in Proposed Intervenors' Opening Brief in Support of Motion for Leave To Intervene on Behalf of Proposed Classes Proceeding under Iowa and Minnesota Law (D.I. 14), the Court should grant Proposed Intervenors' motion and permit them to intervene.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Joelle E. Polesky (ID. No. 3694)
800 Delaware Avenue
Wilmington, DE. 19899 (Courier 19801)
Telephone: (302) 652-8400
Facsimile: (302) 652-8405
*Attorneys for Proposed Intervenors*

OF COUNSEL:

BIRD, JACOBSEN & STEVENS
Charles A. Bird
Jeremy R. Stevens
300 Third Ave., S.E.
Rochester, MN 55904
Telephone: (507) 282-1503
Facsimile: (507) 282-7736

BERRY & LEFTWICH
R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
1717 Pennsylvania Ave., N.W., Suite 450
Washington, D.C. 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038

KELLOGG, HUBER, HANSEN,
  TODD, EVANS & FIGEL P.L.L.C.
Steven V. Benz
Michael S. Zuckman
1615 M St., N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

Dated: September 15, 2005

## CERTIFICATE OF SERVICE

I CERTIFY that on this **15th** of **September** copies of the foregoing **Reply Brief in Support of Motion For Leave To Intervene On Behalf of Proposed Classes Proceeding Under Iowa and Minnesota Law** were caused to be served on the following in the manner indicated:

**VIA E-FILING**

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza 6th Floor
1313 N. Market Street
Wilmington, DE 19801

**VIA OVERNIGHT MAIL**

Peter E. Moll
Howrey Simon Arnold & White LLP
1299 Pennsylvania Ave. N.W.
Washington, D.C. 20004

_____
Joelle E. Polesky (I.D. No. 3694)