# Exhibit A

Slip Copy                                                                                                                                    Page 1
Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883
**(Cite as: 2005 WL 1400383 (E.D.Pa.))**

H

**Motions, Pleadings and Filings**

United States District Court,
E.D. Pennsylvania.
Lisa Mason CONTAWE and Gino Contawe, h/w, Melanie Rosh, and Margaret Molloy,
for themselves and all other similarly situated, Plaintiffs,
v.
CRESCENT HEIGHTS OF AMERICA, INC., et al, Defendants.
**No. Civ.A.04-2304.**

June 14, 2005.

Daniel B. Markind, Johanna E. Markind, Law Offices of Daniel B. Markind, Philadelphia, PA, for Plaintiffs.

Catharine E. Gillespie, J. Gordon Cooney, Thomas J. Sullivan, Morgan, Lewis & Bockius LLP, Kevin M. Toth, Henry F. Reichner, Reed Smith LLP, Tanya A. Petroff, Drinker Biddle & Reath LLP, John J. Hatzell, Jr., Law Offices of John R. McHaffie, William D. Longo, Margolis Edelstein, Philadelphia, PA, Michael J. Sullivan, Neil M. Day, Coughlin Duffy, LLP, Morristown, NJ, Richard A. Stoloff, Linwood, NJ, for Defendants.

*MEMORANDUM AND ORDER*
JOYNER, J.

*1 Via the motions now pending before this Court, Plaintiffs move for joinder, or, in the alternative, intervention of additional plaintiffs pursuant to Federal Rules of Civil Procedure 20(a) and 24(b). For the reasons outlined below, the motions shall be DENIED.

*Procedural History*
Plaintiffs, four purchasers of condominium units in CityView Condominiums, located at 2001 Hamilton Street in Philadelphia, filed this action against developer Crescent Heights of America, Inc. and several corporations and individuals involved in the conversion and sale of the CityView units. Plaintiffs allege that Defendants made a variety of misrepresentations in connection with the sale of these units, including false statements regarding the condition of the units, the building's zoning status, and the existence of deeded parking spaces. Among other allegations, Plaintiffs claim that Defendants failed to disclose plumbing and structural defects in the CityView units, were negligent in hiring contractors to refurbish and repair the units, and failed to honor warranty obligations. Plaintiffs' Second Amended Complaint sets forth eleven causes of action, including violations of RICO and RESPA, as well as common law claims of fraud, negligent misrepresentation, negligence, negligence *per se,* breach of contract, breach of implied warranty of habitability, breach of fiduciary duty, and unjust enrichment. In December of 2004, this Court denied Plaintiffs' motion to certify a class of "[a]ll persons who have purchased condominium units in CityView Condominium, 2001 Hamilton Street, Philadelphia," finding that questions of law and fact common to all proposed class members did not predominate over each individual member's particularized interests. *Contawe v. Crescent Heights of Am., Inc.,* No. 04- 2304, 2004 U.S. Dist. LEXIS 25746 at 16-18 (E.D.Pa.2004). This Court further denied Plaintiffs' motions in the alternative for intervention or for certification of six proposed subclasses, finding that Plaintiffs had failed to satisfy the procedural and substantive requirements of Rules 23 and 24(c). *Contawe,* 2004 U.S. Dist. LEXIS 25746 at 19, 24-25.

Plaintiffs subsequently moved for "reconsideration," proposing a new subclass which was not among the six subclasses set forth in their original Motion for Class Certification. The Motion for Reconsideration was denied as an improper attempt to present new arguments which should have been made upon Plaintiffs' initial request for class certification. *Contawe v. Crescent Heights of Am., Inc.,* No. 04-2304 (Order, Feb. 1, 2005).

On March 22, 2005, Plaintiffs moved for permissive joinder, or, in the alternative, intervention of seventeen CityView condominium purchasers who had been proposed as intervening plaintiffs in Plaintiffs' original Motion for Class Certification. On May 11, 2005, Plaintiffs moved for joinder or intervention of three additional CityView purchasers. Defendants Crescent Heights of America, Inc., Crescent Heights Acquisitions, Inc., 2001 Hamilton St. L.P., CH Hamilton Street GP, LLC, Peiru Wen, Erez Bashari, Charles Bender, and Stephen Krupnick (the "2001 Hamilton

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                  Page 2
Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883
**(Cite as: 2005 WL 1400383 (E.D.Pa.))**

Defendants") and Defendant American Home Shield Corporation ("AHS") oppose joinder or intervention of any additional plaintiffs.

*Standards for Permissive Joinder and Intervention*

**\*2** Plaintiffs may be joined together in a single action pursuant to Rule 20(a) if they can assert a joint right to relief arising out of the same transaction or occurrence, and if there is any question of law or fact common to all plaintiffs. Fed.R.Civ.P. 20(a). Courts generally apply a liberal approach to permissive joinder where necessary to promote trial convenience and expedite the settlement of disputes. *See, e.g., Miller v. Hygrade Food Prods. Corp.,* 202 F.R.D. 142, 144 (E.D.Pa.2001); *Gay v. City of Philadelphia,* No. 03-5358, 2005 U.S. Dist. LEXIS 7060 at 7 (E.D.Pa.2005). However, the grant or denial of permissive joinder is within the court's sound discretion, and a Rule 20(a) motion will be denied where joinder would result in prejudice, expense, or undue delay. *See Gay,* 2005 U.S. Dist. LEXIS 7060 at 7; *Allied Chemical Corp. v. Strouse, Inc.,* 53 F.R.D. 588, 589 (E.D.Pa.1971).

Rule 24(b) allows for permissive intervention by individuals raising claims or defenses with questions of law or fact common to the main action. Fed.R.Civ.P. 24(b). The grant or denial of permissive intervention is a "highly discretionary decision." *Brody v. Spang,* 957 F.2d 1108, 1115, 1124 (3rd Cir.1992). In exercising its discretion, a district court must consider whether intervention would unduly delay or prejudice the adjudication of the rights of the original parties, and must balance any such delay or prejudice against the benefits to be derived from intervention. Fed.R.Civ.P. 24(b); *see also Jones v. United Gas Improv. Corp.,* 69 F.R.D. 398, 401 (E.D.Pa.1975).

*Discussion*

This Court finds that joinder or intervention of the twenty additional CityView purchasers is inappropriate, because their inclusion would unduly delay adjudication of the rights of the existing parties. As Plaintiffs have not succeeded in persuading this Court that inclusion of additional plaintiffs would further the twin aims of trial convenience and expeditious dispute resolution, we will exercise our discretion to deny the motions presently before us.

I. Implications of the CityView Arbitration Clause

The 2001 Hamilton Defendants' primary objection to inclusion of additional plaintiffs in this action is that each of the twenty intervening parties expressly agreed to resolve their claims through arbitration. The CityView Purchase Agreement, which was signed by each intervening purchaser, included the following mandatory binding arbitration provision:

*Mandatory Binding Arbitration:* Purchaser and Seller agree that all disputes between the parties that arise or remain unresolved after closing shall be resolved by binding arbitration in accordance with 42 Pa.C.S.A. § 7301 *et seq.,* and the Commercial Rules of the American Arbitration Association, as in effect on the date of the recordation of the Declaration ...

Purchase Agreements ¶ 13.

Where a district court finds that a valid arbitration agreement exists between the parties, it must compel arbitration if the dispute before it falls within the scope of the agreement. *McAlister v. Sentry Ins. Co.,* 958 F.2d 550, 553 (3rd Cir.1992); *See also* 9 U.S.C. § 3. Both Pennsylvania and federal law strongly favor the resolution of disputes through arbitration, and require that any doubts concerning the scope of arbitrable issues be resolved in favor of arbitration. *See Smith v. Cumberland Group, Ltd.,* 455 Pa.Super. 276, 687 A.2d 1167, 1171 (Pa.Super.1997); *AT & T Techs., Inc. v. Communications Workers of Am.,* 475 U.S. 643, 650, 106 S.Ct. 1415, 89 L.Ed.2d 648 (1986).

**\*3** If the intervening purchasers were allowed to proceed as plaintiffs in this action, this Court would be required by both the Federal Arbitration Act and Pennsylvania law to compel arbitration of their claims against the 2001 Hamilton Defendants. There can be no doubt that the intervening parties' claims against the 2001 Hamilton Defendants fall within the broad scope of the arbitration agreement. *See AT & T,* 475 U.S. at 650 (discussing the presumption of arbitrability granted to broad arbitration agreements). And while Plaintiffs contend that the arbitration agreement is invalid, unconscionable, and unenforceable, this Court finds Plaintiffs' position with respect to this issue to be without merit. [FN1]

Slip Copy                                                                                                                                    Page 3
Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883
**(Cite as: 2005 WL 1400383 (E.D.Pa.))**

FN1. Plaintiffs contend for the first time in their Reply to Defendants' Response to the Motions for Joinder or Intervention that the arbitration provision at ¶ 13 of the CityView Purchase Agreement is unenforceable on the grounds of unconscionability. Plaintiffs first maintain that Defendants' "excessive bargaining power" renders the arbitration provision unenforceable. However, a contract is not unenforceable merely because the parties are unequal in bargaining power; the disfavored party must also establish substantive unconscionability in the terms of the contract. Alexander v. Anthony Intern., L.P., 341 F.3d 256, 265 (3rd Cir.2003). A substantively unconscionable contractual term is a term that unreasonably or grossly favors one party, and to which the disfavored party does not assent. Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3rd Cir.1999).

While Plaintiffs raise three substantive challenges to the arbitration clause, this Court cannot find that the agreement is rendered unenforceable by inclusion of these terms.

Plaintiffs first contend that the CityView arbitration clause is unconscionable because it grants the arbitrator authority to award costs and attorneys' fees at his discretion. Plaintiffs maintain that this provision conflicts with RICO and RESPA, which permit courts to grant costs and fees only to prevailing parties. *See* 18 U.S.C. § 1964(c), 12 U.S.C § 2607(d)(5). The CityView arbitration clause, however, does not preclude arbitrators from awarding fees in accordance with RICO and RESPA, and there is no reason for this Court to presume that arbitrators would ignore these statutory requirements. *See* Phillips v. Assocs. Home Equity Servs., 179 F.Supp.2d 840, 844-45 (N.D.Ill.2001) (citing Johnson v. West Suburban Bank, 225 F.3d 366 (3rd Cir.2000)).

Plaintiffs next contend that the arbitration clause impermissibly limits their claims against the 2001 Hamilton Defendants. The arbitration clause requires that purchasers who receive a warranty from the seller in connection with a CityView purchase first exhaust the warranty procedures before pursuing arbitration of related claims. Plaintiffs, however, have cited no authority to suggest that an arbitration clause is rendered unenforceable by a provision requiring exhaustion of procedural requirements prior to arbitration of certain claims. There is no evidence before this Court to suggest that an exhaustion requirement of this nature prevents prospective litigants from effectively vindicating their statutory rights through arbitration. *See* Johnson v. West Suburban Bank, 225 F.3d 366, 373 (3rd Cir.2000).

Finally, Plaintiffs contend that the arbitration agreement should be invalidated because the "high cost of arbitration proceedings effectively bars litigants from filing suit." Plaintiff's Reply, p. 3. While the Supreme Court has held that high arbitration costs could preclude a litigant from effectively vindicating his statutory rights, the burden is on the party seeking invalidation of an arbitration provision to demonstrate beyond mere speculation that the expense of arbitration would in fact be prohibitive. *See* Green Tree Fin. Corp.--Alabama v. Randolph, 531 U.S. 79, 90-91, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000); Spinetti v. Serv. Corp. Int'l, 324 F.3d 212, 217 (3rd Cir.2003). By way of example, the Third Circuit in *Spinetti* upheld the invalidation of an arbitration provision as applied to a Plaintiff who was earning less than $300 per week and whose monthly expenses totaled $2,000. Spinetti, 324 F.3d at 217. The Third Circuit upheld the district court's finding that the cost of arbitration, estimated to be at least $5,400 for a single day and $1,150 per day thereafter, was prohibitively expensive as applied to the plaintiff. *Id.* In contrast, Plaintiffs in this action have offered no evidence of their income, or of their ability to pay the estimated arbitration costs of at least $1,400 for "a small claim." This Court finds that Plaintiffs, purchasers of luxury condominium units ranging in price from $140,000 to $457,000, have failed to demonstrate that the costs of arbitration are so prohibitive as to render the CityView arbitration clause unenforceable.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                           Page 4
Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883
**(Cite as: 2005 WL 1400383 (E.D.Pa.))**

The Federal Arbitration Act further requires that the "trial of the action" be stayed if an issue or claim is referred to arbitration, even where the ultimate action encompasses both arbitrable and non-arbitrable claims. *See* 9 U.S.C. § 3; *DePace v. Jefferson Health Sys.,* 2004 U.S. Dist. LEXIS 24905 (E. D.Pa.2004). Thus, upon compelling arbitration of the intervening Plaintiffs' claims, this Court would then be bound to stay the instant action in its entirety. Not only would the existing Plaintiffs be unable to pursue their own claims until the completion of arbitration, but those Defendants who are not affiliated with the 2001 Hamilton Defendants would suffer significant delays in resolving the claims against them. The existing parties are entitled to a just and speedy determination of their claims, and intervention by twenty additional Plaintiffs whose very presence would require a stay of the proceedings in no way furthers this goal.

II. Additional Factors Weighing Against Joinder or Intervention

Although the above discussion regarding arbitration is dispositive, additional factors further suggest to this Court that joinder or intervention of the proposed plaintiffs would be inappropriate.

In our Order denying class certification, this Court found that while some common questions of law or fact bound the proposed class members, the class as a whole was not sufficiently cohesive to warrant adjudication by representation. *Contawe,* 2004 U.S. Dist. LEXIS 25746 at 16-18. Similarly, the resolution of the intervening parties' claims would require an individualized and highly fact-sensitive inquiry into each proposed plaintiff's particular circumstances. While this Court recognizes that there is no "predominance" requirement for joinder or intervention as there is for class certification under Rule 23(b)(3), the relative weight of common versus individualized issues is relevant to this Court's evaluation of whether inclusion of additional purchasers is appropriate. Where, as here, a group of proposed plaintiffs is more divided by the individual members' personal interests than bound together by a mutual interest in the settlement of common questions, this Court finds that joinder or intervention would not further the goals of trial convenience and expeditious dispute resolution.

**\*4** Plaintiffs correctly point out that no substantial discovery has yet taken place in this action, and that the discovery deadline is not until November 7, 2005. Indeed, this Court has routinely denied motions for intervention or joinder where substantial discovery has already taken place or the action is almost trial-ready. *See, e.g., In re Safeguard Scientifics,* 220 F.R.D. 43, 49 (E.D.Pa.2004); *Davis v. Meese,* 1987 U.S. Dist. LEXIS 8944, 6- 7 (E.D.Pa.1987); *Jones v. United Gas Improv. Corp.,* 69 F.R.D. 398, 402- 403 (E.D.Pa.1975). Were this Court to permit joinder or intervention of twenty additional plaintiffs, however, the scope of discovery in this action would be substantially expanded. It is likely that the discovery deadline would need to be extended to accommodate at least twenty additional depositions and a six-fold expansion of other discovery materials. It is well within this Court's discretion to exclude these additional parties where their inclusion would result in additional delay and expense in adjudicating an already complex dispute.

Finally, the proposed plaintiffs will not be prejudiced by this Court's denial of joinder or intervention because they are free to bring suit independently if their grievances against Defendants so warrant. Where intervening parties have an adequate alternative remedy available to them, any negative effect of a court's decision to exclude them is mitigated. *See* Moore's Federal Practice § 24.10 2d; *Korioth v. Brisco,* 523 F.2d 1271, 1279 n. 25 (5th Cir.1975); *Head v. Jellico Housing Authority,* 870 F.2d 1117, 1124 (6th Cir.1989).

On balance, this Court finds that the potential benefits of intervention and joinder are far outweighed by the delay and prejudice that would accrue if the proposed plaintiffs were permitted to join this action. Thus, in the interests of trial convenience and judicial economy, this Court will exercise its discretion pursuant to Rules 20(a) and 24(b) to deny Plaintiffs' motions. An appropriate Order follows.

*ORDER*

AND NOW, this 14th day of June, 2005, upon consideration of the Plaintiffs' Motions for Joinder or Intervention of Additional Plaintiffs (Doc. No. 104, 107) and all responses thereto (Docs. No. 105, 106, 108, 110, 111), it is hereby

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                      Page 5
Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883
**(Cite as: 2005 WL 1400383 (E.D.Pa.))**

ORDERED that the Motions are DENIED.

Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883

**Motions, Pleadings and Filings (Back to top)**

• 2004 WL 2878791 (Trial Pleading) Answer to Crossclaim of Defendant Steven H. Pelowitz on Behalf of American Home Shield Corporation (Nov. 02, 2004)

• 2004 WL 2878772 (Trial Motion, Memorandum and Affidavit) Order (Nov. 01, 2004)

• 2004 WL 2878777 (Trial Motion, Memorandum and Affidavit) The 2001 Hamilton Defendants' Memorandum of Law in Opposition to Plaintiffs' Motion for Class Certification and to Add Additional Class Representatives or, in the Alternative, Motion to Allow Intervention of Additional Plaintiffs (Nov. 01, 2004)

• 2004 WL 2878782 (Trial Pleading) Second Amended Complaint (Nov. 01, 2004)

• 2004 WL 2878768 (Trial Motion, Memorandum and Affidavit) Reply Brief in Support of the Motion of the 2001 Hamilton Defendants to Enjoin Plaintiffs' Counsel From Communicating with Putative Class Members (Oct. 29, 2004)

• 2004 WL 2878762 (Trial Pleading) Answer to Crossclaim of Defendant Complete Flooring, Inc. on Behalf of American Home Shield Corporation (Oct. 25, 2004)

• 2004 WL 2878736 (Trial Motion, Memorandum and Affidavit) Order (Oct. 15, 2004)

• 2004 WL 2878724 (Trial Pleading) Answer of Defendants Crescent Heights of America, Inc., Crescent Heights Acquisitions, Inc., 2001 Hamilton St. L.P., CH Hamilton Street GP LLC, Peiru Wen, Erez Bashari, Charles Bender and Stephen Krupnick to the Cross-claim of Complete Flooring, Inc. (Oct. 06, 2004)

• 2004 WL 2878729 (Trial Pleading) Answer of Defendants Crescent Heights of America, Inc., Crescent Heights Acquisitions, Inc., 2001 Hamilton St. L.P., CH Hamilton Street GP LLC, Peiru Wen, Erez Bashari, Charles Bender and Stephen Krupnick to the Cross-Claim of American Home Shield Co rp. (Oct. 06, 2004)

• 2004 WL 2878714 (Trial Pleading) Defendants Wells Fargo Home Mortgage and Kevin Kim's Answer to Crossclaim of Defendant Complete Flooring, Inc. (Sep. 21, 2004)

• 2004 WL 2878717 (Trial Pleading) Defendants Wells Fargo Home Mortgage and Kevin Kim's Answer to Crossclaim of Defendant American Home Shield Corporation (Sep. 21, 2004)

• 2004 WL 2878696 (Trial Pleading) Answer of Defendants Crescent Heights of America, Inc., Crescent Heights Acquisitions, Inc., 2001 Hamilton St. L.P., CH Hamilton Street GP LLC, Peiru Wen, Erez Bashari, Charles Bender and Stephen Krupnick to the Cross-Claim of Stephen H. Pelowitz (Sep. 14, 2004)

• 2004 WL 2878692 (Trial Motion, Memorandum and Affidavit) Order (Sep. 07, 2004)

• 2004 WL 2878685 (Trial Pleading) Answer, Affirmative Defenses and Cross-Claims of Defendants Crescent Heights of America, Inc., Crescent Heights Acquisitions, Inc., 2001 Hamilton St. L.P., CH Hamilton Street GP LLC, Peiru Wen, Erez Bashari, Charles Bender and Stephen Krupnick (Sep. 03, 2004)

• 2004 WL 2878678 (Trial Pleading) Answer and Affirmative Defenses of Defendants Wells Fargo Home Mortgage and Kevin Kim to Plaintiffs' Amended Complaint (Sep. 02, 2004)

• 2004 WL 2878673 (Trial Pleading) Defendants Wells Fargo Home Mortgage and Kevin Kim's Answer to Crossclaim of Defendant Steven H. Pelowitz (Sep. 01, 2004)

• 2004 WL 2878708 (Trial Pleading) Answer to Amended Complaint, Separate and Affirmative Defenses, and Jury Demand on Behalf of American Home Shield Corporation (Sep. 2004)

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                          Page 6
Slip Copy, 2005 WL 1400383 (E.D.Pa.), RICO Bus.Disp.Guide 10,883
**(Cite as: 2005 WL 1400383 (E.D.Pa.))**

• 2004 WL 2878660 (Trial Motion, Memorandum and Affidavit) Order (Jul. 14, 2004)

• 2004 WL 2878655 (Trial Motion, Memorandum and Affidavit) Order (Jul. 12, 2004)

• 2004 WL 2878649 (Trial Pleading) Answer and Affirmative Defenses of Defendants Wells Fargo Home Mortgage, Inc. and Kevin Kim (Jun. 25, 2004)

• 2004 WL 2878631 (Trial Pleading) Answer and Affirmative Defenses of Defendants Crescent Heights of America, Inc., Crescent Height Acquisitions, Inc., 2001 Hamilton St. L.P., CH Hamilton Street GP LLC, Peiru Wen, Charles Bender and Stephen Krupnick (Jun. 24, 2004)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.