# EXHIBIT D

**EXHIBIT D**

Westlaw.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2003 WL 21982145 (N.D.Ill.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Not Reported in F.Supp.2d, 2003 WL 21982145 (N.D.Ill.)
Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois, Eastern Division.
In re HA-LO INDUSTRIES, INC, et al., Debtors and Debtors-in-Possession,
HA-LO INDUSTRIES, INC., Plaintiff,
v.
CREDIT SUISSE FIRST BOSTON CORP., Defendant.
No. 02 B 12059, 03 C 2441.

Aug. 19, 2003.

MEMORANDUM OPINION AND ORDER

GETTLEMAN, J.
*1 Defendant Credit Suisse First Boston Corp. has appealed from an interlocutory order of the bankruptcy court, denying defendant's motion to dismiss for improper venue or, in the alternative for transfer to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). FN1 For the reasons set forth below, the decision of the bankruptcy court is affirmed.

> FN1. This court granted defendant's motion for leave to appeal the interlocutory order pursuant to 28 U.S.C. § 158(a)(3).

BACKGROUND

In 1999 plaintiff HA-LO Industries, Inc., a Delaware corporation with its principal place of business in Sterling, Illinois, entered into a contract with defendant, an investment bank headquartered in New York, to advise plaintiff regarding plaintiff's potential purchase of Starbelly.com, Inc. Plaintiff's engagement letter with defendant contains a forum selection clause under which the parties consented "to the exclusive jurisdiction of the Supreme Court of the State of New York sitting in New York County or the United States District Court for the Southern District of New York and the respective appellate courts thereof."

On July 30, 2001, plaintiff and two of its subsidiaries filed for Chapter 11 relief under the Bankruptcy Code. In November 2002, plaintiff, despite the forum selection clause, filed the instant action against defendant in the Northern District of Illinois, asserting gross negligence and negligent misrepresentation, breach of contract and breach of fiduciary duty. On plaintiff's motion, the case was referred to the bankruptcy court where plaintiff's Chapter 11 proceeding was pending, and it was then converted into an adversary proceeding.

DISCUSSION

In this appeal, defendant first asserts that the bankruptcy court applied an incorrect legal standard in deciding the motion to dismiss. This court's standard of review on that issue is de novo. *Maritime Asbestos Claimants v. Allison,* 214 B.R. 179, 181 (N.D.Ill.1997). Defendant argues that the Supreme Court's opinion in *M/S Bremen v. Zapata Off-Shore Company,* 407 U.S. 1 (1972), and its progeny, particularly the Seventh Circuit's decision in *Heller Financial Inc. v. Midwhey Powder Co., Inc.,* 883 F.2d 1286 (7th Cir.1989), requires that its motion to dismiss for improper venue be granted. Defendant is wrong.

Contrary to defendant's argument, the *Bremen* standard does not govern motions to dismiss based on forum selection clauses. Rather, the standard set forth in *Bremen* is used, as the bankruptcy court correctly noted, to determine whether a forum selection clause in a contract is valid and enforceable. *Bremen,* 407 U.S. at 10. Such a clause is enforceable unless: "(1) [its] incorporation into the contract was the result of fraud, undue influence, or overweening bargaining

power; (2) the selected forum is so gravely difficult and inconvenient that the [complaining party] will for all practical purposes be deprived of its day in court; or (3)[its] enforcement ... would contravene a strong public policy of the forum in which the suit is brought, declared by statute or judicial decision." *AAR Int'l., Inc. v. Nimelias Enterprises, S.A.,* 250 F.3d 510, 525 (7th Cir.2001). Because plaintiff does not argue that any of the *Bremen* exceptions apply, there is no question that the forum selection clause in the engagement letter is both valid and enforceable.

*2 The fact that the clause in question is valid and enforceable does not mean, however, that defendant's motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(3) for improper venue must be granted. To the contrary, the bankruptcy court remains a "proper venue." *Bremen,* was simply the first time the Court had enforced a forum selection clause, rejecting ancient notions that such clauses were improper attempts to divest a court of jurisdiction. As Judge Posner has noted, "in the bad old days, invoking a forum selection clause as a ground for dismissal of a suit brought in violation of the clause was considered an improper effort to 'oust' the court's jurisdiction." *Northwestern National Ins. Co. v. Donovan,* 916 F .2d 372, 375 (7th Cir.1990) (citing *Bremen,* 407 U.S. at 9-12). The use of such clauses not to defeat the court's jurisdiction, but instead to defend jurisdiction was treated much more leniently (despite the result of divesting another court's jurisdiction), because of the analogy to a party's ability to waive any objections to venue and personal jurisdiction. *Id.* at 376. According to Judge Posner, "[a]ll this nonsense was swept away by *Bremen." Id.*

*Bremen,* however, was an admiralty case, and the forum selected by the parties was London, England. Once the court determined that the clause was enforceable, the only way to enforce it was by dismissal for forum non conveniens, which was the basis of the original motion to dismiss. *Bremen,* 407 U.S. at 4. Transfer to London under § 1404(a) was obviously not available. Nothing in *Bremen* indicates that venue was "improper" in the original forum. Indeed, as Judge Posner stated, the notion that the forum selection clause "ousted" jurisdiction or venue of the court was rejected. Thus, as the bankruptcy court correctly held, the existence of the valid forum selection clause in the instant case does not itself render venue improper and, because venue is otherwise proper under 28 U.S.C. § 1391 , the motion to dismiss under Fed.R.Civ.P. 12(b)(3) was correctly denied. *See Stewart Org ., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 n. 8 (1988) (motion to dismiss under 28 U.S.C. § 1406(a) based on valid forum selection clause was properly denied because venue was proper under 28 U.S.C. § 1391(c)).

That leaves defendant's alternative motion to transfer venue pursuant to § 1404(a) for the convenience of parties and witnesses, in the interest of justice. This court reviews the bankruptcy court's decision on a § 1404(a) transfer motion under an abuse of discretion standard. *Heller,* 883 F.2d at 1293. In *Stewart,* the Supreme Court held that the existence of a valid forum selection clause "which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a). *Stewart,* 487 U.S. at 31. Because § 1404(a) directs a district court to take account of factors other than those that bear solely on the parties' private ordering of affairs, "[i]t is conceivable in a particular case ... that because of those factors a district court acting under § 1404(a) would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause...." *Id.* at 30-31.

*3 What this means, according to the Seventh Circuit, is that the "signing of a valid forum selection clause is a waiver of the right to move for a change of venue [from the selected forum] on the grounds of inconvenience to the moving party." *Northwestern National,* 916 F.2d at 378 (citing *Heller,* 883 F.2d at 1293). The corollary must also be true. The signing of a valid forum selection clause is a waiver of the right to defend against a motion to transfer to the selected forum on grounds of inconvenience to the defending party. It does not mean, however, that the suit cannot be brought or heard in a forum other than the selected forum, if factors other than convenience of the parties so justifies. As the Seventh Circuit stated, "if there is inconvenience to some third party of which that third party might not even be aware, or to the judicial system itself, then either party to the suit is free to move for a change of venue." *Id.*

For purposes of the instant case, this means that under the traditional § 1404(a) analysis, the bankruptcy court was to consider the convenience of the parties factor to weigh in favor of transfer to the selected forum. That is precisely what the bankruptcy court did, finding that despite the great weight given to the choice of venue of the forum selection clause, almost all other factors weighed strongly in favor of the present venue. The court properly reviewed the standards under § 1404(a), finding that the location of non-party witnesses (plaintiff no longer has any employees) and the interest of justice (the bankruptcy court is hearing several other cases arising from the Starbelly transaction) strongly favored the instant district. Nothing presented by defendant either to the bankruptcy court or on appeal indicates that the court's analysis was an abuse of discretion. Accordingly, the decision of the bankruptcy court is affirmed.

N.D.Ill.,2003.
In re HA-LO Industries, Inc.

Not Reported in F.Supp.2d, 2003 WL 21982145 (N.D.Ill.)

Briefs and Other Related Documents (Back to top)

• 2003 WL 23801872 (Trial Motion, Memorandum and Affidavit) Credit Suisse First Boston Corp.'s Memorandum of Law in Further Support of Its Motion for Certification of Issues for Appeal (Nov. 24, 2003)
• 2003 WL 23801857 (Trial Motion, Memorandum and Affidavit) Response to CSFB's Motion for Certification of Issues for Appeal (Oct. 24, 2003)
• 2003 WL 23801848 (Trial Motion, Memorandum and Affidavit) Defendant-Appellant Credit Suisse First Boston Llc's Reply Brief (Aug. 11, 2003)
• 2003 WL 23801833 (Trial Motion, Memorandum and Affidavit) Response Brief of Plaintiff-Appellee, HA-LO Industries, Inc. (Jul. 22, 2003)
• 2003 WL 23801818 (Trial Motion, Memorandum and Affidavit) Credit Suisse First Boston LLC's Appellate Brief (Jul. 07, 2003)
• 1:03CV02441 (Docket) (Apr. 10, 2003)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.