IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. | ) | |
| | ) | |
|     Plaintiff, On Behalf of Itself | ) | |
|     and Others Similarly | ) | |
|     Situated, | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Monsanto Controlled Subsidiaries: | ) | CIVIL ACTION NO. 05-535 SLR |
| | ) | |
| AMERICAN SEEDS INC., | ) | |
| CORN STATES HYBRID, | ) | |
|   SERVICE INC. | ) | |
| ASGROW SEED CO., INC., | ) | |
| HOLDEN FOUNDATION SEEDS, INC., | ) | |
| DEKALB SEEDS, | ) | |
| CALGENE, L.L.C., | ) | |
| CHANNEL BIO CO., | ) | |
| NC+ HYBRIDS, | ) | |
| SEMINIS INC., | ) | |
| | ) | |
|     Defendants. | ) | |

## RULE 16 SCHEDULING ORDER

At Wilmington this ___ day of November 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P 16 and Local District Court Civil Rule ("Local Rule")16.2(a) and (b).

IT IS ORDERED that:

1.  <u>Pre-Discovery Disclosures</u>. The parties will exchange by November 30, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and Local Rule 16.2.

2.  <u>Discovery</u>.

    a. In part, discovery will be needed on the following subjects:

    i. Prerequisites governing class certification;

    ii. What are the relevant product and geographic markets;

    iii. Whether defendants have any market power in any relevant market;

    iv. Whether defendants have engaged in any exclusionary or anticompetitive acts;

    v. Any business justifications of defendants for such conduct;

    vi. Any monopoly price injury to members of the alleged classes;

    vii. Any actual, class-wide damages suffered by members of the alleged classes;

    viii. Any defenses offered by defendants; and

    ix. Issues relating to the organization of the parties, document retention, etc.

    b. The timing of discovery:

    **PLAINTIFF'S PROPOSAL:** Class and merits discovery will be conducted simultaneously, and all fact discovery shall be commenced in time to be completed on or before December 15, 2006.

  i. Maximum of 30 interrogatories by each side to the other side.

  ii. Maximum of 30 requests for admission by each side to the other side.

  iii. Maximum of 200 hours for fact depositions by plaintiff and maximum of 200 hours for fact depositions by defendants. Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 7 hours unless extended by the agreement of parties.

**DEFENDANTS' PROPOSAL:** All fact discovery shall be commenced in time to be completed on or before December 15, 2006.

  i. Class discovery shall commence immediately and be completed before the filing of plaintiff's class motion or defendants' response.

  ii. Merits discovery shall commence after the issue of class certification is resolved or upon further order of the court.

  iii. Discovery shall be limited as follows:

    (a) Document discovery shall be completed on or before August 31, 2006.

    (b) Maximum of 30 interrogatories by each side to the other side.

    (c) Maximum of 30 requests for admission by each side

       to the other side.

    (d) Maximum of 100 hours of merits depositions by plaintiff and 100 hours of merits depositions by defendants. Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 7 hours unless extended by the agreement of parties.

  c. Expert discovery shall be commenced in time to be completed by March 30, 2007.

    i. Expert reports on issues for which any party has the burden of proof are due by January 31, 2007. Rebuttal expert reports are due by March 14, 2007.

    ii. All <u>Daubert</u> motions shall be filed on or before April 16, 2007. Briefing on any <u>Daubert</u> motions shall proceed under the schedule set forth in paragraph 5 of this Order.

    iii. Supplementations under Fed. R. Civ. P. 26(e) are due on March 1, 2007. Nothing in this paragraph, however, shall be deemed to relieve a party of its obligation to supplement or amend in accordance with Fed. R. Civ. P. 26(e).

d. Discovery Disputes:

  i. The court shall conduct in-person discovery status conferences on [November 14, 2005 from 4:30 to 5:30 p.m., February 13, 2006 from 4:30 to 5:30 p.m., September 15, 2006 from 4:30 to 5:30 p.m., and November 15, 2006 from 4:30 to 5:30 p.m.], the time to be allocated equally among the parties.

  ii. The court shall make itself available, however, to resolve through a telephone conference, disputes that arise during the course of a deposition, and disputes related to entry of a protective order.

  iii. Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

e. Fact Witnesses to be Called at Trial.

  i. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give facts testimony) who has previously been disclosed during discovery and that it intends to call at trial.

    ii. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

    iii. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the Court upon good cause shown.

3. <u>Joinder of Other Parties, Amendment of Pleadings, and Class Certification</u>.

  a. All motions to join parties to amend the pleadings shall be filed on or before August 15, 2006.

  b. Motions for class certification:

    **PLAINTIFF'S PROPOSAL**: Plaintiff shall file its motion for class certification on or before 120 days after the date set by the Court for document production under paragraph 3(b)(i) of the Rule 16 Scheduling Order entered in *Syngenta Seeds, Inc. v. Monsanto Co. et al.*, Civil Action 04-908-SLR (the Syngenta antitrust case) after the discovery conference set for November 14, 2005 in that matter.

    **DEFENDANTS' PROPOSAL**: Plaintiff shall file its motion for class certification on or before February 10, 2006.

10008288.WPD              6

c. Defendant shall then have sixty (60) days to conduct any expert discovery and file a response.

d. Plaintiff shall have thirty (30) days after the response to conduct any expert discovery and to file a reply.

e. Any class expert(s) shall be made available by a party for deposition within seven (7) business days of the filing of the motion or the response (whichever is applicable).

4. <u>Settlement Conference.</u> Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. <u>Summary Judgment Motions.</u> All summary judgment motions shall be served with an opening brief on or before April 16, 2007. Briefing shall be pursuant to Local Rule 7.1.2. No summary judgment motion may be filed more than ten (10) days from the above date without leave of the court.

6. <u>Applications by Motion.</u> Any application to the court shall be by written motion filed with the clerk. Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers. Any non-dispositive motion shall contain the statement required by Local Rule 7.1.1.

7. <u>Motions in Limine.</u> All motions <u>in limine</u> shall be filed on or before July 13, 2007. All responses to said motions shall be filed on or before July 27, 2007.

8. <u>Pretrial Conference.</u> A pretrial conference will be held on [August 15, 2007] _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and Local Rule 16.4 shall govern the pretrial conference.

9. <u>Trial.</u> This matter is scheduled for a three week jury trial commencing on [September 10, 2007] in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge