## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONSANTO COMPANY, et al. | ) | |
| | ) | |
| Plaintiff, Counter-Defendant | ) | |
| | ) | |
| v. | ) | C.A. NOS. 04-908-SLR |
| | ) | (LEAD); 04-0305 (MEMBER) |
| SYNGENTA SEEDS, INC., et al. | ) | |
| | ) | |
| Defendant, Counter-Plaintiff | ) | |

---

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. | ) | |
| | ) | |
| Plaintiff, On Behalf Of Itself and Others Similarly Situated, | ) | |
| | ) | C.A. NO. 05-535 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, et al. | ) | |

---

| | | |
|---|---|---|
| DARRELL SOUHRADA | ) | |
| | ) | |
| Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated | ) | |
| | ) | C.A. NO. 05-535 |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY | ) | |
| | ) | |
| Defendant | ) | |

---

10008741.WPD

KENT DUXBURY            )
                               )
     Plaintiff, On Behalf Itself   )
     and Minnesota Citizens     )
     Similarly Situated         )     C.A. NO. 05-535
                               )
       v.                     )
                               )
MONSANTO COMPANY     )
                               )
     Defendant             )

## ORDER GOVERNING COORDINATION OF PRETRIAL ANTITRUST DISCOVERY

1.      The parties in *American Seed Co. Inc. v. Monsanto Company et al.*, No. 05-535 (including the parties in intervening actions *Souhrada v. Monsanto Co.* No. 05-535 and *Duxbury v. Monsanto Co.* No. 05-535) (collectively the "*American Seed* Actions") and *Syngenta Seeds Inc. v. Monsanto Company et al.*, No. 04-908-SLR (Member Case) (the "*Syngenta* Action") are ordered to work together in good faith to coordinate discovery and prevent duplication of discovery and effort.

2.      The parties shall cooperate reasonably in providing copies of discovery requests and responses thereto filed or served prior to the date of this Order within five (5) business days of the date of this Order. The parties shall avoid propounding interrogatories, document requests or other written discovery requests that are either identical or substantially similar to any previously filed discovery.

3.      Documents produced in the *American Seed* and *Syngenta* Actions shall be made available to counsel in all cases on a reasonable basis and under terms and conditions produced to the opposing side (or received from third parties) in those actions.

4.      Deposition transcripts from the *Syngenta* Action shall be made available to counsel in all cases in the same paper and CD formats as received by the parties in the *Syngenta* Action. Any deposition noticed in the *American Seed* and *Syngenta* Actions shall be served on counsel in all cases, but the parties in the *American Seed* and *Syngenta* Actions shall not be permitted to participate in the other Action's depositions. The parties in these Actions shall not object to second deposition on the grounds it has already been taken.

**PLAINTIFFS' POSITION:**   Transcripts shall be produced at the cost of reproducing the computer disk or paper transcript without *American Seed* plaintiffs agreeing to pay any court reporter "distribution" fees as to deposition in which they are not permitted to participate. Should a court reporter in the *Syngenta* antitrust case insist on such fees, the parties shall use another court reporter.

**DEFENDANTS' POSITION:** Provision of transcripts is subject to plaintiffs' agreement to pay any required fees by any applicable court reporting service regarding the republication and/or distribution of the transcripts.

5.      Any document, interrogatory response, deposition testimony or other matter that is designated confidential under the Protective Order entered on January 31, 2005 in the *Syngenta* Action shall be deemed to have been designated as "confidential" in all matters and the terms of that Protective Order shall govern all parties in all Actions.

6.    All depositions in the *Syngenta* Action shall be used as permitted by the Federal Rules of Civil Procedure and Federal Rules of Evidence as if taken or propounded in the *American Seed* Action subject to the provisions of paragraph 7 of this Order.

7.    Nothing contained herein shall constitute a waiver of any objection of any party to the admissibility at trial of any document, deposition testimony, exhibit, or written discovery responses provided in accordance with this Order, whether on grounds of relevance, materiality or any other basis and all such objections are specifically reserved.

8.    Any provision of this Order may be modified upon good cause shown.


SO ORDERED this _____ day of _____, 2005.


_____
Chief Judge

10008741.WPD                                4