IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., | ) |
| Plaintiff, | ) |
| DARRELL SOUHRADA and KENT DUXBURY, | ) |
| Intervenor Plaintiffs, | ) |
| v. | ) Civ. No. 05-535-SLR |
| MONSANTO COMPANY, | ) |
| Defendant. | ) |

**O R D E R**

At Wilmington this 6th day of December, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1. **Pre-Discovery Disclosures.** The parties will exchange by November 30, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2. **Discovery.**

    (a) In part, discovery will be needed on the following subjects:

        i.   Prerequisites governing class certification;

  ii. What are the relevant product and geographic markets;

  iii. Whether defendant has any market power in any relevant market;

  iv. Whether defendant has engaged in any exclusionary or anti-competitive acts;

  v. Any business justifications of defendant for such conduct;

  vi. Any monopoly price injury to members of the alleged classes;

  vii. Any actual, class-wide damages suffered by members of the alleged classes;

  viii. Any defenses offered by defendant; and

  ix. Issues relating to the organization of the parties, document retention, etc.

(b) This order shall govern the scheduling of the two Intervening State cases which were added to this case by the oral order entered by this court on November 9, 2005. At the close of fact discovery, the court shall address remaining scheduling issues relating to Intervening State plaintiffs including the setting of any trial dates.

(c) All fact discovery shall be commenced in time to be completed on or before **December 15, 2006.**

  i. Maximum of 30 interrogatories by all parties

        on one side to the other side.

    ii.  Maximum of 30 requests for admission by all parties on one side to the other side.

    iii.  Maximum of 150 hours for fact depositions by all plaintiffs and maximum of 150 hours for fact depositions by defendant. Each fact deposition other than those noticed under Fed. R. Civ. P. 30(b)(6) shall be limited to a maximum of 7 hours unless extended by the agreement of the parties.

(d) Class discovery:

    i.  The parties in all cases shall serve any document production requests or interrogatories going to class issues by **November 28, 2005** and responses (including the production of any documents sought) shall be completed on or before **January 15, 2006.**

    ii.  The parties may take fact depositions relating to class issues between **January 15, 2006** and **March 15, 2006.**

(e) Merits discovery shall commence on **July 1, 2006.**

(f) Document discovery shall be completed on or before **September 1, 2006.**

(g) Expert discovery shall be commenced in time to be

3

completed by **March 30, 2007.**

    i.   Expert reports on issues for which any party has the burden of proof are due by **January 31, 2007.** Rebuttal expert reports are due by **March 14, 2007.**

    ii.  All <u>Daubert</u> motions shall be filed on or before **April 16, 2007.** Briefing on any <u>Daubert</u> motions shall proceed under the schedule set forth in paragraph 5 of this order.

    iii. Supplementations under Rule 26(e) are due on **March 1, 2007.** Nothing in this paragraph, however, shall be deemed to relieve a party of its obligation to supplement or amend in accordance with Rule 26(e).

(h) **Discovery Disputes.**

    i.   The court shall conduct in-person discovery status conferences on **February 15, 2006** from **4:30 to 5:30 p.m.**, **September 14, 2006** from **4:30 to 5:30 p.m.**, and **November 15, 2006** from **4:30 to 5:30 p.m.**, the time to be allocated equally among the parties.

    ii.  The court shall make itself available, however, to resolve through a telephone

4

        conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

    iii. Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(i) Fact Witnesses to be Called at Trial:

    i. Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give facts testimony) who has previously been disclosed during discovery and that it intends to call at trial.

    ii. Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.

    iii. The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact

     witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

(j) Coordinated case: Defendant shall make available to plaintiffs the following materials from <u>Syngenta Seeds Inc. v. Monsanto Company</u>, Civ. No. 04-908-SLR (<u>Syngenta</u> Action) within five (5) business days from the execution by plaintiffs of the Protective Order entered in the <u>Syngenta</u> Action or, if not yet produced or received, from their production or receipt:

  i. All discovery requests served by each side.

  ii. All documents produced by each side (or from a third party subject to consent b such third party) in the same form and format (e.g. CD) used to produce the documents to the other side (or from the third party), and under the same production terms and conditions employed in that case among the parties and third parties.

  iii. All deposition transcripts in the same paper and CD formats as received by defendants in the <u>Syngenta</u> Action.

      iv.  The coordination of discovery in these cases should not disadvantage those court reporting services who record the various depositions. Therefore, the <u>American Seed</u> plaintiffs should not bypass the court reporting fees altogether. In this regard, however, it is the court's understanding that many court reporting services charge an initial fee to those parties actually participating in the deposition, and a lower fee to those who request copies of the deposition transcripts at a later time. The <u>American Seed</u> plaintiffs should pay the latter, lower fee, for those depositions noticed in the <u>Syngenta</u> Action. If the <u>Syngenta</u> parties select court reporting services that make no distinction between producing the original transcript and making copies, the <u>American Seed</u> plaintiffs will be able to obtain, in a timely manner, transcripts from the <u>Syngenta</u> parties at the cost of

reproducing the computer disk or paper transcript.

3. **Joinder of other Parties, Amendment of Pleadings, and Class Certification.**

(a) All motions to join other parties or amend the pleadings shall be filed on or before **August 15, 2006.**

(b) Plaintiffs shall file their motions for class certification on or before **April 14, 2006.**

(c) Defendant shall then have sixty (60) days to conduct any expert discovery and file a response.

(d) Plaintiffs shall have thirty (30) days after the response to conduct any expert discovery and file a reply.

(e) Any class expert(s) shall be made available by a party for deposition within seven (7) business days of the filing of the motion or the response (whichever is applicable).

4. **Settlement Conference.** Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5. **Summary Judgment Motions.** All summary judgment motions shall be served and filed with an opening brief on or before **April 16, 2007.** Briefing shall be pursuant to D. Del. LR 7.1.2. No summary judgment motion may be filed more than **ten (10)** days from the above date without leave of the court.

6. **Applications by Motion.** Any application to the court

shall be by written motion filed with the clerk.  Unless otherwise requested by the court, counsel shall not deliver copies of papers or correspondence to chambers.  **Any non-dispositive motion shall contain the statement required by D. Del. LR 7.1.1.**

    7.  **Motions in Limine.**  All motions in limine shall be filed on or before **August 24, 2007**.  All responses to said motions shall be filed on or before **August 31, 2007**.

    8.  **Pretrial Conference.**  A pretrial conference will be held on **September 10, 2007** at **4:30 p.m.** in courtroom 6B, sixth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.  The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

    9.  **Trial.**  This matter is scheduled for a three (3) week jury trial commencing on **October 15, 2007** in courtroom 6B, sixth floor of the J. Caleb Boggs Federal Building, 844 King Street, Wilmington, Delaware.  For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

                                                 _____
                                                 United States District Judge