IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | C.A. No. 05-535-SLR |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MONSANTO COMPANY, et al., | ) ) | |
| Defendants. | ) ) | |
| DARRELL SOUHRADA | ) ) | |
| Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated, | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 05-535-SLR |
| MONSANTO COMPANY | ) ) | |
| Defendant. | ) ) | |
| KENT DUXBURY | ) ) | |
| Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated, | ) ) ) ) ) | |
| v. | ) ) | C.A. No. 05-535-SLR |
| MONSANTO COMPANY | ) ) | |
| Defendant. | ) | |

**MONSANTO'S OBJECTIONS TO NOTICE OF RULE 30(B)(6) DEPOSITION
RELATING TO BIOTECHNOLOGICAL CORN SEED AND ROUNDUP
<u>READY SOYBEAN SEED MARKETS</u>**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure defendants Monsanto Company and its named subsidiaries American Seeds Inc., Corn States Hybrid Service, L.L.C., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., DeKalb Seeds, Calgene, L.L.C., Channel Bio Co., NC+ Hybrids, and Seminis Inc., (collectively "Monsanto"), hereby respond and object to class plaintiffs American Seed Company, Inc.'s ("American Seed"), Souhrada's, Duxbury's and Johnson's Notice of Rule 30(b)(6) Deposition Relating to Biotechnological Corn Seed and Roundup Ready Soybean Seed Markets (the "Notice").

## GENERAL OBJECTIONS

1. Monsanto objects to the Notice on the grounds that issues relating to Roundup Ready soybean seed are not relevant to this case and are an inappropriate benchmark.

2. Monsanto objects to the Notice on the grounds that the meaning of many of the specified Topics are vague, ambiguous and overbroad. Monsanto has requested counsel to clarify the specifications, but, to date, Plaintiffs' counsel has not done so.

3. Monsanto objects to the Notice on the grounds that the Court specifically bifurcated the class certification issues from merits issues in the case. Many of the specified Topics go primarily, if not solely, to merits issues and, therefore, Monsanto will not produce witnesses going to the merits of this case.

4. Monsanto objects to the Notice to the extent it is one of multiple Rule 30(b)(6) notices of deposition served by Plaintiffs in this matter concerning class issues.

5. Monsanto objects to the Notice to the extent that it seeks to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure and/or by local rule.

6.  Monsanto objects to the Notice to the extent that it seeks information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

7.  Monsanto objects to the Notice to the extent that it seeks information that already is possessed by or known by Plaintiffs, that is publicly available, or that is in the sole possession of any third party.

8.  Monsanto objects to the Notice to the extent that it seeks to define a "relevant product market" by referring to "Biotechnological Corn Seed and Roundup Ready Soybean Seed Markets." Monsanto's use of the term "market" or "relevant product" shall not be construed as an admission that any product or combinations of products constitutes a legally cognizable "relevant product market." Monsanto further objects to the extent it is requested to identify a "market share" of any "relevant product" as calling for a legal and/or economic conclusion. Market share necessarily implicates an assumption as to a relevant product and geographic market, which are contested legal issues in this litigation and whose precise scope and definition are the subject of expert discovery. In providing answers to any of the Topics identified herein, Monsanto in no way concedes that any such category constitutes a proper antitrust market.

9.  Monsanto objects to the timing of the notice. Pursuant to prior conversations with plaintiffs' counsel, Monsanto has advised counsel that will produce a witness relating to topics 2 and 4 (set forth below) on March 16, 2006.

Each of Monsanto's responses, in addition to any specifically stated objections, is subject to and incorporates the foregoing General Objections.

## SPECIFIC OBJECTION AND RESPONSES

Subject to and without waiving its General Objections, Monsanto responds to Plaintiffs' specific Topics as follows:

**Topic 1.** Any Defendant contracts, agreements, communications with purchasers of Defendant biotechnological traits for its different varieties or types of biotechnological corn seeds in which any payments to Defendants for such traits depend all or in part on the acquisition by the purchaser of Defendants' biotechnological traits for biotechnological corn seed or other Defendant products or services, or in which the purchaser must acquire exclusively Defendants' soybean or corn seed traits, including without limitation when Defendants began or ceased using such contracts or practices.

**Objection:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto also objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested. For example, as written it is unclear whether this topic reaches contracts with direct purchasers of Monsanto hybrid corn seed or licensees of its transgenic traits. Monsanto has attempted on several occasions to obtain clarification from plaintiffs' counsel.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding Monsanto's agreements and communications with purchasers of hybrid corn seed that contains transgenic traits.

**Topic 2.** Defendants' market shares on a unit or revenue basis in the markets for the sale of their different types or varieties of biotechnological corn seed to direct purchasers.

**Objections:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects to the extent it seeks information that is not relevant to class certification.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, Monsanto will produce a witness to testify on Monsanto's market shares for hybrid corn seed.

> **Topic 3.** Any Defendant contracts, agreements, communications with purchasers of Defendant biotechnological traits for their different varieties or types of Roundup Ready soybean seeds in which any payments to Defendants for such traits depend all or in part on the acquisition by the purchaser of Defendant biotechnological traits for biotechnological corn seed or other Defendant products or services; or in which the purchaser must acquire exclusively Defendant soybean or corn seed traits, including without limitation when Defendants began or ceased using such contracts or practices.

**Objection:** Monsanto objects to this Topic on the grounds that it seeks information that is not relevant to the subject matter of this action. Monsanto also objects on the grounds that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects on the grounds that this Topic fails to describe with reasonable particularity the matter on which examination is requested. For example, as written it is unclear whether this topic reaches contracts with direct purchasers of Monsanto hybrid soybean seed or licensees of its transgenic traits. Monsanto has attempted on several occasions to obtain clarification from plaintiffs' counsel.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding agreements and communications with purchasers of hybrid soybean seed that contains transgenic traits

> **Topic 4.** Defendants' market shares on a unit or revenue basis in the markets for the sale of their different types or varieties of Roundup Ready soybean seed to direct purchasers.

**Objections:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects to the extent it seeks information that is not relevant to class certification.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, Monsanto will produce a witness to testify on Monsanto's market shares for hybrid soybean seed.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter E. Moll<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 783-0800 | By: /s/ David E. Moore<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE 19801<br>   Telephone (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>(202) 942-5000 | *Attorney for MONSANTO COMPANY, AMERICAN SEED, INC. CORN STATES HYBRID SERVICE, INC., HOLDEN FOUNDATION SEEDS, INC., DEKALB SEEDS, CALGENE, L.L.C., CHANNEL BIO CO., NC+ HYBRIDS AND SEMINS, INC.* |
| Dated: March 14, 2006<br>723601 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 14, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Joelle E. Polesky, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on March 14, 2006, I have sent by Electronically Mailed the foregoing document to the following non-registered participants:

Steven V. Benz, Esq.
Michael S. Zuckman, Esq.
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry, Esq.
J. Daniel Leftwich, Esq.
Gregory Baruch, Esq.
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird, Esq.
Jeremy R. Stevens, Esq.
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed, Esq.
Thomas A. McGrath III, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

696607

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607