# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated, | ) ) ) ) |
| | ) C.A. No. 05-535-SLR |
| Plaintiffs, | ) ) |
| v. | ) **JURY TRIAL DEMANDED** ) |
| MONSANTO COMPANY, et al., | ) ) |
| Defendants. | ) ) |
| DARRELL SOUHRADA | ) ) |
| Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated, | ) ) ) ) |
| v. | ) C.A. No. 05-535-SLR ) |
| MONSANTO COMPANY | ) ) |
| Defendant. | ) ) |
| KENT DUXBURY | ) ) |
| Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated, | ) ) ) ) |
| v. | ) C.A. No. 05-535-SLR ) |
| MONSANTO COMPANY | ) ) |
| Defendant. | ) |

**MONSANTO'S OBJECTIONS TO NOTICE OF RULE 30(B)(6) DEPOSITION RELATING TO DATA AS TO BIOTECHNOLOGICAL CORN SEED AND ROUNDUP READY SOYBEAN SEED MARKETS**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure defendants Monsanto Company and its named subsidiaries American Seeds Inc., Corn States Hybrid Service, L.L.C., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., DeKalb Seeds, Calgene, L.L.C., Channel Bio Co., NC+ Hybrids, and Seminis Inc., (collectively "Monsanto"), hereby respond and object to class plaintiffs American Seed Company, Inc.'s ("American Seed"), Souhrada's, Duxbury's and Johnson's Notice of Rule 30(b)(6) Deposition Relating to Data as to Biotechnological Corn and Soy Seed (the "Notice").

### GENERAL OBJECTIONS

1.    Monsanto objects to the Notice on the grounds that issues relating to Roundup Ready soybean seed are not relevant to this case and are an inappropriate benchmark.

2.    Monsanto objects to the Notice on the grounds that the meanings of many of the specified Topics are vague, ambiguous and overbroad.  Monsanto has requested Plaintiffs' counsel to clarify the specifications, but, to date, Plaintiffs' counsel has not done so.

3.    Monsanto objects to the Notice on the grounds that the Court specifically bifurcated the class certification issues from merits issues in the case.  Many of the specified Topics go primarily, if not solely, to merits issues and, therefore, Monsanto will not produce witnesses going to the merits of this case.

4.    Monsanto objects to the Notice to the extent it is one of multiple Rule 30(b)(6) notices of deposition served by Plaintiffs in this matter concerning class issues.

5.    Monsanto objects to the Notice to the extent that it seeks to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure and/or by local rule.

6.    Monsanto objects to the Notice to the extent that it seeks information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

7.    Monsanto objects to the Notice to the extent that it seeks information that already is possessed by or known by Plaintiffs, that is publicly available, or that is in the sole possession of any third party.

8.    Monsanto objects to the Notice to the extent that it seeks to define a "relevant product market" by referring to "Biotechnological Corn Seed and Roundup Ready Soybean Seed Markets." Monsanto's use of the term "market" or "relevant product" shall not be construed as an admission that any product or combinations of products constitutes a legally cognizable "relevant product market." Monsanto further objects to the extent it is requested to identify a "market share" of any "relevant product" as calling for a legal and/or economic conclusion. Market share necessarily implicates an assumption as to a relevant product and geographic market, which are contested legal issues in this litigation and whose precise scope and definition are the subject of expert discovery. In providing answers to any of the Topics identified herein, Monsanto in no way concedes that any such category constitutes a proper antitrust market.

Each of Monsanto's responses, in addition to any specifically stated objections, is subject to and incorporates the foregoing General Objections.

## SPECIFIC OBJECTION AND RESPONSES

Subject to and without waiving its General Objections, Monsanto responds to Plaintiffs' specific Topics as follows:

> **Topic 1.** [D]ata or records maintained by Defendants as to the pricing (including net pricing), gross profit margins, and unit costs realized by Defendants for the sale of their different varieties or types of biotechnological corn seed to direct purchasers located

3

throughout the United States since January 1, 2001, including without limitation:

(A)     the data produced to Plaintiffs in response to Plaintiffs' First Production of Documents Relating to Class Certification No. 37;

(B)     the manner in which such pricing (including net pricing) and unit costs are calculated for sales throughout the United States to direct purchasers;

(C)     the manner in which these gross profit margins are calculated and whether they vary according to where the direct purchaser is located in the United States;

(D)     differences in pricing (including net pricing), gross margins, and unit costs for any different varieties or types of Defendant biotechnological corn seed, including without limitation whether these calculations differ where the direct purchaser is located in the United States and other direct purchaser characteristics, including but not limited to purchase volume and time of year of order placement;

(E)     how such pricing (including net pricing), gross profit margins, and unit costs are recorded in any databases, electronic or computer files, or other files maintained by the Defendants.

**Objection:**    Monsanto objects to this Topic, including each of the subtopics, on the grounds that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome, and seeks information created prior to July 26, 2001. Monsanto further objects on the grounds that this Topic fails to describe with reasonable particularity the matter on which examination is requested.

**Response:**    Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding data or records maintained by Monsanto relating to pricing, gross profit margins, unit costs as they relate to direct purchasers of hybrid corn seed containing transgenic traits.

> **Topic 2.** [H]ow defendants internally account for any rebates, discounts, or allowances provided to direct purchasers for their different varieties or types of their biotechnological corn seed wherever the direct purchaser is located in the United States

4

> (whether or not such allowances are authorized nationally, regionally, or locally by Defendant personnel), and how such rebates, discounts, or promotional allowances are recorded in the Defendants' databases, or electronic or computer files, or files.

**Objection:**    Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested.

**Response:**    Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to rebates, discounts, or allowances provided to direct purchasers of hybrid corn seed containing transgenic traits.

> **Topic 3.**  [P]rograms whereby Defendants provide money, discounts, allowances, or rebates to direct purchasers of its different varieties or types of biotechnological corn seed in return for advertising or as compensation for promotional activity (whether the program is implemented nationally, regionally or locally by Defendant personnel), and how such money, discounts, allowances, or rebates are recorded in the Defendants' databases, or electronic or computer files, or files.

**Objections:**    Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested.

**Response:**    Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to rebates, discounts, or allowances provided to direct purchasers of hybrid corn seed containing transgenic traits.

**Topic 4.** [D]ata or records maintained by Defendants as to the pricing (including net pricing), gross profit margins, and unit costs realized by Defendants for the sale of their different varieties or types of Roundup Ready soybean seed to direct purchasers located throughout the United States since January 1, 2001, including without limitation:

(A)    the data produced to Plaintiffs in response to Plaintiffs' First Production of Documents Relating to Class Certification Nos. 6 [sic];

(B)    the manner in which such pricing (including net pricing) and unit costs are calculated for sales throughout the United States to direct purchasers;

(C)    the manner in which these gross profit margins are calculated and whether they vary according to where the direct purchaser is located in the United States;

(D)    differences in pricing (including net pricing), gross margins, and unit costs for any different varieties or types of Defendant Roundup Ready soybean seed, including without limitation whether these calculations differ where the direct purchaser is located in the United States and other direct purchaser characteristics, including but not limited to purchase volume and time of year of order placement;

(E)    how such pricing (including net pricing), gross profit margins, and unit costs are recorded in any databases, electronic or computer files, or other files maintained by the Defendants.

**Objection:**    Monsanto objects to this Topic on the grounds that it seeks information that is not relevant to the subject matter of this action. Monsanto also objects on the grounds that this Topic, including each of the subtopics, is vague, ambiguous, overbroad, oppressive, and unduly burdensome, and seeks information created prior to July 26, 2001. Monsanto further objects on the grounds that this Topic fails to describe with reasonable particularity the matter on which examination is requested.

**Response:**    Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to pricing,

6

gross profit margins, unit costs as they relate to direct purchasers of hybrid soybean seed containing transgenic traits.

> **Topic 5.** [H]ow defendants internally account for any rebates, discounts, or allowances provided to direct purchasers for their different varieties or types of their Roundup Ready soybean seed wherever the direct purchaser is located in the United States (whether or not such allowances are authorized nationally, regionally, or locally by Defendant personnel), and how such rebates, discounts, or promotional allowances are recorded in the Defendants' databases, or electronic or computer files, or files.

**Objection:**    Monsanto objects to this Topic on the grounds that it seeks information that is not relevant to the subject matter of this action. Monsanto also objects on the grounds that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects on the grounds that this Topic fails to describe with reasonable particularity the matter on which examination is requested.

**Response:**    Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to rebates, discounts, or allowances provided to direct purchasers of hybrid soybean seed containing transgenic traits.

> **Topic 6.** [P]rograms whereby Defendants provide money, discounts, allowances, or rebates to direct purchasers of its different varieties or types of Roundup Ready soybean seed in return for advertising or as compensation for promotional activity (whether the program is implemented nationally, regionally or locally by Defendant personnel), and how such money, discounts, allowances, or rebates are recorded in the Defendants' databases, or electronic or computer files, or files.

**Objection:**    Monsanto objects to this Topic on the grounds that it seeks information that is not relevant to the subject matter of this action. Monsanto also objects on the grounds that it is vague, ambiguous, overbroad, oppressive, and unduly

burdensome. Monsanto further objects on the grounds that this Topic fails to describe with reasonable particularity the matter on which examination is requested.

     **Response:**    Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to rebates, discounts, or allowances provided to direct purchasers of hybrid soybean seed containing transgenic traits.

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
(202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

Dated: March 14, 2006
723593

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801
    Telephone (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

    *Attorney for MONSANTO COMPANY,*
    *AMERICAN SEED, INC. CORN STATES*
    *HYBRID SERVICE, INC., HOLDEN*
    *FOUNDATION SEEDS, INC., DEKALB*
    *SEEDS, CALGENE, L.L.C., CHANNEL BIO*
    *CO., NC+ HYBRIDS AND SEMINS, INC.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on March 14, 2006, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the document

is available for viewing and downloading from CM/ECF:

Joelle E. Polesky, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on March 14, 2006, I have sent by Electronically Mailed the

foregoing document to the following non-registered participants:

Steven V. Benz, Esq.
Michael S. Zuckman, Esq.
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry, Esq.
J. Daniel Leftwich, Esq.
Gregory Baruch, Esq.
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird, Esq.
Jeremy R. Stevens, Esq.
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed, Esq.
Thomas A. McGrath III, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

696607

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607