IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO COMPANY, et al., <br><br> Defendants. | ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| DARRELL SOUHRADA <br><br> Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated, <br><br> v. <br><br> MONSANTO COMPANY <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) ) |
| KENT DUXBURY <br><br> Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated, <br><br> v. <br><br> MONSANTO COMPANY <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) ) |

**MONSANTO'S OBJECTIONS TO NOTICE OF RULE 30(B)(6)
DEPOSITION RELATING TO CORN YIELD STUDIES**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure defendants Monsanto Company and its named subsidiaries American Seeds Inc., Corn States Hybrid Service, Inc.,

Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., DeKalb Seeds, Calgene, L.L.C., Channel Bio Co., NC+ Hybrids, and Seminis Inc., (collectively "Monsanto"), hereby respond and object to class plaintiffs American Seed Company, Inc.'s ("American Seed"), Souhrada's, Duxbury's and Johnson's Notice of Rule 30(b)(6) Deposition Relating to Corn Yield Studies (the "Notice").

## GENERAL OBJECTIONS

1. Monsanto objects to the Notice on the grounds that the meaning of the Topic is vague, ambiguous and overbroad. Monsanto has requested counsel to clarify the specifications, but, to date, Plaintiffs' counsel has not done so. Accordingly, Monsanto will produce witnesses to answer questions regarding hybrid YieldGard corn seed containing transgenic traits.

2. Monsanto objects to the Notice on the grounds that the Court specifically bifurcated the class certification issues from merits issues in the case. Many of the specified Topics go primarily, if not solely, to merits issues and, therefore, Monsanto will not produce witnesses going to the merits of this case.

3. Monsanto objects to the Notice on the grounds that the Notice was not properly served upon Monsanto pursuant to the Federal Rules of Civil Procedure.

4. Monsanto objects to the Notice to the extent it is one of multiple Rule 30(b)(6) notices of deposition served by Plaintiffs in this matter concerning class issues.

5. Monsanto objects to the Notice to the extent that it seeks to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure and/or by local rule.

6. Monsanto objects to the Notice to the extent that it seeks information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

7. Monsanto objects to the Notice to the extent that it seeks information that already is possessed by or known by Plaintiffs, that is publicly available, or that is in the sole possession of any third party.

Each of Monsanto's responses, in addition to any specifically stated objections, is subject to and incorporates the foregoing General Objections.

## SPECIFIC OBJECTION AND RESPONSES

Subject to and without waiving its General Objections, Monsanto responds to Plaintiffs' specific Topics as follows:

**Topic 1.** Monsanto data on, and analyses of, yield advantages and pest control cost reductions (net of seed and technology fees, if any) for the varieties and types of YieldGard hybrid corn seed used in corn borer infested areas as compared or contrasted to similarly performing conventional varieties of corn hybrids used with conventional corn borer technologies, for each of the crop years 2000-2005 for Iowa, Minnesota, and Illinois including without limitation:

(A)  data or analyses produced in response to Plaintiffs' First Production of Documents Relating to Class Certification Nos. 18-20;

(B)  data or analyses for areas with different "levels" or "degrees" of infestation by separate area, including without limitation the infestation level of each area;

(C)  the median seed price of each seed variety of YieldGard hybrid corn technology analysed [sic] under (1) above, including all fees such as the "technology fee"; and

(D)  the median seed price of each conventional hybrid seed reported.

**Objections:** Monsanto objects to this Topic on the ground that it is vague and ambiguous as to the terms "yield advantages" and "pest control cost reductions." Monsanto also objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested. Monsanto further objects to subtopics (C) and (D) to the extent the Topic seeks information relating to the "median seed price" of YieldGard hybrid corn technology and conventional hybrid seed. Monsanto further objects to this Topic on the ground that plaintiffs' counsel represented that it was withdrawing its requests for documents and witnesses on the issue of Illinois. Accordingly, Monsanto will not produce a witness on the issue of Illinois.

**Response:**   Subject to and without waiving the foregoing General and Specific Objections, Monsanto will produce a witness to testify on subtopics (A) and (B). As to subtopics (C) and (D), Monsanto will produce a witness to testify regarding prices charged for hybrid YieldGard corn seed and prices charged for conventional hybrid corn seed for crop years 2000-2005 for Iowa and Minnesota.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter E. Moll<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 783-0800 | By: */s/ David E. Moore*<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE 19801<br>   Telephone (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>(202) 942-5000 | *Attorney for MONSANTO COMPANY, AMERICAN SEED, INC. CORN STATES HYBRID SERVICE, INC., HOLDEN FOUNDATION SEEDS, INC., DEKALB SEEDS, CALGENE, L.L.C., CHANNEL BIO CO., NC+ HYBRIDS AND SEMINS, INC.* |
| Dated: March 14, 2006<br>723593 | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 14, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Joelle E. Polesky, Esq.
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE  19899

John W. Shaw, Esq.
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE  19801

I hereby certify that on March 14, 2006, I have sent by Electronically Mailed the foregoing document to the following non-registered participants:

Steven V. Benz, Esq.
Michael S. Zuckman, Esq.
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC  20036
sbenz@khhte.com

R. Stephen Berry, Esq.
J. Daniel Leftwich, Esq.
Gregory Baruch, Esq.
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC  20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird, Esq.
Jeremy R. Stevens, Esq.
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN  55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed, Esq.
Thomas A. McGrath III, Esq.
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY  10022-6069
rschwed@shearman.com

696607

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607