# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELBERT E. ROLLISON, | ) | C.A. No.: 06-CV00159 SLR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ARBITRATION CASE |
| | ) | |
| NEAL SHOEMAKER, an individual; | ) | |
| BLUE DIAMOND, LLC, a Delaware | ) | |
| corporation; HOUGHTONS AMUSEMENT | ) | |
| PARK, LLC, a Delaware corporation; | ) | |
| JACK BRADY, individually and | ) | TRIAL BY JURY OF |
| d/b/a KSR MOTOR SPORTS; | ) | TWELVE DEMANDED |
| and PARKWAY GRAVEL, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT, NEAL SHOEMAKER'S
## AMENDED ANSWER AND CROSS-CLAIM TO COMPLAINT

### PARTIES:

1.  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

2.  Admitted.

4.  [sic]  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

5.  The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

6. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

7. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

8. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

9. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**JURISDICTION:**

10. The Defendant repeats his responses to paragraphs 1 through 9 and incorporates them herein by reference, as if fully set forth herein.

11. This paragraph states a legal conclusion to which no response is required. By way of further answer, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**FACTUAL ALLEGATIONS:**

12. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

13. Admitted that, on the date, time, and location stated in this paragraph, the Answering Defendant, Neal Shoemaker, was participating in a procession of race cars. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments contained in this paragraph. By way of further answer, the negligence of the Answering Defendant is denied.

14. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

15. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

16. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

17. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

18. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

19. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

**COUNT I**

**CLAIM AGAINST NEAL SHOEMAKER:**

20. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

21. Denied.

22. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

23. Denied.

24. Denied.

25. Denied. An Affidavit of Non-Agency is attached hereto. The original signed Affidavit will be supplemented, pursuant to an agreement with plaintiff's counsel.

26. Denied.

27. Denied.

28. Denied.

**COUNT II:**
**CLAIM AGAINST BLUE DIAMOND, LLC:**

29. The Answering Defendant repeats his responses to paragraphs 1 through 28 and incorporates them herein by reference, as if fully set forth herein.

30. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

31. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

### COUNT III
### CLAIM AGAINST HOUGHTON'S AMUSEMENT PARK, LLC:

32. The Answering Defendant repeats his responses to paragraphs 1 through 31 and incorporates them herein by reference, as if fully set forth herein.

33. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

34. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

### COUNT IV
### CLAIM AGAINST JACK BRADY, INDIVIDUALLY AND D/B/A KSR MOTOR SPORTS:

35. The Answering Defendant repeats his responses to paragraphs 1 through 34 and incorporates them herein by reference, as if fully set forth herein.

36. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

37. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT V:
## CLAIM AGAINST PARKWAY GRAVEL:

38. The Answering Defendant repeats his responses to paragraphs 1 through 37 and incorporates them herein by reference, as if fully set forth herein.

39. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

40. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.

## COUNT VI
## CLAIM OF DELBERT ROLLISON:

41. The Answering Defendant repeats his responses to paragraphs 1 through 40 and incorporates them herein by reference, as if fully set forth herein.

42. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

43. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

44. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient

to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

45. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

46. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

47. Denied as to the Answering Defendant. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the balance of the averments as they relate to the remaining defendants.

**FIRST AFFIRMATIVE DEFENSE:**

48. The Plaintiff is barred from pleading or introducing into evidence those damages for which he was eligible to receive no-fault benefits, pursuant to 21 Del. C. § 2118(h).

**SECOND AFFIRMATIVE DEFENSE:**

49. The Complaint fails to state a claim for punitive damages for which relief may be granted.

**THIRD AFFIRMATIVE DEFENSE:**

50. The accident was proximately caused by the negligence of the Plaintiff, Delbert E. Rollison, in that he:

(a) Failed to keep his bodily movements under proper control;

 (b) Failed to maintain a proper lookout for his own safety;

 (c) Failed to take an alternate path around an allegedly dangerous condition;

 (d) Assumed the risk of his injuries;

 (e) Failed to take reasonable precautions for his own safety;

 (f) Failed to observe clear and obvious traffic conditions on the premises;

 (g) Negligently continued to proceed upon the premises while his vision and/or hearing was obstructed by the activities on the premises;

 (h) Walked, ran, or darted into the path of a vehicle lawfully proceeding in a procession on a premises;

 (i) Walked or ran through the premises in a careless and inattentive manner, without due regard for the traffic conditions then existing; and

 (j) Failed to exercise his common law duty of due care for his own safety.

 <u>51</u>. The negligence of the Plaintiff is greater than 50 percent, thus, barring his recovery.  In the event that it is determined that the Plaintiff's negligence is 50 percent or less, then any damages awarded in his favor must be reduced by his proportion of negligence.

### **FOURTH AFFIRMATIVE DEFENSE**:

 <u>52</u>. The plaintiff assumed the risk of his injuries.

**FIFTH AFFIRMATIVE DEFENSE:**

53. The accident was unavoidable.

**SIXTH AFFIRMATIVE DEFENSE:**

54. The injuries alleged by the Plaintiff were not proximately caused by any acts or omissions on the part of the Answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE:**

55. The accident alleged by the Plaintiff was proximately caused by a superceding and/or intervening act, not caused by the Answering Defendant.

**EIGHTH AFFIRMATIVE DEFENSE:**

56. The accident alleged by the Plaintiff was proximately caused by third parties for which the Answering Defendant had no duty to control.

**NINTH AFFIRMATIVE DEFENSE:**

57. The injuries alleged by the Plaintiff were proximately caused by pre-existing and/or subsequent, medical conditions, lifestyles, exposures, accidents and/or other causes that are completely unrelated to the accident at issue or any alleged acts or omissions of the Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE:**

58. The Complaint must be dismissed due to failure to allege, with particularity, the basis for the alleged claim for punitive damages against the Answering Defendant.

**ELEVENTH AFFIRMATIVE DEFENSE:**

59. The accident was proximately caused by a sudden emergency not created by the Answering Defendant.

**TWELFTH AFFIRMATIVE DEFENSE:**

60. The Complaint is barred by waiver and estoppel.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

61. The Plaintiff's claims are barred by the release and waiver he signed on the date in issue, releasing race participants, such as the answering defendant, from all liability, claims and causes of action, a copy of which is attached hereto as Exhibit "A".

**CROSS-CLAIM FOR CONTRIBUTION AND/OR INDEMNIFICATION AGAINST CO-DEFENDANTS, BLUE DIAMOND, LLC, HOUGHTONS AMUSEMENT PARK, LLC, JACK BRADY D/B/A KSR MOTOR SPORTS, AND PARKWAY GRAVEL**

62. In the event that the Answering Defendant is held primarily liable to the Plaintiff, then the alleged wrongful acts of the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports and Parkway Gravel, was a contributing cause of the damages sustained by the Plaintiff, and the Answering Defendant is entitled to contribution in any amount which he may be required to pay to the Plaintiff as a result of the Co-Defendants' wrongful acts based on the relative degrees of fault determined pursuant to the provisions of Delaware's Uniform Contribution Among Tortfeasors Law, 10 Del. C. § 6301, et seq.

63. The Answering Defendant denies that he is liable to the Plaintiff in any respect. However, in the event that the Answering Defendant is held liable to the Plaintiff, then he cross-claims against the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports and Parkway Gravel, on the grounds that the conduct of the Co-Defendants was a primary cause of the damages allegedly sustained by the Plaintiff, and that the Answering Defendant, if liable at all, is only secondarily liable. The Answering Defendant, therefore, is entitled to indemnification from the Co-Defendants.

WHEREFORE, the Answering Defendant demands that the Plaintiff's Complaint be dismissed against him, together with costs of this action or, in the alternative, that he is entitled to contribution and/or indemnification from the Co-Defendants, Blue Diamond, LLC, Houghtons Amusement Park, LLC, Jack Brady individually and d/b/a KSR Motor Sports and Parkway Gravel, together with costs.

TYBOUT, REDFEARN & PELL

/s/ Sherry Ruggiero Fallon
_____
SHERRY RUGGIERO FALLON
Bar ID # 2464
750 South Madison Street #400
P.O. Box 2092
Wilmington, DE 19899-2092
(302) 658-6901
Attorneys for Answering Defendant,
Neal Shoemaker

# EXHIBIT A

# RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT

_Blue Diamond_        _July 3rd 2004_

DESCRIPTION AND LOCATION OF SCHEDULED EVENT(S)     DATE RELEASE SIGNED

IN CONSIDERATION of being permitted to compete, officiate, observe, work for, or participate in any way in the EVENT(S) or being permitted to enter for any purpose any RESTRICTED AREA (defined as any area requiring special authorization, credentials, or permission to enter or any area to which admission by the general public is restricted or prohibited), I, THE UNDERSIGNED, for myself, my personal representatives, heirs, and next of kin:

1. Am a driver, mechanic, pitcrew or other team member, or other participant engaged in racing, and I am not participating in the EVENT(S) or entering the RESTRICTED AREA for recreational purposes.

2. Acknowledge, agree, and represent that I have or will immediately upon entering any of such RESTRICTED AREAS, and will continuously thereafter, inspect the RESTRICTED AREAS which I enter, and I further agree and warrant that, if at any time, I am in or about RESTRICTED AREAS and I feel anything to be unsafe, I will immediately advise the officials of such and if necessary will leave that RESTRICTED AREA.

3. HEREBY RELEASE, WAIVE, DISCHARGE AND COVENANT NOT TO SUE the promoters, participants, racing associations, sanctioning organizations or any subdivision thereof, track operators, track owners, officials, car owners, drivers, pit crews, rescue personnel, any persons in any RESTRICTED AREA, promoters, sponsors, advertisers, owners and lessees of premises used to conduct the EVENT(S), premises and event inspectors, surveyors, underwriters, consultants and others who give recommendations, directions, or instructions or engage in risk evaluation or loss control activities regarding the premises or EVENT(S) and each of them, their directors, officers, agents and employees, all for the purposes herein referred to as "Releasees," FROM ALL LIABILITY TO THE UNDERSIGNED, my personal representatives, assigns, heirs, and next of kin FOR ANY AND ALL LOSS OR DAMAGE, AND ANY CLAIM OR DEMANDS THEREFOR ON ACCOUNT OF INJURY TO THE PERSON OR PROPERTY OR RESULTING IN DEATH OF THE UNDERSIGNED ARISING OUT OF OR RELATED TO THE EVENT(S), WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

4. HEREBY AGREE TO INDEMNIFY AND SAVE AND HOLD HARMLESS the Releasees and each of them FROM ANY LOSS, LIABILITY, DAMAGE, OR COST they may incur arising out of or related to the EVENT(S) WHETHER CAUSED BY THE NEGLIGENCE OF THE RELEASEES OR OTHERWISE.

5. HEREBY ASSUME FULL RESPONSIBILITY FOR ANY RISK OF BODILY INJURY, DEATH OR PROPERTY DAMAGE arising out of or related to the EVENT(S) whether caused by the NEGLIGENCE OF RELEASEES or otherwise.

6. HEREBY acknowledge that THE ACTIVITIES OF THE EVENT(S) ARE VERY DANGEROUS and involve the risk of serious injury and/or death and/or property damage. I, THE UNDERSIGNED, also expressly acknowledge that INJURIES RECEIVED MAY BE COMPOUNDED OR INCREASED BY NEGLIGENT RESCUE OPERATIONS OR PROCEDURES OF THE RELEASEES.

7. HEREBY agree that this Release and Waiver of Liability, Assumption of Risk and Indemnity Agreement extends to all acts of negligence by the Releasees, INCLUDING NEGLIGENT RESCUE OPERATIONS and is intended to be as broad and inclusive as is permitted by the laws of the Province or State in which the Event(s) is/are conducted and that if any portion thereof is held invalid, it is agreed that the balance shall, notwithstanding, continue in full legal force and effect.

I HAVE READ THIS RELEASE AND WAIVER OF LIABILITY, ASSUMPTION OF RISK AND INDEMNITY AGREEMENT, FULLY UNDERSTAND ITS TERMS, UNDERSTAND THAT I HAVE GIVEN UP SUBSTANTIAL RIGHTS BY SIGNING IT, AND HAVE SIGNED IT FREELY AND VOLUNTARILY WITHOUT ANY INDUCEMENT, ASSURANCE OR GUARANTEE BEING MADE TO ME AND INTEND MY SIGNATURE TO BE A COMPLETE AN UNCONDITIONAL RELEASE OF ALL LIABILITY TO THE GREATEST EXTENT ALLOWED BY LAW.

ALL SECTIONS MUST BE COMPLETED.

| PRINT NAME HERE | SIGN NAME HERE | | DUTIES |
|---|---|---|---|
| _Randy Rollison_ | _[signature]_ | 265 | _Sand Drag_ |
| _Thad W___low_ | _[signature]_ | 266 | _Sand Drag_ |
| _Stephen Littleton_ | _[signature]_ | 267 | _Sand Drag_ |
| _Gene Rollison_ | _[signature]_ | 268 | _Sand Drag_ |
| | _[signature]_ | 269 | _Sand Drag_ |

SIGNATURE AND TITLE OF WITNESS      ADDRESS OF WITNESS

CL-29NY (4/96)