IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>Defendants. | C.A. No. 05-535-SLR<br><br>**JURY TRIAL DEMANDED** |
| DARRELL SOUHRADA<br><br>Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated,<br><br>v.<br><br>MONSANTO COMPANY<br><br>Defendant. | C.A. No. 05-535-SLR |
| KENT DUXBURY<br><br>Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated,<br><br>v.<br><br>MONSANTO COMPANY<br><br>Defendant. | C.A. No. 05-535-SLR |

**MONSANTO'S OBJECTIONS TO NOTICE OF RULE 30(B)(6)
DEPOSITION RELATING TO ROUNDUP HERBICIDE**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure defendants Monsanto Company and its named subsidiaries American Seeds Inc., Corn States Hybrid Service, L.L.C., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., DeKalb Seeds, Calgene, L.L.C., Channel Bio Co., NC+ Hybrids, and Seminis Inc., (collectively "Monsanto"), hereby respond and object to Class Plaintiffs American Seed Company, Inc.'s ("American Seed"), Souhrada's, Duxbury's and Johnson's Notice of Rule 30(b)(6) Deposition Relating to Roundup Herbicide (the "Notice").

## GENERAL OBJECTIONS

1.  Monsanto objects to the Notice on the grounds that issues relating to Roundup herbicide are not relevant to this case and are an inappropriate benchmark.

2.  Monsanto objects to the Notice on the grounds that the meanings of many of the specified Topics are vague, ambiguous and overbroad.

3.  Monsanto objects to the Notice on the grounds that the Court specifically bifurcated the class certification issues from merits issues in the case. Many of the specified Topics go primarily, if not solely, to merits issues and, therefore, Monsanto will not produce witnesses going to the merits of this case.

4.  Monsanto objects to the Notice to the extent it is one of multiple Rule 30(b)(6) notices of deposition served by Plaintiffs in this matter concerning class issues.

5.  Monsanto objects to the Notice to the extent that it seeks to impose burdens or obligations inconsistent with, or in excess of, those imposed by the Federal Rules of Civil Procedure and/or by local rule.

6.  Monsanto objects to the Notice to the extent that it seeks information protected from disclosure by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege, protection, or immunity.

7. Monsanto objects to the Notice to the extent that it seeks information that already is possessed by or known by Plaintiffs, that is publicly available, or that is in the sole possession of any third party.

8. Monsanto objects to the Notice to the extent that it seeks to define a "relevant product market" by referring to "Roundup herbicide." Monsanto's use of the term "market" or "relevant product" shall not be construed as an admission that any product or combinations of products constitutes a legally cognizable "relevant product market." Monsanto further objects to the extent it is requested to identify a "market share" of Roundup herbicide as calling for a legal and/or economic conclusion. Market share necessarily implicates an assumption as to a relevant product and geographic market, which are contested legal issues in this litigation and whose precise scope and definition are the subject of expert discovery. In providing answers to any of the Topics identified herein, Monsanto in no way concedes that any such category constitutes a proper antitrust market.

Each of Monsanto's responses, in addition to any specifically stated objections, is subject to and incorporates the foregoing General Objections.

## SPECIFIC OBJECTION AND RESPONSES

Subject to and without waiving its General Objections, Monsanto responds to Plaintiffs' specific Topics as follows:

> **Topic 1.** [D]ata or records maintained by Defendants as to the pricing (including net pricing), gross profit margins, and unit costs realized by Defendants for the sale of its different varieties or types of Roundup herbicide to direct purchasers located throughout the United States since January 1, 2001, including without limitation:
>
> (A) the data produced to Plaintiffs in response to Plaintiffs' First Production of Documents Relating to Class Certification No. 15;
>
> (B) the manner in which such pricing (including net pricing) and unit costs are calculated for sales throughout the United States to direct purchasers;

 (C) the manner in which these gross profit margins are calculated and whether they vary according to where the direct purchaser is located in the United States;

 (D) differences in pricing (including net pricing), gross margins, and unit costs for any different varieties or types of Defendant Roundup herbicide, including without limitation whether these calculations differ where the direct purchaser is located in the United States and other direct purchaser characteristics, including but not limited to purchase volume and time of year of order placement;

 (E) how such pricing (including net pricing), gross profit margins, and unit costs are recorded in any databases, electronic or computer files, or other files maintained by the Defendants.

**Objection:** Monsanto objects to this Topic, including each of the subtopics, on the grounds that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome, and seeks information created prior to July 26, 2001. Monsanto further objects on the grounds that this Topic fails to describe with reasonable particularity the matter on which examination is requested.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding data or records maintained by Monsanto relating to pricing, gross profit margins, and unit costs as they relate to direct purchasers of Roundup herbicide.

 **Topic 2.** [H]ow defendants internally account for any rebates, discounts, or allowances provided to direct purchasers for their different varieties or types of their Roundup herbicide wherever the direct purchaser is located in the United States (whether or not such allowances are authorized nationally, regionally, or locally by Defendant personnel), and how such rebates, discounts, or promotional allowances are recorded in the Defendants' databases, or electronic or computer files, or files.

**Objection:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested.

4

**Response:** Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to rebates, discounts, or allowances provided to direct purchasers of Roundup herbicide.

> **Topic 3.** [P]rograms whereby Defendants provide money, discounts, allowances, or rebates to direct purchasers of their different varieties or types of Roundup herbicide in return for advertising or as compensation for promotional activity (whether the program is implemented nationally, regionally or locally by Defendant personnel), and how such money, discounts, allowances, or rebates are recorded in the Defendants' databases, or electronic or computer files, or files.

**Objections:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto further objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding the accounting for data relating to programs for rebates, discounts, or allowances provided to direct purchasers of Roundup herbicide in return for promotional activity.

> **Topic 4.** [A]ny Defendant contracts, agreements, communications with purchasers of Defendants' varieties or types Roundup herbicide in which payments depend all or in part on the acquisition by the purchaser of Defendants' products, services, or biotechnological traits; or in which the purchaser must acquire exclusively Defendant herbicide, including without limitation when Defendants began or ceased using such contracts or practices.

**Objection:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto also objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, and to the extent Monsanto understands the meaning of the Topic, Monsanto will produce a witness to testify regarding Monsanto's agreements and communications with purchasers of Roundup herbicide.

> **Topic 5.** [D]efendants' market shares on a unit or revenue basis in the markets for the sale of their different types of varieties of Roundup herbicide to direct purchasers.

**Objections:** Monsanto objects to this Topic on the ground that it is vague, ambiguous, overbroad, oppressive, and unduly burdensome. Monsanto also objects on the grounds that the Topic fails to describe with reasonable particularity the matters on which examination is requested. Monsanto further objects to the extent it seeks information that is not relevant to class certification.

**Response:** Subject to and without waiving the foregoing General and Specific Objections, Monsanto will produce a witness to testify on Monsanto's market shares for Roundup herbicide.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter E. Moll<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>(202) 783-0800<br><br>Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>(202) 942-5000<br><br>Dated: March 27, 2006<br>725419 | By: /s/ David E. Moore<br>   Richard L. Horwitz (#2246)<br>   David E. Moore (#3983)<br>   Hercules Plaza, 6th Floor<br>   1313 N. Market Street<br>   Wilmington, DE 19801<br>   Telephone (302) 984-6000<br>   rhorwitz@potteranderson.com<br>   dmoore@potteranderson.com<br><br>*Attorney for MONSANTO COMPANY, AMERICAN SEED, INC. CORN STATES HYBRID SERVICE, INC.,ASGROW SEED CO., HOLDEN FOUNDATION SEEDS, INC., DEKALB SEEDS, CALGENE, L.L.C., CHANNEL BIO CO., NC+ HYBRIDS AND SEMINS, INC.* |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on March 27, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on March 27, 2006, I have sent by Electronically Mailed the foregoing document to the following non-registered participants:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

696607

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607