IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO COMPANY, et al., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) ) ) |
| DARRELL SOUHRADA <br><br> Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated, <br><br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) ) |
| KENT DUXBURY <br><br> Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated, <br><br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) ) |

**DEFENDANT MONSANTO COMPANY'S MEMORANDUM
OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE FIRST AMENDED COMPLAINT**

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: April 10, 2006
727498 / 29369

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ i

TABLE OF AUTHORITIES ........................................................................................................ ii

INTRODUCTION ........................................................................................................................ 1

FACTS .......................................................................................................................................... 1

ARGUMENT ................................................................................................................................ 2

I.    THE COURT SHOULD DENY AMERICAN SEED'S MOTION TO
AMEND BECAUSE IT WOULD UNDULY PREJUDICE MONSANTO ............... 2

    A.    Plaintiff's Attempt to Add an Additional Class Representative At
the Close Of Class Discovery Unduly Prejudices Monsanto ........................... 3

    B.    American Seed's Proposed Amendment Adds Nothing To
American Seed's Case ..................................................................................... 4

II.    AMERICAN SEED'S MOTION TO AMEND IS UNWARRANTED IN
LIGHT OF THE UNDUE DELAY ............................................................................ 5

CONCLUSION ............................................................................................................................. 6

# TABLE OF AUTHORITIES

## CASES

*Cureton v. National Collegiate Athletic Association,*
252 F.3d 267 (3d Cir. 2001) .................................................................................... 3, 5

*East Texas Motor Freight v. Rodriguez,*
431 U.S. 395 (1977) ...................................................................................................... 5

*Foman v. Davis,*
371 U.S. 178 (1962) ............................................................................................ 2, 3, 5

*In re Fine Paper Antitrust Litigation,*
685 F.2d 810 (3d Cir. 1982) ........................................................................................ 3

*In re Urethane Antitrust Litigation,*
232 F.R.D. 681 (D. Kan. 2005) ................................................................................... 4

*McGreevy v. Stroup,*
413 F.3d 359 (3d Cir. 2005) ........................................................................................ 4

*Site Microsurgical Systems, Inc. v. Cooper Cos., Inc.,*
797 F. Supp. 333 (D. Del. 1992) ................................................................................. 2

## STATUTES

Fed. R. Civ. P. 15(a) ................................................................................................ 2, 3

## INTRODUCTION

At the end of class discovery, plaintiff American Seed Co, Inc. ("American Seed") seeks to amend its complaint to include Jeffrey Ellefson as an additional class representative. American Seed offers no reason for the proposed amendment, nor is any reason apparent from its proposed amended complaint. Either American Seed is or is not an adequate class representative. If it is an adequate class representative, then there can be no compelling reason why an amendment at this late date is appropriate. If it is not an adequate representative, then a whole host of other issues arises, not the least of which is how the original complaint was filed before this Court. Nor has American Seed offered any reason for its delay in seeking to amend the complaint to add an additional class representative. An amendment at this late date – with class action discovery completed and with only days before plaintiff's motion for class certification is due – would unduly prejudice Monsanto by requiring the Court to extend fact discovery and forcing Monsanto to conduct additional class discovery while responding to plaintiff's motion for class certification.

## FACTS

On July 26, 2005 – more than eight months ago – American Seed filed this action alleging that Monsanto has engaged in anticompetitive conduct and charged above-competitive prices to direct purchasers of its biotechnological corn seed. American Seed purports to represent four separate classes of persons who purchased directly from Monsanto the following products: (i) glyphosate tolerant corn seed; (ii) European Corn Borer resistant corn seed; (iii) rootworm resistant corn seed; and (iv) corn seed with multiple transgenic, or "stacked" traits. (*See* D.I. 1 – Complt. ¶¶ 52, 58, 64, 70). Both the complaint and the proposed amended complaint allege that American Seed belongs to

and can represent adequately each of the above classes. (*See id.* ¶¶ 54-55, 60-61, 66-67, 72-73; D.I. 82 - Prop. First Am. Complt. ¶¶ 55-56, 61-62, 67-68, 73-74).[1]

Class discovery, which has been open for seven months, is complete. The parties served written discovery requests relating to class certification by November 28, 2005. The Court's scheduling order granted the parties approximately two months – until January 15, 2006 – to respond to those requests. After the close of written discovery, the parties conducted depositions, which are now complete.

The Court's Scheduling Order provides that fact discovery relating to class issues ends on April 12, 2006, and that American Seed must file its class certification motion by April 14, 2006. (D.I. 56.) Monsanto's opposition to the class certification motion is due on June 13, 2005. (D.I. 56.)

On March 22, 2006, American Seed filed the instant motion for leave to amend its complaint to add Jeffrey Ellefson as a class representative. The only explanation for the amendment is that "Mr. Ellefson has purchased corn seed directly from Monsanto" and that he will "assist in the prosecution of the claims." (D.I. 81.)

## ARGUMENT

### I. THE COURT SHOULD DENY AMERICAN SEED'S MOTION TO AMEND BECAUSE IT WOULD UNDULY PREJUDICE MONSANTO

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings and states that "a party may amend the party's pleading by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S.178, 182 (1962). The Federal Rules of Civil Procedure do not permit amendment without restraint. *Site Microsurgical*

---

[1] On January 17, 2006, plaintiff's counsel filed a motion seeking to add David Johnson as a class representative in the Iowa indirect purchaser case. (D.I. 63). Monsanto stipulated to that amendment. (D.I. 61).

2

*Systems, Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 336 (D. Del. 1992). A court should allow amendment only when "justice so requires." Fed. R. Civ. P. 15(a). Moreover, the court should refuse leave to amend where the amendment would result in undue prejudice to the nonmoving party or is the result of undue delay. *Foman*, 371 U.S. at 182 (noting the following examples that warrant denying leave to amend: "undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of the amendment, etc."); *Cureton v. National Collegiate Athletic Association*, 252 F.3d 267, 273 (3d Cir. 2001).

### A. Plaintiff's Attempt to Add an Additional Class Representative At the Close Of Class Discovery Unduly Prejudices Monsanto

An amendment causes undue prejudice when it creates "additional discovery, cost, and preparation to defend against new facts." *Cureton*, 252 F.3d at 272-73. That prejudice increases where the amendment comes so late as to deprive the non-moving party of sufficient time to conduct that discovery to investigate those new facts. *See In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 824 (3d Cir. 1982).

Class discovery, which is scheduled to close two days from now on April 12, 2006, already has been completed. American Seed's motion for class certification is due this Friday – April 14, 2006. The schedule was jointly designed and agreed to between the parties[2] to allow Monsanto, from April 14, 2006 to June 13, 2006, to focus its efforts upon responding to American Seed's motion for class certification and conducting

---

[2] At the February 2006 Discovery Status conference, an issue before the Court was plaintiff's request to extend the class discovery cut off from March 15, 2006 to April 12, 2006. In asking to change this date, plaintiff's counsel noted that the schedule was carefully worked out between the parties: "We're not asking for any other dates to be moved or asking for a ripple effect on that scheduling order that we carefully worked out just a few months ago." (02-06-06 Discovery Status Conf. Hr. Tr. at 5). At no time during the hearing did plaintiff's counsel raise its intention to amend the complaint in an attempt to add another class representative.

3

discovery relating to the expert reports submitted by American Seed and the indirect class purchasers. The schedule was not designed to permit American Seed to belatedly add a class representative. Whether done innocently or tactically, plaintiff's decision to add an additional class representative attempting to represent direct purchasers in four classes across forty-eight states at this point in time unduly prejudices Monsanto's ability to focus on the expert discovery and briefing in opposition to American Seed's class certification motion.

American Seed's assurance that Ellefson was prepared to respond to discovery requests by April 7, 2006 – three days *before* Monsanto's deadline to respond to this motion – and give his deposition the following week, is of no moment. Class discovery will have closed by that point. Further, even disregarding the impractical nature of making Monsanto serve discovery before responding to American Seed's motion, such a schedule does not relieve the prejudice to Monsanto and still requires extending the class discovery period and, importantly, also requires Monsanto to divert resources from its efforts to defend against the class motion and take expert discovery.

**B.    American Seed's Proposed Amendment Adds Nothing To American Seed's Case**

Where the proposed amendment adds nothing to the plaintiff's claim, the amendment should be denied. *See McGreevy v. Stroup*, 413 F.3d 359, 371-72 (3d Cir. 2005) (denying proposed amendment where it did not add to plaintiff's original claim); *see also In re Urethane Antitrust Litigation*, 232 F.R.D. 681, 684 (D. Kan. 2005) (where proposed amendment to complaint added nothing to the merits of the case, *Foman's* principle of liberal amendment was not applicable). Here, American Seed offers no reason for seeking to add an additional class representative. The instant motion does not state American Seed is an inadequate representative. To the contrary, American Seed alleges, in both its original and proposed amended complaints, that it is a member of the proposed classes and that it will adequately represent those classes. (D.I. 1 - Complt. ¶¶

4

54-55, 60-61, 66-67, 72-73; D.I. 82 - Prop. First Am. Complt. ¶¶ 55-56, 61-62, 67-68, 73-74).

American Seed also offers no reason as to why an additional, redundant class representative should be added at the eleventh hour. If American Seed is truly an adequate class representative, then adding Ellefson as a class representative is superfluous. If, on the other hand, American Seed cannot represent one or more of the classes, then a whole host of questions comes to light, including the good faith basis for class counsel to file the original complaint.[3]

## II. AMERICAN SEED'S MOTION TO AMEND IS UNWARRANTED IN LIGHT OF THE UNDUE DELAY

Denial of leave to amend is appropriate when the result of "undue delay." *Foman*, 371 U.S. at 182. Delay becomes undue when it places an unfair burden on the opposing party. *Cureton*, 252 F.3d at 267.

The instant motion comes eight months after American Seed filed its complaint and on the eve of the close of discovery on class certification. It comes three months after plaintiff's counsel first sought, with Monsanto's consent, to amend the Iowa indirect purchaser's class complaint to add a party. Class counsel makes no effort to explain or justify this delay. As noted above, granting that motion at this point in time would deprive Monsanto of the opportunity to investigate Ellefson's adequacy as a class representative and prejudice Monsanto at the most critical stage of any class action, class

---

[3] Even if American Seed does harbor some unstated tactical reason for adding Ellefson, the proposed amended complaint casts doubt on whether Ellefson even belongs to *any* of the proposed classes. The proposed amended complaint alleges only that Ellefson was "an actual *or potential* purchaser of corn seed with biotechnological traits directly from Monsanto." Proposed Am. Complt. ¶ 9 (emphasis added). That complaint, however, defines the classes as direct purchasers of Monsanto seed, not potential purchasers. Complt. ¶¶ 52, 58, 64, 70. If Ellison does not belong to the classes, he cannot represent them. *East Texas Motor Freight v. Rodriguez*, 431 U.S. 395, 403 (1977).

5

certification. Thus, the motion to amend resulted from undue delay and should be denied.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint to add Jeffrey Ellefson should be denied with prejudice.

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: April 10, 2006
727498 / 29369

POTTER ANDERSON & CORROON LLP

By: /s/ David E. Moore
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   P.O. Box 951
   Wilmington, DE 19899
   Tel: (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.*

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on April 10, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on April 10, 2006, I have sent by Electronically Mailed the foregoing document to the following non-registered participants:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

*/s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607