IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. | ) | |
| | ) | |
| Plaintiff, On Behalf Of Itself and Others Similarly Situated, | ) ) ) ) | |
| | ) | C.A. NO. 05-535 |
| v. | ) ) | |
| MONSANTO COMPANY, et al. | ) ) | |

| | | |
|---|---|---|
| DARRELL SOUHRADA and DAVE JOHNSON, | ) ) ) | |
| Plaintiffs, On Behalf of Themselves and Iowa Citizens Similarly Situated, | ) ) ) ) | C.A. NO. 05-535 |
| v. | ) ) | |
| MONSANTO COMPANY | ) ) | |
| Defendant | ) | |

| | | |
|---|---|---|
| KENT DUXBURY | ) ) | |
| Plaintiff, On Behalf of Himself and Minnesota Citizens Similarly Situated, | ) ) ) ) | C.A. NO. 05-535 |
| v. | ) ) | |
| MONSANTO COMPANY | ) ) | |
| Defendant | ) | |

**DECLARATION OF R. STEPHEN BERRY
IN SUPPORT OF CLASS CERTIFICATION**

R. Stephen Berry declares and states as follows:

1. I am over eighteen years of age and have personal knowledge of the matters contained herein.

2. I am a member of the bars of the District of Columbia, of the Commonwealth of Pennsylvania, and of the U.S. District Courts for the District of Columbia and the Eastern District of Texas. I was trained at the University of Pennsylvania and Princeton University in law and economics, and hold a Juris Doctor degree and two master degrees in economics. My economics specialization was industrial organization and antitrust. I then clerked on the United States Court of Appeals for the Third Circuit.

3. I have served in the United States Department of Justice, in the Office of Improvements in Administration of Justice, in Washington, D.C., where I had principal staff responsibility for the Department's comprehensive study of Fed. R. Civ. P. 23 (on class action litigation) and for the Department's recommendations as to legislation for the purpose of revising class action procedure under the supervision of Attorney General Griffin Bell and Assistant Attorney General Daniel Meador. *See* Berry, *Ending Substance's Indenture to Procedure: The Imperative for Comprehensive Revision of the Class Damage Action*, 80 Colum. L. Rev. 299 (1980).

4. I have more than twenty years experience in legal practice. My practice has focused primarily on antitrust litigation and counseling for a variety of clients as well as class action procedure. In the antitrust class action, *R & D Business Systems v. Xerox Corp.*, Civ. Action No. 2-92CV042, U.S. District Court for the Eastern District of Texas, I was one of the lead counsel for the two plaintiff classes, which consisted of the class of independent service companies that serviced high-volume Xerox photocopiers and printers, and the class of end users of high-volume Xerox

2

photocopiers and printers. In that case, the classes alleged that Xerox had unlawfully restrained the market for the sale and service of parts for high-volume photocopiers and printers. The case concluded in a settlement worth in excess of $230 million. I also represented, with other counsel, Gulf Oil Corporation in the antitrust class action *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434 (3d Cir. 1977)

5.   My firm and I are serving on the class counsel steering committee in *Lingo et al. v. Microsoft Corp.*, in California Superior Court in San Francisco, representing certified classes of California residents seeking class relief from monopoly overcharges in the sale of Microsoft operating system, word processing and spreadsheet software sold with personal computers in California since mid-1994. This case originated when our firm, in conjunction with co-counsel, filed the original *Lingo* action in 1999; months later, the U.S. District Court entered an antitrust judgment against Microsoft and dozens of other cases were filed. All California cases were consolidated, a steering committee was formed, and the *Lingo* complaint was adopted as the operative complaint by all plaintiffs. In 2004, the Superior Court in San Francisco gave final approval to a class settlement whereby Microsoft agreed to provide as many as 13 million California businesses and consumers (purchasers of Microsoft operating system and application software) vouchers worth (as determined by the Court) at least $730 million that can be used to buy desktop computer hardware or software from any vendor, including Microsoft's rivals. This is estimated to be the largest class settlement in California history.

6.   In *Bradburn Parent/Teacher Store, Inc. v. 3M*, pending in the U.S. District Court for the Eastern District of Pennsylvania, my firm and I represent a certified class of companies that are direct purchasers of transparent and invisible tape from 3M, the maker of Scotch brand tape, in a

3

case alleging that 3M used anticompetitive bundling agreements to monopolize the market for such tape.

7. In *Office Outfitters, Inc. et al. v. the General Electric Company, p.l.c.*, et al., in the U.S. District Court for the Eastern District of Texas, my firm and I represented classes of current and former A. B. Dick Company distributors alleging fraud, RICO, antitrust and contract claims against A.B. Dick and its former parent companies, including GE, p.l.c., a corporation headquartered in London, England. The case was resolved with a settlement under which both damages and injunctive relief were provided to the classes.

8. In *Glynn-Brunswick Memorial Hospital Authority v. General Electric Co.*, in the U.S. District Court for the Southern District of Georgia, my firm and I represented classes of hospitals and medical centers that had purchased service from General Electric for GE-brand computed tomography (CT) and magnetic resonance imaging (MRI) equipment. In that case, plaintiff alleged that GE had unlawfully monopolized and restrained trade in the markets for service of such equipment. That case was resolved with a settlement under which both damages and injunctive relief were provided to the classes.

9. In *Morelock Enterprises, Inc. v. Weyerhaeuser Co.*, in the U.S. District Court for the District of Oregon, my firm and I are representing a certified class of all persons in the United States directly purchasing from the Weyerhaeuser Company finished alder lumber between April 28, 2000 and the present. That case involved claims that Weyerhaeuser has monopolized the relevant market for finished alder lumber.

10. Both my firm (Berry & Leftwich) and I, as well as all of the members of my firm, have received an "AV" rating from Martindale-Hubbell. Martindale-Hubbell describes its rating

system as follows: "Martindale-Hubbell is the facilitator of a peer review process that rates lawyers. Ratings reflect the confidential opinions of members of the Bar and the Judiciary. Martindale-Hubbell (TM) Ratings fall into two categories-legal ability and general ethical standards. Legal Ability Ratings are: C: Good to High; B: High to Very High; A: Very High to Pre-eminent. There is one General Ethical Standards Rating - V or Very High - and an attorney must receive it in order to be rated. CV, BV, and AV are registered certification marks of Reed Elsevier Properties Inc., used in accordance with the Martindale-Hubbell certification procedure standards and policies."

I declare under penalty of perjury that the foregoing is true and correct. Executed on April 14, 2006.

_____
R. STEPHEN BERRY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 17th day of April 2006, two copies of the foregoing **DECLARATION OF R. STEPHEN BERRY IN SUPPORT OF CLASS CERTIFICATION** were caused to be served via hand delivery on the following:

Richard L. Horwitz
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801

_____
Joelle E. Polesky (I.D. No. 3694)

10013326.WPD