IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC., | ) | |
| | ) | |
| Plaintiff, On Behalf of Itself and Others Similarly Situated, | ) ) ) ) | |
| | ) | C.A. No. 05-535-SLR |
| v. | ) ) | |
| MONSANTO COMPANY, | ) ) | |
| Monsanto Controlled Subsidiaries: | ) ) | |
| AMERICAN SEEDS INC., CORN STATES HYBRID SERVICE INC. ASGROW SEED CO., INC., HOLDEN FOUNDATION SEEDS, INC., DEKALB SEEDS, CALGENE, L.L.C., CHANNEL BIO CO., NC+ HYBRIDS, SEMINIS INC., | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| DARRELL SOUHRADA, and DAVE JOHNSON, | ) ) ) | |
| | ) | C.A. No. 05-535-SLR |
| Plaintiffs, On Behalf of Themselves and Iowa Citizens Similarly Situated, | ) ) ) ) | |
| v. | ) ) | |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) ) | |

10013350.WPD

| | |
|---|---|
| KENT DUXBURY,            Plaintiff, On Behalf of Itself and Minnesota Citizens Similarly Situated,            v.            MONSANTO COMPANY,            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-535-SLR<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT IN *AMERICAN SEED CO., INC. V. MONSANTO CO., ET AL.* C.A. NO. 05-535

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com
Attorneys for Plaintiffs

Dated: April 17, 2005

10013350.WPD

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CITATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.   GRANTING PLAINTIFF'S MOTION WILL NOT
     UNDULY PREJUDICE MONSANTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  THE ADDITION OF MR. ELLEFSON WILL ASSIST
     PLAINTIFF IN THE PROSECUTION OF THE CLASS CLAIMS . . . . . . . . . . 4

III. PLAINTIFF'S MOTION IS TIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

# TABLE OF CITATIONS

Page

**Cases**

*Ceisler v. First Pa. Corp.*, No. 89-9234, 1991 WL 83108
(E.D. Pa. May 13, 1991) .................................................. 3

*Cureton v. NCAA*, 252 F.3d 267 (3d Cir. 2001) ............................... 1, 6

*Deutschman v. Beneficial Corp.*, 132 F.R.D. 359 (D. Del. 1990) .................. 5

*Gibbs v. Titelman*, 369 F. Supp. 38 (E.D. Pa. 1973) ............................ 5

*Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552 (D. Del. 2006) ............ 1

*N.A.I.F. Inc. v. Snyder*, No. 03-506, 2005 WL 735554 (D. Del. Mar. 30, 2005) ....... 4

**Statutes and Rules**

Fed. R. Civ. P. 15(a) ...................................................... 1

**Other Authorities**

2 Alba Conte & Herbert B. Newberg, *Newberg On Class Actions*, § 6:3 (4th ed. 2002) . 5

## INTRODUCTION

This case is an antitrust action brought by Plaintiff American Seed Company, Inc. ("American Seed"), alleging that Defendants Monsanto Company and its named subsidiaries ("Monsanto") have unlawfully maintained monopolies in the markets for four types of biotechnological corn seed. On March 22, 2006, nearly five months before the deadline for parties to move to join other parties or amend the pleadings, American Seed filed this motion to amend its Complaint to add an additional class representative, Jerry Ellefson. Mr. Ellefson, a farmer who resides in Flandreau, South Dakota, has purchased all four Monsanto products at issue. Notwithstanding the liberal amendment standards embodied in the Federal Rules of Civil Procedure, Monsanto argues that Plaintiff's motion should be denied. Monsanto offers three arguments in opposition, none of which has merit. For the reasons set forth below and in Plaintiff's opening brief, Plaintiff's motion should be granted.

## ARGUMENT

### I. GRANTING PLAINTIFF'S MOTION WILL NOT UNDULY PREJUDICE MONSANTO

Under Rule 15, motions to amend shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). Under normal circumstances, motions to amend should be granted absent a showing of "substantial or undue prejudice to the non-moving party." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) ("[L]eave to supplement should be granted unless it causes undue delay or undue prejudice.") Hinting at the heavy burden it carries, Monsanto

argues that it will suffer undue prejudice as a result of Mr. Ellefson's addition to Plaintiff's Complaint. Specifically, Monsanto claims that granting the amendment will force Monsanto to "divert resources from its efforts to defend against the class motion and take expert discovery," and that this diversion of resources will constitute undue prejudice. (D.I. 94 at 4.) This claim is without merit.

The addition of Mr. Ellefson to this case will not change the factual allegations of Plaintiff's Complaint. Thus, the only burden placed on Monsanto as a result of Mr. Ellefson's addition will be the need to review Mr. Ellefson's discovery responses and take his deposition. In its original motion filed March 22, 2006, Plaintiff stated that Mr. Ellefson was prepared to respond to Monsanto's discovery requests on April 7, 2006. Consistent with this statement, Mr. Ellefson served responses to Monsanto's Interrogatories and Document Requests Regarding Class Issues on that date.[1] In addition, Plaintiff stated that Mr. Ellefson would be available to have his deposition taken the week of April 10, 2006, or any week thereafter, as suits Monsanto's schedule. Although Monsanto has not yet noticed his deposition, Mr. Ellefson remains available to have his deposition taken upon adequate notice.

Thus, any burden on Monsanto as a result of Plaintiff's proposed amendment will be minimal. As explained above, Mr. Ellefson has already answered Monsanto's discovery

---

[1] Monsanto served identical discovery requests on the four current class representatives (with the exception of four document requests tailored to American Seed, the only retailer in this action); it is difficult to imagine that it would have served separate requests on Mr. Ellefson. Regardless, if Monsanto would like to serve separate discovery on Mr. Ellefson, he is prepared to respond quickly.

requests. In response to Monsanto's Request for the Production of Documents Regarding Class Issues, Mr. Ellefson produced a total of approximately 800 documents, containing 1,542 pages. In comparison, Monsanto has produced – and Plaintiff's attorneys have reviewed – over one million pages. Clearly, Monsanto has the resources to review such a small production of documents as Mr. Ellefson's.

Furthermore, within the last month, Monsanto has taken the depositions of the four current class representatives. The final such deposition was taken on March 31, 2006, nine days after Plaintiff filed this motion. As a review of the relevant transcripts shows, Monsanto's attorneys asked largely identical questions at each of those depositions. Beyond reviewing Mr. Ellefson's documents, it will take little additional effort for Monsanto's attorneys to prepare for his deposition.

As the District Court for the Eastern District of Pennsylvania has recognized, minimal discovery burdens do not justify the denial of a Rule 15 motion to add a class representative. *See Ceisler v. First Pennsylvania Corp.*, No. 89-9234, 1991 WL 83108 (E.D. Pa. May 13, 1991). In *Ceisler*, the court rejected an argument virtually identical to that made by Monsanto in this case. It observed, "Defendants have not cited a case wherein moderately increased discovery costs served to deny a motion seeking to add a class action party plaintiff." *Id.* at *3. The same is true here: Monsanto has identified no decision wherein a court rejected a Rule 15 motion to add an additional class representative on the ground that doing so would minimally increase defendant's discovery burden.

Monsanto's claims of prejudice are further undercut by the fact that fourteen separate attorneys have now entered appearances on behalf of Defendants (including twelve attorneys from Defendants' lead firm, Howrey LLP, who have entered appearances *pro hac vice*), and four additional attorneys who have not entered appearances are listed on Defendants' Memorandum of Law in opposition to Plaintiff's motion. Furthermore, while Plaintiff recognizes that Monsanto will wish to devote significant time and effort to preparing its opposition to Plaintiff's motion for class certification, the current schedule gives Monsanto until June 16, 2006, to conduct expert discovery and draft its brief. Monsanto's response to the class certification motion will be due a full eighty-six days after the filing of this motion. It is difficult to imagine that the addition of Mr. Ellefson as a class representative will create any meaningful burden for Monsanto, let alone the "substantial or undue prejudice" necessary to justify denying Plaintiff's motion. *See N.A.I.F. Inc. v. Snyder*, No. 03-506, 2005 WL 735554, at *2 (D. Del. Mar. 30, 2005) (rejecting argument that amendment would cause defendants undue prejudice, even though motion to amend was filed after defendants had moved for summary judgment).

II. **THE ADDITION OF MR. ELLEFSON WILL ASSIST PLAINTIFF IN THE PROSECUTION OF THE CLASS CLAIMS**

Monsanto argues that Plaintiff's motion should be denied because Mr. Ellefson will "add nothing" to Plaintiff's claims. (D.I. 94 at 4.) Under Monsanto's logic, an adequate class plaintiff should never be permitted to amend his or her complaint to add additional class representatives; such amendments, according to Monsanto, are by definition

"superfluous." (D.I. 94 at 5.) Contrary to Monsanto's claims, courts and commentators have long recognized that class actions benefit from multiple class representatives. As this Court has found, the addition of a second class representative, even where the first is found to be adequate, "will benefit the class." *See Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990). Among other justifications, allowing the addition of a second class representative "protect[s] the interests of the class from defenses applying solely to [the initial] class representative." *See id.* The District Court for the Eastern District of Pennsylvania has similarly recognized that granting a Rule 15(a) motion to add additional class representatives has the benefit of "provid[ing] the Court with a greater variety of factual situations." *See Gibbs v. Titelman*, 369 F. Supp. 38, 53 (E.D. Pa. 1973). Furthermore, as a leading commentator has observed, "If any question arises concerning disparate interests among class members, the presence of several class representatives may present a more representative phalanx on behalf of the class." 2 Newberg on Class Actions § 6:3 (4th ed. 2002).

Mr. Ellefson has purchased all four Monsanto products at issue (glyphosate-tolerant corn seed, European corn-borer resistant corn seed, corn rootworm-resistant corn seed, and corn seed with stacked traits) during the relevant time period.[2] *See* Declaration of Jerry Ellefson at 2 (Exh. A hereto). Like American Seed, he will vigorously represent the interests

---

[2]Although the proposed Complaint refers to Mr. Ellefson as an "actual or potential purchaser," D.I. 81, Ex. A, ¶ 9, he has purchased all four products at issue, as set forth in his attached declaration.

of the class. Although both have suffered the same basic injury as a result of Monsanto's monopolization, Mr. Ellefson's background as a farmer presents the Court with a slightly different factual situation from that presented by American Seed. For these reasons, his addition as a class representative will benefit the class in the prosecution of its claims against Monsanto.

### III.  PLAINTIFF'S MOTION IS TIMELY

Monsanto finally argues that the Court should deny Plaintiff's motion because it was filed "at the eleventh hour" and "on the eve of the close of discovery on class certification." (D.I. 94 at 5.) Putting aside the fact that the Third Circuit has held that "delay alone is an insufficient ground to deny leave to amend," *Cureton*, 252 F.3d at 273, Monsanto's assertions are false. Plaintiff first contacted Monsanto's counsel by facsimile and letter on March 14, 2006, to inquire whether Monsanto would oppose the addition of Mr. Ellefson as a class representative. *See* Letter from S. Benz to J. Rosenthal (Mar. 14, 2006) (Exh. B hereto). Thus, Monsanto had notice that Plaintiff wished to add Mr. Ellefson to its Complaint a full month before the deadline for Plaintiff to file its motion for class certification, and twenty-nine days prior to the close of class discovery. In its letter, Plaintiff's counsel asked Monsanto to respond by March 17, 2006. Monsanto failed to do so. Plaintiff did not receive an answer until March 21, 2006, when, at a deposition, Plaintiff's counsel asked Monsanto's attorney directly whether Monsanto would be opposing the addition of Mr. Ellefson. At that time, Monsanto's counsel informed Plaintiff's counsel that Monsanto would oppose Mr. Ellefson's addition. Plaintiff filed this motion the

following day, offering to produce Mr. Ellefson's discovery responses by April 7, 2006, and to make Mr. Ellefson available for deposition as early as the week of April 10, 2006.

Moreover, notwithstanding Monsanto's claims that Plaintiff has filed this motion late in the process, the Scheduling Order entered by the Court in this matter gives Plaintiff until August 15, 2006, to move to join other parties or amend its Complaint. (D.I. 56 at 8.) ("All motions to join other parties or amend the pleadings shall be filed on or before August 15, 2006."). A motion filed five months before the Court's deadline is plainly timely.

## CONCLUSION

For the above reasons, Plaintiff's motion to amend its Complaint to add Jerry Ellefson as an additional class representative should be granted.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com
Attorneys for Plaintiff

Dated: April 17, 2006

OF COUNSEL:

| | |
|---|---|
| KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL P.L.L.C.<br>Steven F. Benz<br>Ronald L. Lord<br>Michael J. Fischer<br>Michael S. Zuckman<br>1615 M St., N.W., Suite 400<br>Washington, D.C. 20036<br>Telephone: (202) 326-7900<br>Facsimile: (202) 326-7999 | BERRY & LEFTWICH<br>R. Stephen Berry<br>J. Daniel Leftwich<br>Gregory Baruch<br>1717 Pennsylvania Ave. NW, Suite 450<br>Washington, D.C. 20006<br>Telephone: (202) 296-3020<br>Facsimile: (202) 296-3038 |