IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MONSANTO COMPANY, et al.,<br><br>Defendants. | C.A. No. 05-535-SLR<br><br>**JURY TRIAL DEMANDED** |
| DARRELL SOUHRADA<br><br>Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | C.A. No. 05-535-SLR |
| KENT DUXBURY<br><br>Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated,<br><br>v.<br><br>MONSANTO COMPANY,<br><br>Defendant. | C.A. No. 05-535-SLR |

### NOTICE OF SUBPOENA AD TESTIFICANDUM & DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and the attached subpoena and accompanying schedule, which has been

served via hand delivery and email on Plaintiffs' counsel, Plaintiffs will take the, Plaintiffs will take the deposition upon oral examination of Dr. William H. Lesser on May 22, 2006, commencing at 9:00 a.m. at Statler Hotel, 130 Statler Drive, Cornell University, Ithaca, NY 15480. The deposition will be recorded by videotape and by stenographic means. You are invited to attend and cross-examine.

PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and the attached subpoena and accompanying schedule, which has been served via hand delivery and email on Plaintiffs' counsel, Dr. William H. Lesser also has been commanded to produce documents for copying or inspection on May 18, 2006, at the offices of Thaler & Thaler, Attn: Richard T. John, Esq., 309 N. Tioga Street, Ithaca, NY 14851-0266.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: May 16, 2006
732484 / 29369

By: /s/ Richard L. Horwitz
   Richard L. Horwitz (#2246)
   David E. Moore (#3983)
   Hercules Plaza, 6th Floor
   P. O. Box 951
   Wilmington, DE 19899
   Tel: (302) 984-6000
   rhorwitz@potteranderson.com
   dmoore@potteranderson.com

*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.*

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

| Northern | DISTRICT OF | New York |

American Seed Co., Inc., et al.  
V.  
Mansanto Co., et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] C.A. No. 05-535 SLR
in the District of Delaware

TO: Dr. William H. Lesser  
406 Coddington Road  
Ithaca, NY 14850

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Statler Hotel, 130 Statler Drive, Cornell University, Ithaca, NY 15480  Four Seasons Room | 5/22/2006 9:00 am |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attachment A

| PLACE | DATE AND TIME |
|---|---|
| Thaler & Thaler, Attn: Richard T. John, Esq.  309 N. Tioga Street, Ithaca, NY 14851-0266 | 5/18/2006 5:00 pm. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *William DeVinney*, ATTORNEY FOR DEFENDANT | 5/15/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER  
William DeVinney    (202) 383-7054  
1299 Pennsylvania Avenue, N.W.  
Washington, D.C. 20004

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | May 15, 2006 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| R Stephen Berry | Email and Courier |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| William DeVinney | Associate, attorney for Defendants |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  May 15, 2006
                        DATE

William DeVinney
SIGNATURE OF SERVER

1299 Pennsylvania Avenue, NW
ADDRESS OF SERVER
Washington, DC 20004

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

# ATTACHMENT A TO SUBPOENA FROM MONSANTO COMPANY TO DR. WILLIAM H. LESSER

## DEFINITIONS

A.  "Plaintiffs" means named plaintiffs Amercian Seed Co. Inc., Darrell Souhrada, Kent Duxbury, and Dave Johnson, including without limitations, past and present officers, directors, agents, employees, consultants, attorneys and other acting or purporting to act on their behalf, and including their predecessor(s), subsidiaries, parents, and affiliates.

B.  "Monsanto" or "Defendant" means Monsanto Co., including without limitations its past and present officers, directors, agents, employees, consultants, attorneys and other acting or purporting to act on its behalf, and including its predecessor(s), subsidiaries, parents, and affiliates.

C.  "You" means William H. Lesser and any person or entity acting on your behalf.

D.  "Person" means any individual or firm, association, organization, joint venture, trust, partnership, corporation, or other collective organization or entity.

E.  "Entity" means any person.

F.  The word "Document" is used in its broadest sense to include everything that is contemplated by Federal Rules of Civil Procedure 26 and 34 including, without limitation, documents stored in electronic form, such as electronic mail, and documents stored on any media accessible by electronic means. A comment or notation appearing on any Document and otherwise responsive to a request is to be considered a separate Document.

G.  "Including" means including, but not limited to.

1

H.  "Declaration" means the "Declaration of William H. Lesser," and all attachments thereto, submitted in support of plaintiffs' motion for class certification in *American Seed, et al. v. Monsanto Co., et al.*, No. 05-535, in the United States District Court for the District of Delaware.

I.  "Syngenta" means Syngenta Seeds, Inc., its predecessors, successors, subsidiaries, affiliates and each of its present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on its behalf, including but not limited to Syngenta AG, Syngenta Biotechnology, Inc., Golden Harvest Seeds, Inc., Garst Seed Company, Advanta B.V., Advanta Seeds, CHS Research, Inc. and GreenLeaf Genetics.

J.  "Pioneer" means Pioneer Hi-Bred International, Inc., its predecessors, successors, subsidiaries and affiliates, and each of its present and former officers, directors, managers, employees, agents, and all other persons acting or purporting to act on its behalf.

## **INSTRUCTIONS**

A.   When producing a Document, indicate the paragraph of this Attachment A to which that Document is responsive.

B.   Electronic records and computerized information must be produced in an intelligible format or together with a description of the system for m which it was derived sufficient to permit rendering the materials intelligible.

C.   In producing Documents, furnish all Documents known or available to you.

D.   File folders with tabs or labels identifying documents called for by this Request must be produced intact with such Documents.

E.   Selection of Documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

F.   Documents attached to each other must not be separated.

G.   Should you seek to withhold any Document based on some limitation of discovery (including privilege), you must supply a list of the Documents for which limitation of discovery is claimed, indicating:

   1.   The identity(ies) of each document's author(s), writer(s), sender(s), or initiator(s);

   2.   The identity(ies) of each document's recipient(s), addressee(s), or party(ies) for whom it was intended;

   3.   The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

3

10005280.WPD

4. The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

5. The claimed grounds for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

I. If you propound any written answers to the requests in Attachment A, repeat verbatim, immediately before each answer, the request being answered.

J. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

K. The use of the singular form of any word includes the plural and vice versa.

L. Should you deem the contents of any Document to be confidential, you shall so designate such Documents. Pursuant to the local rules and orders applicable in this case and the Stipulated Amended Protective Order, such Documents must be produced or provided. The use of such Documents shall be restricted as provided under the Stipulated Amended Protective Order.

M. As agreed in the Stipulation and Agreement Pertaining to Expert Discovery, dated January 9, 2006, these requests do not demand:

(a) Draft reports; or

(b) Any oral or written communication between and expert witness and (i) the expert's assistants, clerical or support staff or (ii) attorneys for the party offering the testimony of such expert witness, unless the expert witness is relying upon the aforementioned communications as part of his or her opinions in this matter.

## DOCUMENT REQUESTS

You are requested to produce and permit inspection and copying of any and all of the following documents and things under your control at the time and place noted on the attached subpoena:

1. All documents that you analyzed, considered, reviewed, or read, in order to "identify products sufficiently economically comparable to the relevant biotechnology corn products at issue whose gross margins and pricing are reasonable predictors of Monsanto margins and pricing on the relevant products in the absence of its alleged monopolization and which are untainted by the exclusionary conduct alleged." Lesser Decl. at 5.

2. All documents that you analyzed, considered, reviewed, or read, in order to "assure [yourself] that the Monsanto gross margin and other data in the benchmark markets exist and are recorded by Monsanto or others so that they may be used in Dr. Kamien's formula." *Id.*

3. All documents that you analyzed, considered, reviewed, or read, in order to "assure [yourself] that unit cost and other data exist and are recorded by Monsanto as to the relevant biotechnology seed products for use in his benchmarking analysis." *Id.*

4. All documents that you analyzed, consider, reviewed, or read that are related to your statement that "From class discovery, it does not appear to me that these products, and their gross margins and pricing, have been tainted, that is, competition in their wholesale markets has not been suppressed by Monsanto exclusionary conduct of the sort alleged in the complaints." Lesser Decl. at 6.

5. All documents that you analyzed, considered, reviewed, or read, that relate to your statement that "the pricing and margins of Monsanto YieldGard corn borer seed sold by Monsanto from 2003 through at least 2005 in Spain offer excellent predictors of such pricing and margins in the United States for Monsanto YieldGard corn borer (and other relevant biotechnology products), if the alleged Monsanto monopolization had never occurred." Lesser Decl. at 7.

6. All documents that you analyzed, considered, reviewed, or read, that are related to your conclusion that sales of Pioneer's corn seed containing the licensed YieldGard corn borer trait, for two or three unidentified years, provides an adequate benchmark for Monsanto's pricing and margins in subsequent years. Lesser Decl. at 9-11.

7. All documents that you analyzed, considered, reviewed, or read, that relate to your assertion that Pioneer's "corn borer seed with a licensed Bt technology" is "essentially equivalent to Monsanto's branded corn borer seed." Lesser Decl. at 10.

8. All documents that you analyzed, considered, reviewed, or read, that relate to other potential benchmarks that you did not include in your Declaration, or that relate to any decision not to use those potential benchmarks.

9. All documents not identified in your "Declaration of William H. Lesser," that you analyzed, considered, reviewed, or read, that relate to your Declaration.

10. All communications with any person or entity affiliated in any way with Pioneer, and any notes related to those communications, related to this case or your Declaration.

11. All communications with any person or entity affiliated in any way with Syngenta, and any notes related to those communications, related to this case or your Declaration.

12. All communications with any third party, including but not limited to, growers, retailers, dealers, seed companies, foundation seed companies, or combination thereof, regarding this case or your Declaration, and any notes related to those communications.

13. All agreements, including but not limited to retainer agreements, between you and Plaintiffs or Plaintiffs' counsel in connection with this case.

14. All records and invoices for services provided by you in connection with this case, including summaries of the services performed.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on May 16, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on May 16, 2006, I have sent by Electronically Mailed the foregoing document to the following non-registered participants:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

/s/ Richard L. Horwitz
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607