IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC., | ) | |
| | ) | |
| Plaintiff, On Behalf of Itself | ) | |
| and Others Similarly | ) | |
| Situated, | ) | |
| | ) | C.A. No. 05-535-SLR |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Monsanto Controlled Subsidiaries: | ) | |
| | ) | |
| AMERICAN SEEDS INC., | ) | |
| CORN STATES HYBRID, | ) | |
|   SERVICE INC. | ) | |
| ASGROW SEED CO., INC., | ) | |
| HOLDEN FOUNDATION SEEDS, INC., | ) | |
| DEKALB SEEDS, | ) | |
| CALGENE, L.L.C., | ) | |
| CHANNEL BIO CO., | ) | |
| NC+ HYBRIDS, | ) | |
| SEMINIS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| DARRELL SOUHRADA, and | ) | |
| DAVE JOHNSON, | ) | |
| | ) | C.A. No. 05-535-SLR |
| Plaintiffs, On Behalf of Themselves | ) | |
| and Iowa Citizens Similarly | ) | |
| Situated, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

|  |  |
|---|---|
| KENT DUXBURY )<br>)<br>Plaintiff, On Behalf of Itself )<br>and Minnesota Citizens )<br>Similarly Situated, )<br>)<br>v. )<br>)<br>MONSANTO COMPANY, )<br>)<br>Defendant. )<br>) | C.A. No. 05-535-SLR |

## BRIEF IN SUPPORT OF MOTION FOR
## LEAVE TO FILE FIRST AMENDED COMPLAINT IN
## *DUXBURY V. MONSANTO CO.*, C.A. NO. 05-535

                                        SMITH, KATZENSTEIN & FURLOW LLP
                                        Joelle E. Polesky (ID No. 3694)
                                        800 Delaware Avenue, 7th Floor
                                        P.O. Box 410
                                        Wilmington, DE 19899 (Courier 19801)
                                        Telephone: 302-652-8400
                                        Facsimile: 302-652-8405
                                        E-mail: jpolesky@skfdelaware.com

                                        Attorneys for Plaintiffs

Dated: May 24, 2006

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................................................ii

NATURE AND STAGE OF PROCEEDINGS .......................................................................1

STATEMENT OF FACTS ......................................................................................................2

SUMMARY OF ARGUMENT ...............................................................................................3

ARGUMENT ...........................................................................................................................4

    I.    Since There Is No Undue Delay, This Motion Should Be Granted ..........................................................................................4

CONCLUSION ........................................................................................................................5

# TABLE OF AUTHORITIES

**Cases**                                                 **Page(s)**

*Foman v. Davis*,
    371 U.S. 178 (1962)..................................................................................4

*In re Burlington Coat Factory Sec. Litig.*,
    114 F.3d 1410 (3d Cir.1997).......................................................................4

**Statutes and Other Authorities**

15 U.S.C. § 2 ..............................................................................................1

15 U.S.C. §15(a)..........................................................................................1

15 U.S.C. §26 ..............................................................................................1

FED. R. CIV. P. 15(a)..................................................................................3, 4

## NATURE AND STAGE OF PROCEEDINGS

This case is an antitrust action arising under Section 2 of the Sherman Act (15 U.S.C. § 2) and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§15(a) and 26). American Seed Co., Inc. ("American Seed") filed its Complaint on July 26, 2005 (D.I. 1). On July 29, 2005, Plaintiffs Darrell Souhrada and Kent Duxbury moved for leave to file Complaints in Intervention on behalf of Minnesota and Iowa citizens, respectively (D.I. 13). Both motions were granted, and Souhrada and Duxbury filed Complaints in Intervention on November 15, 2005 (D.I. 45 and 46). Defendants answered American Seed's Complaint on August 25, 2005 (D.I. 24), and answered Duxbury's and Souhrada's Complaints in Intervention on November 29, 2005 (D.I. 50 and 51). On January 19, 2006, the Court granted Plaintiffs' unopposed motion to amend the Complaint in Intervention on Behalf of Iowa Citizens to add Plaintiff Dave Johnson as an additional class representative (D.I. 61).

On March 22, 2006, plaintiffs filed a motion for leave to amend the complaint filed in *American Seed Co., Inc. v. Monsanto Co., et al* (D.I. 81). On April 10, 2006, defendants filed their opposition to plaintiffs' motion (D.I. 94) and, on April 17, 2006, plaintiffs filed their reply (D.I. 106). On April 17, 2006, pursuant to the Court's Scheduling Order (D.I. 56), plaintiffs filed their motion for class certification (D.I. 96). Defendants' response is due July 3, 2006.

1

## STATEMENT OF FACTS

The motion seeks leave of the Court to amend the Complaint to add an additional proposed Class representative, Benjamin Rein, to assist in the prosecution of the claims. The Complaint alleges that Monsanto and Monsanto Controlled Subsidiaries (hereinafter "Monsanto") have unlawfully maintained monopolies in the four relevant product markets set out in the Complaint using exclusive dealing and "bundling" agreements (¶¶ 91-122). Mr. Rein has purchased corn seed from Monsanto, and, for the reasons set forth in Plaintiffs' proposed Amended Complaint, is an adequate representative of the classes. (See Proposed First Amended Complaint at ¶9) (Attached as Exhibit A to Motion for Leave to File First Amended Complaint)).

## SUMMARY OF ARGUMENT

Under Fed. R. Civ. P. 15(a), leave to amend shall be freely granted. Plaintiffs have recently filed their motion for class certification, and defendants currently have until July 3, 2006, to file a response. Mr. Rein will respond to defendants' discovery requests and make himself available for deposition well in advance of this deadline. Plaintiffs' proposed amended complaint will not alter the claims or issues presented by this case; rather, it will simply add an additional class representative who has purchased all four of the products at issue and thus is an adequate representative of all four proposed classes. As a result, defendants will not be prejudiced if the motion is granted.

## ARGUMENT

### I. Since There Is No Undue Delay, This Motion Should Be Granted

Under Fed. R. Civ. P. 15(a) leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has emphasized that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

The initial complaint was filed on July 26, 2005 (D.I. 1), and the motion for leave to intervene on behalf of a class on Minnesota purchasers was filed three days later (D.I. 13). Plaintiffs filed their motion for class certification on April 17, 2006 (D.I. 96). Defendants' response is not due until July 3, 2006. Mr. Rein is prepared to respond fully to Monsanto's Interrogatories and Requests for the Production of Documents by May 29, 2006, and is prepared to make himself available for deposition during the week of June 5, 2006, or at any later date that Monsanto may prefer.

Since Monsanto will receive full discovery from Mr. Rein well in advance of the deadline for its opposition to plaintiff's motion for class certification, defendants will not suffer any prejudice as a result of this motion. Furthermore, the burden imposed on defendants by the addition of Mr. Rein as an additional class representative will be minimal. He will not present any new issues or claims; rather, he will simply assist Mr. Duxbury in the prosecution of claims on behalf of the Minnesota class. Thus, the addition of Mr. Rein as an additional class representative will not in any way impact Monsanto's ability to prepare its opposition to Plaintiffs' motion for class certification.

4

## CONCLUSION

For the reasons set forth above, plaintiffs request that the Court grant their motion for leave to file a first amended complaint in *Duxbury v. Monsanto Co.*, C.A. No. 05-535.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com

Dated: May 24, 2006           Attorneys for Plaintiffs

Of Counsel:

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL P.L.L.C.
Steven F. Benz
Ronald L. Lord
Michael J. Fischer
Michael S. Zuckman
1615 M St., N.W.
Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

BERRY & LEFTWICH
R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
1717 Pennsylvania Ave. NW
Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038

5