**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> MONSANTO COMPANY, et al., <br><br> Defendants. | ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| DARRELL SOUHRADA <br><br> Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated, <br><br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) |
| KENT DUXBURY <br><br> Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated, <br><br> v. <br><br> MONSANTO COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S
MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT IN
*DUXBURY v. MONSANTO CO.*, C.A. No. 05-535**

| | |
|---|---|
| OF COUNSEL: <br><br> Peter E. Moll <br> John DeQ. Briggs <br> Scott E. Flick <br> John J. Rosenthal <br> HOWREY LLP <br><br> Kenneth A. Letzler <br> Jonathan I. Gleklen <br> ARNOLD & PORTER LLP <br><br> Dated: June 12, 2006 | Richard L. Horwitz (#2246) <br> David E. Moore (#3983) <br> POTTER ANDERSON & CORROON LLP <br> Hercules Plaza, 6th Floor <br> Wilmington, DE 19899 <br> rhorwitz@potteranderson.com <br> dmoore@potteranderson.com <br><br> *Attorneys for Monsanto Company,* <br> *American Seed, Inc., Corn States Hybrid Service,* <br> *Inc., Holden Foundation Seeds, Inc., Dekalb Seeds,* <br> *Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids* <br> *and Semins, Inc.* |

**TABLE OF CONTENTS**

NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

SUMMARY OF ARGUMENT..........................................................................................1

STATEMENT OF FACTS ................................................................................................3

ARGUMENT .....................................................................................................................4

I.     AMERICAN SEED'S MOTION TO AMEND UNDULY PREJUDICES
MONSANTO ..........................................................................................................4

     A.     Plaintiff's Attempt to Add an Additional Class Representative
After the Close Of Class Discovery Unduly Prejudices Monsanto .............5

     B.     Duxbury's Proposed Amendment Adds Nothing To The Case...................6

II.    AMERICAN SEED'S MOTION FOR LEAVE SHOULD BE DENIED
IN LIGHT OF THE UNDUE DELAY....................................................................7

CONCLUSION...................................................................................................................8


# TABLE OF AUTHORITIES

## CASES

*Bell v. Allstate Life Insurance Co.*,
  160 F.3d 452 (8th Cir. 1998) ..................................................................................2

*Cureton v. National Collegiate Athletic Association*,
  252 F.3d 267 (3d Cir. 2001) ...........................................................................5, 6, 7

*Finance Investment Co. (Bermuda) Ltd. v. Geberit AG*,
  165 F.3d 526 (7th Cir. 1998) ..................................................................................7

*In re Fine Paper Antitrust Litigation*,
  685 F.2d 810 (3d Cir. 1982) ...............................................................................2, 5

*Foman v. Davis*,
  371 U.S.178 (1962)........................................................................................2, 3, 4, 7

*McGreevy v. Stroup*,
  413 F.3d 359 (3d Cir. 2005) ...................................................................................6

*In re Urethane Antitrust Litigation*,
  232 F.R.D. 681 (D. Kan. 2005) ...............................................................................6

*Site Microsurgical Systems, Inc. v. Cooper Cos., Inc.*,
  797 F. Supp. 333 (D. Del. 1992)..............................................................................4

## STATUTES

Fed. R. Civ. P. 15(a) ...................................................................................................2, 4

## NATURE AND STAGE OF THE PROCEEDINGS

American Seed Co. Inc., filed a putative class action complaint against Monsanto Company and its affiliates on July 26, 2005, alleging that Monsanto monopolized the transgenic seed market. (D.I. 1). Three days later, plaintiffs Kent Duxbury and Darrell Souhrada moved to intervene on behalf of, respectively, Minnesota and Iowa residents that purchased Monsanto's transgenic corn seed. (D.I. 13). The Court granted Duxbury's motion and he filed his complaint on November 15, 2005. (D.I. 45).

On January 17, 2006, with Monsanto's consent, the plaintiffs amended their complaint to add Dave Johnson as an additional class representative. Then, on March 22, 2006, the plaintiffs moved to amend American Seed's complaint to add another class representative, Jeffrey Ellefson. (D.I. 82). Monsanto opposed that motion on the grounds that the plaintiffs unduly delayed in adding Ellefson at the close of discovery and that delay would unfairly prejudice Monsanto. The motion for leave to amend the Second Amended Complaint is pending. (D.I. 94).

Over one month later, on May 24, 2006, Duxbury filed his motion to amend his complaint to add Benjamin Rein as a proposed class representative. (D.I. 113). The Court's scheduling order required that the parties serve written discovery requests regarding class issues by November 28, 2005, and respond to those requests by January 15, 2006. (D.I. 56 – Scheduling Order ¶ 2(d)i ). Fact discovery on class certification issues closed on April 12, 2006, (D.I. 56).

Plaintiffs filed their motion for class certification on April 17, 2006. (D.I. 96). Monsanto's answer brief is due on June 30, 2006 (D.I. 112).

## SUMMARY OF ARGUMENT

1. Although courts should grant leave liberally, the right to amend is not absolute, and a court should deny amendment when, as here: (i) it results in undue prejudice to the opposing party; or (ii) it results from undue delay. *Foman v. Davis*, 371 U.S.178, 182 (1962).

2.    Under Rule 15(a), undue prejudice results when amending the complaint would deprive the nonmoving party of the opportunity to take meaningful discovery. *See In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 824 (3d Cir. 1982). The class discovery period closed on April 12, 2006; the Court's scheduling order now limits Monsanto to expert discovery. (D.I. 56 – Scheduling Order, ¶ 3(c)). Even if Monsanto could take discovery of the proposed representative, Monsanto would be placed in the untenable position of having to reopen fact discovery, retake the deposition of plaintiff's experts (which have already occurred) and seek an amendment of the scheduling order so that this additional discovery can be addressed in its answering brief to plaintiff's motion for class certification

3.    In deciding a motion to amend, the Court should weigh the potential prejudice to the moving party against the non-moving party if the motion is granted. *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452 (8th Cir. 1998). Plaintiffs offer no reason, much less a compelling one, for adding Rien at this late date other than stating that, if added, Rien "will simply assist Mr. Duxbury in the prosecution of claims on behalf of the Minnesota class[es]." (D.I. 114 – Pl. Br. at 4). Yet, in his deposition, complaint and proposed amended complaint, currently proposed class representative Duxbury claims that he can adequately represent the classes. In short, plaintiffs claim no prejudice by the denial of this untimely motion as compared to the substantial prejudice faced by Monsanto in granting the motion.

4.    The Court should also deny Duxbury's motion because he unduly delayed in moving to amend. *Foman*, 371 U.S. at 182. Plaintiffs offer no reason why plaintiffs waited to seek to amend until over ten months after this case was initially filed, until after fact discovery closed, and until after plaintiffs filed their previous motion to amend.

**STATEMENT OF FACTS**

In the spring of 2005, the plaintiffs' counsel recruited Kent Duxbury to file a class action on behalf of Minnesota residents that purchased Monsanto's transgenic seed. (Duxbury 63:5 – 64:13)[1]. Duxbury agreed and assured his counsel that he:

1. "desire[d] to act as a class representative on behalf of the Minnesota classes";

2. knew "of no reason that [he] would not be able to devote the time and effort . . . to represent adequately the classes";

3. would "vigorously represent the interests of the classes"; and

4. was "familiar with, generally understand, and agree with the allegations to be made on behalf of the classes."

DX 39, at 2 (attached as Exhibit B).

On July 29, 2005 – nearly a year ago – Duxbury moved to intervene (D.I. 13; D.I. 14) in the action filed by American Seed. (D.I. 1). The Court granted Duxbury's motion and he filed his complaint on November 15, 2005. (D.I. 45). Duxbury's complaint stated that he can represent adequately classes of persons who purchased directly from Monsanto the following products: (i) glyphosate tolerant corn seed; (ii) European Corn Borer resistant corn seed; (iii) rootworm resistant corn seed; and (iv) corn seed with multiple transgenic, or "stacked" traits. (*Id*. ¶¶ 43-44, 49-50, 55-56, 61-62); (D.I. – 114 - Prop. First Am. Complt. ¶¶ 44-45, 50-51, 56-57, 62-63). During discovery, he repeated his assurance that he could adequately represent the proposed classes. (Duxbury: 170:18 – 171:5; 177:5-15; 184:6-9).

Class discovery closed on April 12, 2006. (D.I. 81). The parties completed their document productions on February 15, 2006. (D.I. 56 – Scheduling Order ¶ 2(d)). The deposition of Duxbury and the remaining named plaintiffs were taken on March 21, 29,

---

[1] The cited portions of Duxbury's deposition are attached as Exhibit A.

3

30, and 31, 2006. Monsanto also completed the depositions of both class experts on May 16, 2006, and June 1, 2006.

Duxbury and the other plaintiffs filed their class certification motion on April 17, 2006. (D.I. 82). In plaintiffs' certification motion, plaintiffs claim that Duxbury "purchased glyphosate-tolerant seed, rootworm resistant seed, and corn borer-resistant seed with Monsanto traits," (D.I. 114 – Pl. Br. at 12), and that he can adequately represent the Minnesota classes. *Id.* at 20-21.

Monsanto's opposition to plaintiffs' class certification motion is due on June 30, 2006. (D.I. 56, D.I. 112). On May 24, 2006 – over a month after plaintiffs filed their motion for class certification – Duxbury filed the extant motion to add Rein as a class representative. (D.I. 113).

## ARGUMENT

### I.   AMERICAN SEED'S MOTION TO AMEND UNDULY PREJUDICES MONSANTO

"The grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S.178, 182 (1962). Although the Federal Rules of Civil Procedure provide that "leave [to amend] shall be freely given when justice so requires,"[2] they do not authorize amendment without restraint. *Site Microsurgical Systems, Inc. v. Cooper Cos., Inc.*, 797 F. Supp. 333, 336 (D. Del. 1992). A court should refuse leave to amend where the amendment would result in undue prejudice to the nonmoving party or is the result of undue delay. *Foman*, 371 U.S. at 182 (noting the following examples that warrant denying leave to amend: "undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the

---

[2] Fed. R. Civ. P. 15(a).

4

allowance of the amendment, futility of the amendment, etc."); *Cureton v. National Collegiate Athletic Association*, 252 F.3d 267, 273 (3d Cir. 2001).

### A. Plaintiff's Attempt to Add an Additional Class Representative After the Close Of Class Discovery Unduly Prejudices Monsanto

An amendment causes undue prejudice when it creates "additional discovery, cost, and preparation to defend against new facts." *Cureton*, 252 F.3d at 272-73. That prejudice increases where the amendment comes so late as to deprive the non-moving party of sufficient time to conduct that discovery to investigate those new facts. *See In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 824 (3d Cir. 1982).

The instant motion unduly prejudices Monsanto. Duxbury's proposed amendment would deprive Monsanto of any opportunity to conduct discovery on proposed representative Rein. Class fact discovery closed on April 12. Monsanto has already taken the deposition of the plaintiffs' two economic experts. (D.I. 56 – Scheduling Order, ¶ 3(d)). Monsanto's answering brief to the plaintiffs' motion for class certification is due in a matter of days.

The Court's scheduling order – jointly developed and agreed to between the parties[3] – was designed to permit Monsanto the opportunity to focus its efforts upon responding to the plaintiffs' motion for class certification, after the close of class fact discovery and the taking of the plaintiffs' economic experts – both of which have occurred. Now, the plaintiffs seek to disrupt this schedule with piecemeal motions to

---

[3] At the February 2006 Discovery Status conference, an issue before the Court was plaintiff's request to extend the class discovery cut off from March 15, 2006 to April 12, 2006. In asking to change this date, plaintiff's counsel noted that the schedule was carefully worked out between the parties: "We're not asking for any other dates to be moved or asking for a ripple effect on that scheduling order that we carefully worked out just a few months ago." (02-21-06 Discovery Status Conf. Hr. Tr. at 5, attached as Exhibit C). At no time during the hearing did plaintiffs' counsel raise its intention to amend the complaint in an attempt to add another class representative.

amend the complaint. To add a class representative now would divert Monsanto's energies and resources towards additional fact discovery in the midst of the briefing and expert discovery periods.

### B. Duxbury's Proposed Amendment Adds Nothing To The Case

The Court must weigh the prejudice to the nonmoving party if the motion is granted or denied. *Cureton*, 252 F.3d at 276. Thus, where the proposed amendment adds nothing to the plaintiff's claim, the amendment should be denied. *See McGreevy v. Stroup*, 413 F.3d 359, 371-72 (3d Cir. 2005) (denying proposed amendment where it did not add to plaintiff's original claim); *see also In re Urethane Antitrust Litigation*, 232 F.R.D. 681, 684 (D. Kan. 2005) (where proposed amendment to complaint added nothing to the merits of the case, *Foman*'s principle of liberal amendment was not applicable).

Here, Duxbury offers no reason to add an additional class representative. Instead, he states that Rein "will simply assist Mr. Duxbury in the prosecution of claims on behalf of the Minnesota class." (D.I. 114 – Pl. Br. at 4); (D.I. 1 - Complt. ¶¶ 54-55, 60-61, 66-67, 72-73; D.I. 82 - Prop. First Am. Complt. ¶¶ 55-56, 61-62, 67-68, 73-74). Duxbury does not even allege that he needs that assistance. In fact, as noted above, Duxbury has repeatedly told Monsanto and the Court that he does not.

In a footnote, plaintiffs also state that "[b]ased on facts developed during class discovery and subsequent investigation by class counsel, it appears Mr. Duxbury may not have purchased non-stacked Monsanto seed." *Id.* at 12 n.3. While it appears the instant motion is designed to address Duxbury's standing problem, plaintiffs refuse to admit that such a problem exists. If Duxbury lacks standing to represent every class, he should acknowledge that fact and tell the Court that that is why he seeks to amend. He has not done so. Thus, the balance of no apparent prejudice to plaintiff versus the undue prejudice to Monsanto weighs against leave to amend the complaint.

6

II. **AMERICAN SEED'S MOTION FOR LEAVE SHOULD BE DENIED IN LIGHT OF THE UNDUE DELAY**

Denying leave to amend is appropriate when the result is "undue delay." *Foman*, 371 U.S. at 182. Delay becomes undue when it places an unfair burden on the opposing party. *Cureton*, 252 F.3d at 267. The instant motion comes almost eleven months after Duxbury filed his complaint, after both American Seed and Souhrada each moved to amend their respective complaints, a month after fact discovery closed, and a month after plaintiffs moved for class certification. Duxbury offers no credible explanation for the delay.

In his brief supporting class certification, plaintiffs imply that new facts came to light during discovery:

> Based on facts developed during class discovery and subsequent investigation by class counsel, it appears Mr. Duxbury may not have purchased non-stacked Monsanto seed. Subject to further investigation of that issue, counsel for Mr. Duxbury may seek leave to amend appropriately his complaint in intervention.

(D.I. 114, Pl. Br., 12). These "new" facts, however, are based upon Duxbury's own invoices, information that plaintiff had access to prior to the filing the complaint and, in fact, information that should have been carefully examined as part of counsel's pre-filing investigation. *See Finance Inv. Co. (Bermuda) Ltd. v. Geberit AG*, 165 F.3d 526, 533 (7th Cir. 1998) (finding that Rule 11 required counsel to conduct pre-trial investigation into plaintiffs' standing). In short, there can be no justification for the delay in attempting to add Rein as a class representative at this late hour.[4] Thus, because the plaintiffs' motion resulted from undue delay, it should be denied.

---

[4] In plaintiffs' reply brief in support of their motion to add Ellefson, plaintiffs suggested that they did not delay because the scheduling order permits adding parties until August. Plaintiffs conveniently ignore that the class and merits portion of the case are on separate tracks. The schedule relating to the class portion of the case clearly contemplated that discovery as it relates to class would be completed by March 15, 2006. (D.I. 56 – Scheduling Order ¶ 2(d)(ii). It does not contemplate that plaintiffs can attempt to add additional class representatives at any time and certainly, not after the close of class fact discovery.

## CONCLUSION

For the forgoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint should be denied with prejudice.

| | |
|---|---|
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Peter E. Moll<br>John DeQ. Briggs<br>Scott E. Flick<br>John J. Rosenthal<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC  20004<br>Telephone (202) 783-0800 | By:  */s/ David E. Moore*<br>        Richard L. Horwitz (#2246)<br>        David E. Moore (#3983)<br>        Hercules Plaza, 6th Floor<br>        1313 N. Market Street<br>        Wilmington, DE  19801<br>        Telephone (302) 984-6000<br>        rhorwitz@potteranderson.com<br>        dmoore@potteranderson.com |
| Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>Telephone (202) 942-5000 | *Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.* |
| Dated:  June 12, 2006 | |

736186

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on June 12, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

| | |
|---|---|
| Joelle E. Polesky | John W. Shaw |
| Smith, Katzenstein & Furlow LLP | Young Conaway Stargatt & Taylor, L.L.P. |
| 800 Delaware Avenue, 7th Floor | The Brandywine Building |
| P.O. Box 410 | 1000 West Street, 17th Floor |
| Wilmington, DE  19899 | Wilmington, DE  19801 |

I hereby certify that on June 12, 2006, I have Electronically Mailed the foregoing document to the following non-registered participants:

| | |
|---|---|
| Steven F. Benz | R. Stephen Berry |
| Michael S. Zuckman | J. Daniel Leftwich |
| Kellogg, Huber, Hansen, Todd, | Gregory Baruch |
|     Evans & Figel P.L.L.C | Berry & Leftwich |
| 1615 M Street, NW | 1717 Pennsylvania Ave., NW |
| Suite 400 | Washington, DC  20006 |
| Washington, DC  20036 | sberry@berry-leftwich.com |
| sbenz@khhte.com | dleftwich@berry-leftwich.com |
| | gbaruch@berry-leftwich.com |
| | |
| Charles A. Bird | Richard F. Schwed |
| Jeremy R. Stevens | Thomas A. McGrath III |
| Bird, Jacobsen & Stevens | Shearman & Sterling LLP |
| 300 Third Ave. S.E. | 599 Lexington Avenue |
| Rochester, MN  55904 | New York, NY  10022-6069 |
| charles@birdjacobsen.com | rschwed@shearman.com |
| jeremy@birdjacobsen.com | |

                    */s/ David E. Moore*  
                    Richard L. Horwitz (#2246)  
                    David E. Moore (#3983)  
                    Potter Anderson & Corroon LLP  
                    Hercules Plaza  
                    P. O. Box 951  
                    Wilmington, DE 19899  
                    (302) 984-6000  
                    rhorwitz@potteranderson.com  
                    dmoore@potteranderson.com

696607