# EXHIBIT A

Page 1

```
 1              UNITED STATES DISTRICT COURT FOR
                     THE DISTRICT OF DELAWARE
 2

 3   AMERICAN SEED CO., INC.,              )
              Plaintiff, on Behalf of      )
 4            Itself and Others Similarly  )
                                           )
 5            vs                           ) C.A. NO. 05-0535
                                           )
 6   MONSANTO COMPANY, et al.,             )
              Defendant                    )
 7                                         )
     ---------------------------------------------------------
 8

 9   DARRELL SOUHRADA, and DAVE JOHNSON,   )
              Plaintiffs, On Behalf of     )
10            Themselves and Iowa          )
              Citizens Similarly Situated  )
11                                         )
              vs                           ) C.A. NO. 05-0535
12                                         )
     MONSANTO COMPANY, et al.,             )
13            Defendant                    )

14   ---------------------------------------------------------

15   KENT DUXBURY,                         )
              Plaintiff, on Behalf of      )
16            Itself and Minnesota         )
              Citizens Similarly Situated  )
17                                         )
              vs                           ) C.A. NO. 05-0535
18                                         )
     MONSANTO COMPANY, et al.,             )
19            Defendant                    )
     ---------------------------------------------------------
20      VIDEOTAPED DEPOSITION OF KENT DUXBURY
               Thursday, March 30, 2006
21   ---------------------------------------------------------
22              DIGITAL EVIDENCE GROUP

23         11 Dupont Circle, NW Suite 400

24             Washington, DC   20036

25                 (202) 232-0646
```

1 Q Thirty-eight, okay. Where did you go to high school?
2 A In Wykoff, Minnesota.
3 Q And after high school, did you go straight to farming?
4 A Yes.
5 Q How did you first become interested in pursuing a class
6 action against Monsanto?
7 A I was -- figured the price of corn was keep getting
8 higher and higher.
9 Q So the price of corn was getting higher and higher?
10 A Correct.
11 Q And because of that, you decided to bring a class action
12 against Monsanto?
13 A Mr. Bird's office contacted me and asked if I'd want to
14 represent the class of Minnesota.
15 Q When did Mr. Bird's office contact you and ask you that?
16 A Last year.
17 Q Do you know what part of last year that was?
18 A Like I said, once again, I'd be guessing, so I really
19 don't recall. It would be -- like I said, it would be a
20 guess. I know it was last year, though.
21 Q Was it around May, June, that time period?
22 A It was in the springtime.
23 Q Springtime. Your first contact with Mr. Bird about this
24 class action, did he contact you or did you contact him?
25 A He contacted me.

```
 1   Q    That was the first contact you had with any of the
 2        lawyers who represent you in this case.  Is that right?
 3   A    Correct.
 4   Q    Did he call you?
 5   A    Actually, Jeremy Stevens called me.
 6   Q    And who is Jeremy Stevens?
 7   A    A lawyer in the firm here.
 8   Q    So he's a lawyer who works with Mr. Bird at the
 9        Bird, Jacobsen law firm?
10   A    Correct.
11   Q    And so he called you on the phone, and that was your
12        first contact.
13   A    Correct.
14   Q    What did you talk about?
15             MR. LORD:  Objection, that calls for
16        privileged communications.  I'd direct the witness not to
17        answer.
18             MR. FINLEY:  I think it's pertinent to his
19        role here.
20             MR. LORD:  Direct the witness not to answer.
21   BY MR. FINLEY:
22   Q    When was your next communication about this lawsuit?
23             MR. LORD:  Object to the form of the
24        question.
25             THE WITNESS:  I would have to look at my
```

| | | |
|---|---|---|
| 1 | A | Yes. |
| 2 | Q | And this is the complaint that you filed on behalf of |
| 3 | | Minnesota citizens, right? |
| 4 | A | Yes. |
| 5 | Q | And this is the complaint that you reviewed before |
| 6 | | filing, right? |
| 7 | A | Correct. |
| 8 | Q | And you made sure that you agreed with these allegations |
| 9 | | before you filed the complaint, right? |
| 10 | A | Going over them with my lawyers and stuff, yes. |
| 11 | Q | Okay. I want to take a look at the page 54. Look at |
| 12 | | paragraph 54. Okay. I'm sorry. Look at paragraph 43, |
| 13 | | please. Have you had a chance to look at paragraph 43? |
| 14 | A | Yes. |
| 15 | Q | And this is a class of Minnesota purchasers of Monsanto |
| 16 | | seed corn tolerant of glyphosate, right? |
| 17 | A | Yes. |
| 18 | Q | Do you represent that class of people? |
| 19 | A | Yes, I do. |
| 20 | Q | What does it mean "seed corn from Monsanto Company |
| 21 | | (including its named controlled seed companies)"? |
| 22 | A | I don't know. |
| 23 | Q | So you don't know who you represent then, right? |
| 24 | A | I represent the farmers of Minnesota and the retailers. |
| 25 | Q | All of them? |

```
 1   A    In Minnesota.
 2   Q    Even the ones that haven't bought any seed corn from
 3        Monsanto Company.
 4   A    I represent the class of Minnesota farmers and retailers
 5        that have purchased seed from Monsanto.
 6   Q    Okay, and does that include people who purchase -- does
 7        that include seed companies who purchase seed from
 8        Monsanto Company?
 9   A    It includes the Minnesota farmers and retailers.
10   Q    Okay, so retailers, what does retailer mean to you?
11   A    Retailer is, to me, it's a seller.
12   Q    A seller.  So seed companies sell corn, right?
13   A    My read -- okay.  Can I recorrect myself there?  Retailer
14        to me means my seed corn dealership.
15   Q    Okay, so --
16   A    I buy it from Paul Hamann, is my retailer.
17   Q    The dealers who sell directly to the farmers, that's a
18        retailer, right?
19   A    I don't know for sure, but yes.  I don't know.
20   Q    Okay.  Now, seed companies, you know some seed companies
21        will sell directly to farmers, right?
22   A    I don't know.
23   Q    There is such a thing as a farmer-dealer, right?  You've
24        heard of that?
25   A    I don't know.
```

1  Q   Okay, but you know that Monsanto has a monopoly on
2      everything, but you don't know that a dealer makes money
3      when it sells you a bag of seed.
4  A   Right.
5  Q   Okay.  Let's take a look at the next class that you're a
6      representative of.  That's on page 14, paragraph 49.
7  A   Okay.
8  Q   That's the class of Minnesota purchasers of Monsanto corn
9      seed resistant to the European corn borer.
10 A   Correct.
11 Q   Do you represent that class?
12 A   Yes, I do.
13 Q   Who's in it with you?
14 A   The Minnesota farmers and retailers, again, that bought
15     Monsanto seeds.
16 Q   Do you know who the retailers includes?
17 A   Once again, I said it's my dealers that sell to me.
18 Q   Okay, so it does not include foundation companies.
19 A   I don't know.
20 Q   Or foundation seed companies, I should say.  You don't
21     know.
22 A   Right.
23 Q   Okay.  Does it include seed companies?
24 A   Well, it includes the Minnesota farmers and retailers --
25 Q   Okay, so --

| | | |
|---|---|---|
| 1 | A | Not at this time, I said I don't know. |
| 2 | Q | Do you know how it is exactly that Monsanto is able to |
| 3 | | overcharge the farmers and the retailers? |
| 4 | A | At this time, no, I don't know. |
| 5 | Q | You don't know how they accomplish that? |
| 6 | A | Not at this time, no. |
| 7 | Q | Do you feel that you can adequately represent the class |
| 8 | | of corn rootworm-resistant seed purchasers? |
| 9 | A | Yes. |
| 10 | Q | Okay. Back on the complaint, which is Exhibit 42. Now, |
| 11 | | in paragraph 3 on page 3, one of the things that you |
| 12 | | allege is that "Monsanto Company has unlawfully |
| 13 | | maintained its monopolies in these four relevant product |
| 14 | | markets using exclusive dealing agreements." Do you see |
| 15 | | that? |
| 16 | A | Yes. |
| 17 | Q | That's your allegation, right? |
| 18 | A | Yes. |
| 19 | Q | What's your basis for making that allegation? |
| 20 | A | Overcharging. |
| 21 | Q | Anything else? |
| 22 | A | Not at this time, that I can think of. |
| 23 | Q | Exclusive dealing agreements, what are you talking about |
| 24 | | there? |
| 25 | A | Overcharging, probably. |

# EXHIBIT B

# BIRD, JACOBSEN & STEVENS
### Attorneys at Law

CHARLES A. BIRD*†  
VAN P. JACOBSEN  
JEREMY R. STEVENS  
ANDREA B. NIESEN*

300 THIRD AVENUE S.E., SUITE 305  
ROCHESTER, MINNESOTA 55904  
(507) 282-1503  
FAX (507) 282-7736  
www.birdjacobsen.com

July 19 2005

**PRIVILEGED AND CONFIDENTIAL**
**COMMUNICATION OF COUNSEL**

Kent Duxbury  
Rt 1 Box 170  
Wykoff MN 55990

Re:  Retention Agreement Regarding Biotech Seed
     Monopolization Claims Against the Monsanto Company

Dear Mr. Duxbury:

Thank you for taking the time to discuss your possible claims against the Monsanto Company under Minnesota law for monopoly overcharging in the sale of biotechnological corn seed.

This letter will serve to confirm your desire, as a member of classes of Minnesota purchasers of Monsanto corn seed with Monsanto traits, to serve as a class representative in a law suit in the United States District Court for the District of Delaware against Monsanto and other federal venue should the action be moved to another venue. This will also confirm that we have briefed you as to the time commitment this will likely require on your part.

Your classes of Monsanto purchasers will be represented by Bird, Jacobsen & Stevens of Rochester, Minnesota; Berry & Leftwich of Washington, D.C.; Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC of Washington, D.C.; and Smith, Katzenstein, & Furlow of Wilmington, Del.

It is understood that these law firms will arrange to advance to you and the other members of the classes the expenses of the litigation. These expenses shall include, for example, mileage and other travel expenses (including overnight accommodation), telephone, and copying expenses. Such expenses shall be paid under a Joint Representation and Administration Agreement among counsel, which will be provided to you.

*ALSO ADMITTED TO PRACTICE IN WISCONSIN  
†CERTIFIED TRIAL SPECIALIST BY MINNESOTA STATE BAR ASSOCIATION/CERTIFIED BY NATIONAL BOARD OF TRIAL ADVOCACY



DEPOSITION EXHIBIT  
Duxbury 39  
3/30/06

● Page 2                                                                July 19, 2005

Attorney's fees (if any) and these litigation expenses will be paid or reimbursed out of any recovery obtained for the classes and approved by the Court. If the antitrust claims are not successful, you will not be responsible either for attorney's fees or expenses.

You may have a damage claim as a member of the classes to the extent it can be shown that Monsanto and its seed companies charged you above-competitive prices for Monsanto biotechnological seed corn (apart from technology licensing fees). As the Court *may* decide, you may also be eligible as a class representative for the payment of an incentive fee in part to compensate it for the time its personnel spend advancing the classes' interests (should the class claims be successful). At this time, we do not have enough information to estimate the value of such fee, if any, or the likelihood the Court will approve it.

If damages are obtained for the classes (including you) by settlement or after trial, we as your counsel will petition the federal Court for an award of an attorneys' fee and expenses from the amount of the classes' recovery obtained from the defendant. This petition will provide the Court with details on the hours and expenses expended by counsel to pursue this action. It will also include a request for your incentive fee. You will have an opportunity to review this petition before it is submitted.

The Court will analyze this petition and decide the incentive fee, attorneys' fee, and expenses to be awarded from any recovery from the defendant. Their size will in part depend on the size of the recovery. Typically, under the applicable federal law, the attorneys' fee awards will be based on the time devoted by counsel, the size of any recovery obtained, and the degree of risk that counsel would not receive adequate compensation for their efforts. After the payment of any incentive fee, attorneys' fee, and expenses, the remainder of the recovery will be distributed to you and the other members of the class.

It is counsel's understanding (1) that you desire to act as a class representative on behalf of the Minnesota classes; (2) that you know of no reason that you would not be able to devote the time and effort, as we discussed, to represent adequately the classes; (3) that you will, with counsel, vigorously represent the interests of the classes and reasonably cooperate with counsel (and other class members as necessary) in the prosecution of the litigation; and (4) that you are familiar with, generally understand, and agree with the allegations to be made on behalf of the classes and have reviewed the complaint setting forth the classes' claims before the complaint is filed with the Court.

Please let me know immediately if anything in this letter is inaccurate in any respect. If it is accurate, please execute this letter where indicated below and provide a copy to me.

● Page 3                                                          July 19, 2005

I, on behalf of the attorneys who will be involved in this important case, look forward to working with you.

Very truly yours,

*[signature]*

Charles Bird

AGREED:

BY: *[signature]*
Kent Duxbury

# EXHIBIT C

Case 1:05-cv-00535-SLR    Document 115-2    Filed 06/12/2006    Page 13 of 15

```
                                                                    1

  1                IN THE UNITED STATES DISTRICT COURT

  2               IN AND FOR THE DISTRICT OF DELAWARE

  3                            - - -

  4   AMERICAN SEED COMPANY INC.,    :   CIVIL ACTION
                                     :
  5              Plaintiff           :
                                     :
  6        vs.                       :
                                     :
  7   MONSANTO COMPANY, et al.,      :
                                     :
  8              Defendants          :   NO. 05-535 (SLR)

  9                            - - -

 10                                  Wilmington, Delaware
                                     Tuesday, February 21, 2006
 11                                  11:00 o'clock, a.m.

 12                            - - -

 13   BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

 14                            - - -

 15   APPEARANCES:

 16           SMITH, KATZENSTEIN & FURLOW
              BY:  JOELLE E. POLESKY, ESQ.
 17
                       -and-
 18
              BERRY & LEFTWICH
 19           BY:  R. STEPHEN BERRY, ESQ.
                   (Washington, D.C.)
 20
                       -and-
 21

 22

 23

 24                                  Valerie J. Gunning
                                     Official Court Reporter
 25
```

```
 1   the depositions, and we'll get to some document production
 2   issues and the fact that we have, at their request, given
 3   them until February 15th to produce data in a couple of areas
 4   beyond their January 15th deadline, we would ask that the
 5   discovery, class discovery period be extended from March 15th
 6   in your scheduling order to April 12th.  It's a three week
 7   and change extension.  The other side has agreed to two
 8   weeks, but does not give us full remedy that we think we
 9   need.
10            I note in this regard, and I want to emphasize
11   this, we will still file, if it's the Court's pleasure, our
12   class motion on April 14th.  We're not asking for any other
13   dates to be moved or asking for a ripple effect on that
14   scheduling order that we carefully worked out just a few
15   months ago.
16            That's number two.
17            Three, Monsanto flatly refuses to produce
18   documents and witnesses as to one of our most promising
19   benchmark markets.  As you know, in class adjudication,
20   common proof is the critical inquiry under the predominance
21   requirement, and commonly in an overcharge case you go to a
22   collateral market where the defendant competes and faces more
23   competition, look at their gross margins and then take them
24   back to the relevant market, apply them to the unit costs of
25   the relevant products and solve for the but for competitive
```