## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC., | ) | |
| | ) | |
| Plaintiff, On Behalf of Itself and Others Similarly Situated, | ) ) ) ) | |
| | ) | C.A. No. 05-535-SLR |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Monsanto Controlled Subsidiaries: | ) | |
| | ) | |
| AMERICAN SEEDS INC., | ) | |
| CORN STATES HYBRID | ) | |
| SERVICE INC., | ) | |
| ASGROW SEED CO., INC., | ) | |
| HOLDEN FOUNDATION SEEDS, INC., | ) | |
| DEKALB SEEDS, | ) | |
| CALGENE, L.L.C., | ) | |
| CHANNEL BIO CO., | ) | |
| NC+ HYBRIDS, | ) | |
| SEMINIS INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| DARRELL SOUHRADA, and | ) | |
| DAVE JOHNSON, | ) | |
| | ) | C.A. No. 05-535-SLR |
| Plaintiffs, On Behalf of Themselves and Iowa Citizens Similarly Situated, | ) ) ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

10015164.WPD

KENT DUXBURY,               )
                                   )
      Plaintiff, On Behalf of Itself   )
      and Minnesota Citizens       )
      Similarly Situated,          )
                                   )   C.A. No. 05-535-SLR
      v.                          )
                                   )
MONSANTO COMPANY,        )
                                   )
      Defendant.                )
                                   )

**REPLY BRIEF IN SUPPORT OF MOTION FOR**
**LEAVE TO FILE FIRST AMENDED COMPLAINT IN**
**DUXBURY V. MONSANTO CO., C.A. NO. 05-535**

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com
Attorneys for Plaintiffs

Dated: June 19, 2006

# TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.    GRANTING PLAINTIFF'S MOTION WILL NOT
      UNDULY PREJUDICE MONSANTO . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.   THE ADDITION OF MR. REIN WILL ASSIST
      PLAINTIFF IN THE PROSECUTION OF THE CLASS CLAIMS . . . . . . . . . . . . . . . 6

III.  PLAINTIFF'S MOTION IS TIMELY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>TABLE OF AUTHORITIES</u>

**Cases**                                                                      **Page**

*Ceisler v. First Pa. Corp.*,
    No. 89-9234, 1991 WL 83108
    (E.D. Pa. May 13, 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Cureton v. NCAA*,
    252 F.3d 267 (3d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 7

*Deutschman v. Beneficial Corp.*,
    132 F.R.D. 359 (D. Del. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Gibbs v. Titelman*,
    369 F. Supp. 38 (E.D. Pa. 1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Micron Tech., Inc. v. Rambus Inc.*,
    409 F. Supp. 2d 552 (D. Del. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*N.A.I.F. Inc. v. Snyder*,
    No. 03-506, 2005 WL 735554
    (D. Del. Mar. 30, 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Statutes and Rules**

Fed. R. Civ. P. 15(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**Other Authorities**

2 Alba Conte & Herbert B. Newberg, Newberg On Class Actions, § 6:3 (4th ed. 2002) . . . . . . . 6

## INTRODUCTION

This case is an antitrust action brought by plaintiff Kent Duxbury ("Duxbury"), alleging that defendant Monsanto Company ("Monsanto") has unlawfully maintained monopolies in the markets for four types of biotechnological corn seed. On May 24, 2006, nearly three months before the deadline for parties to move to join other parties or amend the pleadings, Duxbury filed this motion to amend his Complaint to add an additional class representative, Benjamin Rein (D.I. 113). Mr. Rein, a farmer who resides in Lanesboro, Minnesota, has purchased all four Monsanto products at issue. Notwithstanding the liberal amendment standards embodied in the Federal Rules of Civil Procedure, and plaintiff's offer to provide immediate discovery, Monsanto argues that plaintiff's motion should be denied. Monsanto offers three arguments in opposition, none of which has merit. For the reasons set forth below and in plaintiff's opening brief (D.I. 114), plaintiff's motion should be granted.

10015164.WPD

1

## ARGUMENT

**I.    GRANTING PLAINTIFF'S MOTION WILL NOT UNDULY PREJUDICE MONSANTO**

Under Rule 15, motions to amend shall be freely granted "when justice so requires." Fed. R. Civ. P. 15(a). Under normal circumstances, motions to amend should be granted absent a showing of "substantial or undue prejudice to the non-moving party." *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001); *see also Micron Tech., Inc. v. Rambus Inc.*, 409 F. Supp. 2d 552, 558 (D. Del. 2006) ("[L]eave to supplement should be granted unless it causes undue delay or undue prejudice."). Hinting at the heavy burden it carries, Monsanto argues that it will suffer undue prejudice as a result of Mr. Rein's addition to plaintiff's Complaint. Specifically, Monsanto claims that granting the amendment will "divert Monsanto's energies and resources towards additional fact discovery in the midst of the briefing and expert discovery periods." (D.I. 115 at 5-6.) This claim is without merit.

The addition of Mr. Rein to this case will not change the factual allegations of plaintiff's Complaint. Thus, the only burden placed on Monsanto as a result of Mr. Rein's addition will be the need to review Mr. Rein's discovery responses and take his deposition. In his original motion filed May 24, 2006, plaintiff stated that Mr. Rein was prepared to respond to Monsanto's discovery requests by May 29, 2006, and make himself available for deposition the week of June 5, 2006. Monsanto specifically requested that Mr. Rein not respond to its discovery requests at this time. *See* Letter from P. Moll to S. Benz (May 18, 2006) (attached as Exh. A). Mr. Rein, however, remains prepared to serve responses on Monsanto and produce his documents immediately upon the granting of this motion. In addition, although Monsanto has not yet noticed Mr. Rein's deposition, he

remains available to have his deposition taken upon adequate notice. Thus, Monsanto's suggestion that it will not be permitted to take discovery on Mr. Rein under the scheduling order, *see* D.I. 115 at 5, is meritless. If this motion is granted, plaintiff will permit Monsanto to serve discovery on Mr. Rein and take Mr. Rein's deposition.

Any burden on Monsanto as a result of plaintiff's proposed amendment – to the extent it exists at all – will be minimal. In response to Monsanto's Request for the Production of Documents Regarding Class Issues, Mr. Rein anticipates producing approximately 200 documents. In comparison, Monsanto has produced – and plaintiff's attorneys have reviewed – over one million pages. Clearly, Monsanto's able counsel has the resources to review such a small production of documents as Mr. Rein's.

Furthermore, within the last several months, Monsanto has taken the depositions of the four current class representatives. As a review of the relevant transcripts shows, Monsanto's attorneys asked largely identical questions at each of those depositions. Beyond reviewing Mr. Rein's documents, it will take little additional effort for Monsanto's attorneys to prepare for his deposition. Thus, Monsanto's suggestion that it will be deprived "of sufficient time to conduct discovery to investigate" any new facts presented by Mr. Rein, *see* D.I. 115 at 5, is simply false.

As the District Court for the Eastern District of Pennsylvania has recognized, minimal discovery burdens do not justify the denial of a Rule 15 motion to add a class representative. *See Ceisler v. First Pennsylvania Corp.*, No. 89-9234, 1991 WL 83108 (E.D. Pa. May 13, 1991). In *Ceisler*, the court rejected an argument virtually identical to that made by Monsanto in this case. It observed: "Defendants have not cited a case wherein moderately increased discovery costs served to deny a motion seeking to add a class action party plaintiff." *Id.* at *3. The same is true here:

Monsanto has identified no decision wherein a court rejected a Rule 15 motion to add an additional class representative on the ground that doing so would minimally increase defendant's discovery burden.

Monsanto's claims of prejudice are further undercut by the fact that fourteen separate attorneys have entered appearances on behalf of defendant (including twelve attorneys from defendant's lead firm, Howrey LLP, who have entered appearances pro hac vice), and four additional attorneys who have not entered appearances are listed on Defendant's Memorandum of Law in Opposition to plaintiff's Motion. Furthermore, while plaintiff recognizes that Monsanto will wish to devote significant time and effort to preparing its opposition to plaintiff's motion for class certification, the current schedule gives Monsanto until June 30, 2006, to conduct expert discovery and draft its brief. Monsanto's response to the class certification motion will be due a full thirty-seven days after the filing of this motion. It is difficult to imagine that the addition of Mr. Rein as a class representative will create any meaningful burden for Monsanto, let alone the "substantial or undue prejudice" necessary to justify denying plaintiff's motion. *See N.A.I.F. Inc. v. Snyder*, No. 03-506, 2005 WL 735554, at *2 (D. Del. Mar. 30, 2005) (rejecting argument that amendment would cause defendants undue prejudice, even though motion to amend was filed after defendants had moved for summary judgment).

Monsanto further argues that it will be burdened by the addition of Mr. Rein as a class representative because it will need to "retake the deposition of plaintiff's experts" and "seek an amendment of the scheduling order so that this additional discovery can be addressed in its answering brief to plaintiff's motion for class certification." (D.I. 115 at 2.) The latter argument is completely without merit. As noted above, plaintiff is willing to allow Monsanto to serve discovery

on Mr. Rein and take Mr. Rein's deposition. Similarly, the suggestion that Monsanto will need to retake the depositions of plaintiff's experts is unfounded. Monsanto has recently completed taking the depositions of plaintiff's two experts, Dr. Morton Kamien and Dr. William Lesser. Those depositions focused almost exclusively on Dr. Kamien's and Dr. Lesser's conclusions regarding the availability of appropriate benchmarks by which plaintiff could calculate damages on a class-wide basis.[1] The adequacy of the class representatives to represent the interests of the class was not at issue in these expert depositions. Indeed, Monsanto did not ask a single question regarding Mr. Duxbury in either deposition. It is therefore difficult to comprehend why the addition of Mr. Rein as a class representative will require Monsanto to retake Dr. Kamien's and Dr. Lesser's depositions. Monsanto's suggestion that it will need to do so is little more than a transparent attempt to manufacture purported prejudice where none exists.

Indeed, any prejudice Monsanto suffers as a result of this motion will be entirely of its own making. For the second consecutive time, Monsanto has refused a reasonable request from plaintiffs to add an additional class representative, forcing plaintiffs to consume this Court's *time with a* motion to amend and further delaying the ultimate resolution of the issue. In each case, Monsanto claimed that the addition of another class representative would cause it undue prejudice, notwithstanding the fact that the additional burden placed on Monsanto would be minimal, at best. For this reason, the Court should reject Monsanto's arguments and grant plaintiff's motion.

---

[1] In addition, as a review of the transcripts of those depositions reveals, Monsanto's counsel asked a number of questions at both depositions that did not relate to issues of class certification, in violation of this Court's order of December 5, 2005, *see* D.I. 56.

## II.     THE ADDITION OF MR. REIN WILL ASSIST PLAINTIFF IN THE PROSECUTION OF THE CLASS CLAIMS

Monsanto argues that plaintiff's motion should be denied because Mr. Rein will "add[]

nothing" to plaintiff's claims. (D.I. 115 at 6.) Under Monsanto's logic, an adequate class plaintiff

should never be permitted to amend his or her complaint to add additional class representatives.

Contrary to Monsanto's claims, courts and commentators have long recognized that class actions

benefit from multiple class representatives. As this Court has found, the addition of a second class

representative, even where the first is found to be adequate, "will benefit the class." *See Deutschman*

*v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990). Among other justifications, allowing the

addition of a second class representative "protect[s] the interests of the class from defenses applying

solely to [the initial] class representative." *See id.* The District Court for the Eastern District of

Pennsylvania has similarly recognized that granting a Rule 15(a) motion to add additional class

representatives has the benefit of "provid[ing] the Court with a greater variety of factual situations."

*See Gibbs v. Titelman*, 369 F. Supp. 38, 53 (E.D. Pa. 1973). Furthermore, as a leading commentator

has observed, "if any question arises concerning disparate interests among class members, the

presence of several class representatives may present a more representative phalanx on behalf of the

class." 2 Alba Conte & Herbert B. Newberg, Newberg On Class Actions, § 6:3 (4th ed. 2002).

Like Duxbury, Mr. Rein has purchased seed with all three Monsanto traits at issue

(glyphosate-tolerant corn seed, European corn-borer resistant corn seed, and corn rootworm-resistant

corn seed), as well as seed with stacked traits, during the relevant time period.[2] Whereas Duxbury

_____

[2]For this reason, and contrary to Monsanto's insinuations, *see* D.I. 115 at 4, the statement in plaintiff's class certification motion that Mr. Duxbury "purchased glyphosate-tolerant seed, rootworm resistant seed, and corn borer-resistant seed with Monsanto traits" is accurate. *See* D.I. 100 at 12.

has purchased seed containing Monsanto traits from other companies (such as Pioneer Hi-Bred International, Inc.) that have licensed those traits, Mr. Rein has purchased seed containing all four traits directly from Monsanto.[3]  More importantly, like Duxbury, he will vigorously represent the interests of the class.  For these reasons, his addition as a class representative will benefit the class in the prosecution of its claims against Monsanto.

## III.   PLAINTIFF'S MOTION IS TIMELY

Monsanto finally argues that the Court should deny plaintiff's motion because it "results from undue delay." (D.I. 115 at 7.)  Putting aside the fact that the Third Circuit has held that "delay alone is an insufficient ground to deny leave to amend," *Cureton*, 252 F.3d at 273, Monsanto's assertions are false.  Notwithstanding Monsanto's claims that plaintiff has filed this motion late in the process, the Scheduling Order entered by the Court in this matter gives plaintiff until August 15, 2006, to move to join other parties or amend his Complaint. (D.I. 56 at 8.) ("All motions to join other parties or amend the pleadings shall be filed on or before August 15, 2006.").  A motion filed three months before the Court's deadline is plainly timely.[4]

---

[3]Mr. Duxbury has purchased stacked seed with all three traits directly from Monsanto; he has not, however, purchased seed containing solely the individual traits directly from Monsanto. Regardless, as a result of Monsanto's practices, he has been overcharged for all of his purchases of biotechnological corn seed with Monsanto traits.

[4]Monsanto argues that the scheduling order "does not contemplate that plaintiffs can attempt to add additional class representatives at any time and certainly, not after the close of class discovery." *See* D.I. 115 at 7.  It offers no support for this claim, and further fails to explain why, if the scheduling order somehow precludes plaintiff from seeking to add an additional class representative at this point, it permits both sides to file motions "to join other parties" on or before August 15, 2006. *See* D.I. 56 at 8.

10015164.WPD                                    7

## CONCLUSION

For the above reasons, plaintiff's motion to amend its Complaint to add Benjamin Rein as an additional class representative should be granted.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com

Dated: June 19, 2006                          Attorneys for Plaintiff

OF COUNSEL:

BIRD, JACOBSEN & STEVENS          BERRY & LEFTWICH
Charles A. Bird                   R. Stephen Berry
Jeremy R. Stevens                 J. Daniel Leftwich
300 Third Ave. S.E.               Gregory Baruch
Rochester, MN 55904               1717 Pennsylvania Ave. NW, Suite 450
Telephone: (507) 282-1503         Washington, D.C. 20006
Facsimile: (507) 282-7736         Telephone: (202) 296-3020
                                  Facsimile: (202) 296-3038

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL P.L.L.C.
Steven F. Benz
Ronald L. Lord
Michael J. Fischer
Michael S. Zuckman
1615 M St., N.W., Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999