IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC. and<br>JERRY ELLEFSON,<br><br>    Plaintiffs, On Behalf of Themselves<br>    and Others Similarly<br>    Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>Monsanto Controlled Subsidiaries:<br><br>AMERICAN SEEDS INC.,<br>CORN STATES HYBRID,<br>  SERVICE INC.<br>ASGROW SEED CO., INC.,<br>HOLDEN FOUNDATION SEEDS, INC.,<br>DEKALB SEEDS,<br>CALGENE, L.L.C.,<br>CHANNEL BIO CO.,<br>NC+ HYBRIDS,<br>SEMINIS INC.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-535-SLR |

---

| | | |
|---|---|---|
| DARRELL SOUHRADA and<br>DAVE JOHNSON,<br><br>    Plaintiffs, On Behalf of Themselves<br>    and Iowa Citizens Similarly<br>    Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 05-535-SLR |

10017739.WPD

KENT DUXBURY and BENJAMIN REIN, )
                                            )
      Plaintiffs, On Behalf of Themselves )
      and Minnesota Citizens                )
      Similarly Situated,                   )
                                            )
      v.                             )     C.A. No. 05-535-SLR
                                            )
MONSANTO COMPANY,             )
                                            )
      Defendant.                  )

### OPENING BRIEF IN SUPPORT OF
### PLAINTIFFS' MOTION FOR RECONSIDERATION
### OF SEPTEMBER 14, 2006 ORDER [DOCKET NO. 148]

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com
Attorneys for Plaintiffs

Dated: September 19, 2006

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

NATURE AND STAGE OF PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

FACTUAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## <u>TABLE OF AUTHORITIES</u>

<u>Cases</u>                                                                    <u>Page(s)</u>

*BP Amoco Chemical Co. v. Sun Oil Co.*,
    200 F. Supp. 2d 429 (D. Del. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Cotterall v. Paul*,
    755 F.2d 777 (11th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Jones v. Pittsburgh Nat'l Corp.*,
    899 F.2d 1350 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Max's Seafood Café v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Stanziale v. Nachtomi*,
    2004 WL 1812705 (D. Del) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

## INTRODUCTION

Plaintiffs respectfully move the Court to reconsider that portion of its September 14, 2006 Order [D.I. 148] in which the Court concluded that Plaintiffs' motions to add Jerry Ellefson and Benjamin Rein as additional Plaintiffs and class representatives "were filed so as to preclude defendants from pursuing follow up factual discovery before the close of class discovery" and, on that basis, ordered that "these newly added class representatives shall not be considered in connection with the class certification process."

The record already before the Court shows that Plaintiffs produced Mr. Ellefson's discovery materials to Monsanto *within the class certification discovery period*, with time remaining in the period for Monsanto to depose Mr. Ellefson. Plaintiffs invited Monsanto to take Mr. Ellefson's deposition, but Monsanto refused. Plaintiffs also offered to make Mr. Rein's discovery materials available to Monsanto and to produce Mr. Rein for deposition. In response to this offer, Monsanto specifically instructed Plaintiffs' counsel *not* to produce Mr. Rein's materials. Monsanto had adequate time to conduct discovery concerning Mr. Ellefson and Mr. Rein, and was in no way "preclude[d] from pursuing follow up factual discovery." Monsanto simply declined to do so.

## NATURE AND STAGE OF THE PROCEEDINGS

On July 26, 2005, Plaintiff American Seed Company Inc. ("American Seed") filed a lawsuit in this Court against Defendant Monsanto Company and Defendants American Seeds Inc., Corn States Hybrid Service Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., DEKALB Seeds, Calgene, L.L.C., Channel Bio Co., NC+ Hybrids, and Seminis Inc., all of which are subsidiaries controlled by Monsanto Company. D.I. 1. American Seed seeks to represent classes of direct purchasers of biotechnology corn seed in prosecuting antitrust claims against Monsanto under Section 2 of the Sherman Act (15 U.S.C. § 2 (2002)) and Sections 4 and 16 of the Clayton Act (15 U.S.C. §§ 15 and 26 (2002)).

On July 29, 2005, Plaintiffs Darrell Souhrada (of Iowa) and Kent Duxbury (of Minnesota) filed a motion to intervene to prosecute similar claims on behalf of classes of Iowa and Minnesota purchasers under Iowa and Minnesota law. D.I. 13. On November 9, 2005, the Court granted both motions for intervention, and Mr. Souhrada and Mr. Duxbury filed complaints in intervention on November 15, 2005. D.I. 45, 46. Defendants answered American Seed's complaint on August 25, 2005 [D.I. 24], and answered Mr. Souhrada's and Mr. Duxbury's complaints in intervention on November 29, 2005. D.I. 50, 51.

On January 19, 2006, the Iowa complaint was amended by stipulation to add Dave Johnson as a plaintiff and proposed class representative. *See* 1/19/2006 docket entry and D.I. 61.

10017739.WPD                                    -2-

On March 22, 2006, American Seed moved to amend its complaint to add Jerry Ellefson as a plaintiff and proposed class representative of the Direct Purchaser Classes ("American Seed Am. Compl.," D.I. 81). On May 24, 2006, Mr. Duxbury moved to amend his complaint to add Benjamin Rein as a Minnesota class representative. D.I. 113,114.

The Court entered a scheduling order on December 6, 2005. D.I. 56. Class certification discovery ended on April 15, 2006. Merits discovery began on July 1, 2006. On September 14, 2006, the Court entered an order setting hearing on plaintiffs' motion for class certification for October 3, 2006. D.I. 149. On that same day, the Court also issued an order granting plaintiffs' motions to file amended complaints to add class representatives. D.I. 148. The Court also ordered that, because the motions to file amended complaints "were filed so as to preclude defendants from pursuing follow up factual discovery before the close of class discovery, these newly added class representatives shall not be considered in connection with the class certification process." *Id.* at 2.

Plaintiffs now move for reconsideration of the Court's September 14, 2006 order. The following is Plaintiffs' opening brief in support of that motion.

## FACTUAL BACKGROUND

The class discovery period in this case closed on April 15, 2006. *See* D.I. 56 at 8; Letter from P. Moll to S. Benz (May 18, 2006) (attached as Exhibit A). Plaintiffs filed their motion for class certification on April 17, 2006. D.I. 96, 97. Monsanto filed its opposition to class certification nearly three months after that, on July 10, 2006. D.I. 124.

On March 14, 2006 – a month before the end of the class certification discovery period and *four months before* Monsanto filed its opposition to class certification – Plaintiffs sent a letter to Monsanto's counsel asking if Monsanto would oppose adding Mr. Ellefson as a class representative. Plaintiffs explained that full class-certification discovery concerning Mr. Ellefson could be conducted within the established discovery period. Indeed, Plaintiffs proposed a reasonable schedule for concluding the discovery within the class discovery period: "We anticipate producing Mr. Ellefson's documents before the end of [March], responding to defendants' discovery request no later than the first week in April, and making Mr. Ellefson available for deposition during the second week in April." D.I. 106, Exh. B. Plaintiffs further indicated that if Monsanto preferred to take Mr. Ellefson's deposition after the formal end of the class discovery period, Plaintiffs were willing to accommodate Monsanto. *Id.*

Plaintiffs asked Monsanto to provide a response to their proposal by March 17. *Id.* Monsanto did not respond.

On March 22, 2006, having received no response from Monsanto, Plaintiffs filed their motion for leave to file an amended complaint to add Mr. Ellefson as a class

representative. D.I. 81, 82. Plaintiffs reiterated in the motion their proposed schedule to accomplish discovery concerning Mr. Ellefson within the class discovery period. D.I. 82 at 4.

On April 7, 2006, in accordance with the proposed schedule, Plaintiffs served Defendants with Mr. Ellefson's interrogatory and document request objections and responses. D.I. 106 at 2-3; D.I. 92. Although Defendants had not formally served Mr. Ellefson with discovery requests, Mr. Ellefson responded to the same discovery requests that defendants had already served on all of the other class representatives (Monsanto has never suggested that it would have departed from its standard discovery requests with respect to discovery from Mr. Ellefson.). Thus, Monsanto had full discovery from Mr. Ellefson, as well as an opportunity to depose him, within the class discovery period.

Similarly, when Plaintiffs moved to add Mr. Rein as a Minnesota class representative on May 24, 2006 [D.I. 113,114], they repeatedly offered to produce Mr. Rein's documents by May 29, 2006 – more than one month before Monsanto filed its Class Opposition – and to make Mr. Rein available for deposition during the week of June 5, 2006. D.I. 116 at 2. Monsanto had responded to Plaintiffs' earlier proposal by asking Plaintiffs' counsel *not* to produce Mr. Rein's discovery responses. *See* Exh. A. Accordingly, the only reason that Monsanto did not have full discovery from Mr. Rein at least a month before it filed its opposition to class certification is that Monsanto refused to accept Mr. Rein's interrogatory responses and documents and decided against taking his deposition.

**ARGUMENT**

Reconsideration of the September 14 Order is appropriate because the Order rests on what Plaintiffs believe to be "an error . . . of apprehension" that led the court erroneously to exclude the newly added plaintiffs from the pending class certification proceeding. *Stanziale v. Nachtomi*, 2004 WL 1812705, at *1 (D. Del.); *see generally Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (motion for reconsideration may seek correction of "error[] of . . . fact"); *Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (motion for reconsideration is "'functional equivalent' of a Rule 59(e) motion to alter or amend a judgment"); *BP Amoco Chemical Co. v. Sun Oil Co.*, 200 F. Supp. 2d 429, 432 n.2 (D. Del. 2002) (treating motion to alter, amend or reargue as a motion to reconsider).

Plaintiffs respectfully submit that the timing of their motions to add Mr. Ellefson and Mr. Rein did not "preclude defendants from pursuing follow up factual discovery before the close of class discovery." D.I. 148. Monsanto refused to read the discovery materials it received from Mr. Ellefson within the discovery period, and declined Plaintiffs' offer to present Mr. Ellefson for a deposition within the discovery period. Discovery concerning Mr. Rein likewise was timely available to Monsanto, although Monsanto refused it.

On this record, Plaintiffs respectfully submit that there was no "preclusion" of class certification discovery as to Mr. Ellefson and Mr. Rein, and no proper basis for excluding these new Plaintiffs from consideration in the class certification proceeding. Any

curtailment of discovery concerning these new Plaintiffs, or purported prejudice to Monsanto, was a result of Monsanto's conscious decision to avoid the discovery readily available to it.

Furthermore, considering *all* of the putative class representatives in the pending class certification proceeding would promote judicial economy. In opposing class certification, Monsanto has raised arguments concerning the adequacy of two of the Plaintiff class representatives (American Seed Co. Inc. and Kent Duxbury) that the addition of Mr. Ellefson and Mr. Rein as class representatives ordinarily would have mooted. *See* D.I. 133 at 16-19. Yet, the September 14 Order prevents the Court from recognizing that mootness in the context of the pending class certification proceeding and raises the possibility of *seriatum* motions for class certification by plaintiffs in these actions – be they Messrs. Ellefson and Rein, or other future plaintiffs. If the Court were to deny certification of one or more of the proposed classes on the basis of arguments that are specific to American Seed Co. Inc. and Mr. Duxbury, when other named Plaintiffs such as Messrs. Ellefson and Rein are both ready and qualified to carry on the class action, the unnecessary consequence would be repetitive class certification proceedings. *Cf. Cotterall v. Paul*, 755 F.2d 777, 781 (11th Cir. 1985) (court should not deny class certification due to inadequate representation without first ruling on whether proposed intervenors would be adequate representatives).

## CONCLUSION

For the foregoing reasons, the motion for reconsideration should be granted. Plaintiffs respectfully request that the Court consider the newly added class representatives in connection with the pending class certification proceeding.

In the alternative, Plaintiffs request that the Court establish a short period for class discovery concerning the two new class representatives, and allow succinct supplemental briefing on that topic thereafter. Because the relevant discovery materials are already in Monsanto's possession or are available to Monsanto, such additional discovery could be completed very quickly, without delaying class certification.

SMITH, KATZENSTEIN & FURLOW LLP

Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com
Attorneys for Plaintiffs

Dated: September 19, 2006

OF COUNSEL:

KELLOGG, HUBER, HANSEN,
TODD, EVANS & FIGEL P.L.L.C.
Steven F. Benz
Austin C. Schlick
Michael S. Zuckman
1615 M St., N.W. , Suite 400
Washington, D.C. 20036
Telephone: (202) 326-7900
Facsimile: (202) 326-7999

BERRY & LEFTWICH
R. Stephen Berry
Gregory Baruch
J. Daniel Leftwich
1717 Pennsylvania Ave. NW, Suite 450
Washington, DC 20006
Telephone: (202) 296-3020
Facsimile: (202) 296-3038

10017739.WPD

-8-