# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>MONSANTO COMPANY, et al.,<br><br>    Defendants. | ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| DARRELL SOUHRADA<br><br>    Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) ) |
| KENT DUXBURY<br><br>    Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | ) ) ) ) ) ) ) ) C.A. No. 05-535-SLR ) ) ) ) |

## NOTICE OF SUBPOENA AD TESTIFICANDUM & DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and the attached subpoena and accompanying Schedule A, which has been or will be served via hand delivery on GreenLeaf Genetics LLC, c/o The

Corporation Trust Company, and via hand delivery and electronic mail on Plaintiffs' counsel, defendant will take the deposition upon oral examination of GreenLeaf Genetics LLC on November 1, 2006, commencing at 9:00 a.m. at Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, Delaware 19801. The deposition will be recorded by videotape and by stenographic means. You are invited to attend and cross-examine.

      PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and the attached subpoena and accompanying Schedule B, which has been or will be served via hand delivery on GreenLeaf Genetics LLC, c/o The Corporation Trust Company and via hand delivery and electronic mail on Plaintiffs' counsel, GreenLeaf Genetics LLC, also has been commanded to produce documents for copying or inspection on October 4, 2006 by 5:00 p.m., at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, Delaware 19801.

| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
|---|---|
| Peter E. Moll<br>John J. Rosenthal<br>John H. Bogart<br>HOWREY LLP<br>1299 Pennsylvania Ave., N.W.<br>Washington, DC 20004<br>Tel: (202) 783-0800<br><br>Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 942-5000<br><br>Dated: September 21, 2006<br>751444 / 29369 | By: */s/ David E. Moore*<br>    Richard L. Horwitz (#2246)<br>    David E. Moore (#3983)<br>    Hercules Plaza, 6th Floor<br>    P. O. Box 951<br>    Wilmington, DE 19899<br>    Tel: (302) 984-6000<br>    rhorwitz@potteranderson.com<br>    dmoore@potteranderson.com<br><br>*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.* |

# EXHIBIT A

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

# Issued by the
## UNITED STATES DISTRICT COURT
### DISTRICT OF DELAWARE

American Seed Co. Inc., et al.

        Plaintiffs,

        v.

Monsanto Company, et al.

        Defendants.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-535-SLR

TO: GreenLeaf Genetics LLC
     c/o The Corporation Trust Company
     1209 Orange Street
     Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. **See Schedule A hereto.**

| PLACE OF DEPOSITION Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor 1313 N. Market Street, Wilmington, DE 19801 | DATE AND TIME November 1, 2006 at 9 a.m. |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified blow (list documents or objects):

**See Schedule B hereto.**

| PLACE Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor 1313 N. Market Street, Wilmington, DE 19801 | DATE AND TIME October 4, 2006 at 5:00 p.m. |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) /s/ #5953 (Atty. for defendant) | DATE 9/21/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David Moore, Esquire (302) 984-6000
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, DE 19801

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | 9/21/06 | Greenleaf Genetics c/o The Corporation Trust Company 1209 Orange St. Wilmington, DE 19801 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Scott LaScala | By Hand |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Christopher Hazewski | Special Process Server |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 9/21/06
DATE

SIGNATURE OF SERVER

230 N Market Street
Wilmington DE 19801
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a Subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) Requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED CO. INC.          )<br>                                 )<br>   Plaintiff, On Behalf Of Itself )<br>   and Others Similarly         )<br>v.                               )<br>                                 )<br>MONSANTO COMPANY, et al.         )<br>                                 )<br>   Defendant.                    ) | C.A. NO. 05-0535 |
| DARREL SOUHRADA, and             )<br>DAVE JOHNSON,                    )<br>                                 )<br>   Plaintiffs, On Behalf Of Themselves )<br>   and Iowa Citizens Similarly  )<br>   Similarly Situated            )<br>                                 )<br>v.                               )<br>                                 )<br>MONSANTO COMPANY, et al.         )<br>                                 )<br>   Defendant.                    ) | C.A. NO. 05-0535 |
| KENT DUXBURY                     )<br>                                 )<br>   Plaintiff, On Behalf Of Itself )<br>   and Minnesota Citizens       )<br>   Similarly Situated            )<br>                                 )<br>v.                               )<br>                                 )<br>MONSANTO COMPANY, et al.         )<br>                                 )<br>   Defendant.                    ) | C.A. NO. 05-0535 |

**NOTICE OF RULE 30(B)(6) DEPOSITION OF GREENLEAF GENETICS LLC**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the Federal Rules of Civil Procedure, counsel for defendants Monsanto Company, *et al.*, will

take the deposition of the corporate designee(s) of GreenLeaf Genetics LLC ("GreenLeaf Genetics"), about the matters set forth in Attachment A on November 1, 2006, at 9:00 am, at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, Wilmington, Delaware, 19801, or an alternate location and time to be negotiated by the parties.

The deposition will be taken upon oral examination before a court reporter or other person authorized by law to administer oaths, and may be recorded by video and stenographic means. The deposition will be taken for purposes of discovery, for use as evidence in this matter, and for such purposes as permitted by the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed or adjourned by agreement of counsel.

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
John H. Bogart
HOWREY LLP
1299 Pennsylvania Ave, N.W.
Washington, DC 20004-2402
Tel:   (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated:  September 20, 2006
751410

POTTER ANDERSON & CORROON LLP

By:  /s/ David E. Moore
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P. O. Box 951
     Wilmington, DE  19899
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.*

2

# ATTACHMENT A

A. **Definitions and Instructions**

    1. "You," "your," and "GreenLeaf Genetics LLC" mean GreenLeaf Genetics LLC, and its affiliates and subsidiaries which sell, license or produce genetic, transgenic or conventional corn seed; and any or all of their present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on their behalf.

    2. "Traits" or "biotechnology traits" means artificially introduced genetic material into corn seed, plants, cells, or genetic material, including hybrid seed or foundation seed.

    3. "Hybrid seed" means seed created by crossing genetically dissimilar parent plants, such as seed created by the crossing of genetically dissimilar inbred parent plants.

    4. "Foundation corn seed" means any inbred seed or other parent seed stock used in the production of commercial hybrid seed corn.

    5. "Concerning" means relating to, referring to, describing, evidencing or constituting.

    6. "Person" or "persons" refers to all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities including all members, officers employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

B. **Matters on which Examination is Requested**

    1. Financial and other projections concerning GreenLeaf Genetics LLC.

  2. Performance of GreenLeaf Genetics LLC products in corn seed sales, including comparative measures of GreenLeaf Genetics LLC's performance for the period beginning January 2004.

  3. Performance or relative quality of GreenLeaf Genetics LLC germplasm base, breeding programs, and foundation seed for the period beginning January 2004.

## SCHEDULE B

A. **Definitions and Instructions**

1. "You," "your," and "GreenLeaf Genetics LLC" mean GreenLeaf Genetics LLC and its affiliates and subsidiaries which sell, license or produce genetic, transgenic or conventional corn seed; and any or all of their present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on their behalf.

2. "Document" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in the possession, custody or control of GreenLeaf Genetics LLC, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3. "Traits" or "biotechnology traits" means artificially introduced genetic material into corn seed, plants, cells, or genetic material, including hybrid seed or foundation seed.

4. "ECB-resistant traits" means any transgenic corn event, trait or technology that makes the corn plant resistant to the European Corn Borer pest.

5. "Glyphosate tolerant traits" means any transgenic corn event, trait or technology that makes the corn plant tolerant to glyphosate.

6. "CRW-resistant traits" means any transgenic corn event, trait or technology that makes the corn plant resistant to Corn Rootworm insect.

7. "Transgenic corn traits" means any ECB-resistant, glyphosate-tolerant, or CRW-resistant traits, or combination or "stacks" of such traits.

8. "Hybrid seed" means seed created by crossing genetically dissimilar parent plants, such as seed created by the crossing of genetically dissimilar inbred parent plants.

9. "Foundation corn seed" means any inbred seed or other parent seed stock used in the production of commercial hybrid seed corn.

10. "Conventional corn" means corn not containing any transgenic traits or technology.

11. "Incentive" means any agreement or program entered between GreenLeaf Genetics LLC, its affiliates and subsidiaries, and any other person, company or licensee relating to a relevant product that offers any payment, subsidy, incentive, discount, rebate, allowance, waiver, or other financial inducement.

12. "Concerning" means relating to, referring to, describing, evidencing or constituting.

13. All requests seek documents generated or in use at any time since January 1, 1996.

14. All documents that respond, in whole or in part, to any portion of the requests below shall be disclosed in their entirety, including all attachments and enclosures. Documents attached to each other must not be separated.

15. File folders with tabs or labels identifying documents called for by this Request must be produced intact with such Documents.

16. Selection of documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary.

17. If any document requested was at one time in existence and in your possession, control or custody, but has been lost, discarded, destroyed or otherwise removed from your possession, custody or control, provide with respect to each document a description of the document and the date it was lost, discarded, destroyed, or removed.

2

18. Should you seek to withhold any Document based on some limitation of discovery (including privilege), you must supply a list of the Documents for which limitation of discovery is claimed, indicating:

   i. The identity of each document's author(s), writer(s), sender(s), or initiator(s);

   ii. The identity of each document's recipient(s), addresses(s), or party(ies) for whom it was intended;

   iii. The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

   iv. The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

   v. The claimed grounds for limitation of discovery (e.g. "attorney-client privilege" or "work product privilege")

19. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

20. The use of the singular form or any word includes the plural and vice versa.

21. Should you deem the contents of any Document to be confidential, you shall so designate such Documents. Pursuant to the local rules and orders applicable in this case, such Documents must be produced or provided. The use of such Documents shall be restricted as provided under the Stipulated Amended Protective Order.

22. GreenLeaf Genetics LLC is advised that this Subpoena is a continuing one and requires prompt supplemental production by GreenLeaf Genetics, in accordance with the Federal Rules of Civil Procedure, as and whenever GreenLeaf Genetics acquires,

3

makes or discovers additional responsive documents, between the time of initial production and the conclusion of the trial of this action.

**B.     Documents Requested**

You are requested to produce and permit inspection and copying of any and all of the following documents and things under your control at the time and place noted on the attached subpoena:

1.     Documents sufficient to disclose the persons licensing traits from Greenleaf Genetics LLC and, for each such person, the traits licensed.

2.     Current list of traits GreenLeaf Genetics LLC offers for license.

3.     Licenses, contracts or agreements for each trait offered by GreenLeaf Genetics LLC.

4.     Current list of foundation seed lines offered by GreenLeaf Genetics LLC.

5.     List of any hybrid lines offered by GreenLeaf Genetics LLC for licensing, research, testing or any other purpose.

6.     Documents sufficient to disclose the persons licensing or testing each hybrid line.

7.     Documents sufficient to disclose all incentive programs offered by or in connection with GreenLeaf Genetics LLC.

8.     Documents sufficient to disclose royalty, price, license, or other like fees or charges.

9.     Financial plans, projections, and other analyses of the performance of GreenLeaf Genetics LLC.

10.    Documents sufficient to disclose all license, royalty, or other like fee paid by GreenLeaf Genetics LLC.

4

take the deposition of the corporate designee(s) of GreenLeaf Genetics LLC ("GreenLeaf Genetics"), about the matters set forth in Attachment A on November 1, 2006, at 9:00 am, at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, Wilmington, Delaware, 19801, or an alternate location and time to be negotiated by the parties.

The deposition will be taken upon oral examination before a court reporter or other person authorized by law to administer oaths, and may be recorded by video and stenographic means. The deposition will be taken for purposes of discovery, for use as evidence in this matter, and for such purposes as permitted by the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed or adjourned by agreement of counsel.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Peter E. Moll<br>John J. Rosenthal<br>John H. Bogart<br>HOWREY LLP<br>1299 Pennsylvania Ave, N.W.<br>Washington, DC 20004-2402<br>Tel:   (202) 783-0800<br><br>Kenneth A. Letzler<br>Jonathan I. Gleklen<br>ARNOLD & PORTER LLP<br>555 12th Street, N.W.<br>Washington, D.C. 20004<br>Tel: (202) 942-5000<br><br>Dated: September 21, 2006<br>751410 | POTTER ANDERSON & CORROON LLP<br><br>By:   /s/ David E. Moore<br>        Richard L. Horwitz (#2246)<br>        David E. Moore (#3983)<br>        Hercules Plaza, 6th Floor<br>        1313 N. Market Street<br>        P. O. Box 951<br>        Wilmington, DE  19899<br>        Tel:  (302) 984-6000<br>        rhorwitz@potteranderson.com<br>        dmoore@potteranderson.com<br><br>*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.* |

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 21, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on September 21, 2006, I have sent by Electronically Mailed the foregoing document to the following non-registered participants:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607