## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC., and<br>JERRY ELLEFSON, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, On Behalf of Themselves<br>and Others Similarly<br>Situated, | ) | |
| | ) | |
| | ) | |
| | ) | C.A. No. 05-535-SLR |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | | |

| | | |
|---|---|---|
| DARRELL SOUHRADA, and<br>DAVE JOHNSON, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, On Behalf of Themselves<br>and Iowa Citizens Similarly<br>Situated, | ) | |
| | ) | |
| | ) | |
| | ) | C.A. No. 05-535-SLR |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |

| | | |
|---|---|---|
| KENT DUXBURY, and<br>BENJAMIN REIN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, On Behalf of Themselves<br>and Minnesota Citizens<br>Similarly Situated, | ) | |
| | ) | |
| | ) | |
| | ) | C.A. No. 05-535-SLR |
| v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | | |

## ANSWER TO AMENDED COMPLAINT

Defendant Monsanto Company hereby answers plaintiffs' Kent Duxbury and Benjamin Rein's class action complaint as follows.

## SUMMARY OF CLAIMS

1.      Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 1. Monsanto denies the remaining allegations contained in Paragraph 1.

2.      Monsanto admits the allegations contained in the first sentence of Paragraph 2. Monsanto denies the remaining allegations contained in Paragraph 2.

3.      Monsanto denies that it is a monopolist and denies that it has engaged in any unlawful conduct in the alleged relevant markets or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 3.

4.      Monsanto denies that it has enhanced or unlawfully maintained any monopoly power in the alleged relevant markets or in any other market through bundling agreements or through any other alleged wrongful conduct. Accordingly, Monsanto denies the allegations contained in Paragraph 4.

5.      Monsanto denies that this action can properly be maintained as a class action and accordingly denies the allegations contained in Paragraph 5.

## JURISDICTION AND VENUE

6.      Monsanto admits that plaintiffs' complaint purports to be an action for which this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1332(d)(2).

7.      Monsanto denies that venue is proper in this judicial district.

## PARTIES

8.      Monsanto denies the allegations contained in Paragraph 8.

9.      Monsanto lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies them.

10.     Monsanto admits the allegations contained in Paragraph 10.

## RELEVANT MARKETS

11.     Monsanto admits the allegations contained in Paragraph 11.

12.     Monsanto denies the allegations contained in Paragraph 12.

13.     Monsanto admits the allegations contained in Paragraph 13.

14.     Monsanto admits the allegations contained in Paragraph 14.

15.     Monsanto admits the allegations contained in the first two sentences of Paragraph 15.  Monsanto denies the remaining allegations contained in Paragraph 15.

### Relevant Market for Corn Seed Tolerant of Glyphosate

16.     Paragraph 16 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 16.

17.     Monsanto denies the allegations contained in Paragraph 17.

18.     The first sentence of Paragraph 18 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 18.  Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 18. Monsanto denies the allegations contained in the last sentence of Paragraph 18.

19.     Monsanto denies the allegations contained in Paragraph 19.

20.     Monsanto denies the allegations contained in Paragraph 20.

21.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market. Monsanto further denies that it charges above-competitive prices. Accordingly, Monsanto denies the allegations contained in Paragraph 21.

### Relevant Market for Corn Seed Resistant to the European Corn Borer

22.    Paragraph 22 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 22.

23.    Monsanto admits the allegations contained in the first sentence of Paragraph 23. Monsanto denies the remaining allegations contained in Paragraph 23.

24.    Monsanto denies the allegations contained in Paragraph 24.

25.    Monsanto denies the allegations contained in Paragraph 25.

26.    The first sentence of Paragraph 26 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 26. Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 26. Monsanto denies the allegations contained in the last sentence of Paragraph 26.

27.    Monsanto denies the allegations contained in Paragraph 27.

28.    Monsanto denies the allegations contained in Paragraph 28.

29.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market. Monsanto further denies that it charges above-competitive prices. Accordingly, Monsanto denies the allegations contained in Paragraph 29.

### Relevant Market for Corn Seed Resistant to Root Worm

30.    Paragraph 30 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 30.

31.    Monsanto admits the allegations contained in the first sentence of Paragraph 31.  Monsanto denies the remaining allegations contained in Paragraph 31.

32.    Monsanto denies the allegations contained in Paragraph 32.

33.    Monsanto denies the allegations contained in Paragraph 33.

34.    The first sentence of Paragraph 34 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 34.  Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 34.  Monsanto denies the allegations contained in the last sentence of Paragraph 34.

35.    Monsanto denies the allegations contained in Paragraph 35.

36.    Monsanto denies the allegations contained in Paragraph 36.

37.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market.  Monsanto further denies that it charges above-competitive prices.  Accordingly, Monsanto denies the allegations contained in Paragraph 37.

### Relevant Market for Corn Seed With Stacked Traits

38.    Paragraph 38 states a legal conclusion to which no answer is required.  To the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 38.

39.    Monsanto denies the allegations contained in Paragraph 39.

40.    The first sentence of Paragraph 40 states a legal conclusion to which no answer is required. To the extent an answer is deemed required, Monsanto denies the allegations contained in the first sentence of Paragraph 40. Monsanto admits the allegations contained in the second, third, and fourth sentences of Paragraph 40. Monsanto denies the allegations contained in the last sentence of Paragraph 40.

41.    Monsanto denies the allegations contained in Paragraph 41.

42.    Monsanto denies the allegations contained in Paragraph 42.

43.    Monsanto denies that it has market domination and denies that barriers exist within the alleged relevant market. Monsanto further denies that it charges above-competitive prices. Accordingly, Monsanto denies the allegations contained in Paragraph 43.

## CLASS ACTION ALLEGATIONS

44.    Paragraph 44 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 44.

45.    Paragraph 45 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 45.

46.    Paragraph 46 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action

and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 46.

47.    Paragraph 47 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 47.

48.    Paragraph 48 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 48.

49.    Paragraph 49 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 49.

50.    Paragraph 50 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 50.

51.    Paragraph 51 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 51.

52.    Paragraph 52 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 52.

53.    Paragraph 53 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 53.

54.    Paragraph 54 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 54.

55.    Paragraph 55 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 55.

56.    Paragraph 56 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 56.

57.    Paragraph 57 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action

and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 57.

58.    Paragraph 58 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 58.

59.    Paragraph 59 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 59.

60.    Paragraph 60 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 60.

61.    Paragraph 61 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 61.

62.    Paragraph 62 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 62.

63.     Paragraph 63 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 63.

64.     Paragraph 64 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 64.

65.     Paragraph 65 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 65.

66.     Paragraph 66 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 66.

67.     Paragraph 67 states a legal conclusion to which no answer is required. However, Monsanto denies that this action can be properly maintained as a class action and to the extent an answer is deemed required, Monsanto denies the allegations contained in Paragraph 67.

## MONOPOLY MAINTENANCE

68.     Monsanto admits the allegations contained in Paragraph 68.

69.     Monsanto admits the allegations contained in Paragraph 69.

70.    Monsanto admits that it began marketing a corn seed resistant to root worm called YieldGard Root Worm in 2003, but denies the remaining allegations of the first sentence contained in Paragraph 70. Monsanto admits the remaining allegations contained in Paragraph 70.

71.    Monsanto denies the allegations contained in Paragraph 71.

### Exclusive Dealing Contracts

72.    Monsanto admits that it has or had GA21 License Agreements with seed companies. The terms of those agreements speak for themselves. Monsanto denies the remaining allegations contained in Paragraph 72.

73.    Monsanto admits that it has or had various license agreements with seed companies, including a NK603 License Agreement relating to the use, licensing and sale of a glyphosate-tolerant corn trait, a MON810 License Agreement relating to the development, use, licensing and sale of a European Corn Borer-tolerant corn trait; and a Corn Root Worm License Agreement relating to the use, licensing and sale of a corn root worm-tolerant corn trait. The terms of these various agreements speak for themselves. Monsanto denies the remaining allegations contained in Paragraph 73.

74.    Monsanto admits the allegations contained in Paragraph 74.

75.    Monsanto admits the first sentence of Paragraph 75. Monsanto denies the remaining allegations contained in Paragraph 75.

76.    Monsanto denies the allegations contained in Paragraph 76.

77.    Monsanto admits that on May 12, 2004, Syngenta AG issued a press release relating to Advanta BV, which speaks for itself. Monsanto further admits that on May 12, 2004, Syngenta AG announced it had acquired certain intellectual property

rights in GA21 from Bayer CropScience. Monsanto denies the remaining allegations contained in Paragraph 77.

78.    Monsanto admits that on June 25, 2004, Syngenta AG issued a press release relating to the Golden Harvest group, a producer of hybrid corn and soybeans, which speaks for itself. Monsanto denies the remaining allegations contained in Paragraph 78.

79.    Monsanto denies that Syngenta has the independent legal right to license or sell GA21 and, therefore, denies the first sentence of the allegations contained in Paragraph 79. Monsanto admits that Syngenta is attempting to commercialize GA21 through the sale of seeds and licensing of the trait to various seed companies in violation of Monsanto's intellectual property rights. Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the last sentence of Paragraph 79 and on that basis denies the allegations. Monsanto denies the remaining allegations contained in Paragraph 79.

80.    Monsanto is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and on that basis denies the allegations.

81.    Monsanto admits that it sent notices to seed companies regarding the use and sale of GA21, and further states that such notice speaks for itself. Monsanto denies that it pressured or threatened seed companies, and denies the remaining allegations contained in Paragraph 81.

### Product Bundling to Deny Competitors Distribution of Corn Seed with Traits

82.    Monsanto denies the allegations contained in Paragraph 82.

12

83.    Monsanto admits that it has entered into an Amended and Restated License Incentive Agreement with certain seed companies, and further states that the Incentive Agreement speaks for itself. Monsanto denies that it has a bundling plan. Monsanto denies the remaining allegations contained in Paragraph 83.

84.    Monsanto states that the Incentive Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 84.

85.    Monsanto states that the Incentive Agreement speaks for itself, and denies the remaining allegations contained in Paragraph 85.

86.    Monsanto states that the terms of the GA21 License Agreements and the Incentive Agreement speak for themselves. Monsanto admits that a number of seed companies have entered into License Agreements and Incentive Agreements with Monsanto. Monsanto denies the remaining allegations contained in Paragraph 86.

87.    Monsanto denies that barriers to entry and expansion exist and denies that it has created any such barriers through its fees or incentives or any other alleged wrongful conduct. Accordingly, Monsanto denies the allegations contained in Paragraph 87.

## INJURY TO COMPETITION

88.    Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 88.

89.    Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause

harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 89.

90.     Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 90.

91.     Monsanto denies that it has engaged in unlawful or wrongful conduct in the alleged relevant market, and denies that any of its conduct has caused or will cause harm to competition. Accordingly, Monsanto denies the allegations contained in Paragraph 91.

## CLAIMS FOR RELIEF

## COUNT ONE

92.     Monsanto reasserts and incorporates by reference its answers to paragraphs 1-91 above.

93.     Monsanto denies the allegations contained in Paragraph 93.

94.     Monsanto denies the allegations contained in Paragraph 94.

95.     Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barriers to entry or to expansion exist. Accordingly, Monsanto denies the allegations contained in Paragraph 95.

96.     Monsanto denies that it has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 96.

97.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 97.

98.    Monsanto denies the allegations contained in Paragraph 98.

99.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 99.

## COUNT TWO

100.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-99 above.

101.    Monsanto denies the allegations contained in Paragraph 101.

102.    Monsanto denies the allegations contained in Paragraph 102.

103.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barriers to entry or to expansion exist. Accordingly, Monsanto denies the allegations contained in Paragraph 103.

104.    Monsanto denies that it has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 104.

105.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 105.

106.    Monsanto denies the allegations contained in Paragraph 106.

107.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 107.

### COUNT THREE

108.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-107 above.

109.    Monsanto denies the allegations contained in Paragraph 109.

110.    Monsanto denies the allegations contained in Paragraph 110.

111.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barriers to entry or to expansion exist. Accordingly, Monsanto denies the allegations contained in Paragraph 111.

112.    Monsanto denies that it has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 112.

113.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 113.

114.    Monsanto denies the allegations contained in Paragraph 114.

115.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 115.

## COUNT FOUR

116.    Monsanto reasserts and incorporates by reference its answers to paragraphs 1-115 above.

117.    Monsanto denies the allegations contained in Paragraph 117.

118.    Monsanto denies the allegations contained in Paragraph 118.

119.    Monsanto denies that it possesses monopoly power in the alleged relevant market or in any other market, and denies that barriers to entry or to expansion exist. Accordingly, Monsanto denies the allegations contained in Paragraph 119.

120.    Monsanto denies that it has the power to control market prices or to exclude competition in the alleged relevant market or in any other market. Accordingly, Monsanto denies the allegations contained in Paragraph 120.

121.    Monsanto denies that it is a monopolist. Monsanto further denies that it has engaged in any conduct or pattern of conduct intended to keep prices high, to stifle competition, to eliminate consumer choice, or to have any other anticompetitive effect. Accordingly, Monsanto denies the allegations contained in Paragraph 121.

122.    Monsanto denies the allegations contained in Paragraph 122.

123.    Monsanto denies that it charges above-competitive prices that have caused or will cause antitrust injury. Accordingly, Monsanto denies the allegations contained in Paragraph 123.

## JURY DEMAND

Monsanto demands a trial by jury on plaintiff's complaint and on its defenses.

## DEFENSES

### First Defense

Plaintiffs' claims fail to state any claim upon which relief can be granted.

### Second Defense

Plaintiffs' claims are barred by the statute of limitations.

### Third Defense

Plaintiffs' claims are barred by the doctrines of laches, waiver, and estoppel.

### Fourth Defense

Plaintiffs' claims are barred in whole or in part by its failure to mitigate damages.

### Fifth Defense

Plaintiffs lack standing to assert the claims alleged in the complaint.

### Sixth Defense

Plaintiffs' claims are barred in whole or in part because plaintiffs have not suffered and will not suffer injury of the type the antitrust laws were designed to prevent.

### Seventh Defense

Any injuries or damages plaintiffs may have suffered were caused solely and proximately by the acts or omissions of others.

### Eighth Defense

Any and all of Monsanto's actions challenged by plaintiffs were lawful, justified, and procompetitive, and were carried out in furtherance of Monsanto's legitimate business interests.

### Ninth Defense

Plaintiffs' claims are barred, in whole or in part, because this action is not properly maintainable as a class action and plaintiffs are not proper class representatives.

### Tenth Defense

To the extent plaintiffs have entered into a technology agreement with Monsanto, such technology agreement contains a forum selection clause that requires any litigation be brought in Missouri.

### PRAYER FOR RELIEF

WHEREFORE, defendant Monsanto prays that judgment be entered:

(1)    dismissing the Complaint with prejudice;

(2)    awarding Monsanto costs and attorneys' fees, as may be allowed by law; and

(3)    granting such other relief as the Court deems just and appropriate.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

By: _/s/ David E. Moore_____
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

Dated: October 4, 2006
754018 / 29369

*Attorneys for Monsanto Company,
American Seed, Inc., Corn States Hybrid
Service, Inc., Asgrow Seed Co., Inc., Holden
Foundation Seeds, Inc., Dekalb Seeds,
Calgene, L.L.C., Channel Bio Co., Nc+
Hybrids and Semins, Inc.*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 4, 2006, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification to the registered attorney(s) of record that the

document has been filed and is available for viewing and downloading:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

I hereby certify that on October 4, 2006, I have sent by Electronically Mailed the

foregoing document to the following:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
        Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

*/s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607