# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC., and JERRY ELLEFSON, | ) ) ) | |
| Plaintiffs, On Behalf of Themselves and Others Similarly Situated, | ) ) ) ) | C.A. No. 05-535-SLR |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| MONSANTO COMPANY, et al., | ) ) ) | |
| Defendants. | ) | |
| DARRELL SOUHRADA, and DAVE JOHNSON, | ) ) ) | |
| Plaintiffs, On Behalf of Themselves and Iowa Citizens Similarly Situated, | ) ) ) ) | |
| v. | ) ) | C.A. No. 05-535-SLR |
| MONSANTO COMPANY, | ) ) ) | |
| Defendant. | ) | |
| KENT DUXBURY, and BENJAMIN REIN, | ) ) ) | |
| Plaintiffs, On Behalf of Themselves and Minnesota Citizens Similarly Situated, | ) ) ) ) ) | |
| v. | ) ) ) | C.A. No. 05-535-SLR |
| MONSANTO COMPANY, | ) ) ) | |
| Defendant. | ) | |

## MONSANTO'S OPPOSITION TO PLAINTIFFS' MOTION TO RECONSIDER SEPTEMBER 14, 2006 ORDER

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP

Dated: October 6, 2006
754512 / 29369

Richard L. Horwitz (#2246)
David E. Moore (#3983)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
P. O. Box 951
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monsanto Company, et al.*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. ii

NATURE AND STAGE OF THE PROCEEDINGS .............................................................. 1

SUMMARY OF ARGUMENT ............................................................................................. 2

ARGUMENT ......................................................................................................................... 3

     I.     PLAINTIFFS HAVE FAILED TO SATISFY THE STANDARD
           FOR GRANTING A MOTION FOR RECONSIDERATION ...................... 3

     II.    THE COURT'S RULING IS CORRECT ................................................... 4

     III.   GRANTING PLAINTIFFS' MOTION WOULD SEVERELY
           PREJUDICE MONSANTO AND REWARD PLAINTIFFS'
           DILATORY AMENDMENTS ................................................................... 6

CONCLUSION ...................................................................................................................... 8

# TABLE OF AUTHORITIES

## CASES

*Cotterall v. Paul,*
　755 F.2d 777 (11th Cir. 1985) ........................................................................7

*Dentsply Int'l v. Kerr Mfg. Co.,*
　42 F. Supp. 2d 385 (D. Del. 1999) ...............................................................2, 4

*In re Fine Paper Antitrust Litigation,*
　685 F.2d 810 (3d Cir. 1982) .........................................................................3, 4

*Max's Seafood Café by Lou Ann, Inc. v Quintros,*
　176 F.3d 669 (3d Cir. 1999) .........................................................................2, 4

*Praxair, Inc. v. ATMI, Inc.,*
　231 F.R.D. 457 (D. Del. 2005) ........................................................................7

*Redhead v. United States,*
　686 F.2d 178 (3d Cir. 1982) .........................................................................3, 4

*Stanziale v. Nachtomi,*
　2004 U.S. Dist. LEXIS 15664 (D. Del. Aug. 6, 2006) ......................................3

## STATUTES

Fed. R. Civ. P. 34 ..............................................................................................5

## NATURE AND STAGE OF THE PROCEEDINGS

American Seed Co., Inc., filed a putative class action complaint against Monsanto Company and its affiliates on July 26, 2005, alleging that Monsanto monopolized the alleged markets for certain transgenic corn seeds. (D.I. 1). Plaintiffs Kent Duxbury and Darrell Souhrada were later granted leave to intervene on behalf of, respectively, Minnesota and Iowa purchasers of Monsanto's transgenic corn seed. (D.I. 13). They filed their respective complaints on November 15, 2005. (D.I. 45).

The Court entered a Scheduling Order requiring that the parties serve written discovery requests on class issues by November 28, 2005, and respond to those requests by January 15, 2006. (D.I. 56 – Scheduling Order ¶ 2(d)i ). The order further provided that fact discovery on class certification issues would close on March 15, 2006. (D.I. 56). At plaintiffs' request, the Court extended this deadline to April 12, 2006.

On January 17, 2006, with Monsanto's consent, the plaintiffs amended their complaint to add Dave Johnson as an additional Iowa class representative. Only weeks before the fact discovery cut off, on March 22, 2006, plaintiffs moved to amend American Seed's complaint to add another class representative, Jeffrey Ellefson. (D.I. 82). Monsanto opposed that motion based on the plaintiffs' undue delay in seeking to add Mr. Ellefson at the close of discovery, which would unfairly prejudice to Monsanto. (D.I. 94).

Fact discovery on class certification closed on April 12, 2006. (D.I. 56). Plaintiffs' filed their motion for class certification on April 17, 2006.[1] Monsanto then had 60 days to conduct discovery on plaintiffs' expert witnesses, work with its own

---

[1] Under the Scheduling Order, class discovery was originally scheduled to close on March 15, 2006. (D.I. 56). At plaintiffs' request, and upon their assurance that they were "not asking for any other dates to be moved or asking for a ripple effect on that scheduling order," the Court extended class discovery until April 12, 2006. (02-06-06 Discovery Status Conf. Hr. Tr. at 5 (Ex. A hereto). At no time during the hearing did plaintiffs' counsel raise its intention to amend the complaint in an attempt to add another class representative.

expert, and prepare its response to plaintiffs' motion. During that period, on May 24, 2006, Mr. Duxbury moved to amend his complaint to add Benjamin Rein as a proposed class representative. (D.I. 113). Monsanto opposed Mr. Duxbury's motion because plaintiffs unduly delayed in seeking to add him after class discovery closed and because that delay would unfairly prejudice Monsanto. (D.I. 118).

Plaintiffs filed their motion for class certification on April 17, 2006. (D.I. 96). Monsanto filed its opposition on June 30, 2006, (D.I. 112) and plaintiffs filed their reply on August 14, 2004. (D.I. 133).

On September 14, 2006, the Court granted plaintiffs' motions to amend, but held that "because these motions were filed so as to preclude defendants from pursuing follow up factual discovery, these newly added class representatives shall not be considered in connection with the class certification process." (D.I. 148 – Order at 2). On September 19, 2006, plaintiffs moved for reconsideration. (D.I. 150).

The Court heard oral argument on the class certification motion on October 3, 2006. (Minute Entry of Oct. 3, 2006).

## SUMMARY OF ARGUMENT

1.    Plaintiffs cannot meet the high standard required for granting a motion for reconsideration. Such motions should be granted only when there has been a change in the law, newly discovered facts, or an error of fact or law that caused manifest injustice. *Max's Seafood Café by Lou Ann, Inc. v Quintros*, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiffs' motion does not meet this standard but rather seeks to "rehash arguments already briefed," which this Court has previously ruled is not grounds for a motion to reconsider. *Dentsply Int'l v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999).

2.    The Court did not err in ruling that the addition of Mr. Ellefson and Mr. Rein could not be considered for class purpose. The Court's decision falls within its

broad discretion in managing its docket and discovery schedule. *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982). This includes the ability to require adherence to court-ordered deadlines. *Redhead v. United States*, 686 F.2d 178, 184 (3d Cir. 1982). Plaintiffs sought to add Mr. Ellefson shortly before the fact discovery cut off, and Mr. Rein after the cut off, without any reasonable explanation for the delay in seeking the amendment. In addition, Mr. Ellefson and Mr. Rein only became actual parties to this action on September 14, 2006, five months after class discovery closed, and one month after the parties finished briefing on the certification motion. Allowing these parties to be considered for class certification would reward the plaintiffs for their delay while prejudicing Monsanto, which was deprived of the ability take fact discovery from these parties, and to address them through expert testimony, prior to briefing and oral argument.

## ARGUMENT

### I.    PLAINTIFFS HAVE FAILED TO SATISFY THE STANDARD FOR GRANTING A MOTION FOR RECONSIDERATION

"[M]otions for reconsideration or reargument should be granted only 'sparingly.'" *Stanziale v. Nachtomi*, 2004 U.S. Dist. LEXIS 15664, at *2 (D. Del. Aug. 6, 2006) (denying motion for reconsideration) (Ex. B hereto). While plaintiffs seek reconsideration because they claim that the Court made an "error of apprehension" (*i.e.*, a mistake), plaintiffs merely dislike the Court's ruling and seek a second bite at the proverbial apple. This is not a basis for a motion for reconsideration.

Plaintiffs ignore the high standard necessary for granting a motion for reconsideration, which requires:

(1)    there has been an intervening change in the controlling law;

3

(2)    there is newly discovered evidence which was not available to the moving party at the time of judgment; or

(3)    there is a need to correct a legal or factual error which has resulted in a manifest injustice.

*Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Plaintiffs raise no new change in the law, no new evidence not previously available to them, and make no reasonable argument that there is the need to correct an error resulting in manifest injustice. Indeed, there can be no manifest injustice given that the motions to amend were untimely made due to plaintiffs' own delay. Plaintiffs' motion falls far short of the above standard.

Plaintiffs' motion for reconsideration is predicated on the very same arguments that this Court has already rejected. For example, plaintiffs argue that these new plaintiffs should be considered for class purposes because Monsanto could have taken discovery of Mr. Ellefson and Mr. Rein. (D.I. 151 – Pl. Br. at 5, 7). Leaving aside the merits of this argument for the moment, the Court already considered and rejected this very argument. (D.I. at 114). Having raised nothing new in the instant motion in terms of facts or law that was not previously considered, the motion should be summarily rejected. *Dentsply Int'l* , 42 F. Supp. 2d at 419 (denying a motion for reconsideration noting that the movant cannot simply "rehash arguments already briefed").

## II.    THE COURT'S RULING IS CORRECT

The Third Circuit, like other federal courts, recognize that "[m]atters of docket control and conduct of discovery are committed to the sound discretion of the [Court]." *In re Fine Paper Antitrust Litigation*, 685 F.2d 810, 817 (3d Cir. 1982). That includes the ability to enforce a discovery deadline. *Redhead v. United States*, 686 F.2d 178, 184 (3d Cir. 1982). The Court does not abuse that discretion "except upon the clearest

4

showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Id.* at 819.

The Court's "error of apprehension," according to plaintiffs, is that "the timing of their motions to add Mr. Ellefson and Mr. Rein did not 'preclude defendants from pursuing follow up factual discovery before the close of class discovery.'" (D.I. 151 – Pl. Br. at 6), quoting (D.I. 148 – Mem. Op. at 2). Plaintiffs conveniently ignore the relevant facts and the requirements of the Federal Rules of Civil Procedure.

Discovery may not proceed against a plaintiff or defendant until they are an actual party to an action. Fed. R. Civ. P. 33 (providing for discovery only against a party); Fed. R. Civ. P. 34 (same). Here, Mr. Ellefson and Mr. Rein did not become parties to this action until September 14, 2006, six months after class discovery closed, and a month after the briefing on plaintiffs' class certification motion closed. (D.I. 148). The Court acted well within its discretion in declining to consider parties whom Monsanto did not and could not have the opportunity to serve with written discovery, depose, obtain expert disclosures and address in its class certification briefs.

Plaintiffs cannot sidestep these issues by treating Mr. Ellefson and Mr. Rein as if they became parties the moment that plaintiffs moved to amend. For example, plaintiffs claim that they "produced Mr. Ellefson's discovery materials to Monsanto within the class discovery period" (D.I. 151 – Pl. Br. at 1), but Monsanto never served Mr. Ellefson with any discovery requests. Plaintiffs simply sent Monsanto purported responses to document requests and interrogatories that Monsanto had previously served on the actual parties, not Mr. Ellefson. Plaintiffs sent these materials in order to argue in their motion to amend that Monsanto already had "discovery." As discussed above, nothing obligated

5

Monsanto to conform to this unilaterally imposed discovery schedule by reviewing these documents and taking discovery from a nonparty.

Plaintiffs further argue that Monsanto should have spent from March 22, 2006, to April 14, 2006 – approximately three weeks – issuing discovery requests to Mr. Ellefson, awaiting Mr. Ellefson's responses to those requests, resolving any disputes over those responses, and preparing for and taking Mr. Ellefson's deposition. (D.I. 151 – Pl. Br. at 6.) This, according to plaintiffs, Monsanto should have done because Mr. Ellefson *might become* a party. After doing this, Monsanto should have repeated the process for Mr. Rein *after* the cut off for fact discovery on certification issues, while Monsanto was preparing for and taking the depositions of plaintiffs' expert witnesses, working with its own expert witness, and preparing its response to plaintiffs' motion for class certification. Monsanto would again be required to do all of this because Mr. Rein *might become* a party. Nothing in the Federal Rules of Civil Procedure permits plaintiffs to unilaterally impose such a discovery schedule on Monsanto.[2]

## III.   GRANTING PLAINTIFFS' MOTION WOULD SEVERELY PREJUDICE MONSANTO AND REWARD PLAINTIFFS' DILATORY AMENDMENTS

Plaintiffs finally acknowledge the true reason for their motions to amend – the original plaintiffs lack standing, a problem that plaintiffs did not disclose in their initial

---

[2] Plaintiffs' position that Monsanto should have engaged in discovery after the motions to amend were filed but before they were ruled upon would have violated the Court's Scheduling Order and Local Rules. The Court imposed deadlines of November 25, 2006, to issue written discovery requests, which had passed by the time plaintiffs made their motions to amend, and April 12, 2006, to conduct class discovery, which had passed by the time plaintiffs moved to add Rein. (D.I. 56). Further, the Court's Local Rules require moving to extend a discovery deadline *before* that deadline passes. Rule 16.5. Monsanto was not free to ignore the Court's Scheduling Order and Local Rules at plaintiffs' behest.

briefing. (D.I. 151 – Pl. Br. at 7). Plaintiffs claim that the Court must consider Mr.
Ellefson and Mr. Rein for reasons of "judicial economy" in case it finds that American
Seed and Mr. Duxbury lack standing, citing *Cotterall v. Paul*[3] to support this proposition.

Nothing in *Cotterall* suggests, however, that a Court must consider proposed
intervenors without giving the defendant an opportunity to take discovery of those
parties, which is precisely what plaintiffs ask the Court to do. Nothing in *Cotteral* or any
other case requires a court to consider for class purposes parties that are added at or after
the close of class discovery, in violation of the Court's scheduling order and in a manner
that would severely prejudice the opposing party.

Here, there is little question that Monsanto would be unfairly prejudiced if the
Court considered Mr. Ellefson and Mr. Rein as part of the certification process. To allow
the consideration of these new parties at this stage in the proceedings would deprive
Monsanto of the ability to take written discovery or depose these new parties. *Praxair,
Inc. v. ATMI, Inc.*, 231 F.R.D. 457, 463 (D. Del. 2005) (Court refused to consider the
defendant's supplemental expert report, which was submitted ten days prior to the
deadline to file summary judgment motions, because plaintiffs had no meaningful
opportunity to conduct discovery). Similarly, Monsanto's expert had no opportunity
consider the impact, if any, to the new plaintiffs' addition, nor did Monsanto have the
opportunity to brief the implications, if any, of these new parties as to the issue of
adequacy of representation, commonality, typicality or common proof.

Here, the Court should heavily weigh the prejudice to Monsanto that would result
from considering these parties at this late stage of the class certification process,

---

[3] 755 F.2d 777 (11th Cir. 1985).

especially because plaintiffs or their counsel fail to offer any reasonable explanation as to why these parties were added at such a late stage the class proceedings.

## CONCLUSION

For the reasons stated above, plaintiffs' motion for reconsideration should be denied.

OF COUNSEL:

Peter E. Moll
John DeQ. Briggs
Scott E. Flick
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: October 6, 2006

754512 / 29369

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    P. O. Box 951
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Monsanto Company,*
*American Seed, Inc., Corn States Hybrid*
*Service, Inc., Asgrow Seed Co., Inc., Holden*
*Foundation Seeds, Inc., Dekalb Seeds,*
*Calgene, L.L.C., Channel Bio Co., Nc+*
*Hybrids and Semins, Inc.*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 6, 2006, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification to the registered attorney(s) of record that the

document has been filed and is available for viewing and downloading:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

I hereby certify that on October 6, 2006, I have sent by Electronically Mailed the

foregoing document to the following:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
        Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607