# EXHIBIT A

```
                                                              1


1                   IN THE UNITED STATES DISTRICT COURT

2                   IN AND FOR THE DISTRICT OF DELAWARE

3                              - - -

4    AMERICAN SEED COMPANY INC.,    :   CIVIL ACTION
                                    :
5              Plaintiff            :
                                    :
6         vs.                       :
                                    :
7    MONSANTO COMPANY, et al.,      :
                                    :
8              Defendants           :   NO. 05-535 (SLR)

9                              - - -

10                                      Wilmington, Delaware
                                        Tuesday, February 21, 2006
11                                      11:00 o'clock, a.m.

12                             - - -

13   BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

14                             - - -

15   APPEARANCES:

16        SMITH, KATZENSTEIN & FURLOW
          BY:  JOELLE E. POLESKY, ESQ.
17
                   -and-
18
          BERRY & LEFTWICH
19        BY:  R. STEPHEN BERRY, ESQ.
               (Washington, D.C.)
20
                   -and-
21

22

23

24                                      Valerie J. Gunning
                                        Official Court Reporter
25
```

5

1   the depositions, and we'll get to some document production
2   issues and the fact that we have, at their request, given
3   them until February 15th to produce data in a couple of areas
4   beyond their January 15th deadline, we would ask that the
5   discovery, class discovery period be extended from March 15th
6   in your scheduling order to April 12th. It's a three week
7   and change extension. The other side has agreed to two
8   weeks, but does not give us full remedy that we think we
9   need.
10              I note in this regard, and I want to emphasize
11  this, we will still file, if it's the Court's pleasure, our
12  class motion on April 14th. We're not asking for any other
13  dates to be moved or asking for a ripple effect on that
14  scheduling order that we carefully worked out just a few
15  months ago.
16              That's number two.
17              Three, Monsanto flatly refuses to produce
18  documents and witnesses as to one of our most promising
19  benchmark markets. As you know, in class adjudication,
20  common proof is the critical inquiry under the predominance
21  requirement, and commonly in an overcharge case you go to a
22  collateral market where the defendant competes and faces more
23  competition, look at their gross margins and then take them
24  back to the relevant market, apply them to the unit costs of
25  the relevant products and solve for the but for competitive

# EXHIBIT B

LEXSEE 2004 US DIST LEXIS 15664

CHARLES STANZIALE, Plaintiff, v. MORRIS NACHTOMI, et al., Defendants.

Civil Action No. 01-403 KAJ

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

2004 U.S. Dist. LEXIS 15664

August 6, 2004, Decided

**PRIOR HISTORY:** *Stanziale v. Nachtomi, 2004 U.S. Dist. LEXIS 7375 (D. Del., Apr. 20, 2004)*

**DISPOSITION:** [*1] Plaintiff's motion for reargument was denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff, the trustee of a Chapter 7 corporate debtor, filed a motion for reargument of an order granting defendant corporate directors' motion to dismiss a derivative action.

**OVERVIEW:** The trustee moved for reargument and/or alteration or amendment of an order granting a motion to dismiss filed by the directors. The trustee contended that the court erroneously imposed the heightened pleading standard of *Fed. R. Civ. P. 23.1*, which applied to shareholder derivative suits, in dismissing his claims. The court found that the trustee's argument was not well founded. The memorandum opinion did not rely upon, apply, or even mention Rule 23.1 in dismissing the complaint. The court further found that the trustee failed to comprehend that the business judgment rule applied to the case. Because the business judgment rule applied to the case, the trustee was required to rebut the presumption of that rule with well-pleaded facts, not conclusory allegations. The trustee's conclusory allegations that the directors breached their fiduciary duties of care, loyalty, and good faith did not rebut the presumption of the business judgment rule. Finally, the court found that the trustee did not allege any new, well-pleaded facts that were not available at the time the directors' motion to dismiss was granted.

**OUTCOME:** The court denied the trustee's motion for reargument.

**LexisNexis(R) Headnotes**

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN1] Motions for reconsideration or reargument should be granted only "sparingly."

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN2] Motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension.

*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
[HN3] Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided.

*Civil Procedure > Pleading & Practice > Pleadings > Amended Pleadings > General Overview*
*Civil Procedure > Judgments > Relief From Judgment > Motions to Alter & Amend*
*Civil Procedure > Judgments > Relief From Judgment > Newly Discovered Evidence*
[HN4] A district court should grant a motion for reconsideration that alters, amends, or offers relief from a judgment only when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence that was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error that has resulted in a manifest injustice.

*Business & Corporate Law > Unincorporated Associations*
*Civil Procedure > Class Actions > Derivative Actions > General Overview*
*Civil Procedure > Class Actions > Prerequisites > General Overview*
[HN5] Fed. R. Civ. P. 23.1 specifies several pleading requirements in a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right that may properly be asserted by it. Among those requirements is that the complaint allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

*Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > General Overview*
*Civil Procedure > Class Actions > Derivative Actions > General Overview*
*Civil Procedure > Judgments > General Overview*
[HN6] A plaintiff may prevent the application of the business judgment rule with well-pleaded facts establishing that the directors acted out of self-interest. In order to overcome the presumption of the business judgment rule, in the absence of any allegations of self-dealing, plaintiffs must allege with particularity facts that establish that the contested decision was not a product of valid business judgment.

*Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > Defenses > Business Judgment Rule*
[HN7] The requirement of well-pleaded facts to overcome the business judgment rule, which is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the company, is well established in Delaware. The requirement also applies where a bankruptcy trustee brings suit against former directors and officers of the debtor.

*Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > Defenses > Business Judgment Rule*

*Estate, Gift & Trust Law > Trusts > Trustees > Duties & Powers > General Overview*
[HN8] A plaintiff bears the burden of alleging well-pleaded facts to overcome the presumption of the business judgment rule and survive a motion to dismiss. Absent well-pleaded allegations of specific acts of self-dealing or even bad faith, plaintiffs cannot overcome the presumption afforded by the business judgment rule that the directors acted reasonably and in good faith.

*Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > Causes of Action > General Overview*
[HN9] A director's obligation includes a duty to attempt in good faith to assure that a corporate information and reporting system, which the board concludes is adequate, exists, and the failure to do so under some circumstances may, in theory at least, render a director liable for losses caused by non-compliance with applicable legal standards.

*Business & Corporate Law > Corporations > Directors & Officers > Management Duties & Liabilities > General Overview*
[HN10] Generally, where a claim of directorial liability for corporate loss is predicated upon ignorance of liability creating activities within the corporation only a sustained or systematic failure of the board to exercise oversight will establish the lack of good faith that is a necessary condition to liability. Such a test of liability, lack of good faith as evidenced by sustained or systematic failure of a director to exercise reasonable oversight, is quite high.

**COUNSEL:** For CHARLES A. STANZIALE, plaintiff: John Leonard Reed, Duane Morris LLP, Wilmington, DE.

For STEVEN L. GELBAND, STEPHEN A. OSBORN, HENRY P. BAER, LEO-ARTHUR KELMENSON, ELI J. SEGAL, TERRY V. HALLCOM, defendants: Bruce E. Jameson, Prickett, Jones & Elliott, Wilmington, DE.

**JUDGES:** Kent A. Jordan, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Kent A. Jordan

**OPINION:**

**MEMORANDUM ORDER**

**I. Introduction**

Case 1:05-cv-00535-SLR    Document 161-2    Filed 10/06/2006    Page 7 of 9

Page 3
2004 U.S. Dist. LEXIS 15664, *

Presently before me is a motion (Docket Item ["D.I."] 34; the "Motion") filed by plaintiff Charles A. Stanziale, Jr., in his capacity as Chapter 7 Trustee of Tower Air, Inc. ("Plaintiff"), seeking reargument of the Memorandum Opinion dated April 20, 2004 (D.I. 33) in which I granted the motion to dismiss filed by defendants Morris K. Nachtomi, Stephen L. Gelband, Stephen A. Osborn, Henry P. Baer, Leo-Arthur Kelmenso, Eli J. Segal, and Terry V. Hallcom (collectively the "Defendants"). I have jurisdiction over this case pursuant to *28 U.S.C. § 1334*. For the reasons that follow, the motion will be denied.

## II. Background

Because the factual and procedural history of this case is set forth in the Memorandum [*2] Opinion dated April 20, 2004 (D.I. 33), it will not be repeated here. Rather, the facts pertinent to the motions currently before me are incorporated in the discussion below.

## III. Standard of Review

[HN1] Motions for reconsideration or reargument should be granted only "sparingly." *Karr v. Castle, 768 F. Supp. 1087, 1090 (D. Del. 1991)*. In this district, [HN2] motions for reconsideration are granted only if it appears that the court has patently misunderstood a party, has made a decision outside the adversarial issues presented by the parties, or has made an error not of reasoning, but of apprehension. *Brambles USA, Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990)* (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983))*. [HN3] "Courts should be particularly vigilant that motions for reargument or reconsideration are not used as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Id.*

Further, [HN4] a district court should grant a motion for reconsideration which alters, amends, or offers relief from a judgment only when: (1) there [*3] has been an intervening change in the controlling law; (2) there is newly discovered evidence which was not available to the moving party at the time of judgment; or (3) there is a need to correct a legal or factual error which has resulted in a manifest injustice. *See Max's Seafood Cafe by Lou Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)* (citation omitted).

## IV. Discussion

Plaintiff "moves for reargument and/or for alteration or amendment" of the April 20, 2004 Memorandum Opinion because the Plaintiff believes that I erroneously imposed the "heightened" pleading standard of *Fed. R. Civ. P. 23.1*, n1 which applies to shareholder derivative suits, in dismissing its claims. (D.I. 34 at 3-4.) Plaintiff claims that this is not a derivative lawsuit, but is "brought directly by the Debtor against former officers and directors for harm committed by them." (*Id* at 7.)

n1 *Rule 23.1* [HN5] specifies several pleading requirements "in a derivative action brought by one or more shareholders or members to enforce a right of a corporation or of an unincorporated association, the corporation or association having failed to enforce a right which may properly be asserted by it ..." Among those requirements is that the complaint "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort."

[*4]

Plaintiff's argument that I "misapprehended the proper standard or committed legal error in applying the *Rule 23.1* standard" (*Id.*) is not well founded for several reasons. First, the April 20, 2004 Memorandum Opinion does not rely upon, apply, or even mention *Rule 23.1* in dismissing Plaintiff's Amended Complaint. Second, although I cited *In re General Motors Class E Sec. Litig., 694 F. Supp. 1119, 1132 (D. Del. 1988)* and *Brehm v. Eisner, 746 A.2d 244, 255 (Del. 2000)*, both of which involve shareholder derivative suits, Plaintiff wrongly believes that I applied the *Rule 23.1* pleading standard by citing those cases. I cited *In re General Motors* and *Brehm* for the proposition that [HN6] a plaintiff "may prevent the application of the business judgment rule with well-pleaded facts establishing that the directors acted out of self-interest," and that "in order to overcome the presumption of the business judgment rule," in the absence of any allegations of self-dealing, "plaintiffs must allege with particularity facts which establish that the contested decision was not a product of valid business judgment." *In re General Motors, 694 F. Supp. at 1132.* [*5]

[HN7] The requirement of well-pleaded facts to overcome the business judgment rule, which is a presumption that in making a business decision the directors of a corporation acted on an informed basis, in good faith, and in the honest belief that the action taken was in the best interest of the company, is well established in Delaware. n2 The requirement also applies where, as here, a bankruptcy trustee brings suit against former directors and officers of the Debtor. In *In re RSL Com Primecall, Inc., 2003 Bankr. LEXIS 1635, Nos. 01-11457*

et. al., 2003 WL 22989669 (Bankr. S.D.N.Y. Dec. 11, 2003), the trustee alleged that the defendants wrongfully concealed RSL's insolvency and wrongfully prolonged the corporate existence of RSL. In granting defendant's motion to dismiss several of the trustee's duty of care claims, n3 the court held that [HN8] a "plaintiff bears the burden of alleging well pleaded facts to overcome the presumption [of the business judgment rule] and survive a motion to dismiss," and that "absent well pleaded allegations of specific acts of self-dealing or even bad faith, Plaintiff's cannot overcome the presumption afforded by the business judgment rule that the directors acted reasonably [*6] and in good faith." 2003 Bankr. LEXIS 1635, [WL] at *9-10.

    n2 See Cinerama, Inc. v. Technicolor, Inc., 663 A.2d 1156 (Del. 1995) ("unless effectively pled factual allegations in the ... plaintiff's complaint successfully rebut the presumption of the business judgment rule, the Directors would be protected by the substantive operation of the business judgment rule"); Crescent/Mach I Partners L.P., 846 A.2d 963, 984 (Del. Ch. 2000) ("In order for plaintiffs' duty of care claims to survive a motion to dismiss, they must sufficiently plead facts which if true would take defendants' actions outside the protection afforded by the business judgment rule."); Ash v. McCall, 2000 Del. Ch. LEXIS 144, No. Civ. A. 17132, 2000 WL 1370341 at *10 (Del. Ch. Sept. 15, 2000) ("This Court has stated on several occasions that mere allegations that directors made a poor decision - absent some showing of self-dealing or suspect motivation -- does not state a cause of action ....").

    n3 The court denied defendants' motion to dismiss the claims premised on the alleged issuance of $ 1.6 billion guarantee of the outstanding debt of the parent corporation by RSL USA, without any board approval, at a time both entities were allegedly insolvent. 2000 Del. Ch. LEXIS 144, [WL] at *11. In permitting the trustee to proceed on claims for breach of the director's duty of care relating to the issuance of the guarantees, the court determined that the trustee's factual allegations "adequately alleged self-dealing." 2000 Del. Ch. LEXIS 144, [WL] at *11-12.

[*7]

Plaintiff cites Grimes v. Donald, 673 A.2d 1207 (Del. 1996) and Pereira v. Cogan, 2001 U.S. Dist. LEXIS 2461, 2001 WL 243537 (S.D.N.Y. Mar. 13, 2001) for the notion that in breach of duty cases that are direct, the less stringent notice pleading standards of Fed. R. Civ. P. 8 apply, rather than the heightened standards of Rules 9 or 23.1. Plaintiff states that "the Court was required to assume the truthfulness of all well-pleaded allegations in the Amended Complaint and dismiss the [Plaintiff's] claims only if it determined with reasonable certainty that the [Plaintiff] could not have prevailed on any set of facts that could be inferred from the Amended complaint." (D.I. 34 at 8-9.) I do not disagree with Plaintiff with respect to what the pleading standards of Rule 8 require.

However, what Plaintiff evidently fails to comprehend is that the business judgment rule applies to this case and means that Plaintiff was required to rebut the presumption of that rule with well-pleaded facts, not conclusory allegations. See Grobow v. Perot, 539 A.2d 180, 188 n.6 (Del. 1988) ("Even under the less stringent standard of a [Rule [*8] 12(b)(6)] motion to dismiss, all facts of the pleadings and reasonable inferences to be drawn therefrom are accepted as true, but neither inferences nor conclusions of fact unsupported by allegations of specific facts upon which the inferences or conclusions rest are accepted as true"); McMillan v. Intercargo Corp., 768 A.2d 492, (Del. Ch. 2000) (granting motion dismissing claims for breach of fiduciary duties because "as on a Rule 12(b)(6) motion .... a court .... will not rely upon conclusory allegations of wrongdoing or bad motive unsupported by pled facts"); Weinberger v. UOP, Inc., 409 A.2d 1262, 1264 (Del. Ch. 1979); Cohen v. Mayor of Wilmington, 34 Del. Ch. 39, 99 A.2d 393, 395 (Del. Ch. 1953).

Plaintiff's conclusory allegations that the Defendants breached their fiduciary duties of care, loyalty, and good faith did not rebut the presumption of the business judgment rule, and that is the holding of the April 20, 2004 Memorandum Opinion. (D.I. 33 at 8, 10, 15, 16, 17.) Because I have neither misapprehended nor committed legal error in granting the Defendants' motion to dismiss, and because Plaintiff has not alleged any new, well-pleaded [*9] facts that were not available at the time Defendants' motion to dismiss was granted, Plaintiff's Motion must be denied.

Plaintiff also believes that I "misapprehended and/or erred as a matter of law" in interpreting Delaware case law governing claims with respect to a board of directors' duty to oversee the corporation's affairs. (D.I. 34 at 4.) Specifically, Plaintiff states that my construction of Caremark Int'l, Inc., Deriv. Litig, 698 A.2d 959 (Del. Ch. 1996)) "is premised on a misapprehension of the law." (D.I. 34 at 14.) In the April 20, 2004 Memorandum Opinion, I held that Caremark was inapplicable to Plaintiff's claim that the Defendants were liable for their failure to monitor the conditions or activities of the corporation because Plaintiff did not allege that the Defendants

failed to comply with the law. (D.I. 33 at 13.) In *Caremark*, Chancellor Allen stated:

> [HN9] a director's obligation includes a duty to attempt in good faith to assure that a corporate information and reporting system, which the board concludes is adequate, exists, and that failure to do so under some circumstances may, in theory at least, render a director liable for losses [*10] caused by non-compliance with applicable legal standards.

*698 A.2d at 970.* Even if Chancellor Allen intended "applicable legal standards" to include "the legal standards governing the fiduciary duties owed by directors," n4 as Plaintiff alleges (D.I. 34 at 14-15), and not just compliance with criminal and regulatory law (which defendant Caremark violated, resulting in $ 250 million in costs and liability being imposed on the corporation), this case is not one of the "circumstances" where the directors will be liable.

> n4 Specifically, the duty of care, which, according to Plaintiff, includes a duty to monitor. (See D.I. 34 at 15.)

In *Caremark*, Chancellor Allen said:

> [HN10] Generally, where a claim of directorial liability for corporate loss is predicated upon ignorance of liability creating activities within the corporation ... only a sustained or systematic failure of the board to exercise oversight ... will establish the lack of good faith that is a necessary condition to liability. [*11] Such a test of liability -- lack of good faith as evidence by sustained or systematic failure of a director to exercise reasonable oversight -- is quite high.

*698 A.2d at 971.* In this case, as in *Caremark*, there apparently "is no evidence that the director defendants were guilty of a sustained failure to exercise their oversight function." *Id.* (See D.I. 33 at 13-15.) More to the point, though, there are no facts alleged to support "the conclusion that the defendants either lacked good faith in the exercise of their monitoring responsibilities or conscientiously permitted a known violation of law by the corporation to occur." *698 A. 2d at 972*; *see also Guttman v. Huang, 823 A.2d 492, 506-507 (Del. Ch. 2003)* (to proceed on *Caremark* claim, plaintiff must plead a conscious dereliction of duty; plaintiff's "conclusory complaint is empty of the kind of fact pleading that is critical to a *Caremark* claim ...."). Therefore, Plaintiff's Motion must be denied.

## V. Conclusion

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reargument (D.I. 34) is denied.

Kent A. Jordan

UNITED STATES DISTRICT JUDGE

August 6, 2004
Wilmington, [*12] Delaware