# IN THE UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED CO. INC., and<br>JERRY ELLEFSON,<br><br>    Plaintiffs, On Behalf Of Themselves<br>    and Others Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>Monsanto Controlled Subsidiaries:<br><br>AMERICAN SEEDS INC.,<br>CORN STATES HYBRID SERVICE INC.<br>ASGROW SEED CO., INC.<br>HOLDEN FOUNDATION SEEDS, INC.<br>DEKALB SEEDS,<br>CALGENE, L.L.C.,<br>CHANNEL BIO CO.,<br>NC+ HYBRIDS,<br>SEMINIS INC.<br><br>    Defendants. | C.A. No. 05-535-SLR |
| DARRELL SOUHRADA, and<br>DAVE JOHNSON,<br><br>    Plaintiffs, On Behalf of<br>    Themselves and Iowa Citizens<br>    Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | C.A. No. 05-535-SLR |

10018656.WPD

| | |
|---|---|
| KENT DUXBURY, and<br>BENJAMIN REIN<br><br>    Plaintiff, On Behalf of Himself<br>    and Minnesota Citizens<br>    Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    C.A. No. 05-535-SLR<br>)<br>)<br>)<br>) |

# REPLY BRIEF IN SUPPORT OF
# PLAINTIFFS' MOTION FOR RECONSIDERATION
# OF SEPTEMBER 14, 2006, ORDER [DOCKET NO. 148]

SMITH, KATZENSTEIN & FURLOW LLP
Joelle E. Polesky (ID No. 3694)
Robert K. Beste (ID No. 3931)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com
Attorneys for Plaintiffs

Dated: October 16, 2006

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES .................................................. ii

ARGUMENT .............................................................. 1

CONCLUSION ............................................................ 9

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Birmingham Steel Corp. v. Tenn. Valley Auth.*,
    353 F.3d 1331 (11th Cir. 2003) .................................... 4

*Bromley v. Michigan Educ. Ass'n*,
    178 F.R.D. 148 (E.D. Mich. 1998) ............................. 1, 4, 5

*Deutschman v. Beneficial Corp.*
    132 F.R.D. 359 (D. Del. 1990) .................................. 2, 5

*General Foods Corp. v. Computer Election Systems, Inc.*,
    1980 WL 30300 (S.D.N.Y.) ...................................... 6

*Gibbs v. Titelman*,
    369 F. Supp. 38 (E.D. Pa. 1973) .................................. 2

*Harsco Corp. v. Zlotnicki*,
    779 F.2d 906 (3d Cir. 1985) ..................................... 7

*Hoxworth v. Blinder, Robinson & Co.*,
    980 F.2d 912 (3d Cir. 1992) ..................................... 4

*In re Xcelera.com Sec. Litig.*,
    2004 U.S. Dist. LEXIS 29064 (D. Mass.),
    *aff'd* 430 F.3d 503 (1st Cir. 2005) ................................ 4

*Kremens v. Bartley*,
    431 U.S. 119 (1977) ........................................... 4

*Stewart v. General Motors Corp.*,
    756 F.2d 1285 (7th Cir. 1985) ................................... 2

**Statutes and Other Authorities**　　　　　　　　　　　　　　　　　　　　**Page(s)**

2 Newberg on Class Actions § 6:3 (4th ed. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4

Fed. R. Civ. P. 60 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

**ARGUMENT**

Plaintiffs seek reconsideration of that portion of the Court's September 14, 2006, Order [D.I. 148] that denies plaintiffs Jerry Ellefson and Benjamin Rein an opportunity to be considered as representatives of the National Direct Purchaser Classes and Minnesota Classes, respectively. In opposing plaintiffs' motion, Monsanto suggests that the universe of eligible class representatives has been closed since last spring, and no additional plaintiffs may be considered for a representational role. Monsanto's position is inconsistent with Federal Rule of Civil Procedure 23 and the right of any named plaintiff to seek to serve as a representative in a class action, absent some particular unfairness to the defendant. Monsanto's extreme position should be rejected, and Messrs. Ellefson and Rein should have the opportunity to be considered as representatives of the proposed classes.

1. Rule 23 requires that when a plaintiff seeks to sue on behalf of a class, as have Mr. Ellefson and Mr. Rein here, "the Court must — at an early practical time — determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Class certification generally may be sought not only by the original plaintiffs, but also by intervenor-plaintiffs who enter the case after the filing of the original complaint. *See Bromley v. Michigan Educ. Ass'n*, 178 F.R.D. 148, 159-60 (E.D. Mich. 1998) ("[T]he intervening plaintiffs may intervene and may be considered as class representatives for purposes of the motion for certification.").

To be sure, a court may manage the timing of class proceedings to avoid undue prejudice to the defendant. But, under Rule 23, the plaintiffs' representational rights should

be accommodated by providing each plaintiff who seeks to be a class representative a reasonable opportunity to fill that role. As numerous courts have recognized, class actions benefit from the participation of multiple representatives. *See, e.g., Deutschman v. Beneficial Corp.*, 132 F.R.D. 359, 382 (D. Del. 1990); *Gibbs v. Titelman*, 369 F. Supp. 38, 53 (E.D. Pa. 1973); *see also* 2 Newberg on Class Actions § 6:3 (4th ed. 2002). In the event that unforeseen conflicts arise among the class members, or the claims of the initial representative are later determined not to satisfy some element of Rule 23, the presence of additional representatives can permit the litigation to proceed without delay. Accordingly, permitting an additional proposed class representative to be considered for certification purposes also protects the class.

In this case, Monsanto has argued that two of the initial plaintiffs lack standing. Monsanto has further argued that plaintiff American Seed Co. Inc. is not an adequate class representative, and that American Seed's claims are not typical of those of other members of the class. *See* D.I. 124 at 14-15, 39. Plaintiffs disagree. *See* D.I. 133 at 16-19. Permitting the consideration of Mr. Ellefson's and Mr. Rein's claims alongside those of the initial class representatives would make it unnecessary to address Monsanto's arguments while, at the same time, further protecting the interests of all the class members. *See, e.g., Stewart v. General Motors Corp.*, 756 F.2d 1285, 1293 (7th Cir. 1985) ("[I]n a class action suit the district court has a fiduciary duty to protect the class members.").

2.   Monsanto argues that the motions to add Mr. Ellefson and Mr. Rein as named plaintiffs were filed too late and "without any reasonable explanation for the delay." D.I.

161. at 3. This objection recycles an argument Monsanto made when it unsuccessfully asked the Court to reject the intervention motions and thereby prevent Mr. Ellefson and Mr. Rein from becoming named plaintiffs. *See* D.I. 94 at 5-6; D.I. 115 at 7. As plaintiffs explained in connection with the intervention motions, and as the Court noted in the September 14 Order, the motions to add Messrs. Ellefson and Rein as named plaintiffs were filed months before the applicable August 15, 2006, deadline; Monsanto, moreover, suffered no prejudice from adding the new plaintiffs. *See* D.I. 106 at 1-4, 6-7; D.I. 116 at 2-7; D.I. 148 (Order granting motions because "the scheduling order entered in this case permitted joinder of parties on or before August 15, 2006"). Monsanto has not sought reconsideration of the Court's decision to allow Mr. Ellefson and Mr. Rein to intervene. For present purposes, therefore, it must be taken as a given that Mr. Ellefson and Mr. Rein timely sought to intervene, and are proper plaintiffs.

Furthermore, with respect to class certification, plaintiffs sought to add Mr. Ellefson and Mr. Rein as plaintiffs in a timely fashion. Plaintiffs first asked whether Monsanto would oppose the addition of Mr. Ellefson as a class representative on March 14, 2006, more than four weeks before the close of class discovery and before Monsanto had taken a single deposition of any of the proposed class representatives. *See* D.I. 106 at 6-7. Similarly, plaintiffs promptly moved to add Mr. Rein as a class representative after it became apparent during discovery that Mr. Duxbury may not have purchased all relevant types of Monsanto seed.

3. Monsanto's next argument is that Mr. Ellefson and Mr. Rein cannot act as class

representatives because, by the time the Court accepted them as plaintiffs, discovery and briefing on class certification issues was complete. *See* D.I. 161 at 3. The implication is that only a closed set of initial plaintiffs (specifically, American Seed Co., Darrell Souhrada, Dave Johnson, and Kent Duxbury) may be representatives of the National Direct Purchaser, Iowa, and Minnesota classes, and any later applicants are forever barred from seeking to represent the classes.

That argument is flatly inconsistent with Rule 23. Courts routinely permit the substitution or addition of class representatives at various stages in class action litigation. *See, e.g., Kremens v. Bartley*, 431 U.S. 119, 135 (1977) (remanding for, *inter alia*, substitution of "class representatives with live claims"); *Hoxworth v. Blinder, Robinson & Co.*, 980 F.2d 912, 915 (3d Cir. 1992) (noting that District Court had permitted plaintiffs "to add additional class representatives" following class certification); *In re Xcelera.com Sec. Litig.*, 2004 U.S. Dist. LEXIS 29064 at * 6 (D. Mass.) (simultaneously granting motion for class certification and motion to certify additional class representatives), *aff'd* 430 F.3d 503 (1st Cir. 2005); *Bromley*, 178 F.R.D. at 159-60; *see also Birmingham Steel Corp. v. Tenn. Valley Auth.*, 353 F.3d 1331, 1333 (11th Cir. 2003) (holding that it is error for a district court to decertify a class "without permitting class counsel reasonable time to determine whether a new class representative could be substituted"). So long as the defendant does not suffer any undue prejudice and the litigation is not unduly delayed, there is no legitimate reason to deny an additional class representatives the opportunity to intervene in a pending class action suit. As this Court observed, the addition of a second class representative "will benefit the

class." *See Deutschman*, 132 F.R.D. at 382.

*Bromley* is particularly relevant here. In that case, plaintiffs moved to amend their complaint to add additional plaintiffs as class representatives "to cure defects identified by defendants during discovery" – namely, that the existing plaintiffs arguably lacked standing to pursue claims against certain defendants. *See* 178 F.R.D. at 156. Defendants argued that, while intervention is proper "after the class has been certified and the named representatives have become deficient in their status," it was not permissible immediately prior to a decision on certification. *Id.* at 157. The court rejected that argument, observing that no relevant caselaw supports the claim that "intervention can occur *only* after certification." *Id.* It thus granted the motion to add the additional class representatives and, in the same opinion, certified the class. *See Id.* at 163.

Similarly, the fact that the Court admitted Mr. Ellefson and Mr. Rein as plaintiffs after class discovery and briefing on class certification cannot itself be a basis for denying these plaintiffs the ability to serve as class representatives.

4.    Monsanto's final argument is that excluding Messrs. Ellefson and Rein from consideration as class representatives was a reasonable application of the Court's schedule for this case. That argument, which appears to be the one on which the Court relied in its September 14 Order, also is incorrect.

a.    As an initial matter, Monsanto does not dispute the facts recited in the motion for reconsideration, which show that Monsanto had time to take discovery of the additional plaintiffs, and plaintiffs offered full discovery materials and deposition dates. *See*

10018656.WPD                               5

D.I. 151 at 4-5. Monsanto instead contends that it was unable to take discovery from Mr. Ellefson and Mr. Rein, or at least was not "obligated" to take discovery. D.I. 161 at 5. Insofar as Monsanto maintains that the Federal Rules barred discovery until after Mr. Ellefson and Mr. Rein actually became plaintiffs, it is clearly wrong. Nothing in the Rules prohibits a party from taking voluntary discovery of a proposed intervenor before leave to intervene is granted. *See, e.g., General Foods Corp. v. Computer Election Systems, Inc.*, 1980 WL 30300, at *50 (S.D.N.Y.) (non-party had "voluntarily made considerable documentation available" and had "produced a witness for deposition."). Given that Messrs. Ellefson and Rein were both willing to comply fully with any reasonable discovery request, Monsanto cannot seriously contend that it was unable to take discovery.

Of course, Monsanto was not required to take discovery of Mr. Ellefson and Mr. Rein before the Court granted their motions to intervene. Monsanto was not required to review the discovery materials that Mr. Ellefson delivered on April 7. Monsanto was not required to take Mr. Ellefson's deposition during the second week of April, as plaintiffs proposed. Monsanto also was not required to accept Mr. Rein's documents and interrogatory responses, which it refused to receive. But Monsanto also was not required to take discovery of the original Plaintiffs either. Monsanto is not required to take discovery of any plaintiff at any time. But, having *elected* not to conduct discovery of Mr. Ellefson and Mr. Rein within the time for class discovery and briefing, Monsanto cannot credibly assert that it was "preclude[d] . . . from pursuing follow up factual discovery" within that period. D.I. 148. More importantly, the Court's stated reason for excluding Mr. Ellefson and Mr. Rein as class

representatives was based on a mistake of fact.[1]

    b.  Plaintiffs are not arguing that Monsanto acted improperly when it refused to take available discovery last spring. The point, instead, is that Monsanto cannot claim unfairness from its decision to defer discovery concerning Mr. Ellefson and Mr. Rein, when plaintiffs volunteered the discovery months ago.

In choosing not to take discovery of Mr. Ellefson and Mr. Rein when it was first available, Monsanto apparently relied on the expectation that it would be permitted to do so after the Court granted intervention. If Monsanto's actions were reasonable, then so too was plaintiffs' reliance on their own opportunity, under the scheduling order, to move to add additional plaintiffs before August 15, 2006, *see* Scheduling Order [D.I. 56] at 8, as well as the right of each plaintiff to be considered as a representative of the proposed classes at an appropriate time. Since Monsanto has not suffered any prejudice, there is no basis for penalizing Mr. Ellefson or Mr. Rein – or the other named plaintiffs or absent class members – through the extraordinary measure of denying them an opportunity to be considered as class representatives.

The appropriate course, therefore, is to grant reconsideration of the September 14 Order and then either (1) consider Mr. Ellefson and Mr. Rein within the pending class

---

[1] Monsanto contends that the Court cannot grant reconsideration because the facts showing the Court's mistake were already before the Court when it issued the September 14 Order. D.I. 161 at 3-4. It is settled law and sound judicial practice, however, that on reconsideration a Court may correct a factual error that is shown by the existing record. *See* Fed. R. Civ. P. 60 and Mot. at 6; *see also Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (court may revisit the available record and its own judgments).

10018656.WPD                   7

certification proceeding now that Monsanto indisputably has had a full opportunity for discovery,[2] or (2) establish a schedule for a short, separate proceeding to consider Mr. Ellefson and Mr. Rein as additional representatives of the proposed classes.[3]

---

[2] Plaintiffs delivered Mr. Ellefson's documents and interrogatory responses on April 7, 2006, and Mr. Rein's documents on September 25, 2006. Monsanto has not noticed a deposition of either Mr. Ellefson or Mr. Rein, notwithstanding that both have now been accepted as plaintiffs in this case.

[3] It is unclear whether Monsanto has any objection to Mr. Ellefson and Mr. Rein as representatives of the National Direct Purchaser and Minnesota classes, respectively, apart from its claim that they intervened too late. If not, then a subsequent proceeding concerning representation by Mr. Ellefson and Mr. Rein would be a mere formality, as it would not raise any issues in addition to those that currently are pending before the Court with respect to certification of the proposed classes. Even if Monsanto did raise issues specific to Mr. Ellefson and Mr. Rein, plaintiffs anticipate that those issues could be briefed on a very truncated schedule, with no need to delay a decision on the pending class certification motion.

## CONCLUSION

For the reasons set forth above and in Plaintiffs' Opening Brief in Support of Plaintiffs' Motion for Reconsideration of September 14, 2006 Order [Docket No. 148], the motion for reconsideration should be granted. Plaintiffs respectfully request that the Court consider the newly added class representatives in connection with the pending class certification proceeding.

In the alternative, Plaintiffs request that the Court establish a short period for class discovery concerning the two new class representatives, and allow succinct supplemental briefing on that topic thereafter.

SMITH, KATZENSTEIN & FURLOW LLP

_____
Joelle E. Polesky (ID No. 3694)
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899 (Courier 19801)
Telephone: 302-652-8400
Facsimile: 302-652-8405
E-mail: jpolesky@skfdelaware.com

Dated: October 16, 2006                    Attorneys for Plaintiffs

OF COUNSEL:

KELLOGG, HUBER, HANSEN,               BERRY & LEFTWICH
TODD, EVANS & FIGEL P.L.L.C.          R. Stephen Berry
Steven F. Benz                        Gregory Baruch
Austin C. Schlick                     J. Daniel Leftwich
Michael S. Zuckman                    1717 Pennsylvania Ave. NW, Suite 450
1615 M St., N.W., Suite 400           Washington, DC 20006
Washington, D.C. 20036                Telephone: (202) 296-3020
Telephone: (202) 326-7900             Facsimile: (202) 296-3038
Facsimile: (202) 326-7999

10018656.WPD                           9

## CERTIFICATE OF SERVICE

This 16th day of October, 2006, the foregoing **Reply Brief in Support of Plaintiffs' Motion for Reconsideration of September 14, 2006 Order [Docket No. 148]** was caused to be served on the following via e-filing:

    Richard L. Horwitz
    Potter Anderson & Corroon LLP
    Hercules Plaza 6th Floor
    1313 N. Market Street
    Wilmington, DE 19801

    Peter E. Moll
    Howrey LLP
    1299 Pennsylvania Ave. N.W.
    Washington, D.C. 20004

    _____
    Joelle E. Polesky (ID No. 3694)

10018656.WPD