## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO. INC., and<br>JERRY ELLEFSON, | ) | |
| | ) | |
|     Plaintiffs, On Behalf of Themselves<br>    and Others Similarly Situated, | ) | C.A. No. 05-535-SLR |
| | ) | |
|         v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| MONSANTO COMPANY, et al., | ) | **PUBLIC VERSION**<br>**Dated: October 27, 2006** |
|     Defendants. | ) | |

| | | |
|---|---|---|
| DARRELL SOUHRADA, and<br>DAVE JOHNSON, | ) | |
| | ) | |
|     Plaintiffs, On Behalf of Themselves<br>    and Iowa Citizens Similarly Situated, | ) | |
| | ) | |
|         v. | ) | C.A. No. 05-535-SLR |
| | ) | |
| MONSANTO COMPANY, | ) | |
|     Defendant. | ) | |

| | | |
|---|---|---|
| KENT DUXBURY, and<br>BENJAMIN REIN, | ) | |
| | ) | |
|     Plaintiffs, On Behalf of Themselves<br>    and Minnesota Citizens Similarly<br>    Situated, | ) | C.A. No. 05-535-SLR |
| | ) | |
|         v. | ) | |
| | ) | |
| MONSANTO COMPANY, | ) | |
|     Defendant. | ) | |

## MONSANTO'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS AND DEPOSITION TESTIMONY RESPONSIVE TO MONSANTO'S SUBPOENA

Monsanto Company ("Monsanto") respectfully moves this Court for an Order compelling GreenLeaf Genetics LLC ("GreenLeaf") to produce documents and make a

30(b)(6) designation, pursuant to Monsanto's subpoena served on September 21, 2006. This motion is made on the grounds that such documents and deposition testimony are relevant to the subject matter of this action, are reasonably calculated to lead to the discovery of admissible evidence, and do not impose an undue burden or expense on GreenLeaf.

Monsanto certifies that, prior to filing this motion, its counsel conferred in good faith with counsel for GreenLeaf by telephone and letter. Despite conferring, the parties have been unable to resolve their differences.

### RELEVANT FACTUAL BACKGROUND

On September 21, 2006, Monsanto served a subpoena on GreenLeaf requesting production of certain limited categories of documents relating to GreenLeaf's licensing of traits and foundation corn seed. (Monsanto's Subpoena, attached as Ex. 1.) Monsanto also requested that GreenLeaf produce a witness to testify about its licensing activities. GreenLeaf objected primarily on three grounds: (1) the subpoena is untimely; (2) the subpoena seeks confidential information; and (3) GreenLeaf already produced documents and a witness in *Syngenta Seeds, Inc. v. Monsanto Co.*, C.A. No. 04-908-SLR (D. Del) (the "Syngenta Litigation"). (Objection to Subpoena, attached as Ex. 2.)[1]

GreenLeaf's objections are without merit. First, Monsanto's subpoena is not untimely; third party discovery, including the scheduling of depositions, has only just begun. Second, documents and information produced by both parties and non-parties are within the scope of a stringent protective order, which is more than adequate to protect any confidential GreenLeaf information. Finally, GreenLeaf did not produce documents

---

[1] GreenLeaf's remaining objections are mere boilerplate (objecting on the grounds that the requests are vague, overbroad, and unduly burdensome, and seek information not relevant to the claims and defenses at issue in this case). Such boilerplate objections are improper. *See Telco Group Inc. v. Ameritrade, Inc.*, 2006 WL 560635, at *2 (D. Neb. 2006).

in the Syngenta Litigation; all GreenLeaf documents produced in that case were produced by Syngenta. Moreover, given the differences in scope of the Syngenta Litigation and this case, the production in the Syngenta Litigation is not adequate here.

**ARGUMENT**

**A.    The Subpoena Seeks Documents Relevant to Monsanto's Defense in the Underlying Litigation**

A party may obtain discovery regarding "*any* matter, not privileged, that is *relevant* to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1) (emphasis added). Relevance for purposes of discovery is defined very broadly. *See, e.g., Andritz Sprout-Bauer, Inc. v. Beazer East, Inc.*, 174 F.R.D. 609, 631 (M.D. Pa. 1997). The Supreme Court has ruled that relevant subject matter encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Moreover, there is no prohibition on discovery from non-parties to a lawsuit. *See Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207, 1210 (Fed. Cir. 1987) (holding that "the administration of justice would not be aided . . . by a rule relieving all persons from giving particular evidence on the sole ground that they are not parties to the suit").

Monsanto requested the following documents in its subpoena:

1. Documents sufficient to disclose the persons licensing traits from GreenLeaf Genetics LLC and, for each such person, the traits licensed.

2. Current list of traits GreenLeaf Genetics LLC offers for license.

3. Licenses, contracts, or agreements for each trait offered by GreenLeaf Genetics LLC.

4. Current list of foundation seed lines offered by GreenLeaf Genetics LLC.

5. List of any hybrid lines offered by GreenLeaf Genetics LLC for licensing, research, testing, or any other purpose.

6. Documents sufficient to disclose the persons licensing or testing each hybrid line.

3

7.  Documents sufficient to disclose all incentive programs offered by or in connection with GreenLeaf Genetics LLC.

8.  Documents sufficient to disclose royalty, price, license, or other like fees or charges.

9.  Financial plans, projections, and other analyses of the performance of GreenLeaf Genetics LLC.

10. Documents sufficient to disclose all license, royalty, or other like fee, paid by GreenLeaf Genetics LLC.

These documents are directly relevant to the respective claims and defenses of the parties. *See, e.g., Augenti v. Cappellini*, 84 F.R.D. 73, 80 (M.D. Pa. 1979) (noting a compelling need for production of notes "substantially aid[ing] in the search for truth in this case"). In this case, Plaintiffs allege that prices for hybrid corn seeds increased because competitors in the alleged traits markets were excluded. For example, at the class certification hearing before this Court, Plaintiffs' counsel argued that "[t]he Syngenta case is that they're keeping Syngenta out of the trait sales to these third party companies that take the traits and make the seed. We're saying downstream, when these companies are taken out of the game in competing with Monsanto, because they cannot get Syngenta or Dow traits, Monsanto has a monopoly over the seed. So those contracts affect two markets: The trait market and the downstream seed market. . . ." (*American Seed v. Monsanto* Class Certification Hearing Transcript, October 3, 2006, at p. 114, attached as Ex. 3.) GreenLeaf is a primary example of the type of competitor that Plaintiffs are alleging Monsanto has excluded from competition. GreenLeaf licenses genetic traits (including traits from Syngenta and Pioneer) and foundation seed lines in each of the categories alleged by Plaintiffs as a market. As a joint venture between Syngenta and Pioneer (the largest seed company in the United States), GreenLeaf's activities are likely to bear on the cogency of Plaintiffs' allegations. GreenLeaf's activities are direct evidence that companies such as Syngenta and Dow can find seed companies to manufacture their biotech seed, and therefore Monsanto has not frozen

4

anyone out of competition, as Plaintiffs allege. If these companies are able to effectively compete with Monsanto, this is directly relevant to the issue of whether Monsanto can overcharge its customers and maintain monopoly prices throughout the United States.

Monsanto's subpoena is narrowly tailored and only requests information that is reasonably calculated to lead to the discovery of admissible evidence. Plaintiffs allege that Monsanto has a monopoly over four kinds of genetically modified corn seed,[2] and consequently over both foundation lines and hybrids. Monsanto has asked for documents reflecting the entities to which GreenLeaf licenses traits, samples of the licenses, a list of the foundation and hybrid seed lines offered by Greenleaf, the royalties charged, and a list of incentive programs offered. Each of these categories is plainly relevant to the issues of this case. *See United States v. Lever Brothers Co.*, 193 F. Supp. 254, 256-57 (S.D.N.Y. 1961) (holding that, in an antitrust action based upon an alleged abuse of competition, a competitor's business records are precisely the source of the most relevant evidence). Again, because Plaintiffs are alleging that "downstream"[3] companies are "taken out of the game"[4] in competing with Monsanto, and GreenLeaf is a primary example of a "downstream" company, documents showing that GreenLeaf successfully licenses traits, markets foundation and hybrid seed lines, charges royalties, and offers incentives would clearly be relevant to Plaintiffs' claim that Monsanto has a monopoly over this market.

Monsanto also asked GreenLeaf for its financial plans and analyses. As GreenLeaf is a new entrant to the corn seed market, GreenLeaf's plans for financial

---

[2]  These are corn seed tolerant to glyphosate, corn seed resistant to the European Corn Borer, corn seed resistant to root-worm, and corn seed with stacked traits.

[3]  *American Seed v. Monsanto*, Class Action Certification Hearing Transcript, October 3, 2006, at 114, attached as Ex. 3.

[4]  *Id.*

success are likely to provide relevant information about the purported corn seed markets in which Plaintiffs allege that Monsanto is a monopolist. Specifically, these planning documents are highly relevant because they show GreenLeaf's ability to enter the market. None of this information is likely to be available from another source and, plainly, is not available from Plaintiffs or Monsanto. Thus, there can be no doubt that the requests call for documents which are both relevant and reasonably calculated to lead to the discovery of admissible evidence. There is little question that Monsanto will be unfairly prejudiced if it is unable to conduct discovery on these issues.

**B.     GreenLeaf's Objections to the Requested Discovery Are Invalid and Unsupported by Fact**

GreenLeaf first objects to the subpoena on the ground that it is untimely. GreenLeaf is mistaken.  While there was a September 1, 2006, cut off for written discovery between the parties, that deadline is not applicable here. First, the cutoff date, by its terms, does not apply to requests directed to non-parties, and therefore does not apply here. In fact, third parties are still in the process of producing responses to written discovery. For example, Dow AgroSciences LLC and its affiliates are still responding to discovery requests, and did not come to an agreement with the Plaintiffs regarding the production of confidential documents until September 20, 2006. (Letter from Benz to Ullman, September 20, 2006, attached as Ex. 4.)  Pioneer has also produced documents to the Plaintiffs after the September 1, 2006, cut off for written discovery between the parties. (Letter from Mauser to Benz, September 27, 2006, attached as Ex. 5). Second, the parties themselves are in fact still in the process of producing responses to written discovery. (*See* Letter from Rosenthal to Benz, October 17, 2006, attached as Ex. 6.)

GreenLeaf next objects on the ground that it is not required to produce documents that it deems confidential. This objection too is unfounded. In antitrust cases, courts have long been willing to order a non-party competitor to produce otherwise confidential relevant documents where protective measures are in place. *See Covey Oil v. Continental*

*Oil*, 340 F.2d 993, 999 (10th Cir. 1965); *see Mycogen Plant Science, Inc. v. Monsanto Co.*, 164 F.R.D. 623, 625 (E.D. Pa. 1996) (enforcing a subpoena by requiring disclosure of trade secrets to a "direct competitor"). Courts have further held that, "in an action under antitrust laws, based upon an alleged abuse of competition, a competitor's business records, where good cause has been shown, are not only not immune from inquiry, but are precisely the source of the most relevant evidence." *See United States v. Lever Brothers Co.*, 193 F. Supp. 254, 256-57 (S.D.N.Y. 1961).

In this case there is a protective order, the protections of which have already been extended to third parties. (Protective Order, attached as Ex. 7; *see also* Letter from Benz to Ullman, September 20, 2006, attached as Ex. 4.) There is no reason to believe that the protective order could not be applied to GreenLeaf, or, equally as important, that the order of this Court would not be sufficient to protect any confidential information produced by GreenLeaf. Access to the documents and information easily could be limited to outside counsel and experts (and consultants), thereby ensuring the confidentiality of GreenLeaf's documents. Certainly, no argument to the contrary has been proffered by GreenLeaf.

GreenLeaf also objects on the ground that it has already produced documents in the Syngenta Litigation and that it has testified in that case, making Monsanto's subpoena duplicative and burdensome. GreenLeaf itself made no production of documents in the Syngenta Litigation; it was not a party to that case. GreenLeaf was formed after the discovery point for the parties in that case, and began operations after the period set by the Court for document production. (Revised Scheduling Order, January 10, 2006, attached as Ex. 8.) Any document that was produced in the Syngenta Litigation relating to GreenLeaf was produced by Syngenta, not GreenLeaf. This Court's May 1, 2006, Order in the Syngenta Litigation required that Syngenta produce all business plans and presentations related to the GreenLeaf joint venture by May 8, 2006. (Court Order, May 1, 2006, attached as Ex. 9.) However, Syngenta did not produce any GreenLeaf

documents from after the formation of the joint venture. Syngenta produced only a total of 27 documents relating to GreenLeaf; they were predominantly duplicative business plans. The documents that Syngenta produced relating to the GreenLeaf joint venture are not sufficient to satisfy any of Monsanto's document requests included in its September 21, 2006, subpoena.[5]

Furthermore, GreenLeaf (either as a separate corporate entity or as a division of Syngenta) was not the subject of a 30(b)(6) deposition.[6]  Mr. Wulfkuhle, GreenLeaf's Business Unit Head, was deposed



There are obvious significant differences between this case and the Syngenta litigation, including, for example, the more numerous and wider markets alleged by Plaintiffs. Monsanto is entitled to investigate and test the performance of GreenLeaf in the markets alleged by Plaintiffs in this case.  Therefore, GreenLeaf should be required to produce the requested documents and make a 30(b)(6) designation.

---

[5]  GreenLeaf does not need to produce the documents that Syngenta has already produced.

[6]  The topics of deposition under Rule 30(b)(6) are:

1.  Financial and other projections concerning GreenLeaf Genetics LLC.

2.  Performance of GreenLeaf Genetics LLC products in corn seed sales, including comparative measures of GreenLeaf Genetics LLC's performance for period beginning January 2004.

3.  Performance or relative quality of GreenLeaf Genetics LLC germplasm base, breeding programs, and foundation seed for the period beginning January 2004.

[7]

**C.    The Court Should Not Accord Any Weight to
GreenLeaf's Boiler-Plate Objections**

GreenLeaf also interposed a series of boiler-plate objections, all unrelated to the
substance of Monsanto's requests.   GreenLeaf objects that Monsanto's requests are
vague, ambiguous, overly broad, unduly burdensome, or irrelevant.  However, GreenLeaf
has made no effort to support any of these objections.  The bare assertion that discovery
requests are vague, ambiguous, overly broad, unduly burdensome, or irrelevant is
improper and is not sufficient to bar production.  *See Telco Group Inc. v. Ameritrade,
Inc.*, 2006 WL 560635, at *2 (D. Neb. 2006).  Rather, the party resisting discovery must
show specifically how each request is vague, ambiguous, irrelevant, overly broad, or
burdensome.  *Id.*  The opposing party must "provide sufficient detail and explanation
about the nature of the burden in terms of time, money and procedure required to
produce" the requested discovery.  *Id.*  GreenLeaf cannot meet this burden.    The
determination of whether subpoenaed information shall be found unduly burdensome
turns on several factors, including relevancy.   *See American Elec. Power Co. v. United
States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999) (granting the defendant's motion to compel
a non-party to comply with a Rule 45 subpoena).  As demonstrated above, the documents
that the specifications seek are clearly relevant to the claims in the underlying litigation.
Further, Monsanto does not seek production of documents already produced in the
*Syngenta* case, or information covered by attorney-client privilege or the work product
doctrine.

Monsanto's discovery request would not be unduly burdensome to GreenLeaf.
Even if there was a burden, Monsanto's substantial need for the documents would
outweigh the burden, as the documents are not obtainable from a party in this case.  In
complex antitrust actions of this nature, the burden on third parties may be substantial,
although still not undue or objectionable.  *See, e.g., United States v. IBM*, 71 F.R.D. 88,
92 (S.D.N.Y. 1976) (denying a motion to quash a trial subpoena notwithstanding the

three to six months necessary to collect documents at a cost of tens of thousands of dollars). Any burden on GreenLeaf would be neither undue nor objectionable.

Here, the Court should heavily weigh the prejudice to Monsanto that would result from denying Monsanto's discovery request, especially because GreenLeaf's counsel fails to offer any reasonable explanation as to why GreenLeaf should not have to comply with Monsanto's subpoena. Monsanto, however, has met its burden of showing that the documents are sufficiently relevant and necessary to its case. *See, e.g., Cytodyne Technologies, Inc. v. Biogenic Technologies, Inc.*, 216 F.R.D. 533 (M.D. Fla. 2003). Accordingly, the Court should permit Monsanto discovery of the documents requested in its subpoena.

## CONCLUSION

For the foregoing reasons, the Court should compel GreenLeaf to produce documents responsive to Monsanto's subpoena, and make a 30(b)(6) designation.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: October 20, 2006
Public Version Dated: October 27, 2006
758235 / 29369

By:  */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     P. O. Box 951
     Wilmington, DE 19899
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Monsanto Company, American Seed, Inc., Corn States Hybrid Service, Inc., Asgrow Seed Co., Inc., Holden Foundation Seeds, Inc., Dekalb Seeds, Calgene, L.L.C., Channel Bio Co., Nc+ Hybrids and Semins, Inc.*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on October 27, 2006, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification to the registered attorney(s) of record that the

document has been filed and is available for viewing and downloading:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

I hereby certify that on October 27, 2006, I have sent by Electronically Mailed the

foregoing document to the following:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

I hereby certify that on October 27, 2006, I have Electronically Mailed and

Federal Expressed the attached document to the following:

Edward H. Tricker
Woods & Aitken LLP
301 South 13th Street, Suite 500
Lincoln, NE 68508
etricker@woodsaitken.com

                                    /s/ David E. Moore
                                    Richard L. Horwitz (#2246)
                                    David E. Moore (#3983)
                                    Potter Anderson & Corroon LLP
                                    Hercules Plaza
                                    P. O. Box 951
                                    Wilmington, DE 19899
                                    (302) 984-6000
                                    rhorwitz@potteranderson.com
                                    dmoore@potteranderson.com

696607