# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED COMPANY, INC., Individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiffs, | ) ) ) ) | C.A. No 05-535-SLR |
| v | ) ) | JURY TRIAL DEMANDED |
| MONSANTO COMPANY, et al., | ) ) ) | |
| Defendants | ) ) | |
| DARRELL SOUHRADA | ) ) | |
| Plaintiff, On Behalf Itself and Iowa Citizens Similarly Situated, | ) ) ) ) ) | |
| v. | ) ) | C.A. No 05-535-SLR |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) ) | |
| KENT DUXBURY | ) ) | |
| Plaintiff, On Behalf Itself and Minnesota Citizens Similarly Situated, | ) ) ) ) ) | |
| v. | ) ) | C.A. No 05-535-SLR |
| MONSANTO COMPANY, | ) ) | |
| Defendant. | ) ) | |

## NOTICE OF SUBPOENA AD TESTIFICANDUM & DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rules 30 and 45 of the Federal

Rules of Civil Procedure and the attached subpoena and accompanying Schedule A,

which has been or will be served via hand delivery on GreenLeaf Genetics LLC, c/o The

Corporation Trust Company, and via hand delivery and electronic mail on Plaintiffs' counsel, defendant will take the deposition upon oral examination of GreenLeaf Genetics LLC on November 1, 2006, commencing at 9:00 a.m. at Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, Delaware 19801 The deposition will be recorded by videotape and by stenographic means. You are invited to attend and cross-examine

        PLEASE TAKE FURTHER NOTICE that, pursuant to Rules 34 and 45 of the Federal Rules of Civil Procedure and the attached subpoena and accompanying Schedule B, which has been or will be served via hand delivery on GreenLeaf Genetics LLC, c/o The Corporation Trust Company and via hand delivery and electronic mail on Plaintiffs' counsel, GreenLeaf Genetics LLC, also has been commanded to produce documents for copying or inspection on October 4, 2006 by 5:00 p.m., at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, Delaware 19801.

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
John H. Bogart
HOWREY LLP
1299 Pennsylvania Ave., N.W.
Washington, DC 20004
Tel: (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: September 21, 2006
751444 / 29369

POTTER ANDERSON & CORROON LLP

By: _/s/ David E. Moore_
    Richard L. Horwitz (#2246)
    David E. Moore (#3983)
    Hercules Plaza, 6th Floor
    P. O. Box 951
    Wilmington, DE 19899
    Tel: (302) 984-6000
    rhorwitz@potteranderson.com
    dmoore@potteranderson.com

*Attorneys for Monsanto Company,*
*American Seed, Inc., Corn States Hybrid*
*Service, Inc., Asgrow Seed Co., Inc., Holden*
*Foundation Seeds, Inc., Dekalb Seeds,*
*Calgene, L.L.C., Channel Bio Co., Nc+*
*Hybrids and Semins, Inc.*

# EXHIBIT A

A088. (Delaware Rev. 7/00) Subpoena in a Civil Case.

## Issued by the

# UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

American Seed Co. Inc., et al

Plaintiffs,

v.

Monsanto Company, et al.

Defendants

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-535-SLR

TO: GreenLeaf Genetics LLC
c/o The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. See Schedule A hereto.

| PLACE OF DEPOSITION Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor 1313 N. Market Street, Wilmington, DE 19801 | DATE AND TIME November 1, 2006 at 9 a.m. |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified blow (list documents or objects):

### See Schedule B hereto.

| PLACE Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor 1313 N. Market Street, Wilmington, DE 19801 | DATE AND TIME October 4, 2006 at 5:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) _Jid/ Sr ___ #5753_ (Atty. for defendant) | DATE _7/21/06_ |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
David Moore, Esquire (302) 984-6000
Potter Anderson & Corroon LLP
Hercules Plaza, 6th Floor, 1313 N. Market Street, Wilmington, DE 19801
(See Rule 45, Federal Rules of Civil Procedure, parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number

AO88 (Delaware Rev. 7/00) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/21/06 | *Greenleaf Genetics c/o The Corporation Trust Company 1209 Orange St. Wilmington De. 19801* |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| *Scott LaScala* | *By Hand* |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| *Christopher Hazewski* | *Special Process Server* |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  *9/21/06*
DATE

SIGNATURE OF SERVER
*230 N. Market Street
Wilmington DE 19801*
ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)   A party or an attorney responsible for the issuance and service of a Subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,
(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  Requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

**SCHEDULE A**

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| AMERICAN SEED CO INC | ) | |
| | ) | |
| Plaintiff, On Behalf Of Itself<br>and Others Similarly | ) ) ) | |
| v | ) | C.A NO. 05-0535 |
| | ) | |
| MONSANTO COMPANY, et al | ) ) | |
| Defendant | ) | |

| | | |
|---|---|---|
| DARREL SOUHRADA, and<br>DAVE JOHNSON, | ) ) ) | |
| Plaintiffs, On Behalf Of Themselves<br>and Iowa Citizens Similarly<br>Similarly Situated | ) ) ) ) | |
| v. | ) | C.A. NO. 05-0535 |
| | ) | |
| MONSANTO COMPANY, et al | ) ) | |
| Defendant | ) | |

| | | |
|---|---|---|
| KENT DUXBURY | ) ) | |
| Plaintiff, On Behalf Of Itself<br>and Minnesota Citizens<br>Similarly Situated | ) ) ) ) | |
| v. | ) | C.A. NO. 05-0535 |
| | ) | |
| MONSANTO COMPANY, et al. | ) ) | |
| Defendant. | ) | |

**NOTICE OF RULE 30(B)(6) DEPOSITION OF GREENLEAF GENETICS LLC**

PLEASE TAKE NOTICE THAT, pursuant to Rules 30(b)(6) and 45 of the

Federal Rules of Civil Procedure, counsel for defendants Monsanto Company, *et al.*, will

take the deposition of the corporate designee(s) of GreenLeaf Genetics LLC ("GreenLeaf Genetics"), about the matters set forth in Attachment A on November 1, 2006, at 9:00 am, at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, Wilmington, Delaware, 19801, or an alternate location and time to be negotiated by the parties

The deposition will be taken upon oral examination before a court reporter or other person authorized by law to administer oaths, and may be recorded by video and stenographic means. The deposition will be taken for purposes of discovery, for use as evidence in this matter, and for such purposes as permitted by the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed or adjourned by agreement of counsel.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
John H. Bogart
HOWREY LLP
1299 Pennsylvania Ave, N.W.
Washington, DC 20004-2402
Tel:    (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000

Dated: September 20, 2006
751410

By:  */s/ David E. Moore*
     Richard L. Horwitz (#2246)
     David E. Moore (#3983)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P. O. Box 951
     Wilmington, DE 19899
     Tel:  (302) 984-6000
     rhorwitz@potteranderson.com
     dmoore@potteranderson.com

*Attorneys for Monsanto Company,*
*American Seed, Inc., Corn States Hybrid*
*Service, Inc., Asgrow Seed Co., Inc., Holden*
*Foundation Seeds, Inc., Dekalb Seeds,*
*Calgene, L.L.C., Channel Bio Co., Nc+*
*Hybrids and Semins, Inc*

2

## ATTACHMENT A

**A.    Definitions and Instructions**

1    "You," "your," and "GreenLeaf Genetics LLC" mean GreenLeaf Genetics LLC, and its affiliates and subsidiaries which sell, license or produce genetic, transgenic or conventional corn seed; and any or all of their present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on their behalf

2.    "Traits" or "biotechnology traits" means artificially introduced genetic material into corn seed, plants, cells, or genetic material, including hybrid seed or foundation seed.

3.    "Hybrid seed" means seed created by crossing genetically dissimilar parent plants, such as seed created by the crossing of genetically dissimilar inbred parent plants.

4.    "Foundation corn seed" means any inbred seed or other parent seed stock used in the production of commercial hybrid seed corn.

5.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

6.    "Person" or "persons" refers to all individuals and entities, including all natural persons, corporations, partnerships, ventures or other business associations, societies, associations-in-fact, all federal, foreign, state, local or other governmental entities, and all legal entities including all members, officers employees, agents, representatives, attorneys, successors, predecessors, assigns, divisions, affiliates and subsidiaries.

**B.    Matters on which Examination is Requested**

1    Financial and other projections concerning GreenLeaf Genetics LLC.

     2.     Performance of GreenLeaf Genetics LLC products in corn seed sales, including comparative measures of GreenLeaf Genetics LLC's performance for the period beginning January 2004.

     3.     Performance or relative quality of GreenLeaf Genetics LLC germplasm base, breeding programs, and foundation seed for the period beginning January 2004.

2

**SCHEDULE B**

A.    **Definitions and Instructions**

1    "You," "your," and "GreenLeaf Genetics LLC" mean GreenLeaf Genetics LLC and its affiliates and subsidiaries which sell, license or produce genetic, transgenic or conventional corn seed; and any or all of their present or former officers, directors, managers and any employees, agents, attorneys, representatives, or other persons acting or purporting to act on their behalf.

2    "Document" has the same meaning as in Fed. R. Civ. P. 34 and includes documents in the possession, custody or control of GreenLeaf Genetics LLC, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term.

3    "Traits" or "biotechnology traits" means artificially introduced genetic material into corn seed, plants, cells, or genetic material, including hybrid seed or foundation seed.

4    "ECB-resistant traits" means any transgenic corn event, trait or technology that makes the corn plant resistant to the European Corn Borer pest.

5.    "Glyphosate tolerant traits" means any transgenic corn event, trait or technology that makes the corn plant tolerant to glyphosate.

6    "CRW-resistant traits" means any transgenic corn event, trait or technology that makes the corn plant resistant to Corn Rootworm insect.

7.    "Transgenic corn traits" means any ECB-resistant, glyphosate-tolerant, or CRW-resistant traits, or combination or "stacks" of such traits.

8    "Hybrid seed" means seed created by crossing genetically dissimilar parent plants, such as seed created by the crossing of genetically dissimilar inbred parent plants.

9.    "Foundation corn seed" means any inbred seed or other parent seed stock used in the production of commercial hybrid seed corn.

10.    "Conventional corn" means corn not containing any transgenic traits or technology

11    "Incentive" means any agreement or program entered between GreenLeaf Genetics LLC, its affiliates and subsidiaries, and any other person, company or licensee relating to a relevant product that offers any payment, subsidy, incentive, discount, rebate, allowance, waiver, or other financial inducement.

12.    "Concerning" means relating to, referring to, describing, evidencing or constituting.

13.    All requests seek documents generated or in use at any time since January 1, 1996.

14.    All documents that respond, in whole or in part, to any portion of the requests below shall be disclosed in their entirety, including all attachments and enclosures.  Documents attached to each other must not be separated.

15.    File folders with tabs or labels identifying documents called for by this Request must be produced intact with such Documents.

16.    Selection of documents from the files and other sources and the numbering of such Documents shall be performed in such a manner as to ensure that the source of each Document may be determined, if necessary

17    If any document requested was at one time in existence and in your possession, control or custody, but has been lost, discarded, destroyed or otherwise removed from your possession, custody or control, provide with respect to each document a description of the document and the date it was lost, discarded, destroyed, or removed

18.    Should you seek to withhold any Document based on some limitation of discovery (including privilege), you must supply a list of the Documents for which limitation of discovery is claimed, indicating:

    i.    The identity of each document's author(s), writer(s), sender(s), or initiator(s);

    ii.    The identity of each document's recipient(s), addresses(s), or party(ies) for whom it was intended;

    iii    The date of creation or transmittal indicated on each Document, or an estimate of that date, indicated as such, if no date appears on the Document;

    iv    The general subject matter as described on each Document, or, if no such description appears, then some other description sufficient to identify the Document; and

    v    The claimed grounds for limitation of discovery (e.g. "attorney-client privilege" or "work product privilege")

19.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

20.    The use of the singular form or any word includes the plural and vice versa.

21.    Should you deem the contents of any Document to be confidential, you shall so designate such Documents. Pursuant to the local rules and orders applicable in this case, such Documents must be produced or provided. The use of such Documents shall be restricted as provided under the Stipulated Amended Protective Order.

22.    GreenLeaf Genetics LLC is advised that this Subpoena is a continuing one and requires prompt supplemental production by GreenLeaf Genetics, in accordance with the Federal Rules of Civil Procedure, as and whenever GreenLeaf Genetics acquires,

makes or discovers additional responsive documents, between the time of initial production and the conclusion of the trial of this action.

**B.    Documents Requested**

You are requested to produce and permit inspection and copying of any and all of the following documents and things under your control at the time and place noted on the attached subpoena:

1    Documents sufficient to disclose the persons licensing traits from Greenleaf Genetics LLC and, for each such person, the traits licensed.

2    Current list of traits GreenLeaf Genetics LLC offers for license

3.    Licenses, contracts or agreements for each trait offered by GreenLeaf Genetics LLC.

4.    Current list of foundation seed lines offered by GreenLeaf Genetics LLC.

5.    List of any hybrid lines offered by GreenLeaf Genetics LLC for licensing, research, testing or any other purpose.

6.    Documents sufficient to disclose the persons licensing or testing each hybrid line.

7    Documents sufficient to disclose all incentive programs offered by or in connection with GreenLeaf Genetics LLC.

8.    Documents sufficient to disclose royalty, price, license, or other like fees or charges.

9.    Financial plans, projections, and other analyses of the performance of GreenLeaf Genetics LLC

10.    Documents sufficient to disclose all license, royalty, or other like fee paid by GreenLeaf Genetics LLC.

4

take the deposition of the corporate designee(s) of GreenLeaf Genetics LLC ("GreenLeaf Genetics"), about the matters set forth in Attachment A on November 1, 2006, at 9:00 am, at the offices of Potter Anderson & Corroon LLP, Hercules Plaza, 6th Floor, Wilmington, Delaware, 19801, or an alternate location and time to be negotiated by the parties.

The deposition will be taken upon oral examination before a court reporter or other person authorized by law to administer oaths, and may be recorded by video and stenographic means. The deposition will be taken for purposes of discovery, for use as evidence in this matter, and for such purposes as permitted by the Federal Rules of Civil Procedure. The deposition will continue from day to day until completed or adjourned by agreement of counsel.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Peter E. Moll
John J. Rosenthal
John H. Bogart
HOWREY LLP
1299 Pennsylvania Ave, N.W.
Washington, DC 20004-2402
Tel:    (202) 783-0800

Kenneth A. Letzler
Jonathan I. Gleklen
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
Tel: (202) 942-5000


Dated:  September 21, 2006
751410

By:  */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE  19899
Tel:  (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Monsanto Company,*
*American Seed, Inc., Corn States Hybrid*
*Service, Inc., Asgrow Seed Co., Inc., Holden*
*Foundation Seeds, Inc., Dekalb Seeds,*
*Calgene, L.L.C., Channel Bio Co., Nc+*
*Hybrids and Semins, Inc.*

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on September 21, 2006, the attached document was

hand delivered to the following persons and was electronically filed with the Clerk of the Court

using CM/ECF which will send notification of such filing(s) to the following and the document

is available for viewing and downloading from CM/ECF:

Joelle E. Polesky
Smith, Katzenstein & Furlow LLP
800 Delaware Avenue, 7th Floor
P.O. Box 410
Wilmington, DE 19899

John W. Shaw
Young Conaway Stargatt & Taylor, L.L.P.
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801

I hereby certify that on September 21, 2006, I have sent by Electronically Mailed the

foregoing document to the following non-registered participants:

Steven F. Benz
Michael S. Zuckman
Kellogg, Huber, Hansen, Todd,
    Evans & Figel P.L.L.C
1615 M Street, NW
Suite 400
Washington, DC 20036
sbenz@khhte.com

R. Stephen Berry
J. Daniel Leftwich
Gregory Baruch
Berry & Leftwich
1717 Pennsylvania Ave., NW
Washington, DC 20006
sberry@berry-leftwich.com
dleftwich@berry-leftwich.com
gbaruch@berry-leftwich.com

Charles A. Bird
Jeremy R. Stevens
Bird, Jacobsen & Stevens
300 Third Ave. S.E.
Rochester, MN 55904
charles@birdjacobsen.com
jeremy@birdjacobsen.com

Richard F. Schwed
Thomas A. McGrath III
Shearman & Sterling LLP
599 Lexington Avenue
New York, NY 10022-6069
rschwed@shearman.com

/s/ David E. Moore
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Potter Anderson & Corroon LLP
Hercules Plaza
P. O. Box 951
Wilmington, DE 19899
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

696607

2

# EXHIBIT 2

ALLEN L. OVERCASH
PAUL M. SCHUDEL
EDWARD H. TRICKER
WM. LEE MERRITT
JOSEPH H. BADAMI
KERRY L. KESTER
ROBERT B. EVNEN
JOEL D. HEUSINGER
TERRY C. DOUGHERTY
JENNIFER J. STRAND
CRAIG C. DIRRIM
BRUCE A. SMITH
JEFFERY T. PEETZ
KENT E. ENDACOTT
KRISTA L. KESTER
JAMES A. OVERCASH
ANDREW B. KOSZEWSKI
NATHAN J. GURNSEY
KORY D. GEORGE
TODD W. WEIDEMANN
DAVID J. McCLURE
JEFFREY S. MAKOVICKA
ALLEN M. TATE
JILL D. FIDDLER

# WOODS & AITKEN
L · L · P

SUITE 350
10250 REGENCY CIRCLE
OMAHA, NEBRASKA 68114-3754
TELEPHONE 402-898-7400
FAX 402-898-7401

WWW.WOODSAITKEN.COM

October 3, 2006

LINCOLN OFFICE
SUITE 500
301 SOUTH 13TH STREET
LINCOLN, NEBRASKA 68508-2578
TELEPHONE 402-437-8500
FAX 402-437-8558

WASHINGTON, D.C. OFFICE
THOMAS J. MOORMAN*
JOSHUA H. SEIDEMANN*‡
SUITE 200
2154 WISCONSIN AVENUE, N.W.
WASHINGTON, D.C. 20007
TELEPHONE 202-944-9500
FAX 202-944-9501

ADMITTED TO PRACTICE ONLY IN:
*THE DISTRICT OF COLUMBIA
‡NEW JERSEY AND NEW YORK

**VIA FACSIMILE, EMAIL AND U. S. MAIL**

Mr. David Moore, Esq.
Potter, Anderson & Carroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801

Mr. John H. Bogart, Esq.
Howrey LLP
270 Main Street, Suite 400
Salt Lake City, Utah 84101-3636

     Re:    GreenLeaf Genetics LLC – Subpoena

Dear Mr. Moore:

    We represent GreenLeaf Genetics LLC, ("GreenLeaf") and in that regard we have been engaged in connection with the Notice of Subpoena Ad Testificandum & Duces Tecum (the "Subpoena") that was served on GreenLeaf on September 21, 2006.

    Please be advised that, in accordance with Rule 45, Federal Rules of Civil Procedure, as well as any other applicable rules and law, GreenLeaf hereby objects to the production of documents for copying and / or inspection as requested by the Subpoena. In addition, GreenLeaf objects to the deposition on November 1, 2006.

    The bases for such objections include, but are not limited to, the following:

1.    GreenLeaf objects that the document discovery cut-off in the underlying legal proceedings was September 1, 2006. Monsanto served the subpoena twenty days after the close of document discovery on September 21, 2006. Therefore, Monsanto's Subpoena is untimely and improper.

Mr. David Moore, Esq.
October 3, 2006
Page 2

2.    GreenLeaf objects to the Subpoena on the ground that the requested documents are
duplicative of documents produced in the *Syngenta v. Monsanto* antitrust case, and
inconsistent with the Court's May 1, 2006 order in that case rejecting Monsanto's
attempt to reopen discovery of GreenLeaf. For example, the Subpoena requests all
GreenLeaf trait license agreements, incentive programs, royalty and pricing
information, and financial projections. These same documents were requested in the
Syngenta litigation, and thousands of documents were produced. In addition to
documents, Monsanto has already taken the deposition of the Head of GreenLeaf, Ron
Wulfkuhle, and the Court rejected Monsanto's attempt to reopen that deposition.
Monsanto's Subpoena is another attempt to reopen discovery (most of which it has
already received). The Subpoena constitutes harassment and it is unduly burdensome.

3    GreenLeaf objects that the documents requested, as well as the topics of testimony, are
not relevant to the subject matter of the underlying action and / or are not reasonably
calculated to lead to the discovery of admissible evidence.

4    GreenLeaf objects that the Subpoena contains document and testimonial requests which
are vague, ambiguous, overbroad and unduly burdensome.

5.    GreenLeaf objects that the Subpoena seeks information covered by the attorney-client
privilege and/or the work product doctrine.

6.    GreenLeaf objects that the documents requested, as well as the topics of testimony,
contain confidential, sensitive and proprietary information as well as trade secrets and
are therefore not subject to discovery except upon a showing of exceptional or
substantial need. Monsanto Company has not and cannot make such a showing thus
discovery is improper.

Sincerely,

Edward H. Tricker
of WOODS & AITKEN LLP

00215922

# EXHIBIT 3

1

```
 1                 IN THE UNITED STATES DISTRICT COURT

 2                IN AND FOR THE DISTRICT OF DELAWARE

 3                            - - -

 4   AMERICAN SEED COMPANY INC.,     :   CIVIL ACTION
                                     :
 5              Plaintiff            :
                                     :
 6          vs.                      :
                                     :
 7   MONSANTO COMPANY,  et al.,      :
                                     :
 8              Defendants           :    NO. 05-535 (SLR)

 9                            - - -

10                              Wilmington, Delaware
                                Tuesday, October 3, 2006
11                              1:00 o'clock, p.m.

12                            - - -

13   BEFORE:  HONORABLE SUE L. ROBINSON, Chief Judge

14                            - - -

15   APPEARANCES:

16            SMITH, KATZENSTEIN & FURLOW
              BY:   JOELLE E. POLESKY, ESQ.
17

18                     -and-

19
              BERRY & LEFTWICH
20            BY:   R. STEPHEN BERRY, ESQ.
                  (Washington, D.C.)
21

22                     -and-

23

24                              Valerie J. Gunning
                                Official Court Reporter
25
```

1    presentation of how these trait licensing contracts affect

2    seed competition.  The Syngenta case is that they're keeping

3    Syngenta out of the trait sales to these third party,

4    companies that take the traits and make the seed.

5              We're saying downstream, when these companies

6    are taken out of the game in competing with Monsanto, because

7    they cannot get Syngenta or Dow traits, Monsanto has a

8    monopoly over the seed.  So those contracts affect two

9    markets:  The trait market and the downstream seed market,

10   as Mr. Schlick pointed out.

11             Now, you don't have to be as a class member a

12   signatory to those licenses to be impacted.  The common, the

13   mechanism, the mechanism where common impact is transmitted

14   is the suppression of seed competition and having to pay the

15   monopoly price.  You don't have to be a signatory to the

16   licensing agreement to, if you're a farmer in South Dakota,

17   to be impacted because the prices are higher than they should

18   be because competition has been suppressed.  That is the

19   common transmittal mechanism.  It's the price mechanism, not

20   any -- the class members certainly under any other case do

21   not have to be signatories to be harmed by the effect.

22             Now, as to the city pair airplane example,

23   the variability of fares, and implicit in your question

24   as I understood it was, well, that's a competitive market.

25             Well, the Department of Justice has brought a

# EXHIBIT 4

09/20/2006 11:11 FAX                                                              ☐001/003

# KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.
Sumner Square
1615 M St., N.W. Suite 400
Washington, D.C. 20036

## FACSIMILE TRANSMISSION

TO:        Howard M. Ullman           Fax:  415-773-5759

CC:        John H. Bogart, Esq.       Fax:  801-531-1486

FROM:      Steven F. Benz             Matter: 05375

DATE:      September 20, 2006

MESSAGE:

    Attached letter

TOTAL NUMBER OF PAGES:   3   (INCLUDING THIS SHEET)

**IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL US IMMEDIATELY OR CONTACT OUR COPY SERVICE CENTER:**

(202) 326-7949

OUR FAX #: (202) 326-7999

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS PRIVILEGED AND CONFIDENTIAL ATTORNEY INFORMATION INTENDED ONLY FOR THE USE OF THE ADDRESSEE. PERSONS RESPONSIBLE FOR DELIVERING THIS COMMUNICATION TO THE INTENDED RECIPIENT ARE HEREBY NOTIFIED NOT TO READ THE ATTACHED AND THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE NOTIFY US IMMEDIATELY BY TELEPHONE, AND PLEASE RETURN THE ORIGINAL MESSAGE TO US AT OUR LETTERHEAD ADDRESS VIA THE U S POSTAL SERVICE.

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE

1615 M STREET, N.W.

SUITE 400

WASHINGTON, D.C. 20036-3209

(202) 326-7900

FACSIMILE:

(202) 326-7999

September 20, 2006

*Via Facsimile and First Class Mail*

Howard M. Ullman, Esq.
Orrick, Herrington & Sutcliffe
The Orrick Building
405 Howard Street
San Francisco, CA 94105

Re:    *American Seed Company Inc v. Monsanto Company et al., Souhrada et al. v. Monsanto, Duxbury et al. v. Monsanto.* C.A. No. 05-535-SLR (D. Del.)

Dear Howard:

As you know, on August 25, we agreed to extend the date upon which Dow AgroSciences LLC ("DAS") and its affiliates would respond to the subpoena issued by Class Plaintiffs (the "Subpoena") in the above-referenced case. Set forth below is the agreement we have reached regarding the confidential treatment of (i) documents produced by Mycogen Seeds in response to the Subpoena, or of (ii) Mycogen Seeds' confidential documents or information produced by third parties pursuant to subpoenas issued by Class Plaintiffs or Monsanto in this litigation and labeled or stamped by a third party as Mycogen Seeds confidential information, or of (iii) Mycogen Seeds' confidential documents or information in the possession, custody or control of a non-party subpoenaed by a party in this case, which non-party delivered to Mycogen Seeds to produce in this case on its behalf. Collectively, these materials are referred to herein as Mycogen Seeds' confidential documents or information.

You and we have discussed these issues with counsel for Monsanto, who agrees with the following procedures. Class Plaintiffs and Monsanto will be referred to herein collectively as "the Parties".

1.    Class Plaintiffs have provided DAS and Mycogen Seeds with the Stipulated Amended Protective Order (the "Protective Order") filed in the above-referenced matter and the Ancillary Agreement to the Protective Order entered between Class Plaintiffs and Monsanto.

Howard M. Ullman, Esq.
September 20, 2006
Page 2

2.    Pursuant to paragraph 6(a)(7) of the Protective Order, the Parties agree that access
to information designated "RESTRICTED CONFIDENTIAL" shall be extended
to Andrea Borucki, Dow AgroSciences LLC Group Leader Biotechnology,
Intellectual Property Legal Office, and Guy Relford, Dow AgroSciences LLC
Global Legal Counsel, for the limited purpose of receiving from the Parties a list
designated "RESTRICTED CONFIDENTIAL" containing the names and
affiliations of each person other than the Parties' outside counsel to whom
Mycogen Seeds' restricted confidential documents or information will be
disclosed (the "Declarant List")  The Parties further agree to provide Ms. Borucki
and Mr. Relford the Declarant List, prior to making any disclosure of Mycogen
Seeds' restricted confidential documents or information to persons other than the
Parties' outside counsel.  Mycogen Seeds will have ten days to object to
disclosure to any listed individual, with the reasons for such objection stated in
writing.  Whereupon, if such an objection is made, the Parties agree not to
disclose Mycogen Seeds' Confidential or Restricted Confidential information to
the person(s) objected to without Mycogen Seeds' consent or a Court order,  Ms.
Borucki and Mr. Relford agree to abide by the terms and conditions set forth in
the Protective Order, and shall keep the Declarant List strictly confidential

3.    The Parties agree to provide Mycogen Seeds with ten-day advance notice
regarding the potential use of Mycogen Seeds' confidential documents or
information at any pretrial hearing or at trial.  The Parties further agree that if any
confidential information of Mycogen Seeds is introduced at any deposition which
Mycogen Seeds does not attend, they will designate the deposition in accordance
with paragraph 10(b) of the Protective Order and will request that only authorized
persons be present during the confidential portion of the deposition

                    Sincerely,

                    Steven F. Benz

cc: John H. Bogart, Esq

# EXHIBIT 5

# BOIES, SCHILLER & FLEXNER LLP

5301 WISCONSIN AVENUE N.W. • WASHINGTON, D.C. 20015-2015 • PH 202 237 2727 • FAX 202 237 6131

September 27, 2006

Steven F. Benz, Esq.
Kellogg, Huber, Hansen, Todd,
 Evans & Figel, PLLC
1615 M Street, N.W., Suite 400
Washington, D.C. 20036

Re:     *American Seed Co. v. Monsanto Co., et al.,*
          Civil No. 05-535 SLR (D. Del.)

Dear Steve:

Enclosed are documents bearing the Bates-numbers PION 000001 – PION 007334, which Pioneer Hi-Bred International, Inc. ("Pioneer") is producing in response to the subpoena *duces tecum* that American Seed Co. Inc. served on Pioneer in connection with the above litigation.

The documents Pioneer is producing have been designated "Confidential" or "Restricted Confidential" pursuant to the protective order entered in the above litigation.

Please call if you have any questions.

Sincerely,

Amy J. Mauser

Enclosures

NEW YORK      WASHINGTON DC      FLORIDA      CALIFORNIA      NEW HAMPSHIRE      NEW JERSEY
www.bsfllp.com