# Exhibit 3

ALLEN L. OVERCASH
PAUL M. SCHUDEL
EDWARD H. TRICKER
WM. LEE MERRITT
JOSEPH H. BADAMI
KERRY L. KESTER
ROBERT B. EVNEN
JOEL D. HEUSINGER
TERRY C. DOUGHERTY
JENNIFER J. STRAND
CRAIG C. DIRRIM
BRUCE A. SMITH
JEFFERY T. PEETZ
KENT E. ENDACOTT
KRISTA L. KESTER
JAMES A. OVERCASH
ANDREW B. KOSZEWSKI
NATHAN J. GURNSEY
KORY D. GEORGE
TODD W. WEIDEMANN
DAVID J. McCLURE
JEFFREY S. MAKOVICKA
ALLEN M. TATE
JILL D. FIDDLER

# WOODS & AITKEN
L • L • P

SUITE 350
10250 REGENCY CIRCLE
OMAHA, NEBRASKA 68114-3754
TELEPHONE 402-898-7400
FAX 402-898-7401

WWW.WOODSAITKEN.COM

October 3, 2006

LINCOLN OFFICE
SUITE 500
301 SOUTH 13TH STREET
LINCOLN, NEBRASKA 68508-2578
TELEPHONE 402-437-8500
FAX 402-437-8558

WASHINGTON, D.C. OFFICE
THOMAS J. MOORMAN*
JOSHUA H. SEIDEMANN*‡
SUITE 200
2154 WISCONSIN AVENUE, N.W.
WASHINGTON, D.C. 20007
TELEPHONE 202-944-9500
FAX 202-944-9501

ADMITTED TO PRACTICE ONLY IN:
*THE DISTRICT OF COLUMBIA
‡NEW JERSEY AND NEW YORK

**VIA FACSIMILE, EMAIL AND U. S. MAIL**

Mr. David Moore, Esq.
Potter, Anderson & Carroon LLP
Hercules Plaza, 6th Floor
1313 North Market Street
Wilmington, Delaware 19801

Mr. John H. Bogart, Esq.
Howrey LLP
270 Main Street, Suite 400
Salt Lake City, Utah 84101-3636

     Re:    GreenLeaf Genetics LLC – Subpoena

Dear Mr. Moore:

     We represent GreenLeaf Genetics LLC, ("GreenLeaf") and in that regard we have been engaged in connection with the Notice of Subpoena Ad Testificandum & Duces Tecum (the "Subpoena") that was served on GreenLeaf on September 21, 2006.

     Please be advised that, in accordance with Rule 45, Federal Rules of Civil Procedure, as well as any other applicable rules and law, GreenLeaf hereby objects to the production of documents for copying and / or inspection as requested by the Subpoena. In addition, GreenLeaf objects to the deposition on November 1, 2006.

     The bases for such objections include, but are not limited to, the following:

1.     GreenLeaf objects that the document discovery cut-off in the underlying legal proceedings was September 1, 2006. Monsanto served the subpoena twenty days after the close of document discovery on September 21, 2006. Therefore, Monsanto's Subpoena is untimely and improper.

Mr. David Moore, Esq.
October 3, 2006
Page 2

2. GreenLeaf objects to the Subpoena on the ground that the requested documents are duplicative of documents produced in the *Syngenta v. Monsanto* antitrust case, and inconsistent with the Court's May 1, 2006 order in that case rejecting Monsanto's attempt to reopen discovery of GreenLeaf. For example, the Subpoena requests all GreenLeaf trait license agreements, incentive programs, royalty and pricing information, and financial projections. These same documents were requested in the Syngenta litigation, and thousands of documents were produced. In addition to documents, Monsanto has already taken the deposition of the Head of GreenLeaf, Ron Wulfkuhle, and the Court rejected Monsanto's attempt to reopen that deposition. Monsanto's Subpoena is another attempt to reopen discovery (most of which it has already received). The Subpoena constitutes harassment and it is unduly burdensome.

3. GreenLeaf objects that the documents requested, as well as the topics of testimony, are not relevant to the subject matter of the underlying action and / or are not reasonably calculated to lead to the discovery of admissible evidence.

4. GreenLeaf objects that the Subpoena contains document and testimonial requests which are vague, ambiguous, overbroad and unduly burdensome.

5. GreenLeaf objects that the Subpoena seeks information covered by the attorney-client privilege and/or the work product doctrine.

6. GreenLeaf objects that the documents requested, as well as the topics of testimony, contain confidential, sensitive and proprietary information as well as trade secrets and are therefore not subject to discovery except upon a showing of exceptional or substantial need. Monsanto Company has not and cannot make such a showing thus discovery is improper.

Sincerely,

Edward H. Tricker
of WOODS & AITKEN LLP

00215922