IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN SEED CO. INC., and<br>JERRY ELLEFSON,<br><br>    Plaintiffs, On Behalf of Themselves<br>    and Others Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY, et al<br><br>    Defendants. | C.A. No. 05-535-SLR |
| DARREL SOUHRADA, and<br>DAVE JOHNSON,<br><br>    Plaintiffs, On Behalf of Themselves<br>    and Others Similarly Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | C.A. No. 05-535-SLR |
| KENT DUXBURY and<br>BENJAMIN REIN,<br><br>    Plaintiffs on Behalf of Themselves<br>    and Minnesota Citizens Similarly<br>    Situated,<br><br>    v.<br><br>MONSANTO COMPANY,<br><br>    Defendant. | C.A. No. 05-535-SLR |

**GREENLEAF GENETICS LLC'S REPLY MEMORANDUM
OF LAW IN FURTHER SUPPORT OF ITS CROSS-MOTION TO
<u>QUASH MONSANTO'S SUBPOENA</u>**

# **TABLE OF CONTENTS**

TABLE OF CONTENTS ............................................................................................................. i

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ....................................................................................................................... 1

ARGUMENT ............................................................................................................................... 2

    I.    MONSANTO'S DEMAND FOR EXTENSIVE THIRD-PARTY DISCOVERY IS PARTICULARLY INAPPROPRIATE NOW THAT MONSANTO HAS AGREED TO STAY ALL PARTY DISCOVERY ................................................................... 2

    II.    MONSANTO HAS RECEIVED A MASSIVE AMOUNT OF DOCUMENTS REGARDING GREENLEAF FROM SYNGENTA: GREENLEAF SHOULD NOT BE REQUIRED TO DUPLICATE SYNGENTA'S EFFORTS ............................... 4

    III.    MONSANTO SEEKS INFORMATION THAT MONSANTO TRIED TO OBTAIN FROM A PARTY (SYNGENTA) AND THE COURT REFUSED ......... 5

CONCLUSION .......................................................................................................................... 11

# TABLE OF AUTHORITIES

## CASES

*Alexander v. F.B.I.*, 186 F.R.D. 188 (D.D.C. 1999) .................................................................... 3

*Collins & Aikman Corp. v. J.P. Stevens & Co.*, 51 F.R.D. 219 (D.S.C. 1971) ............................. 3

*Cusumano v. Microsoft Corp.*, 162 F.3d 708 (1st Cir. 1998) ..................................................... 10

*Dart Industries Co. v. Westwood Chemical Co.*, 649 F.2d 646 (9th Cir. 1980) ..................... 3, 10

*Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975 (Fed. Cir. 1993) ....................................... 10

*Ohio Bureau of Workers' Compensation v. MDL Active Duration Fund, Ltd.*, No. 2:05-cv-0673, 2006 WL 3311514 (S.D. Ohio Nov. 13, 2006) .......................................................... 3

*Power Integrations, Inc. v. Fairchild Semiconductor International Inc.*, No. C.A. 04-1371, 2006 WL 2604540 (D. Del. Aug. 24, 2006) .................................................................. 3

*Price Waterhouse LLP v. First American Corp.*, 182 F.R.D. 56 (S.D.N.Y. 1998) ....................... 3

## **INTRODUCTION**

Recent developments in this case render Monsanto's Subpoena on GreenLeaf Genetics LLC ("GreenLeaf") even more inappropriate than it had been at the time GreenLeaf filed its initial motion to quash. On November 13, 2006, the Court denied plaintiffs' motion for class certification. On November 17, 2006 – three days before Monsanto filed its opposition brief – the parties agreed to stay all party discovery pending plaintiffs' appeal of that ruling. By agreeing to stay the case, the parties have essentially admitted that this case will not proceed if plaintiffs do not prevail on appeal. For that reason, the parties agreed not to waste their time or resources in the interim. Monsanto nevertheless insists that GreenLeaf, a non-party, continue to spend its time and resources and disclose sensitive business documents in a case that may not even proceed. Monsanto's position cannot be reconciled with the well-established principle that non-parties are to be particularly protected – more so than parties – from the burdens of discovery. Monsanto's Subpoena should be quashed on this basis alone.

Separately, Monsanto's Subpoena should be quashed because it is duplicative of information that Monsanto already has received or requested (and was denied) in the *Syngenta Seeds, Inc. v. Monsanto Company, et al.* antitrust litigation, Civil Action No. 04-305 (SLR) ("*Syngenta* case"). In the *Syngenta* case, Monsanto received (and is permitted to use in this case) a massive amount of documents and testimony concerning GreenLeaf when it existed as a division of Syngenta. Monsanto cannot use a Rule 45 subpoena to obtain from GreenLeaf, a non-party in this case, what it could not obtain from GreenLeaf when it was a division of a party in the *Syngenta* case.

To avoid this obvious flaw, Monsanto mischaracterizes its request in the *Syngenta* case for information concerning GreenLeaf and the Court's refusal to allow additional discovery

1

requested in that case. Shortly after the formation of the joint venture that created GreenLeaf as a separate company, Monsanto requested that Syngenta "supplement" its entire document production "as they relate to GreenLeaf Genetics and this joint venture" and that Monsanto be allowed to re-depose the Chief Executive Officer of GreenLeaf. Monsanto raised its request for broad discovery with the Court at the April 20, 2006 hearing (a request Monsanto's brief ignores), where the Court denied that request and instead ordered Syngenta to produce a subset of documents relating to the newly formed GreenLeaf.

The Court's decision to limit discovery of GreenLeaf in the *Syngenta* case should be dispositive of Monsanto's Subpoena because Monsanto's request in the *Syngenta* case covered precisely same categories of documents and testimony that its GreenLeaf Subpoena requests, and Monsanto makes the same arguments concerning the "direct relevance" of the GreenLeaf documents and testimony that were rejected by the Court in the *Syngenta* antitrust case. There is no basis for allowing Monsanto to obtain discovery from a non-party that the Court refused to allow of a party, especially in light of the current status of this case.

## ARGUMENT

### I. MONSANTO'S DEMAND FOR EXTENSIVE THIRD-PARTY DISCOVERY IS PARTICULARLY INAPPROPRIATE NOW THAT MONSANTO HAS AGREED TO STAY ALL PARTY DISCOVERY

Monsanto ignores the significance of recent events that independently render the Subpoena on GreenLeaf inappropriate and unduly burdensome. On November 13, 2006, the Court denied plaintiffs' motion for class certification. (D.I. 179.) On November 17, 2006, the parties filed a Joint Motion for Stay of Action requesting that the "action be administratively stayed pending resolution of plaintiffs' Fed. R. Civ. P. 23(f) appeal" except that "the parties may complete any outstanding third-party discovery, including pending motions that relate to discovery from third parties." (D.I. 182.) On November 21, 2006, the Court granted the parties'

2

joint motion. The parties' agreement to stay the case pending appeal concedes the obvious significance of the class certification denial: this case will not proceed unless plaintiffs prevail on appeal. Accordingly, the parties agreed not to waste their time and resources on party discovery in the interim.

Monsanto's continued insistence on extensive discovery of Greenleaf even after it has moved for the case to be stayed is wholly inconsistent with the long-established principle that non-parties should be particularly protected from the burdens of discovery. *See Ohio Bureau of Workers' Comp. v. MDL Active Duration Fund, Ltd.*, No. 2:05-cv-0673, 2006 WL 3311514, slip copy at *4 (S.D. Ohio Nov. 13, 2006) (noting that the Federal Rules of Civil Procedure generally, and Rule 45 governing non-party subpoenas in particular, are "designed to protect the interests of non-parties to litigation having undue burdens imposed on them"); *Alexander v. F.B.I.*, 186 F.R.D. 188, 195 (D.D.C. 1999) (citing the "court's duty to protect *non-parties* from the undue burden of needless discovery") (emphasis in the original); *see also Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980) ("restriction [of discovery] may be broader when a nonparty is the target . . . . 'the word nonparty serves as a constant reminder of the reasons for the limitations that characterize 'third-party' discovery'") (internal citations omitted); *Collins & Aikman Corp. v. J.P. Stevens & Co.*, 51 F.R.D. 219, 221 (D.S.C. 1971) ("Deering Milliken is not a party and is entitled to considerable protection from the court . . .").

A non-party such as Greenleaf certainly should not be subjected to more onerous discovery than a party to the litigation. *See Power Integrations, Inc. v. Fairchild Semiconductor Int'l Inc.*, No. C.A. 04-1371, 2006 WL 2604540, slip copy at *2 (D. Del. Aug. 24, 2006) ("In the case of nonparty deponents, courts recognize that '[d]iscovery should be *more limited* to protect nonparty deponents from harassment, inconvenience . . .'") (emphasis added) (internal citations

3

omitted); *Price Waterhouse LLP v. First Am. Corp.*, 182 F.R.D. 56, 63 (S.D.N.Y. 1998) (rejecting interpretation of discovery rules that would "subject nonparties to the same level of burdensome discovery that can be imposed upon a party" as "inconsistent with the central goal of Rule 45: to prevent nonparty witnesses from being subjected to excessive discovery burdens"). Monsanto's Subpoena, which would now subject Greenleaf to far greater discovery burdens than the parties (who currently have no discovery burdens), is inappropriate and unduly burdensome.

## II.   MONSANTO HAS RECEIVED A MASSIVE AMOUNT OF DOCUMENTS REGARDING GREENLEAF FROM SYNGENTA: GREENLEAF SHOULD NOT BE REQUIRED TO DUPLICATE SYNGENTA'S EFFORTS

GreenLeaf was formed on April 10, 2006 through a joint venture between Syngenta and Pioneer. (*See* Memorandum of GreenLeaf Genetics LLC in Opposition to Monsanto's Motion to Compel Production of Documents and Deposition Testimony Responsive to Monsanto's Subpoena and Cross-Motion to Quash Monsanto's Subpoena ("GLG Brief"), Ex. 4 (press release announcing joint venture)). Before April 10, 2006, GreenLeaf Genetics existed as a division of Syngenta (hereinafter referred to as "GreenLeaf Genetics"). As a division of Syngenta, GreenLeaf Genetics was in the business of licensing biotechnology traits and foundation corn seed to independent seed companies. In the *Syngenta* case, Syngenta alleges that GreenLeaf Genetics has been unable to compete successfully because of Monsanto's anticompetitive conduct. Syngenta alleges that Monsanto has unlawfully maintained its monopoly position in corn traits through, among other things, unlawful licensing practices, threatening seed companies not to do business with Syngenta, and filing baseless patent litigation. In that case, Syngenta produced more than three million pages of documents, including documents relating to GreenLeaf Genetics. Syngenta produced documents relating to GreenLeaf Genetics' pricing and

royalties; documents that reflect the corn traits and foundation and hybrid corn lines that GreenLeaf Genetics offers; documents relating to the quality of GreenLeaf Genetics' products; documents showing GreenLeaf Genetics' customers; documents showing GreenLeaf Genetics' financial performance and projections; and GreenLeaf Genetics license agreements. Monsanto also deposed numerous Syngenta employees (several of whom are current employees of GreenLeaf) concerning these topics and a Pioneer representative concerning, among other things, the joint venture.

Monsanto now argues that GreenLeaf must produce any documents that were transferred (or are to be transferred) from Syngenta to GreenLeaf after its formation in April 2006. This is absurd. Monsanto took full and complete discovery of GreenLeaf Genetics when it operated as a division of Syngenta. It received any relevant information that was transferred or is to be transferred to GreenLeaf. To require GreenLeaf, a non-party, to replicate the massive discovery efforts of Syngenta would be burdensome and potentially needless since Monsanto received all or most of the relevant information in the *Syngenta* case. Moreover, for GreenLeaf to supplement Syngenta's efforts, GreenLeaf would have to review all of the documents and determine whether the documents were already produced to Monsanto in the *Syngenta* case. This would be an extraordinarily time-consuming and burdensome endeavor that cannot be justified in light of the expansive discovery provided to Monsanto in the *Syngenta* case.

### III. MONSANTO SEEKS INFORMATION THAT MONSANTO TRIED TO OBTAIN FROM A PARTY (SYNGENTA) AND THE COURT REFUSED

Monsanto also argues that its Subpoena does not request information relating to GreenLeaf that the Court already ruled it was not entitled to obtain in the *Syngenta* case. Monsanto go so far as to accuse GreenLeaf of not reading the transcripts from the *Syngenta* case. (Monsanto's Reply Memorandum of Law in Support of its Motion to Compel and Opposition to

GreenLeaf's Cross-Motion to Quash Production of Documents and Deposition Testimony Responsive to Monsanto's Subpoena ("Mon. Opp.") at 9.) Nonetheless, a review of the entire record in the *Syngenta* case (including *all* the relevant transcripts), shows that Monsanto did indeed request broad discovery of documents and testimony relating to the new legal entity, GreenLeaf LLC – the same type of information requested by Monsanto's Subpoena – and that the Court held Monsanto was not entitled to that information.

The record shows that in April 2006, when the new legal entity GreenLeaf was formed through a joint venture between Syngenta and Pioneer, Monsanto immediately sent Syngenta a letter requesting that Syngenta "immediately supplement" its "document production and interrogatory answers in this matter," and it be allowed to re-depose Mr. Ronald Wulfkuhle (the CEO of GreenLeaf). (*See* GLG Brief, Ex. 6 (April 12, 2006 Letter from John Rosenthal to Richard Schwed).) Because Monsanto had served broad document requests on Syngenta, supplementation would have required, among other things, lists of current GreenLeaf Genetics licensees; GreenLeaf Genetics trait license agreements; lists of corn traits and corn seed lines that GreenLeaf Genetics offers for license; information concerning GreenLeaf Genetics' royalties, pricing, and incentives; and GreenLeaf Genetics' financial plans, projections, analyses. (*See* GLG Brief, Ex. 5 (Monsanto's First Request for Production).)[1]

After Syngenta objected to Monsanto's April 12, 2006 letter request, Monsanto raised its broad discovery request for documents and deposition testimony with the Court. (*Syngenta* Discovery Hearing Transcript, April 20, 2006, attached hereto as Ex. 1, at 11-25.) Monsanto's suggestion that originally it asked the Court to compel "three narrow categories of documents"

---

[1] This GreenLeaf Genetics information was provided to Monsanto (via documents and deposition testimony) when it existed as a division of Syngenta in the *Syngenta* case. GreenLeaf will not have any interest in the agreements/licenses entered into by GreenLeaf Genetics until on or about January 1, 2007.

6

regarding GreenLeaf – and was successful on all three – is simply wrong. It is true that at the May 1, 2006 hearing, the Court addressed three categories of GreenLeaf documents (agreements, business plans and presentations) (*see* Transcript of May 1, 2006 hearing, attached hereto as Ex. 2). But this was only *after* the April 20, 2006 hearing (a hearing ignored in Monsanto's brief) during which the Court denied Monsanto's request for broad discovery regarding GreenLeaf. During the April 20 hearing, Monsanto referred to its written letter that broadly asked Syngenta to supplement its entire production with GreenLeaf documents, specifically identifying a number of the categories of documents. (Ex. 1 at 12-13.) At that hearing, the Court refused to order Syngenta to supplement its entire document production with information relating to the newly formed GreenLeaf, identified certain categories of documents (such as emails) that would not have to be produced, and directed Monsanto to narrow its request – "give me a common sense reasonable request of what you think you deserve." (*Id.* at 20, 23.) It was only after the Court rejected Monsanto's broad discovery request that Monsanto's counsel narrowed its request to the three categories mentioned in Monsanto's brief. Those three categories included one category that Syngenta already had agreed to produce and one category that Syngenta immediately agreed to produce. (*Id.* at 20-21.) The third category was addressed at the May 1, 2006 hearing. Monsanto cannot now pretend that the April 20 hearing never took place and that it never sought (and the Court never rejected) a broader supplementation relating to GreenLeaf.

The Court's ruling in the *Syngenta* case should be dispositive of Monsanto's Subpoena because the scope of the Subpoena directly overlaps with the documents Monsanto requested in the *Syngenta* case. Monsanto seeks the precise categories of information and testimony concerning the newly formed GreenLeaf that the Court refused to allow in the *Syngenta* case. Monsanto's Subpoena seeks information relating to:

7

- The persons licensing traits from GreenLeaf;

- The persons licensing foundation and hybrid lines from GreenLeaf;

- Lists of traits and foundation and hybrid lines offered by GreenLeaf;

- Licenses, contracts or agreements for each trait offered by GreenLeaf;

- Discounts and incentive programs;

- Royalty and pricing; and

- Financial plans and projections.

(GLG Brief, Ex. 2, Schedule B.) Monsanto's document request in the *Syngenta* case, that Monsanto requested Syngenta supplement with GreenLeaf information, asked for the same categories of documents. (*See* Monsanto's First Request for Production, attached as Ex. 5.)

Monsanto argues that the Subpoena does not overlap with the documents requested in the *Syngenta* case because the parties in the *Syngenta* case were limited to discovery of documents created between January 1, 1996 and May 27, 2005, and the activities of GreenLeaf post-date that cut-off. This argument is a red-herring. Several times during the Syngenta case, Monsanto asked Syngenta to supplement its production with documents created after May 27, 2005, and Syngenta acquiesced. For example, after the deposition of Ronald Wulfkuhle, Monsanto requested supplementation of GreenLeaf Genetics customer lists, licensee lists, and agreements, among other things. (April 19, 2005 Letter from Nicole Devero to Heather Lamberg Kafele, attached hereto as Ex. 3.) On April 28, 2006, Syngenta produced a CD containing GreenLeaf Genetics customer and licensee lists and license agreements that were not included in its earlier production because they were created after the cut-off date. (April 28, 2006 Letter from Heather Lamberg Kafele to Nicole Devero, attached hereto as Ex. 4.) In addition, Monsanto's April 12

request (which was rejected by the Court) asked Syngenta to further supplement its production with documents *after* that cut-off.

Monsanto also argues that it never asked the Court to re-depose the CEO of the newly formed GreenLeaf, Mr. Ronald Wulfkuhle. (Mon. Opp. at 11, n. 18.) This is simply wrong. During the April 20, 2006 hearing (which is not mentioned once in Monsanto's brief), Monsanto's counsel, Mr. Moll, explained that that Mr. Wulfkuhle had not answered questions concerning the proposed joint venture between Syngenta and Pioneer. (Ex. 1 at 13-14.) Mr. Moll requested: "we would ask that Mr. Wulfkuhle be directed to answer" questions relating to GreenLeaf. (*Id.* at 13-14.) The Court did not grant that request. (*Id.* at 25.) Now, Monsanto demands deposition testimony from GreenLeaf, seeking the same testimony that it was denied in the *Syngenta* case. Thus, Monsanto's Subpoena is both duplicative and cumulative of Monsanto's request from a party in the *Syngenta* case that this Court denied.

In addition, Monsanto makes the same arguments concerning relevancy that the Court previously rejected in the *Syngenta* case. At the April 20 hearing in that case, Monsanto's counsel (the same counsel representing Monsanto in this case) argued that documents and testimony concerning the newly formed GreenLeaf were "directly relevant to the claims that Syngenta has raised":

> They have claimed that they have been foreclosed from the market. They have claimed there are various entries that prevent them from getting into the market. They have claimed they don't have access to germplasm and foundation seed, all of which directly go to these – this venture, which now, according to their press statements, gives them all of that and more, plus Syngenta has been saying for some time that they are developing a glyphosate-tolerant trait.

(*Id.* at 12.) Monsanto stressed that GreenLeaf discovery is relevant to whether GreenLeaf "has been foreclosed by some conduct allegedly engaged in by Monsanto or by their own inability to invent." (*Id.* at 12.)

9

Monsanto has made the same arguments in support of its Subpoena in this case. Once again, Monsanto contends that the requested information relates to whether GreenLeaf has been "foreclosed" from the markets. (Mon. Opp. at 7.) Monsanto also argues that the information is relevant to whether Monsanto is "ahead" because of "investment and innovation" and "superior products" or Monsanto's alleged anticompetitive conduct. (*Id.* at 7-8.) Monsanto offers no relevancy arguments that were not previously raised, and rejected, by the Court. Thus, there is no basis for requiring a non-party, GreenLeaf, to produce documents that the Court held that a party was not required to produce.

Monsanto simply should not be allowed to burden a non-party with a request for the duplicative information it sought, and the Court declined to compel, from a party in the *Syngenta* case. Courts have long recognized that the expectations of non-parties are different than parties and the "unwanted burden" on non-parties must be taken into account:

> Although discovery is by definition invasive, parties to a law suit must accept its travails as a natural concomitant of modern civil litigation. Non-parties have a different set of expectations. Accordingly, concern for unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.

*Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993); *Dart Indus. Co. v. Westwood Chem. Co.*, 649 F.2d 646, 649 (9th Cir. 1980). Monsanto has articulated no basis that has not already been rejected to warrant the Court to depart from its earlier decision and to order a *non-party* to produce documents that the Court refused to allow of a party.

The only possible explanation for Monsanto's efforts to obtain discovery from GreenLeaf after the Court's decision denying class certification and the parties' agreement to stay discovery pending plaintiffs' appeal is to obtain discovery in this case that it will attempt to use in the

*Syngenta* case – thus, evading the Court's order in that case to limit further discovery on GreenLeaf. This is not a proper basis for burdening a non-party and requiring the production of potentially duplicative, highly-sensitive business information.

## CONCLUSION

For the foregoing reasons, GreenLeaf's motion to quash the Subpoena should be granted.

BALLARD SPAHR ANDREWS & INGERSOLL, LLP

By: _____
William M. Kelleher, Esquire
Bar No. 3961
919 North Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466

*Attorney for GreenLeaf Genetics LLC*

Of counsel:

Edward H. Tricker
Andrew Koszewski
Woods & Aitken LLP
301 S 13th St # 500
Lincoln, NE 68508
Telephone: (402) 437-8500